UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

JARRETT B. PERLOW
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

August 21, 2024

United States District Court for the District of Connecticut
141 Church Street
New Haven, Connecticut 06510

**Re: Merit Systems Protection Board, PH-0752-21-0092-I-1**
**Mertens v. MSPB, 24-1781**

Dear Clerk:

On August 21, 2024, the United States Court of Appeals for the Federal Circuit issued an order transferring this case to your court. Attached is a copy of the order, public docket sheet, and publicly available documents. Sealed or confidential material will be sent by secure email.

Please contact the Clerk's Office at the number above if you need further information regarding this case.

Very truly yours,

Jarrett B. Perlow
Clerk of Court

By: G. Kilgore, Deputy Clerk

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN MERTENS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1781

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-21-0092-I-1.

---

**ON MOTION**

---

Before LOURIE, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

**O R D E R**

In response to this court's July 2, 2024 show cause order, the Merit Systems Protection Board argues this case should be dismissed or transferred. Kevin Mertens appears to argue the merits of his case, ECF Nos. 21 and 22, and also moves to stay proceedings pending appeal, ECF No. 14, to file a replacement informal opening brief, ECF

No. 12, and for various other relief from this court and the Board, ECF No. 20.

Mr. Mertens appealed his removal to the Board on January 4, 2021, raising an affirmative defense of disability discrimination. The administrative judge granted Mr. Mertens's request to dismiss his appeal without prejudice to refiling, and Mr. Mertens petitioned the Board for review. The Board's March 6, 2024 decision affirmed but construed his petition as seeking to refile his appeal and transmitted it to the regional office for further adjudication.[1] Mr. Mertens then petitioned this court for review.

Federal district courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination, 5 U.S.C. § 7702. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017). And such cases may be brought if there has been "no judicially reviewable action" by "the 120th day following the filing of an appeal with the Board." 5 U.S.C. § 7702(e)(1)(B). Here, as the Board notes, Mr. Mertens appealed his removal and alleged that the action was based, at least in part, on covered discrimination, and it appears that he continues to pursue that claim, *see, e.g.*, ECF No. 22 at 17–18. We transfer to the United States District Court for the District of Connecticut, where the employment action appears to have occurred. 28 U.S.C. § 1631.

Accordingly,

---

[1] The Board states that the re-filed appeal has been dismissed without prejudice pending resolution of this matter. ECF No. 23 at 4.

IT IS ORDERED THAT:

This matter and all case filings are transferred to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1631.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

August 21, 2024
Date

**General Docket**

**United States Court of Appeals for the Federal Circuit**

**Court of Appeals Docket #:** 24−1781 **Docketed:** 05/06/2024
Mertens v. MSPB
**Appeal From:** Merit Systems Protection Board
**Fee Status:** fee paid

**Case Type Information:**
**1)** Agency
**2)** Board
**3)** −

**Originating Court Information:**
**District:** MSPB−1 : PH−0752−21−0092−I−1
**Date Rec'd COA:**
04/29/2024

**Prior Cases:**
None

**Current Cases:**
None

| | |
|---|---|
| KEVIN P. MERTENS<br>Petitioner | Kevin P. Mertens, −<br>[NTC Pro Se]<br>806 Woodwillow Drive<br>Roseburg, OR 97471 |
| v. | |
| DEPARTMENT OF THE NAVY<br>**Terminated:** 07/02/2024<br>Respondent | |
| MERIT SYSTEMS PROTECTION BOARD<br>Respondent | Constance E. Travanty, −<br>Direct: 771−210−1718<br>Email: constance.travanty@mspb.gov<br>[LD NTC Government]<br>United States Merit Systems Protection Board<br>Office of General Counsel<br>1615 M Street, NW<br>Washington, DC 20419 |

KEVIN MERTENS,

Petitioner

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent

| | | |
|---|---|---|
| 05/06/2024 | 1 | Appeal docketed. Received: 04/29/2024. [1002169] Fee/IFP is due on 05/20/2024. 15(c) is due on 05/20/2024. Entry of Appearance is due on 05/20/2024. Certified List is due on 06/17/2024. [ALK] [Entered: 05/06/2024 10:59 AM] |
| 05/06/2024 | 2 | MOTION of Petitioner Kevin P. Mertens for leave to proceed in Forma Pauperis. Service: 05/06/2024 by clerk. [1002173] [ALK] [Entered: 05/06/2024 11:05 AM] |
| 05/08/2024 | 3 | ORDER The motion [2] is denied without prejudice to a new motion for leave to proceed in forma pauperis with clarification as to item 8 of Federal Circuit Form 6 (i.e., the "[t]otal amount of money . . . in cash, checking accounts, or savings accounts") or paying the filing fee no later than 21 days from the date of entry of this order. Service as of this date by the Clerk of Court. [1002762] [NL] [Entered: 05/08/2024 10:01 AM] |
| 05/09/2024 | 4 | Entry of Appearance for Brendan Jordan as counsel for Respondent Navy. Service: 05/09/2024 by email, US mail. [1003061] [24−1781] This document is non−compliant. See Doc No.[5] [Brendan Jordan] [Entered: 05/09/2024 12:48 AM] |
| 05/09/2024 | 5 | NOTICE OF NON−COMPLIANCE: The submission of Respondent Navy, Entry of Appearance [4], is not in compliance with the rules of this court (see attached). Compliant document due on 05/16/2024. Service as of this date by the Clerk of Court. [1003327] [IMH] [Entered: 05/09/2024 04:20 PM] |
| 05/30/2024 | 6 | Corrected Entry of Appearance for Brendan Jordan as counsel for Respondent Navy. Service: 05/30/2024 by email, US mail. [1007602] [24−1781] [Brendan Jordan] [Entered: 05/30/2024 03:51 PM] |
| 06/03/2024 | 8 | INFORMAL OPENING BRIEF FILED by Petitioner Kevin P. Mertens. Service: 06/07/2024 by clerk. [1009539] [ALK] [Entered: 06/07/2024 10:24 AM] |
| 06/07/2024 | 7 | Certified list received. Service: 06/05/2024 by email. Refer to Fed. Cir. R. 31 for calculating brief deadlines from service of the certified list. [1009505] [ALK] [Entered: 06/07/2024 09:34 AM] |
| 06/10/2024 | 10 | Notice of Unrepresented Person Appearance for Petitioner Kevin P. Mertens. Service: 06/14/2024 by clerk. [1011062] [CAB] [Entered: 06/14/2024 09:49 AM] |
| 06/10/2024 | 11 | Statement Concerning Discrimination pursuant to Fed. Cir. R. 15(c) for Petitioner Kevin P. Mertens. Service: 06/14/2024 by clerk. [1011064] [CAB] [Entered: 06/14/2024 09:51 AM] |
| 06/10/2024 | 12 | MOTION of Petitioner Kevin P. Mertens leave to file an additional informal brief of Appellant. Service: 06/14/2024 by clerk. [1011065] [CAB] [Entered: 06/14/2024 09:56 AM] |
| 06/11/2024 | 9 | MOTION of Respondent Navy to modify the official caption. Service: 06/11/2024 by email, US mail. [1010129] [24−1781] [Brendan Jordan] [Entered: 06/11/2024 10:20 AM] |
| 06/12/2024 | 14 | MOTION of Petitioner Kevin P. Mertens to stay proceedings. Service: 06/18/2024 by clerk. [1011628] [ALK] [Entered: 06/18/2024 08:22 AM] |
| 06/17/2024 | 13 | Fee paid on 06/17/2024. Fee Amount: $600.00 Receipt Number: 100000758. [1011396] [IMH] [Entered: 06/17/2024 10:57 AM] |
| 07/01/2024 | 16 | RESPONSE of Petitioner Kevin P. Mertens to the motion to modify the official caption [9] filed by Respondent Navy in 24−1781 with MOTION to to extend the time to 09/20/2024 to file brief. Service: 07/02/2024 by clerk [1014851] [KMH] [Entered: 07/02/2024 10:30 AM] |
| 07/02/2024 | 15 | ORDER The Department of the Navy's motion [9] is granted to the extent that the official and short captions are revised to reflect participation of the Board as the respondent. Mr. Mertens's motion (ECF No. [12]) is held in abeyance. Within 30 days from the date of entry of this order, the parties are directed to address this court's jurisdiction whether this petition for review should be dismissed as |

| | | |
|---|---|---|
| | | premature. The Board shall file a response to ECF No. [14] within that same time. The briefing schedule is stayed. (Per Curiam). Service as of this date by the Clerk of Court. [1014827] [NL] [Entered: 07/02/2024 09:46 AM] |
| 07/03/2024 | 18 | ORDER The motion for an extension of time to file the opening brief [16] is denied as unnecessary. The court will take no other action on this filing. Service as of this date by the Clerk of Court. [1015278] [NL] [Entered: 07/03/2024 10:12 AM] |
| 07/09/2024 | 19 | Entry of Appearance for Constance Travanty as counsel for Respondent MSPB. Service: 07/09/2024 by US mail, email. [1016463] [24−1781] [Constance Travanty] [Entered: 07/09/2024 03:13 PM] |
| 07/16/2024 | 20 | Paper document received from Kevin P. Mertens. [1019067] [KMH] [Entered: 07/19/2024 12:33 PM] |
| 07/22/2024 | 21 | RESPONSE of Petitioner Kevin P. Mertens to Doc. No. [15]. Service: 07/26/2024 by clerk. [1020809] [KMH] [Entered: 07/26/2024 12:55 PM] |
| 07/22/2024 | 22 | RESPONSE of Petitioner Kevin P. Mertens to Doc. No. [15]. Service: 07/16/2024 by US mail. [1021000] [GWK] [Entered: 07/29/2024 10:59 AM] |
| 07/31/2024 | 23 | RESPONSE of Respondent MSPB to Doc. No. [15], [15], [15], [15]. Service: 07/31/2024 by US mail, email. [1021909] [24−1781] [Constance Travanty] [Entered: 07/31/2024 04:23 PM] |
| 08/01/2024 | 24 | Amended Certified list received. Service: 07/29/2024 by US mail. [1022122] [MMA] [Entered: 08/01/2024 11:29 AM] |
| 08/21/2024 | 25 | ORDER filed transferring this matter and all case filings to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1631. (Per Curiam). Service as of this date by the Clerk of Court. [1026559] [NL] [Entered: 08/21/2024 10:01 AM] |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

JARRETT B. PERLOW
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

May 6, 2024

## NOTICE OF DOCKETING

**Federal Circuit Docket No.:** 2024-1781

**Federal Circuit Short Caption:** Mertens v. Navy

**Date of Docketing:** May 6, 2024

**Originating Tribunal:** Merit Systems Protection Board

**Originating Case No.:** PH-0752-21-0092-I-1

**Petitioner:** Kevin Mertens

A petition for review has been filed and assigned the above Federal Circuit case number. The court's official caption is included as an attachment to this notice. Unless otherwise noted in the court's rules, the assigned docket number and official caption or short caption must be included on all documents filed with this Court. It is the responsibility of all parties to review the Rules for critical due dates. The assigned deputy clerk is noted below and all case questions should be directed to the Case Management section at (202) 275-8055.

**CERTIFIED LIST:** The agency or arbitrator is directed to forward the certified list as promptly as possible but no later than 40 days from the date of this notice.

The following filings are due within 14 days of this notice:

- Entry of Appearance or Notice of Unrepresented Person. (Fed. Cir. R. 47.3.)
- Certificate of Interest. (Fed. Cir. R. 47.4; not required for unrepresented and federal government parties unless disclosing information under Fed. Cir. R. 47.4(a)(6))
- Docketing Statement. Note: The Docketing Statement is due in 30 days if the United States or its officer or agency is a party in the appeal. (Fed. Cir. R. 47.6 and the Mediation Guidelines; no docketing statement is required in cases with an unrepresented party)

- Statement Concerning Discrimination in MSPB or arbitrator cases. (Fed. Cir. R. 15(c); completed by petitioner only)
- Fee payment or appropriate fee waiver request, if the docketing fee was not prepaid (see Fee Payment below).

**FILING DOCUMENTS:** Each counsel representing a party must be a member of the court's bar and registered for the court's electronic filing system. Parties represented by counsel must make all filings through the court's electronic filing system.

Unrepresented parties may choose to submit case filings to the court either in paper or through the court's electronic filing system; electronic filing will only be permitted for unrepresented parties after successful registration for the court's electronic filing system and submission of a completed Notice of Unrepresented Person Appearance. Fed. Cir. R. 25(a). The court's Electronic Filing Procedures may be accessed at www.cafc.uscourts.gov/contact/clerks-office/filing-resources.

**CONTACT INFORMATION:** Electronic filers, or unrepresented parties registered to receive electronic service, must update their contact information in their PACER service center profile whenever their contact information changes. Counsel must file an amended Entry of Appearance and unrepresented parties must file an amended Notice of Unrepresented Person Appearance whenever contact information changes. Fed. Cir. R. 25(a)(5).

**FEE PAYMENT:** Unless the filing fee was prepaid, fee payment must be submitted within fourteen days after this notice. Fed. Cir. R. 52(d). For outstanding docketing fees due to this court, electronic filers must pay the fee using the event Pay Docketing Fee through the court's electronic filing system. Fed. Cir. R. 52(e). Docketing fees due to other courts, such as U.S. District Courts, the U.S. Court of Appeals for Veterans Claims, and non-vaccine cases at the U.S. Court of Federal Claims, must be submitted to those courts in accordance with their procedures. A filer wishing to proceed without fee payment must submit a motion for leave to proceed in forma pauperis, or other fee waiver request, within fourteen days.

**OFFICIAL CAPTION:** The court's official caption is attached and reflects the lower tribunal's caption pursuant to Fed. R. App. P. 12(a), 15(a), and 21(a). Please review the caption carefully and promptly advise this court in writing of any improper or inaccurate designations.

Jarrett B. Perlow
Clerk of Court

By: A. Kleydman, Deputy Clerk

**Attachments:**

- Official caption
- Paper Copies of General Information and Forms (to unrepresented parties only):
  - General Information and Overview of a Case in the Federal Circuit
  - Notice of Unrepresented Person Appearance
  - Informal Brief
  - Informal Reply Brief (to be completed only after receiving the opposing party's response brief)
  - Motion and Affidavit for Leave to Proceed in Forma Pauperis (only to filers owing the docketing fee)
  - Supplemental in Forma Pauperis Form for Prisoners (only to filers in a correctional institution)
  - Statement Concerning Discrimination (only to petitioners in MSPB or arbitrator case)

**cc:** Merit Systems Protection Board

**Official Caption**

**KEVIN MERTENS,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

**Short Caption**

Mertens v. Navy

FORM 5. Petition for Review/Notice of Appeal of an Order or Decision of an Agency, Board, Commission, Office, Bureau, or the US Court of Federal Claims (vaccine appeals only)) Form 5 March 2023

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## PETITION FOR REVIEW/NOTICE OF APPEAL

Notice is hereby given that the petitioner(s)/appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Originating Tribunal *(Name of Agency, Board, Commission, Office, Bureau, or Court whose decision is being appealed)*: Merrit Systems Protection Board

Case number being appealed: PH-0752-21-0092-I-1

Case title being appealed: Kevin Mertens v. Department of the Navy

Date of final decision or order being appealed: 03/06/2024

Date decision or order was received: 03/12/2024

☐ I have attached a copy of the decision or order being appealed.

**List all Petitioners/Appellants** (List each party filing this appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

Kevin Mertens

Date: 04/22/2024

Signature:

Name: Kevin P. Mertens

Address: 806 Woodwillow Drive

Roseburg OR 97471

Phone Number: 316-214-0763

Email Address: kpmert@yahoo.com

Kevin P. Mertens
806 Woodwillow Dr
Roseburg, OR 97471-1635

Kevin P. Mertens
806 Woodwillow Dr
Roseburg, OR 97471-163

CERTIFIED MAIL®

9589 0710 5270 0328 5516 56

U.S. POSTAGE PAID
FCM LETTER
ROSEBURG, OR 974
APR 23, 2024
20439
$9.41
R2304E107419-18

RDC 99

U.S. Court of Appeals for the Federal Circuit
717 Madison Place N.W.
Washington D.C. 20439

NON MACHINABLE

20439-

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN MERTENS,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2024-1781

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-21-0092-I-1.

---

**ON MOTION**

---

**O R D E R**

Upon consideration of Kevin Mertens's motion for leave to proceed *in forma pauperis*,

IT IS ORDERED THAT:

The motion is denied without prejudice to a new motion for leave to proceed *in forma pauperis* with clarification as to item 8 of Federal Circuit Form 6 (i.e., the "[t]otal amount of money . . . in cash, checking accounts, or savings accounts") or paying the filing fee no later than 21 days from the date of entry of this order.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

May 8, 2024
Date

FORM 8A. Entry of Appearance

Form 8A (p.1)
July 2020

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## ENTRY OF APPEARANCE

**Case Number:** 2024-1781

**Short Case Caption:** Mertens v. Navy

**Instructions:** Refer to Fed. Cir. R. 47.3 for requirements governing representation and appearance in this court. Counsel must immediately file an amended Entry of Appearance if contact information changes and update information through PACER's Manage My Account. Non-admitted government counsel should enter N/A in lieu of an admission date. Use the second page to add additional counsel.

**Party Information.** List all parties, intervenors, amicus curiae, or movants represented by below counsel; "et al." is not permitted.

Department of the Navy

| | |
|---|---|
| **Principal Counsel:** Brendan Jordan | Admission Date: |
| Firm/Agency/Org.: United States Department of Justice, Commercial Litigation Branch | |
| Address: 1100 L Street, NW, Washington, DC 20530 | |
| Phone: (202) 616-0342 | Email: Brendan.D.Jordan@usdoj.gov |
| **Other Counsel:** | Admission Date: |
| Firm/Agency/Org.: | |
| Address: | |
| Phone: | Email: |

I certify under penalty of perjury that (1) the submitted information is true and accurate and (2) I am authorized to enter an appearance by all other listed counsel.

Date: 5/09/24

Signature: /s/ Brendan Jordan

Name: Brendan Jordan

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 2024- 1781

**Short Case Caption** Mertens v. Navy

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on ________________

by ☑ U.S. Mail ☐ Hand Delivery ☐ Email ☐ Facsimile
☐ Other: ________________________

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Kevin P. Mertens | 806 Woodwillow Drive<br>Roseburg, OR, 97471 |
| | |
| | |
| | |
| | |

☐ Additional pages attached.

Date: 05/09/2024

Signature: /s/ Brendan Jordan

Name: Brendan Jordan

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

JARRETT B. PERLOW
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

May 9, 2024

2024-1781 - Mertens v. Navy

# NOTICE OF NON-COMPLIANCE

The document (Entry of Appearance) submitted by Department of the Navy is not in compliance with the rules of this court. Within five business days from the date of this notice, please submit a corrected version of this document correcting the following:

- The contact information for Brendan Jordan on the form does not match the information associated with the user's account. Please ensure the corrected appearance form contains up-to-date contact information. If that information differs from the information associated with the user's account, please also update that information through the PACER Service Center. Fed. Cir. R. 25(a)(5).

  *Clerk's note: The address for Brendan Jordan on the form does not match the address associated with the user's account.*

* * *

If applicable, the deadline for the next or responsive submission is computed from the original submission date, not the submission date of the corrected version.

When filing the corrected document, please include the word "Corrected" in the document title or on the cover. See Fed. Cir. R. 25(c)(4) and Fed. Cir. R. 25(i) for information concerning corrected filings.

A party's failure to timely file a corrected document curing all defects identified on this notice may result in the original document being stricken from the docket.

An appellant's failure to cure a defective filing may also result in the dismissal of the appeal pursuant to Fed. R. App. P. 31(c).

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

By: I. Hammer, Deputy Clerk

FORM 8A. Entry of Appearance

Form 8A (p.1)
July 2020

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## ENTRY OF APPEARANCE

**Case Number:** 2024-1 1

**Short Case Caption:** Mertens v. Nav

| |
|---|
| **Instructions:** Refer to Fed. Cir. R. 47.3 for requirements governing representation and appearance in this court. Counsel must immediately file an amended Entry of Appearance if contact information changes and update information through PACER's Manage My Account. Non-admitted government counsel should enter N/A in lieu of an admission date. Use the second page to add additional counsel. |

| | |
|---|---|
| **Party Information.** List all parties, intervenors, amicus curiae, or movants represented by below counsel; "et al." is not permitted. | |
| Department of the Nav | |
| **Principal Counsel:** Brendan Jordan | Admission Date: |
| Firm/Agency/Org.: United States Department of Justice, Commercial Litigation Branch | |
| Address: . . Bo 4 0 Ben ran lin Station Washington, DC, 20044 | |
| Phone: (202) 616-0342 | Email: rendan.d.jordan@usdoj.gov |
| **Other Counsel:** | Admission Date: |
| Firm/Agency/Org.: | |
| Address: | |
| Phone: | Email: |

I certify under penalty of perjury that (1) the submitted information is true and accurate and (2) I am authorized to enter an appearance by all other listed counsel.

Date: 5/30/24

Signature: /s/ Brendan Jordan

Name: Brendan Jordan

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 2024- 1781

**Short Case Caption** Mertens v. Navy

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on ______________

by ☑ U.S. Mail ☐ Hand Delivery ☐ Email ☐ Facsimile
☐ Other: ____________________

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Kevin P. Mertens | 806 Woodwillow Drive<br>Roseburg, OR, 97471 |
| | |
| | |
| | |
| | |

☐ Additional pages attached.

Date: May 30, 2024

Signature: /s/ Brendan Jordan

Name: Brendan Jordan

FORM 11. Informal Opening Brief (MSPB or Arbitrator Cases)

Form 11 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## INFORMAL BRIEF OF PETITIONER/APPELLANT

RECEIVED
JUN 03 2024
United States Court of Appeals
For the Federal Circuit

**Case Number:** 2024-1781

**Short Case Caption:** Judicial Review

**Name of Petitioner:** Kevin Paul Mertens

**Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 30 pages.

Attach a copy of the initial and final decision/order of the Merit Systems Protection Board or arbitrator. You may also attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1. Have you ever had another case before this court? ☒ Yes ☐ No

In a United States district court? ☒ Yes ☐ No

Before the Equal Employment Opportunity Commission? ☐ Yes ☒ No

If yes, identify the title and number of each case.

[See Attached] for city, county, State, Fed Cir, Supreme CT #s. [MSPB Case # SF-0752-08-0392-I-1 Kevin P. Mertens v. USPS]

2. Did the MSPB or arbitrator incorrectly decide or fail to take into account any facts? ☒ Yes ☐ No

   If yes, what facts?

   1) Factual Case history and Partial Judicial findings.
   2) Actual violations of MSPB rules.

3. Did the MSPB or arbitrator apply the wrong law? ☐ Yes ☐ No unsure

   If yes, what law should be applied?

   I need time to review this but more than likely failed to recognize clear violations of judicial conduct

4. Did the MSPB or arbitrator fail to consider important grounds for relief?

   ☒ Yes ☐ No

   If yes, what grounds?

   I need more time to research but at first glance it appears my affirmative defenses ~~are~~ that AJ Domingez threw out, will be once again subject to the AJ's clear Bias, ~~to~~ violation of MSPB ~~rule~~ rule, and impartial judgement.

**FORM 11. Informal Opening Brief (MSPB or Arbitrator Cases)**



5. Are there other reasons why the MSPB's or arbitrator's decision was wrong?

☐ Yes ☐ No Dont know

If yes, what reasons?

I need more time to research

6. What action do you want this court to take in this case?

Allow my affirmative defenses, find the AJ partial so I can petition MSPB board for a new and impartial Administrative Judge.

Date: 5-29-24

Signature: Kevin Mertens

Name: Kevin Mertens

7. Please note that the submissions that were submitted, ~~[illegible]~~ docketed and then removed because of my appeal must be considered and made a part of this judicial review. MSPB clerk removed my official MSPB brief of the Appellant Dated 16 August 2021.

1) MSPB Case # SF-0752-08-0392-I-1 (2008-2009)

| Case Numbers Mertens v.- | Courts Phone Numbers |
|---|---|
| City of Seattle-**306494** year | 206-477-1400 |
| King County Superior Court-**971052234** (2001) | 206-477-1400 |
| Court Of Appeals-**478168** (2001) | 206-464-7750 |
| Washington State Supreme Court-**721840** (2002) | 360-357-2077 |
| 2) Seattle Federal District Court- — | 206-370-8400 05-9138 Sept 21, 2005 |
| Ninth Circuit Court of Appeals-**05-35425** ~~(2003)~~ 2005 | 415-355-8000 |
| U.S. Supreme Court-**05-9138** and **05A529** | |
| **Archives October Term 2005-** | |
| **Mertens v Seattle (1076, 1188)** | |
| **Mertens v United States (1158)** | |
| City of Edmonds-**CR0011289** (2000) | 425-771-0210 |
| Snohomish County Superior Court-**011009006** (2001) | 425-388-3466 |
| Court of Appeals-**490982,543504** (2001) | 206-464-7750 |
| Washington State Supreme Court-**722315** (2002) | 360-357-2077 |
| (King County District Court East) City of Bellevue- | 206-205-9200 |
| King County Superior Court-**01-229918-2** | 206-477-1400 |
| Court of Appeals-**50468-1, 525891** (2003) | 206-464-7750 |
| Washington State Supreme Court-**732451** (2003) | 360-357-2077 |
| PACER (to view Circuit Court Case **(05-35425)** | 800-676-6856 |

reference # for edmonds Records Request
R000285-02117

seattle request #
C017009-082117

Case files - 415-355-7810 9th circus

Seattle Fed case #s = ~~Clerk~~
(S) 2:02 mc 73
(E) 2:02 mc 141
(S) 2:04 cv 1476
(S) 2:04 mc 29
} view Docs thru Pac

## Certificate of Service

I swear under the penalty of perjury and the laws of the [states] and of the United States that I placed a copy of the attached informal brief of the petitioner in the US Mail to the addresses listed below:

US Court of Appeals
for the federal circuit
717 Madison Place NW
Washington, DC 20439

MSPB New York Field Office
1601 Market Street, suite 1700
Philadelphia, PA 19103

Collen Shook
Office of Counsel
Department of the Navy
NAVFACMIDLANT
9324 Virginia Avenue
Norfolk, VA 23511

Signed this the 9th day of May 2024

Kevin Mertens
Kevin Mertens

Case: 24-1781 Document: 2 Page: 27 Filed: 06/03/2024

Kevin Mertens
806 Woodwillow Dr.
Roseburg, OR 97471-1635

9589 0710 5270 0496 6811 62

PORTLAND OR RPDC 972
29 MAY 2024 PM 6 L

ROSEBURG OREG
MAY 29 2024

PURPLE HEART FOREVER USA

Retail

U.S. POSTAGE
FCM LETTER
ROSEBURG
MAY 29, 2024

20439

$5.32

RDC 99

R2304H1

US Court of Appeals
for the Federal Circuit
717 Madison Place N.W.
Washington D.C. 20439

20439-

**U.S. MERIT SYSTEMS PROTECTION BOARD**

**Office of the Clerk of the Board**

**1615 M Street, N.W.**
**Washington, D.C. 20419-0002**

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

**Clerk of the Board**

June 5, 2024

Jarrett B. Perlow
Clerk of Court
U.S. Court of Appeals For The
Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

Re: Kevin P. Mertens v. Department of the Navy
MSPB Docket No. PH-0752-21-0092-I-1
CAFC Appeal No. 2024-1781

Dear Mr. Perlow:

On May 6, 2024, we received notification from your office that a petition for review was filed with the Court in the above case. Our records indicate that the March 6, 2024 Final Order in MSPB Docket No. PH-0752-21-0092-I-1 forwarded the matter to the Board's Northeastern Regional Office for docketing and adjudication as a refiled appeal. The appeal was refiled by the Northeastern Regional Office as MSPB Docket No. PH-0752-21-0092-I-2 and remains pending with the administrative judge. Enclosed please find a certified list of the record to date and a copy of the March 6, 2024 Final Order.

If you have any questions regarding the processing of this matter, please contact my Legal Counsel, Molly Leckey, at 202.653.7200.

Sincerely,

/s/ for
~~Gina K. Grippando~~
Clerk of the Board

Enclosures:

cc: Kevin P. Mertens
(via mspb@mspb.gov)
kpmert@yahoo.com

Martin F. Hockey, Jr., Acting Director
Commercial Litigation Branch
Civil Division Classification Unit
U.S. Department of Justice
(via mspb@mspb.gov)
c/o Thee Matthews
thee.matthews@usdoj.gov

**U.S. MERIT SYSTEMS PROTECTION BOARD**
**Office of the Clerk of the Board**
**1615 M Street, N.W.**
**Washington, D.C. 20419-0002**
Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

2024-1781

# ATTESTATION

I HEREBY ATTEST that the attached index represents a list of the documents comprising the regional office portion of the administrative record of the Merit Systems Protection Board in the appeal of *Kevin P. Mertens v. Department of the Navy*, MSPB Docket No. PH-0752-21-0092-I-1, as of today, June 5, 2024, and that the administrative record is under my official custody and control on this date

on file in this Board

June 5, 2024
Date

Kara Svendsen
Kara Svendsen
Acting Chief Administrative Judge

# INDEX

## Kevin Mertens

## V.

## Department of the Navy

## MSPB Docket No. PH-0752-21-0092-I-1

## I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | IA | Appellant - initial appeal | 01/04/2021 |
| 2 | IA | MSPB - Acknowledgment Order | 01/05/2021 |
| 3 | IA | MSPB - Affirmative Defenses Order | 01/07/2021 |
| 4 | IA | MSPB - Hearing Order | 01/14/2021 |
| 5 | IA | Agency - Agency Representative Addition | 01/22/2021 |
| 6 | IA | Appellant - RESPONSE TO AFFIRMATIVE | 01/25/2021 |
| 7 | IA | Agency - Agency File | 01/25/2021 |
| 8 | IA | Agency - Agency File Part 3 - Agency File Tab 4c | 01/25/2021 |
| 9 | IA | Agency - Agency File Part 4 - Agency File Tab | 01/25/2021 |
| 10 | IA | Agency - Agency File Part 2 - Agency File Tab 4c | 01/25/2021 |
| 11 | IA | Appellant - Change of e-Filing Status | 01/25/2021 |
| 12 | IA | Appellant - Termination of E-Filer Status with | 01/25/2021 |
| 13 | IA | MSPB - Summary of Status Conference | 01/29/2021 |
| 14 | IA | MSPB - Suspension Order | 01/29/2021 |
| 15 | IA | Appellant - Change of e-Filing Status | 01/30/2021 |
| 16 | IA | Appellant - Response to summary of status | 01/30/2021 |
| 17 | IA | Agency - Response to Agency Response to | 02/01/2021 |
| 18 | IA | MSPB - Order to Appellant | 02/04/2021 |
| 19 | IA | Appellant - Appellants additions to filings dated | 02/07/2021 |
| 20 | IA | Appellant - Correspondence from Appellant | 02/17/2021 |
| 21 | IA | Agency - Appellant's Motion to Dismiss Without | 02/18/2021 |
| 22 | IA | Appellant - Response to Agency | 02/26/2021 |
| 23 | IA | Agency - Response to Appellant's Motion to | 03/03/2021 |
| 24 | IA | Appellant - Appellant's Proof of Service/Case | 03/03/2021 |
| 25 | IA | MSPB - Order Scheduling Conference Call | 03/17/2021 |
| 26 | IA | MSPB - Recorded Conference Call 03.29.2021 | 03/29/2021 |
| 27 | IA | MSPB - Summary of Conference Call | 03/29/2021 |

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 28 | IA | MSPB - Initial Decision | 03/29/2021 |
| 29 | IA | MSPB - Certificate of Service | 03/29/2021 |
| 30 | IA | MSPB - Document Reject Order | 09/14/2021 |

INDEX

Kevin Mertens

V.

Department of the Navy

MSPB Docket No. PH-0752-21-0092-I-1

I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | PFR | Appellant - Petition for Review | 05/07/2021 |
| 2 | PFR | MSPB - Petition For Review Acknowledgment | 05/10/2021 |
| 3 | PFR | Agency - Response to Appellant's Petition for | 05/20/2021 |
| 4 | PFR | Appellant - Reply to Agency Response to | 06/04/2021 |
| 5 | PFR | Appellant - Change of Contact Information | 07/28/2022 |
| 6 | PFR | Appellant - Change of Contact Information | 11/17/2023 |
| 7 | PFR | MSPB - Final Order | 03/06/2024 |

# INDEX

Kevin Mertens

V.

Department of the Navy

MSPB Docket No. PH-0752-21-0092-I-2

I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | IA | MSPB - Final Order | 03/06/2024 |
| 2 | IA | MSPB - Conference Call 05.16.2024 | 05/16/2024 |
| 3 | IA | MSPB - Appellant Submission | 05/29/2024 |

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KEVIN P. MERTENS,<br>Appellant, | DOCKET NUMBER<br>PH-0752-21-0092-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: March 6, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin P. Mertens, Roseburg, Oregon, pro se.

Colleen M. Shook, Norfolk, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed without prejudice to refiling his appeal of the agency's removal action. On petition for review, the appellant challenges the administrative judge's rulings on discovery matters and his affirmative defenses, questions the accuracy of conference summary orders, accuses the administrative judge of bias, and requests that his appeal be transferred to another administrative judge. Generally,

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

In a February 18, 2021 pleading, the appellant requested that his appeal be dismissed without prejudice, stating that he required additional time to prosecute his appeal due to delays caused by the ongoing COVID-19 pandemic. Initial Appeal File (IAF), Tab 21 at 6. After convening a recorded telephonic conference to address the appellant's motion, the administrative judge issued an initial decision dismissing the appeal without prejudice to refiling, concluding that, consistent with the appellant's request, dismissal was appropriate to "facilitate efficient litigation of the appeal, conserve resources, and to avoid a lengthy continuance." IAF, Tab 28, Initial Decision (ID) at 1-2 *see* IAF, Tabs 26-27. The administrative judge informed the appellant that he must refile the appeal "**by no later than August 30, 2021, but no sooner than May 4, 2021 – which is the date after which this decision becomes final.**" ID at 2 (emphasis in original). The appellant timely filed a petition for review on April 27, 2021, in which he challenges the administrative judge's prior rulings on discovery matters and his affirmative defenses, questions the accuracy of her conference summary orders, accuses her of bias, and requests that she be disqualified and the case be reassigned to a new administrative judge in the Western Regional Office.

Petition for Review (PFR) File, Tab 1 at 2-17. The agency has filed a response requesting that the petition for review be denied, noting that the appellant is not challenging the administrative judge's decision to dismiss without prejudice the appeal and is instead challenging her prior rulings and arguing that his dismissal request should have been granted earlier. PFR File, Tab 3 at 6-7. The agency also argues that the Board should treat the appellant's timely petition for review as a timely filed petition for appeal. *Id.* at 7-8; *see Desmond v. Department of Veterans Affairs*, 90 M.S.P.R. 301, ¶¶ 6-7 (2001).

An administrative judge has wide discretion to control the proceedings before her, and a dismissal without prejudice to refiling is a procedural option left to her sound discretion. *Desmond*, 90 M.S.P.R. 301, ¶ 4. We have reviewed the record, including the telephonic status conference recording, and have not found any evidence that the administrative judge abused her discretion in dismissing the appeal without prejudice. Instead, she exercised her sound discretion in the interest of efficiency to allow the parties to resolve their ongoing discovery issues and to afford the appellant with additional time to prepare his case in light of delays caused by the ongoing COVID-19 pandemic. ID at 1-2; *see* IAF, Tab 27 at 1-3. We find that this is a proper use of her discretion, and we will not disturb the initial decision here.

We further decline to address the appellant's remaining arguments on review. *See Lewis v. Department of the Air Force*, 69 M.S.P.R. 40, 44 (1995) (stating that if an appeal has been dismissed without prejudice in an initial decision and the appellant then files a petition for review of that decision, the Board will not consider arguments raised on review concerning discovery disputes or other matters that should be considered by the administrative judge once the appeal has been refiled). Because the Board treats an appellant's timely petition for review of an initial decision dismissing the appeal without prejudice as a timely refiled petition for appeal, *Desmond*, 90 M.S.P.R. 301, ¶ 6, the appellant may present his assertions regarding continuing discovery disputes, the

scope of his affirmative defense claims, and any other claims to the administrative judge, *id*. Accordingly, we deny the petition for review, and we forward this case to the New York Field Office for adjudication on the merits. This is the final decision of the Merit Systems Protection Board regarding the initial decision dismissing the appeal without prejudice to refiling. 5 C.F.R. § 1201.113.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Gina K. Grippando

FOR THE BOARD: ______________________________
Gina K. Grippando
Clerk of the Board

Washington, D.C.

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | |
|---|---|
| | <u>Appellant</u> |
| Certified Mail | Kevin Mertens<br>806 Woodwillow Drive<br><br>Roseburg, Oregon 97471 |
| | <u>Agency Representative</u> |
| Electronic Service | Colleen Shook<br>Served on email address registered with MSPB |

| | |
|---|---|
| 03/06/2024 | Markita Bryant |
| (Date) | Markita Bryant<br>Paralegal Specialist |

FORM 8B. Notice of Unrepresented Person Appearance

Form 8B (p. 1)
October 2023

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF UNREPRESENTED PERSON APPEARANCE

**Case Number** 2024-1781

**Short Case Caption** Mertens v. Navy

**Instructions:** Refer to Federal Circuit Rule 47.3 for requirements governing appearance in this court. Unrepresented persons must immediately file an amended Form 8B if contact information changes. **A motion must be filed to change either the filing or service selection during the pendency of the case.**

Complete page 1 of this form and, if applicable, either page 2 or 3 corresponding to your filing and service selection. **Submit only one of pages 2 or 3; do not submit both.**

### ENTRY OF APPEARANCE

I am entering my appearance on my own behalf ("pro se") in the above case.

**Name:** Kevin Mertens

**Address:** 806 Woodwillow Drive
Roseburg OR 97471

**Phone:** 316 214 0763 **Email:** kpmert@yahoo.com

### FILING AND SERVICE SELECTION

I will file all documents in the above case (select only one):

- [x] in paper form by mail or in person, and I elect to receive all service by mail only.
- [ ] through the court's electronic filing system, and I have completed **page 2 (Consent to Electronic Filing and Service)**; I understand I will receive service by email only.
- [ ] in paper form by mail or in person, and I elect to receive all service by email at the above email address and have completed **page 3 (Consent to Paper Filing and Electronic Service)**.

I certify that all information is true and correct and that a failure to abide by the above selections may result in my case being delayed or other actions deemed necessary by the court.

Date: 3 June 24 Signature: Kevin Mertens

Name: Kevin Mertens

## Certificate of Service

I swear under the penalty of perjury and the laws of the [states] and of the United States that I placed a copy of the attached documents in the US Mail to the addresses listed below:

US Court of Appeals
for the federal circuit
717 Madison Place NW
Washington, DC 20439

Collen Shook
Office of Counsel
Department of the Navy
NAVFACMIDLANT
9324 Virginia Avenue
Norfolk, VA 23511

Signed this the 3rd day of June 2024

Kevin Mertens

Kevin Mertens

FORM 10. Statement Concerning Discrimination

Form 10 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## FED. CIR. R. 15(c) STATEMENT CONCERNING DISCRIMINATION

**Case Number:** 24-1781

**Short Case Caption:** Mertens V. Navy

**Name of Petitioner:** Kevin Mertens

**Purpose:** This form is to help determine the proper forum for judicial review of a decision of the Merit Systems Protection Board (MSPB) or an Arbitrator, and in particular, those cases in which the federal employee has attributed the adverse employment action, in whole or in part, to bias based on race, color, religion, sex, age, national origin, or handicapping condition, in violation of federal antidiscrimination laws.

This court, while empowered to review MSPB and Arbitrator decisions dealing solely with civil-service claims, lacks authority to decide matters in which claims arising under federal discrimination laws have been asserted and not abandoned. Rather, the proper forum for judicial review of such matters is a federal district court. This form will assist the court in determining whether it needs to transfer a matter to a district court.

**Instructions:** Complete Section A. Complete Sections B and C only as directed by your answer to Section A.

## Section A

Before the MSPB or the Arbitrator, did you argue that the adverse employment action (1) was attributable to discrimination on the basis of race, color, religion, sex, age, national origin, or handicapping condition or (2) was retaliation for pursuing Equal Employment Opportunity activity?

☐ Yes (complete Sections B and C) ☑ No (ignore Sections B and C)

FORM 10. Statement Concerning Discrimination

Form 10 (p. 2)
July 2020

## Section B

Complete this section only if you answered "Yes" to the question in Section A.

If you answered "No" to the question in Section A, skip this section.

1. Identify the discrimination claim(s) you raised before the MSPB or Arbitrator.

2. Have you filed a discrimination case in a United States district court from the MSPB's or Arbitrator's decision?

☐ Yes ☑ No

If yes, please identify the case name(s) and number(s) and the status of the case(s) in the box below.

3. Have you filed a discrimination case with the Equal Employment Opportunity Commission from the MSPB's or Arbitrator's decision?

☐ Yes ☑ No

If yes, please identify the case name(s) and number(s) and the status of the case(s) in the box below.

## Section C

Complete this section only if you answered "Yes" to the question in Section A.

If you answered "No" to the question in Section A, skip this section.

Check only one of the boxes below.

☐ Although I did claim that I was discriminated against before the MSPB or the Arbitrator, I wish to abandon those discrimination claims and only pursue civil-service claims in the Federal Circuit rather than pursuing discrimination claims and civil-service claims in district court. I understand that this means I will not be able to raise the discrimination claims at any later point.

☐ I did claim that I was discriminated against before the MSPB or the Arbitrator and I do not wish to abandon my discrimination claims.

## CERTIFICATION

I certify the above information and any attached sheets (as necessary) are accurate and complete to the best of my knowledge.

Date: 6/3/2024

Signature: Kevin Mertens

Name: Kevin Mertens

## Certificate of Service

I swear under the penalty of perjury and the laws of the [states] and of the United States that I placed a copy of the attached documents in the US Mail to the addresses listed below:

US Court of Appeals
for the federal circuit
717 Madison Place NW
Washington, DC 20439

Collen Shook
Office of Counsel
Department of the Navy
NAVFACMIDLANT
9324 Virginia Avenue
Norfolk, VA 23511

Signed this the 3rd day of June 2024

Kevin Mertens

Kevin Mertens

# In the United States Court of Appeals
# For the Federal Circuit

**CLERKS ACTION REQUIRED**

RECEIVED
JUN 10 2024
United States Court of Appeals
For the Federal Circuit

Case Number: 24-1781
Originating Case Number: PH-0752-21-0092-I-1
Short Caption: Mertens V. Navy
Date: 03 June 2024
Attached documents:

(a) Notice of unrepresented person appearance and filing and service selection (form 8B)
(b) Statement concerning discrimination (form 10)
(c) MSPB final order dated 6 March 2024
(d) MSPB acknowledgement order dated 7 May 2024
(e) Copy of informal brief of the appellant (form 11) dated 29 May 2024

## Statement of filing dates and filing errors by the appellant:

1. 22 April 2024 the appellant filed a notice of appeal with the federal circuit court and motion for declaration to proceed in forma pauperis dated.
2. 6 May 2024 the case was docketed by the federal circuit court clerk.
3. 7 May 2024 having not received the notice of appeal, MSPB sent an acknowledgement order to re-open the original MSPB appeal with conference scheduled on 16 May 2024 **(See attached MSPB order dated 7 May 2024)**
4. 8 May 2024 the clerk of the federal circuit court sent an order denying in forma pauperis and ordered the filing fee paid by 29 May 2024.
5. 16 May 2024 the appellant attended the MSPB conference call and then found out the notice of appeal for the federal circuit court was sent by me in error to the MSPB NYC field office old address.
6. 16 May 2024 the appellant informed the MSPB Administrative Judge that the case was on appeal with the federal circuit and gave the AJ the filing date and case number. The appellee counsel informed the AJ that they had received the notice as well during the call.
7. 16 May 2024 during the conference call the MSPB AJ dismissed the appeal without prejudice so a **motion for "stay pending review"** under FRAP 18(a)(1) is not necessary for this proceeding. (Note: I cannot include the MSPB order in this filing because I have not yet received the MSPB order of dismissal)
8. 22 May 2024 the appellant sent the required filing fee dated under rule FCR 15 (a)(4)
9. 29 May 2024 the appellant sent the returned notice of appeal to MSPB NYC correct address.
10. 29 May 2024 the appellant **erroneously** sent out an informal brief of the appellant.
11. 03 June 2024 as of today under FRAP 17 "filing of the record" has not taken place due to the notice being sent to the wrong MSPB address. Therefore, the time for filing of the appellant brief has not yet started.

12. 03 June 2024 with apologies to all the appellant has also erred and has not sent the entry of unrepresented appearance, filing and service selection (form 8B) or the statemen concerning discrimination (form 10) under FCR 15(c)(1). The appellant will send those items with this document.

# Motion for leave to file an additional Informal Brief of the Appellant

1. The appellant erred when filing the informal brief of the appellant dated 29 May 2024 and requests the court and the **<u>appellee Colleen Shook for the agency</u>** to keep the filing as part of the official record but **<u>disregard</u>** the filing for purposes of appellant brief under FRAP 28 (g) Unrepresented Party Briefs; Response and the Practice notes to rule 28 "Informal Brief". (And also, please do not start any associated time limits for filing of any briefs and/or responses until the filing of the record under FRAP 17 by the MSPB has taken place)
   (A) Under FRAP 28(g) that states "An unrepresented party may file a formal brief or an informal brief , but not both. The appellant requests the court disregard the informal brief dated 29 May 2024 because I was unaware of this rule for unrepresented parties. I mistook form 11 as the court requesting basic information that I planned to include in a future lengthier brief.
   (B) Under FRAP 31(a)(1) the appellant must serve and file a brief within (extended to) 60 days from the filing of the record. (in this case the MSPB record)
   (C) I will file my appellant brief within the time limit in (B) above as soon as I am aware that the record from MSPB has been received by this court under FRAP 17.

I apologize for the errors made and if there are any questions for me from either the agency counsel Colleen Shook or the clerk of the federal appeals court, I will include my e-mail and my phone number in my contact information below.

Kevin Mertens

Dated: 03 June 2024
Kevin Mertens

Sincerely,

Kevin Mertens
806 Woodwillow Drive
Roseburg, OR 97471
(316) 214-0763
kpmert@yahoo.com

# DOCUMENTS

(a) thru (e)

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF UNREPRESENTED PERSON APPEARANCE

**Case Number** 2024-1781

**Short Case Caption** Mertens v. Navy

**Instructions:** Refer to Federal Circuit Rule 47.3 for requirements governing appearance in this court. Unrepresented persons must immediately file an amended Form 8B if contact information changes. **A motion must be filed to change either the filing or service selection during the pendency of the case.**

Complete page 1 of this form and, if applicable, either page 2 or 3 corresponding to your filing and service selection. **Submit only one of pages 2 or 3; do not submit both.**

### ENTRY OF APPEARANCE

I am entering my appearance on my own behalf ("pro se") in the above case.

**Name:** Kevin Mertens

**Address:** 806 Woodwillow Drive
Roseburg OR 97471

**Phone:** 316 214 0763 **Email:** kpmert@yahoo.com

### FILING AND SERVICE SELECTION

I will file all documents in the above case (select only one):

- ☒ in paper form by mail or in person, and I elect to receive all service by mail only.
- ☐ through the court's electronic filing system, and I have completed **page 2 (Consent to Electronic Filing and Service)**; I understand I will receive service by email only.
- ☐ in paper form by mail or in person, and I elect to receive all service by email at the above email address and have completed **page 3 (Consent to Paper Filing and Electronic Service)**.

I certify that all information is true and correct and that a failure to abide by the above selections may result in my case being delayed or other actions deemed necessary by the court.

Date: 3 June 24 Signature: Kevin Mertens

Name: Kevin Mertens

FORM 10. Statement Concerning Discrimination

Form 10 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## FED. CIR. R. 15(c) STATEMENT CONCERNING DISCRIMINATION

**Case Number:** 24-1781

**Short Case Caption:** Mertens V. Navy

**Name of Petitioner:** Kevin Mertens

**Purpose:** This form is to help determine the proper forum for judicial review of a decision of the Merit Systems Protection Board (MSPB) or an Arbitrator, and in particular, those cases in which the federal employee has attributed the adverse employment action, in whole or in part, to bias based on race, color, religion, sex, age, national origin, or handicapping condition, in violation of federal antidiscrimination laws.

This court, while empowered to review MSPB and Arbitrator decisions dealing solely with civil-service claims, lacks authority to decide matters in which claims arising under federal discrimination laws have been asserted and not abandoned. Rather, the proper forum for judicial review of such matters is a federal district court. This form will assist the court in determining whether it needs to transfer a matter to a district court.

**Instructions:** Complete Section A. Complete Sections B and C only as directed by your answer to Section A.

## Section A

Before the MSPB or the Arbitrator, did you argue that the adverse employment action (1) was attributable to discrimination on the basis of race, color, religion, sex, age, national origin, or handicapping condition or (2) was retaliation for pursuing Equal Employment Opportunity activity?

☐ Yes (complete Sections B and C) ☑ No (ignore Sections B and C)

FORM 10. Statement Concerning Discrimination

Form 10 (p. 2)
July 2020

## Section B

Complete this section only if you answered "Yes" to the question in Section A.

If you answered "No" to the question in Section A, skip this section.

1. Identify the discrimination claim(s) you raised before the MSPB or Arbitrator.

2. Have you filed a discrimination case in a United States district court from the MSPB's or Arbitrator's decision?

   ☐ Yes ☑ No

   If yes, please identify the case name(s) and number(s) and the status of the case(s) in the box below.

3. Have you filed a discrimination case with the Equal Employment Opportunity Commission from the MSPB's or Arbitrator's decision?

   ☐ Yes ☑ No

   If yes, please identify the case name(s) and number(s) and the status of the case(s) in the box below.

## Section C

Complete this section only if you answered "Yes" to the question in Section A.

If you answered "No" to the question in Section A, skip this section.

Check only one of the boxes below.

☐ Although I did claim that I was discriminated against before the MSPB or the Arbitrator, I wish to abandon those discrimination claims and only pursue civil-service claims in the Federal Circuit rather than pursuing discrimination claims and civil-service claims in district court. I understand that this means I will not be able to raise the discrimination claims at any later point.

☐ I did claim that I was discriminated against before the MSPB or the Arbitrator and I do not wish to abandon my discrimination claims.

## CERTIFICATION

I certify the above information and any attached sheets (as necessary) are accurate and complete to the best of my knowledge.

Date: 6/3/2024

Signature: Kevin Mertens

Name: Kevin Mertens

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

KEVIN P. MERTENS,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
PH-0752-21-0092-I-1

DATE: March 6, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin P. Mertens, Roseburg, Oregon, pro se.

Colleen M. Shook, Norfolk, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed without prejudice to refiling his appeal of the agency's removal action. On petition for review, the appellant challenges the administrative judge's rulings on discovery matters and his affirmative defenses, questions the accuracy of conference summary orders, accuses the administrative judge of bias, and requests that his appeal be transferred to another administrative judge. Generally,

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

In a February 18, 2021 pleading, the appellant requested that his appeal be dismissed without prejudice, stating that he required additional time to prosecute his appeal due to delays caused by the ongoing COVID-19 pandemic. Initial Appeal File (IAF), Tab 21 at 6. After convening a recorded telephonic conference to address the appellant's motion, the administrative judge issued an initial decision dismissing the appeal without prejudice to refiling, concluding that, consistent with the appellant's request, dismissal was appropriate to "facilitate efficient litigation of the appeal, conserve resources, and to avoid a lengthy continuance." IAF, Tab 28, Initial Decision (ID) at 1-2 *see* IAF, Tabs 26-27. The administrative judge informed the appellant that he must refile the appeal "**by no later than August 30, 2021, but no sooner than May 4, 2021 – which is the date after which this decision becomes final.**" ID at 2 (emphasis in original). The appellant timely filed a petition for review on April 27, 2021, in which he challenges the administrative judge's prior rulings on discovery matters and his affirmative defenses, questions the accuracy of her conference summary orders, accuses her of bias, and requests that she be disqualified and the case be reassigned to a new administrative judge in the Western Regional Office.

Petition for Review (PFR) File, Tab 1 at 2-17. The agency has filed a response requesting that the petition for review be denied, noting that the appellant is not challenging the administrative judge's decision to dismiss without prejudice the appeal and is instead challenging her prior rulings and arguing that his dismissal request should have been granted earlier. PFR File, Tab 3 at 6-7. The agency also argues that the Board should treat the appellant's timely petition for review as a timely filed petition for appeal. *Id.* at 7-8; *see Desmond v. Department of Veterans Affairs*, 90 M.S.P.R. 301, ¶¶ 6-7 (2001).

An administrative judge has wide discretion to control the proceedings before her, and a dismissal without prejudice to refiling is a procedural option left to her sound discretion. *Desmond*, 90 M.S.P.R. 301, ¶ 4. We have reviewed the record, including the telephonic status conference recording, and have not found any evidence that the administrative judge abused her discretion in dismissing the appeal without prejudice. Instead, she exercised her sound discretion in the interest of efficiency to allow the parties to resolve their ongoing discovery issues and to afford the appellant with additional time to prepare his case in light of delays caused by the ongoing COVID-19 pandemic. ID at 1-2; *see* IAF, Tab 27 at 1-3. We find that this is a proper use of her discretion, and we will not disturb the initial decision here.

We further decline to address the appellant's remaining arguments on review. *See Lewis v. Department of the Air Force*, 69 M.S.P.R. 40, 44 (1995) (stating that if an appeal has been dismissed without prejudice in an initial decision and the appellant then files a petition for review of that decision, the Board will not consider arguments raised on review concerning discovery disputes or other matters that should be considered by the administrative judge once the appeal has been refiled). Because the Board treats an appellant's timely petition for review of an initial decision dismissing the appeal without prejudice as a timely refiled petition for appeal, *Desmond*, 90 M.S.P.R. 301, ¶ 6, the appellant may present his assertions regarding continuing discovery disputes, the

scope of his affirmative defense claims, and any other claims to the administrative judge, *id.* Accordingly, we deny the petition for review, and we forward this case to the New York Field Office for adjudication on the merits. This is the final decision of the Merit Systems Protection Board regarding the initial decision dismissing the appeal without prejudice to refiling. 5 C.F.R. § 1201.113.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W. 202-275-8000
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | | |
|---|---|
| | <u>Appellant</u> |
| Certified Mail | Kevin Mertens<br>806 Woodwillow Drive<br><br>Roseburg, Oregon 97471 |
| | <u>Agency Representative</u> |
| Electronic Service | Colleen Shook<br>Served on email address registered with MSPB |

| | |
|---|---|
| 03/06/2024 | *Markita Bryant* |
| (Date) | Markita Bryant<br>Paralegal Specialist |

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**NORTHEASTERN REGIONAL OFFICE**

| | |
|---|---|
| KEVIN P MERTENS,<br>Appellant, | DOCKET NUMBER<br>PH-0752-21-0092-B-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: May 7, 2024 |

## ACKNOWLEDGMENT ORDER

This appeal has been received by this office in accordance with the Board's decision dated **March 6, 2024**. This appeal is hereby reopened for further adjudication. A status conference is hereby scheduled to convene on **May 16, 2024 at 1:00 pm.** To join the conference, you must dial **1-347-690-2327**, and at the prompt enter Participant Code **577990154#**.

FOR THE BOARD:

*Maria Dominguez*

______________________________
Maria Dominguez
Administrative Judge
Northeastern Regional Office
1601 Market Street Suite 1700
Philadelphia, PA 19103
Phone: (215) 597-9960
Fax: (215) 731-3962

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | |
|---|---|
| | <u>Appellant</u> |
| U.S. Mail | Kevin Mertens<br>806 Woodwillow Drive<br>Roseburg, Oregon 97471 |
| | <u>Agency Representative</u> |
| Electronic Service | Colleen Shook<br>Served on email address registered with MSPB |

05/07/2024
(Date)

*Kaitlin Reilly*
Kaitlin Reilly
Paralegal Specialist

FORM 11. Informal Opening Brief (MSPB or Arbitrator Cases)

Form 11 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## INFORMAL BRIEF OF PETITIONER/APPELLANT

**Case Number:** 2024-1781

**Short Case Caption:** Judicial Review

**Name of Petitioner:** Kevin Paul Mertens

**Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 30 pages.

Attach a copy of the initial and final decision/order of the Merit Systems Protection Board or arbitrator. You may also attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1. Have you ever had another case before this court? ☒ Yes ☐ No

   In a United States district court? ☒ Yes ☐ No

   Before the Equal Employment Opportunity Commission? ☐ Yes ☒ No

   If yes, identify the title and number of each case.

   [See Attached] for city, county, State, Fed Cir, Supreme CT #s - [MSPB Case # SF-0752-08-0392-I-1 Kevin P. Mertens v. USPS]

FORM 11. Informal Opening Brief (MSPB or Arbitrator Cases) Form 11 (p. 2)
July 2020

2. Did the MSPB or arbitrator incorrectly decide or fail to take into account any facts? ☒ Yes ☐ No

If yes, what facts?

1) Factual Case history and Partial Judicial findings.
2) Actual violations of MSPB rules.

3. Did the MSPB or arbitrator apply the wrong law? ☐ Yes ☐ No

If yes, what law should be applied? unsure

I need time to review this but more than likely failed to recognize clear violations of judicial conduct

4. Did the MSPB or arbitrator fail to consider important grounds for relief?

☒ Yes ☐ No

If yes, what grounds?

I need more time to research but at first glance it appears my affirmative defenses ~~are~~ that AJ Dominguez threw out, will be once again subject to the AJ's clear Bias, ~~to~~ violation of MSPB ~~and~~ rule, and impartial judgement.

FORM 11. Informal Opening Brief (MSPB or Arbitrator Cases) Form 11 (p. 3) July 2020

5. Are there other reasons why the MSPB's or arbitrator's decision was wrong?

☐ Yes ☐ No Dont know

If yes, what reasons?

I need more time to research

6. What action do you want this court to take in this case?

Allow my affirmative defenses, find the AJ partial so I can petition MSPB board for a new and impartial Administrative Judge.

Date: 5-29-24

Signature: Kevin Mertens

Name: Kevin Mertens

7. Please note that the submissions that were submitted, ~~to~~ docketed and then removed because of my appeal must be considered and made a part of this judicial review. MSPB clerk removed my official MSPB brief of the Appellant Dated 16 August 2021.

1) MSPB Case # SF-0752-08-0512-I-1 (2008-2009)

| Case Numbers Mertens v.- | Courts Phone Numbers |
|---|---|
| City of Seattle-**306494** year | 206-477-1400 |
| King County Superior Court-**971052234** (2001) | 206-477-1400 |
| Court Of Appeals-**478168** (2001) | 206-464-7750 |
| Washington State Supreme Court-**721840** (2002) | 360-357-2077 |
| Seattle Federal District Court- — | 206-370-8400 05-9138 Sept 21, 2005 |
| Ninth Circuit Court of Appeals-**05-35425** ~~(2003)~~ 2005 | 415-355-8000 |
| U.S. Supreme Court-**05-9138** and **05A529** | |
| **Archives October Term 2005-** | |
| **Mertens v Seattle (1076, 1188)** | |
| **Mertens v United States (1158)** | |
| City of Edmonds-**CR0011289** (2000) | 425-771-0210 |
| Snohomish County Superior Court-**011009006** (2001) | 425-388-3466 |
| Court of Appeals-**490982,543504** (2001) | 206-464-7750 |
| Washington State Supreme Court-**722315** (2002) | 360-357-2077 |
| (King County District Court East) City of Bellevue- | 206-205-9200 |
| King County Superior Court-**01-229918-2** | 206-477-1400 |
| Court of Appeals-**50468-1, 525891** (2003) | 206-464-7750 |
| Washington State Supreme Court-**732451** (2003) | 360-357-2077 |
| PACER (to view Circuit Court Case **(05-35425)** | 800-676-6856 |

2) [bracketing Seattle Federal District Court, Ninth Circuit Court of Appeals, U.S. Supreme Court]

reference # for edmonds Records Request
R000285-021117

Seattle request #
C017009-082117

Case files - 415-355-7810 9th circus

Seattle Fed case #s ~~Clerk~~
(S) 2:02 mc 73
(E) 2:02 mc 141
(S) 2:04 cv 1476
(S) 2:04 mc 29

view Docs thru Pac

## Certificate of Service

I swear under the penalty of perjury and the laws of the [states] and of the United States that I placed a copy of the attached informal brief of the petitioner in the US Mail to the addresses listed below:

US Court of Appeals
for the federal circuit
717 Madison Place NW
Washington, DC 20439

MSPB New York Field Office
1601 Market Street, suite 1700
Philadelphia, PA 19103

Collen Shook
Office of Counsel
Department of the Navy
NAVFACMIDLANT
9324 Virginia Avenue
Norfolk, VA 23511

Signed this the 9th day of May 2024

Kevin Mertens
Kevin Mertens

## Certificate of Service

I swear under the penalty of perjury and the laws of the [states] and of the United States that I placed a copy of the attached documents in the US Mail to the addresses listed below:

US Court of Appeals
for the federal circuit
717 Madison Place NW
Washington, DC 20439

Collen Shook
Office of Counsel
Department of the Navy
NAVFACMIDLANT
9324 Virginia Avenue
Norfolk, VA 23511

Signed this the 3rd day of June 2024

Kevin Mertens

Kevin Mertens

Kevin Mertens
806 Woodwillow Dr.
Roseburg, OR 97471-1635

9589 0710 5270 0496 6827 94

Retail

U.S. POSTAGE PAID
FCM LG ENV
ROSEBURG, OR 97470
JUN 03, 2024

20439

$6.99

RDC 99

R2304H109616-11

U.S. Court of Appeals
for the federal Circuit
717 Madison Place N.W.
Washington, D.C. 20439

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| KEVIN P. MERTENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2024-1781 |
| | ) | |
| DEPARTMENT OF THE NAVY, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT'S MOTION TO RECAPTION**

Respondent, the Department of Navy (Navy), respectfully requests that the Court recaption this matter to designate the Merit Systems Protection Board (MSPB or board) as the respondent. Counsel for the board, Ms. Connie Travanty, has represented that the board supports this motion. On June 4, 2024 counsel for the Navy contacted Mr. Mertens, who is proceeding with his petition before this Court *pro se*. Mr. Mertens stated to counsel that he will determine his position on this motion and the nature of his response after counsel for the Navy files this motion with the Court.

There is good cause to grant this motion. The statute governing judicial review of MSPB decisions, 5 U.S.C. § 7703, provides that "*The Board shall be named respondent . . . unless* the employee or applicant for employment seeks review of a final order or decision *on the merits* on the underlying personnel

Case: 24-1781 Document: 29-3 Page: 74 Filed: 08/21/2024 (74 of 456)

action." 5 U.S.C. § 7703(a)(2) (emphasis added). Therefore, the MSPB is the proper respondent when the board's decision does not reach the merits and concerns only the procedure or jurisdiction of the Board. *See Spruill v. Merit Sys. Prot. Board*, 978 F.2d 679, 686 (Fed. Cir. 1992); *see also Mindana v. OPM*, 985 F.2d 1070, 1072 (Fed. Cir. 1993) (applying *Spruill*).

Mr. Mertens appealed an agency removal decision to the board. MSPB Final Order at 1-2 (Attachment #1). However, in a February 18, 2021 filing, Mr. Mertens requested that his appeal be dismissed without prejudice for the purpose of allowing him more time to prosecute his appeal in light of the COVID-19 pandemic. *Id*. at 2. The administrative judge granted Mr. Mertens's request and dismissed the appeal without prejudice on the basis that doing so would help "facilitate efficient litigation of the appeal, conserve resources, and to avoid a lengthy continuance." *Id*. Mr. Mertens then filed a petition for review of that dismissal decision to the full board.

In his petition to the full board, Mr. Mertens did not challenge the administrative judge's conclusion that the appeal should be dismissed without prejudice; instead, he raised collateral attacks on procedural decisions made by the administrative judge regarding discovery and other matters. The full board found that the administrative judge did not abuse her discretion in dismissing the appeal without prejudice, finding that dismissal was a "procedural option"

within her sound discretion. *Id*. at 3. The full board recognized that a dismissal without prejudice was a rational way to provide Mr. Mertens with additional time to prepare his case in light of delays caused by COVID-19. The board declined to address the merits of Mr. Mertens's case and the collateral attacks he raised as to procedural decisions. *Id*. at 4. The full board forwarded Mr. Mertens's case to the MSPB's New York field office for adjudication on the merits.

The entire purpose of dismissing the case *without prejudice* was to obtain the same effect as a continuance, which is a procedural mechanism. *See*, *e.g.*, *Conway v. Chem. Leaman Tank Lines, Inc.*, 687 F.2d 108, 112 (5th Cir. 1982) ("The granting or denial of a continuance, however, is a procedural matter of the kind that this Court has repeatedly said is subject to the discretion of the trial judge."). Further, the board made no pronouncements regarding the merits of Mr. Mertens's case. The board stated that it "decline[d] to address" his merits arguments and the board "forwarded this case . . . for adjudication on the merits." MSPB Final Order at 4. Because the board's decision did not reach the merits of Mr. Mertens's appeal and concerned only case administration or procedure, the MSPB is the proper respondent to Mr. Mertens's petition before this Court. *See Spruill*, 978 F.2d at 686-87.

**CONCLUSION**

Case 8:24-cv-01781-KAD Document 1 Filed 08/21/24 Page 80 of 460

For the forgoing reasons, we respectfully request that the Court grant our motion, and recaption this appeal to designate the MSPB as the respondent. We also respectfully request that the Court grant the respondent time to file a response to petitioner's appellate brief of 40 days from the date of the Court's order on this motion to recaption or 40 days from the date petitioner's brief is served, whichever is later.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ Brendan D. Jordan
BRENDAN D. JORDAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0342
Brendan.D.Jordan@usdoj.gov

June 11, 2024

Attorneys for Respondent-Appellee

CERTIFICATE OF COMPLIANCE

I certify that, pursuant to Fed. R. App. Procedure 32(g), this motion complies with the type-volume limitation. This motion was prepared using Microsoft Word, Times New Roman, 14-point font. In making this certification, I have relied upon the word count function of the Microsoft Word software application used to prepare this motion. According to the word count, this motion contains 688 words.

/s/ Brendan D. Jordan

CERTIFICATE OF SERVICE

I certify that under penalty of perjury that on this 11th day of June, 2024, I caused the foregoing "RESPONDENT'S MOTION TO RECAPTION" to be served upon Petitioner via U.S. Mail at the following address:

Kevin P. Mertens
806 Woodwillow Drive
Roseburg, OR 97471

/s/ Brendan D. Jordan

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KEVIN P. MERTENS, Appellant, | DOCKET NUMBER PH-0752-21-0092-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, Agency. | DATE: March 6, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin P. Mertens, Roseburg, Oregon, pro se.

Colleen M. Shook, Norfolk, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed without prejudice to refiling his appeal of the agency's removal action. On petition for review, the appellant challenges the administrative judge's rulings on discovery matters and his affirmative defenses, questions the accuracy of conference summary orders, accuses the administrative judge of bias, and requests that his appeal be transferred to another administrative judge. Generally,

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

In a February 18, 2021 pleading, the appellant requested that his appeal be dismissed without prejudice, stating that he required additional time to prosecute his appeal due to delays caused by the ongoing COVID-19 pandemic. Initial Appeal File (IAF), Tab 21 at 6. After convening a recorded telephonic conference to address the appellant's motion, the administrative judge issued an initial decision dismissing the appeal without prejudice to refiling, concluding that, consistent with the appellant's request, dismissal was appropriate to "facilitate efficient litigation of the appeal, conserve resources, and to avoid a lengthy continuance." IAF, Tab 28, Initial Decision (ID) at 1-2 *see* IAF, Tabs 26-27. The administrative judge informed the appellant that he must refile the appeal "**by no later than August 30, 2021, but no sooner than May 4, 2021 – which is the date after which this decision becomes final.**" ID at 2 (emphasis in original). The appellant timely filed a petition for review on April 27, 2021, in which he challenges the administrative judge's prior rulings on discovery matters and his affirmative defenses, questions the accuracy of her conference summary orders, accuses her of bias, and requests that she be disqualified and the case be reassigned to a new administrative judge in the Western Regional Office.

Petition for Review (PFR) File, Tab 1 at 2-17. The agency has filed a response requesting that the petition for review be denied, noting that the appellant is not challenging the administrative judge's decision to dismiss without prejudice the appeal and is instead challenging her prior rulings and arguing that his dismissal request should have been granted earlier. PFR File, Tab 3 at 6-7. The agency also argues that the Board should treat the appellant's timely petition for review as a timely filed petition for appeal. *Id.* at 7-8; *see Desmond v. Department of Veterans Affairs*, 90 M.S.P.R. 301, ¶¶ 6-7 (2001).

An administrative judge has wide discretion to control the proceedings before her, and a dismissal without prejudice to refiling is a procedural option left to her sound discretion. *Desmond*, 90 M.S.P.R. 301, ¶ 4. We have reviewed the record, including the telephonic status conference recording, and have not found any evidence that the administrative judge abused her discretion in dismissing the appeal without prejudice. Instead, she exercised her sound discretion in the interest of efficiency to allow the parties to resolve their ongoing discovery issues and to afford the appellant with additional time to prepare his case in light of delays caused by the ongoing COVID-19 pandemic. ID at 1-2; *see* IAF, Tab 27 at 1-3. We find that this is a proper use of her discretion, and we will not disturb the initial decision here.

We further decline to address the appellant's remaining arguments on review. *See Lewis v. Department of the Air Force*, 69 M.S.P.R. 40, 44 (1995) (stating that if an appeal has been dismissed without prejudice in an initial decision and the appellant then files a petition for review of that decision, the Board will not consider arguments raised on review concerning discovery disputes or other matters that should be considered by the administrative judge once the appeal has been refiled). Because the Board treats an appellant's timely petition for review of an initial decision dismissing the appeal without prejudice as a timely refiled petition for appeal, *Desmond*, 90 M.S.P.R. 301, ¶ 6, the appellant may present his assertions regarding continuing discovery disputes, the

scope of his affirmative defense claims, and any other claims to the administrative judge, *id*. Accordingly, we deny the petition for review, and we forward this case to the New York Field Office for adjudication on the merits. This is the final decision of the Merit Systems Protection Board regarding the initial decision dismissing the appeal without prejudice to refiling. 5 C.F.R. § 1201.113.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Gina K. Grippando

FOR THE BOARD: ______________________________
Gina K. Grippando
Clerk of the Board

Washington, D.C.

RECEIVED
JUN 12 2024
United States Court of Appeal
For the Federal Circuit

# In the United States of America
# Merrit Systems Protection Board
# and
# In the United States Court of Appeals
# For the Federal Circuit

**CLERKS ACTION REQUIRED**

Federal Circuit Case Number: 24-1781
Originating MSPB Case Number: PH-0752-21-0092-I-1
Short Caption: Mertens V. Navy
Date: 06 June 2024

## Motion to Stay Proceedings

Under Federal Circuit Rule 18(a)(b) and (c) Stay Pending Review

1. The appellant in the above case is requesting a stay under the relevant parts of rule 18 first in with the MSPB and if necessary, in the alternative the circuit court.

**Background**

On March 6, 2024, the MSPB issued a decision on the appellants petition for review dated April 27, 2021.

On May 6, 2024, the clerk of the United States Court of Appeals docketed the appellants case for appeal of the March 6, 2024 MSPB decision.

On May 07, 2024 @ 1 P.M. EST there was an order sent re-opening the case with a conference call set for May 16, 2024 @ 1PM EST.

On May 16, 2024, the was a conference call held by all parties including AJ Maria Dominguez and the counsel for the Navy, Colleen Shook. The following transpired.

1. The AJ started the meeting stating that she would allow an HR representative to join despite my objection. The AJ stated the regional office had not received my notice of appeal sent by US Mail on April 22, 2024. Collen Shook of the counsel for the Navy stated she had received a copy. The AJ then stated that the case

should be placed on dismissal without prejudice due to the possible length of time for decision.

2. The AJ then went on the recorded record and started the recording.
   (A) The AJ stated on the record that having learned the case was on appeal she was ordering a dismissal without prejudice. She asked the Navy for agreement and stated that Mr. Mertens had agreed as well.
   (B) At that point I asked if this was the same AJ from the original case litigation in 202I, she stated yes, it is. I then stated, "no I had not agreed and what I had stated off the record, not knowing exactly what is in my best interest was "I am not an attorney but that a dismissal without prejudice appeared logical." I also stated that "I do not know if a dismissal is the appropriate or ordinary thing to do but that it does make sense because I said you should not have the ability to damage my case any further than you already have." The AJ stated "*that is your opinion Mr. Mertens,* **THAT IS YOUR OPINION**" I then provided the AJ with the docketing date and the case number for the circuit court case. We then ended the record. This is my sworn statement.
   Signed *Kevin Mertens* Kevin Mertens
   **(C) See attached order and phone record.**
3. I have had time to re-read the case file. The AJ has been nothing but partial since the first status conference held on January 29, 2021. This AJ must be removed from this case for her violations of federal law and inability to be impartial.
   1. The **MSPB recording equipment was *malfunctioning***, and that conference could very peculiarly not be audibly recorded.
   2. The AJ then wrote a misleading order of dismissal the misstated the facts of that January 29, 2021 status hearing.
   3. I outlined the misstatements of the AJ in a February 2, 2021 response with three headings titled (i) additional objections to summary, (ii) Motion for dismissal without prejudice, and (iii) motion to deny agency request to dismiss appellants defenses.
4. To date I have not received the order of dismissal. I am now concerned that the AJ will fail to issue the order pending appeal and may destroy the recording in order to clearly be able to favor the agency. The AJ did for the first meeting or conference status call for this case on January 29, 2021 @ 1:00 P.M. that began her derailment of my case.
5. I am a US Mail filer, and all materials should be mailed to my address on record.

Relief requested.

1. MSPB Headquarters grant the motion to stay or in the alternative I request the motion be reviewed in the Federal Circuit Court under FCR 18.
2. If this stay is not granted, I am requesting the Federal Circuit Court to consider this a motion for stay or injunction under FCR 18 and consider it impractical to do so since a hearing was held as outlined above, and an order of dismissal made on the record on May 16, 2024.

I swear the above is true and correct.

Signed on this the 6th day of June 2024

Kevin Mertens

Kevin Mertens
806 Woodwillow Drive
Roseburg, OR 97471
316-214-0763
[illegible]

## Certificate of Service

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
NORTHEASTERN REGIONAL OFFICE

KEVIN P MERTENS,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
PH-0752-21-0092-B-1

DATE: May 7, 2024

## ACKNOWLEDGMENT ORDER

This appeal has been received by this office in accordance with the Board's decision dated **March 6, 2024**. This appeal is hereby reopened for further adjudication. A status conference is hereby scheduled to convene on **May 16, 2024 at 1:00 pm.** To join the conference, you must dial **1-347-690-2327**, and at the prompt enter Participant Code **577990154#**.

FOR THE BOARD:

*Maria Dominguez*

______________________________
Maria Dominguez
Administrative Judge
Northeastern Regional Office
1601 Market Street Suite 1700
Philadelphia, PA 19103
Phone: (215) 597-9960
Fax: (215) 731-3962

1 347-690-2327
New York

Outgoing call HD 27m 0s
May 16, 10:00 AM

Call

Video call Message

Yahoo Mail: Search, Organize, Conquer

I certify that the attached document was (were) sent by US Mail to each of the following:

US Court of Appeals
For the Federal Circuit
717 Madison Place NW
Washington, D.C. 20439

MSPB Headquarters
1615 M Street N.W.
Washinton, D.C. 20419

MSPB NE Regional Office
1601 Market Street, Suite 1700
Philadelphia, PA 19103

Brendan Jordan
US DOJ, Commercial Litigation Branch
PO Box 480 Ben Franklin Station
Washington DC, 20044

Dated this the 6th day of June 2024

Kevin Mertens

Kevin Mertens / Appellant

Kevin Mertens
806 Woodwillow Dr.
Roseburg, OR 97471-1635

Retail

U.S. POSTAGE PAID
FCM LETTER
ROSEBURG, OR 97470
JUN 06, 2024

20439

$0.92

RDC 99

R2304H109616-11

US Court of Appeals
for the Federal Circuit
717 madison Place N.W.
Washington D.C. 20439

20439-

# In the United States Court of Appeals
# For the Federal Circuit

**CLERKS ACTION REQUIRED**

Case Number: 24-1781
Originating Case Number: PH-0752-21-0092-I-1
Short Caption: Mertens V. Navy
Date: June 21, 2024

---

**Response to Motion to Recaption and Appellants Motion to Extend Time for Filing of Brief**

---

## Response to Agency (Respondents) Motion to Recaption Case Dated 6/11/24

The appellant disagrees with moving the jurisdiction to MSPB for the following reasons.

1. The undue favor provided the agency lawyer Colleen Shook will be part of the appellants arguments during this appeal.
2. The actions of the AJ allowed the agency undue favor and privilege so extensive it has harmed the appellant case beyond repair.
3. The actions of the AJ in not properly dismissing the case on January 29, 2021 have created a situation that favors the agency to this day.
4. The AJ orders dated January 5, January 7, and January 14, 2021 must be voided and a new schedule created for deadlines on any affirmative defenses, discovery etc.
5. The agency did not file any responses to the appellants January 30, February 2, and February 7, 2021 objections to the summary dated January 29, 2021.
6. The MSPB order of March 6, 2024 does not address the significance of the AJ actions and did not allow for the appointing of a new judge.
7. Although 5 USC @ 7703 seems to make sense, giving jurisdiction to MSPB seems to allow for more harm to my case from the court or body that caused the harm.
8. I request the Judges of this court consider case precedent combined with what is in my best interest, prior to deciding on the respondent's motion to recaption.
9. There is no doubt in my mind that improper and/or illegal ex-parte communications could have taken place between the AJ and perhaps "let us say" agency executives, and for certain between the AJ and counsel for the agency, Colleen Shook.

**Motion for Extension of Time to File Brief of the Appellant**

1. Under FRAP 26(b) extending time the appellant motions the court for an additional 45 days to file his Brief.
2. The appellant is file by mail only.
3. The appellant did not receive a hard copy of the MSPB docket list under FRAP 12 and the one sent by e-mail from the MSPB clerk on June 5, 2024 is not legible. Attachments sent by email from MSPB do not reproduce legibly do not send any documents by email. **See attached emails dated June 5, 2024.**
4. The appellant sent a response to the June 5, 2024 email to MSPB requesting a hard copy be mailed to me. I am requesting a copy of the docket list be mailed ASAP to my home address, thank you.
5. The Appellant has not received the docket list from MSPB.
6. The Brief would be due 60 days from June 5, 2024 under FRAP 31
7. The Appellant is requesting to extend the deadline for filing his brief under FRAP 31(a)1(A) to 105 days from June 5, 2024 or to approximately September 20, 2024.
8. The extension is for good cause under FRAP 26(b)
9. This is the first request for an extension of time by appellant.

I swear under the penalty of perjury the above is true and correct.

Signed on this the 24th day of June 2024

Kevin Mertens

Kevin Mertens

# Certificate of Service

I certify that the attached document was (were) sent by US Mail to each of the following:

US Court of Appeals
For the Federal Circuit
717 Madison Place NW
Washington, D.C. 20439

MSPB NE Regional Office
1601 Market Street, Suite 1700
Philadelphia, PA 19103

Brendan Jordan
US DOJ, Commercial Litigation Branch
PO Box 480 Ben Franklin Station
Washington DC, 20044

Dated this the 24th day of June 2024

Kevin Mertens / Appellant

Mail body:

**U.S. MERIT SYSTEMS PROTECTION BO**
**Office of the Clerk of the Board**
1615 M Street, N.W.
Washington, D.C. 20419-0002
Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.go

**Clerk of the Board**

June 5, 2024

Jarrett B. Perlow
Clerk of Court
U.S. Court of Appeals For The
Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

Re: Kevin P. Mertens v. Department of the Navy
MSPB Docket No. PH-0752-21-0092-I-1
CAFC Appeal No. 2024-1781

Dear Mr. Perlow:

On May 6, 2024, we received notification from your office that a petit review was filed with the Court in the above case. Our records indicate that the 2024 Final Order in MSPB Docket No. PH-0752-21-0092-I-1 forwarded the ma Board's Northeastern Regional Office for docketing and adjudication as a refile The appeal was refiled by the Northeastern Regional Office as MSPB Doc PH-0752-21-0092-I-2 and remains pending with the administrative judge. please find a certified list of the record to date and a copy of the March 6, 20 Order.

If you have any questions regarding the processing of this matter, please my Legal Counsel, Molly Leckey, at 202.653.7200.

Sincerely,

/s/ for
~~Gina K. Grippando~~
Clerk of the Board

Enclosures:



cc: Kevin P. Mertens
(via mspb@mspb.gov)

kpmert@yahoo.com

Martin F. Hockey, Jr., Acting Director
Commercial Litigation Branch
Civil Division Classification Unit
U.S. Department of Justice
(via mspb@mspb.gov)
c/o Thee Matthews
thee.matthews@usdoj.gov

12:34 5G 93%

← **Re: Kevin P. Mertens v. De...**

MSPB June 5
To: MSPB

MSPB....pdf

Mail body:

4:10 5G 86%

← MSPB_Mertens_2024-1781_Reifle...

Judge

Page 1 of 2

INDEX
Kevin Mertens
V.
Department of the Navy
MSPB Docket No. PH-0752-21-0092-I-1
I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | IA | Appellant - initial appeal | 01/04/2021 |
| 2 | IA | MSPB - Acknowledgment Order | 01/05/2021 |
| 3 | IA | MSPB - Affirmative Defenses Order | 01/07/2021 |
| 4 | IA | MSPB - Hearing Order | 01/14/2021 |
| 5 | IA | Agency - Agency Representative Addition | 01/22/2021 |
| 6 | IA | Appellant - RESPONSE TO AFFIRMATIVE | 01/25/2021 |
| 7 | IA | Agency - Agency File | 01/25/2021 |
| 8 | IA | Agency - Agency File Part 3 - Agency File Tab 4c | 01/25/2021 |
| 9 | IA | Agency - Agency File Part 4 - Agency File Tab | 01/25/2021 |
| 10 | IA | Agency - Agency File Part 2 - Agency File Tab 4c | 01/25/2021 |
| 11 | IA | Appellant - Change of e-Filing Status | 01/25/2021 |
| 12 | IA | Appellant - Termination of E-Filer Status with | 01/25/2021 |
| 13 | IA | MSPB - Summary of Status Conference | 01/29/2021 |
| 14 | IA | MSPB - Suspension Order | 01/29/2021 |
| 15 | IA | Appellant - Change of e-Filing Status | 01/30/2021 |
| 16 | IA | Appellant - Response to summary of status | 01/30/2021 |
| 17 | IA | Agency - Response to Agency Response to | 02/01/2021 |
| 18 | IA | MSPB - Order to Appellant | 02/04/2021 |
| 19 | IA | Appellant - Appellants additions to filings dated | 02/07/2021 |
| 20 | IA | Appellant - Correspondence from Appellant | 02/17/2021 |
| 21 | IA | Agency - Appellant's Motion to Dismiss Without | 02/18/2021 |
| 22 | IA | Appellant - Response to Agency | 02/26/2021 |
| 23 | IA | Agency - Response to Appellant's Motion to | 03/03/2021 |
| 24 | IA | Appellant - Appellant's Proof of Service/Case | 03/03/2021 |
| 25 | IA | MSPB - Order Scheduling Conference Call | 03/17/2021 |
| 26 | IA | MSPB - Recorded Conference Call 03.29.2021 | 03/29/2021 |
| 27 | IA | MSPB - Summary of Conference Call | 03/29/2021 |

won't download.

| | TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|---|
| 28 | | IA | MSPB - Initial Decision | 03/29/2021 |
| 29 | | IA | MSPB - Certificate of Service | 03/29/2021 |
| 30 | | IA | MSPB - Document Reject Order | 09/14/2021 |




Yahoo Mail: Search, Organize, Conquer

km Me June 5

To: MSPB@mspb.gov

I am a mail only document filed. Send all communications by US Mail to my home address
806 Woodwillow drive
Roseburg, OR 97471.
There was a teleconference held with the NYC field office on May 16 @ 1PM est. The case was ordered dismissed. I have not received that order but that also must be mailed to me
Any questions call 316-214-0763.
Sincerely,

Kevin Mertens

Yahoo Mail: Search, Organize, Conquer

Delete Reply Forward Move More

Kevin Mertens
806 Woodwillow Dr.
Roseburg, OR 97471-1635

CERTIFIED MAIL

9589 0710 5270 0496 6843 54

Retail

U.S. POSTAGE PA
FCM LETTER
ROSEBURG, OR 9
JUN 24, 2024
20439
$5.32
RDC 99
R2304H109616-11

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place NW
Washington D.C. 20439

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN MERTENS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1781

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-21-0092-I-1.

---

**ON MOTION**

---

PER CURIAM.

**O R D E R**

Kevin Mertens files a motion for a stay pending appeal, docketed at ECF No. 14, and a motion for leave to file a replacement informal opening brief, docketed at ECF No. 12. The Department of the Navy moves to recaption the appeal to name the Merit Systems Protection Board as respondent. The court considers its jurisdiction over this petition for review.

Mr. Mertens appealed to the Board challenging his removal from the Department of the Navy. On March 29, 2021, the administrative judge granted Mr. Mertens's request to dismiss his appeal without prejudice subject to refiling no later than August 30, 2021. Mr. Mertens petitioned the Board for review, which was denied though the Board reopened his appeal and forwarded his filings to the regional office for further adjudication on the merits. Mr. Mertens then filed a petition for review with this court. In his filings before this court, Mr. Mertens indicates that the administrative judge dismissed his re-filed appeal without prejudice on May 16, 2024, ECF No. 12 at 1, and he alleges that the administrative judge is biased against him and "may destroy the recording" from a status conference, ECF No. 14 at 2.

As for the proper respondent, "[t]he Board shall be named respondent . . . unless the employee or applicant for employment seeks review of a final order or decision on the merits on the underlying personnel action or on a request for attorney fees." 5 U.S.C. § 7703(a)(2). Here, the Board has not resolved the merits of the underlying personnel action and thus is the proper respondent.

As for this court's jurisdiction, it is generally limited to "an appeal from a *final* order or *final* decision of the . . . Board," 28 U.S.C. § 1295(a)(9) (emphasis added), and "an order is final only when it ends the litigation on the merits and leaves nothing for the [tribunal] to do but execute the judgment," *Weed v. Social Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) (cleaned up). Board decisions that require further proceedings on the merits, such as dismissals without prejudice to refiling, are typically non-final for purposes of this court's jurisdiction. *See Strausbaugh v. Merit Sys. Prot. Bd.*, 401 F. App'x 524, 526 (Fed. Cir. 2010) (citing *Taylor-Holmes v. Off. of Cook Cnty. Pub. Guardian*, 503 F.3d 607, 609 (7th Cir. 2007); *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976); and

9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Civil § 2367 (3d ed. 2008)).

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The Department of the Navy's motion is granted to the extent that the official and short captions are revised to reflect participation of the Board as the respondent. Mr. Mertens's motion (ECF No. 12) is held in abeyance.

(2) Within 30 days from the date of entry of this order, the parties are directed to address this court's jurisdiction whether this petition for review should be dismissed as premature. The Board shall file a response to ECF No. 14 within that same time.

(3) The briefing schedule is stayed.

FOR THE COURT

July 2, 2024
Date

Jarrett B. Perlow
Clerk of Court

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN MERTENS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1781

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-21-0092-I-1.

---

**ON MOTION**

---

**O R D E R**

Upon consideration of Kevin Mertens's filing responding to the government's motion to revise the caption to identify the Merit Systems Protection Board as the proper respondent and moving for an extension of time to file his opening brief and of this court's July 2, 2024 order granting the motion to revise the caption and staying the briefing pending further notice,

IT IS ORDERED THAT:

The motion for an extension of time to file the opening brief is denied as unnecessary. The court will take no further action on this filing.

FOR THE COURT

July 3, 2024
Date

Jarrett B. Perlow
Clerk of Court

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## ENTRY OF APPEARANCE

**Case Number:** 24-1781

**Short Case Caption:** Mertens v. MSPB

**Instructions:** Refer to Fed. Cir. R. 47.3 for requirements governing representation and appearance in this court. Counsel must immediately file an amended Entry of Appearance if contact information changes and update information through PACER's Manage My Account. Non-admitted government counsel should enter N/A in lieu of an admission date. Use the second page to add additional counsel.

| | |
|---|---|
| **Party Information.** List all parties, intervenors, amicus curiae, or movants represented by below counsel; "et al." is not permitted. | |
| Merit System Protection Board | |
| **Principal Counsel:** Constance Travanty | Admission Date: N/A |
| Firm/Agency/Org.: Merit Systems Protection Board | |
| Address: 1615 M St. NW, Suite 500, Washington, DC 20419 | |
| Phone: 771-210-1718 | Email: constance.travanty@mspb.gov |
| **Other Counsel:** N/A | Admission Date: |
| Firm/Agency/Org.: | |
| Address: | |
| Phone: | Email: |

I certify under penalty of perjury that (1) the submitted information is true and accurate and (2) I am authorized to enter an appearance by all other listed counsel.

Date: 7/9/24

Signature: /s/ Constance Travanty

Name: Constance Travanty

**FORM 30. Certificate of Service** **Form 30**
**July 2020**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 24-1781

**Short Case Caption** Mertens v. MSPB

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on 07/09/2024

by ☑ U.S. Mail ☐ Hand Delivery ☐ Email ☐ Facsimile
☐ Other: ____________

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Kevin Mertens | 806 Woodwillow Drive<br>Roseburg, OR 97471 |
| | |
| | |
| | |
| | |

☐ Additional pages attached.

Date: 07/09/2024 Signature: /s/ Constance Travanty

Name: Constance Travanty

# United States of America

## US Court of Appeal for the Federal Circuit
## Case Number 2024-1781

RECEIVED

JUL 16 2024

United States Court of Appeals
For the Federal Circuit

## MSPB
## Northeast Regional Office
## and
## MSPB Washington

**Mertens V Navy**
**0752-21-0092-I-2**

**New MSPB Docket #**
PH-0752-21-0092-I-2

**Date July 8, 2024**
**2024-1781**

**US court of appeals #**
2024-1781

## Appellant Response to MSPB "Notice" and "Initial Decision" Dated June 12, 2024

### Response to the Notice dated June 12, 2024

The appellant has not received by US Mail the certified list from MSPB Washington sent to the Federal District Court and to me by email on June 5, 2024. Please mail me a copy of the current docket list. I object to any shuffling of any filings until I know the current status of the entire docket and provide you agreement with the docket.

MSPB please respond to my September 2, 2021 request and explain where the filings dated 8/18/2021 and 8/20/2021 are and will they be rightly returned to the docket when the case returns to MSPB NE regional office for adjudication on the merrits? Those filings include "Appellants motion to reopen the case", Appellants motion to

compel discovery", and "Appellants Brief" in four entries parts 1,2,3 and 4. See the original docket list that is attached to the September 2, 2021 appellant filing within.

I have not re-filed as an e-filer with MSPB since the updated website was completed in 2023 or since the MSPB final decision dated March 6, 2024. I currently do not have access to the electronic records for this case number.

I object to any changes in my docket until I am provided a response to my September 2, 2021 "Appellants filing on removal of Docket Entries" I will need to check the MSPB docket as it stands today July 8, 2024. Due to the removal of the above filings, I will need to view the current docket list for any removals, changes, or alterations to the docket that have taken place since 9/2/2021that are today, unknown to me.

**Appellant Response to the Initial Decision Dated June 12, 2024**

**Note: This is NOT an Appeal and is NOT a Notice of any Petition for Review, this is an OBJECTION to the accuracy and correction of the record concerning AJ Domingez account of the May 16, 2024 tele-conference and my words spoken at that conference.**

1. **To be clear, there was no discussion of the outstanding issues of the case.**
2. **I stated that "it makes sense to dismiss the case without prejudice so that "you" cannot cause further harm the case"**

3. I also stated that "I am a Pro Se appellant, and I am not certain about whether or not a "dismissal without prejudice" is normal procedure in this instance, but If it is then I will leave that up to you today"
4. I see the clerks of the district court and MSPB are ensuring that my "motion for a stay of proceedings" sent certified mail on June 6, 2024 that contains a signed declaration of the May 16, 2024 tele-conference, did not get entered into the district court docket until June 18, 2024, after AJ Dominguez filed the order of dismissal dated June 12, 2024. So, what that means is that the order of dismissal was not written until 27 days after the conference because of a "*bad docket number*." Is that correct?

See attached appellant filings from September 2, 2021 and MSPB clerk please send me a current copy of the docket list so I can confirm the list. thanks.

Signed on this the 8th day of July 2024.

Kevin Mertens

Kevin Mertens

Kevin Mertens
806 Woodwillow Drive
Roseburg OR 97471
316-214-0763
kpmert@yahoo.com

MSPB

NYC

Kevin Mertens

V

Department of the Navy

Date: September 2, 2021

Docket # PH-0752-21-0092-I-1

Appellants filing on removal of Docket Entries

On 8/18/2021 the appellant uploaded and mailed a Motion to Reopen Case and a Motion to Compel Discovery. On 8/20/2021 Appellant uploaded and mailed an Appellants Brief Part 1,2,3 and 4 In separate files. Appellant uploaded the Appellants Brief parts 1 and 2 and then the clerk uploaded a Notice to the Appellant and then the appellant uploaded Appellants brief parts 3 and 4, all in that order.

On 8/23/2021 the Appellant uploaded a response to the Notice to Appellant of 8/20/2021. This filing disappeared from the docket a day or two later. The Agency then filed a Response to the Appellants Motion to Compel dated 8/18/2021 on 8/27/2021. ON 8/27/2021 when I received an email of the agencies uploaded filing, I opened the repository and the Appellants Response to the Notice dated 8/20/2021 was no longer in the docket. I re-uploaded the Response to the Notice to Appellant dated 8/18/2021 and also uploaded a Request for Extension of Time on 8/28/2021.

I began working on a reply to the agencies Response to the Appellants Motion to Compel on 8/28/2021 and needed to copy the docket for that response. **Tab 1**

I have been working on my reply to the agency's response to the appellants motion to compel since 8/28/2021. I have accessed the Repository on a daily basis for the reply. Today 9/2/2021 I accessed

the repository and notice seven filings were gone. All of the above noted appellant filings were removed except for the filings on 8/28/2021. The agency's 8/27/2021 was also still in the docket.

**Tab 2**

I immediately submitted a ticket to the MSPB technical support **Tab 3**

I then called the clerks office and the clerk stated in fact the clerk had removed the filings due to the PFR of 5/7/2021. The five appellant filings that have been removed are the most important filings in this case, they are the appellants affirmative defenses and supporting documents of those defenses and my case against the agency charges. They are damaging to the agency claims and damaging to the agency period.

In my 8/23/2021 now an 8/28/2021 filing because the clerk removed it sometime before 8/27/2021, I requested that if all of the defenses in my appellant brief and motion for discovery were accepted by MSPB I would withdraw the PFR and move forward.

This case was to be refiled by August 30, 2021. The filings will need to be on the record for when the case reopens even if it is after a decision on the PFR filed 5/7/2021

The Appellant OBJECTS to the MSPB removal of these filings. I have submitted a Reply to the Agencies Response to the Appellants Motion to Compel and the above five filings dated 8/18/2021 and 8/20/2021 are needed for reference of that reply. I am going to refile all of these documents.

Please provide me the Federal rule or MSPB procedure that dictates the removal of filings by the clerk. Provide the legal requirement that shows a case on petition for review to MSPB Washington for a conference hearing order issued by MSPB field office NYC is subject to no entries into the case docket until that PFR has an outcome. The five filings are substantial case material and will be part of the

appellants record on appeal. The Documents are a record of what has happened in this case and there is no reason to remove them.

Please provide an immediate response I have until September 3, 2021 to responds the agency's Motion of 8/27/2021. I will re-upload the documents as they are needed for the reply I will upload by September 3, 2021.

Signed

Kevin Mertens

Kevin Mertens

9/2/2021

The index does not contain any August 23, 2021, filing as the email indicates was uploaded. I refiled the document on 8/28/2021 as "Response to Notice to Appellant dated 8/20/2021" the document uploaded immediately. The email receipts of the 8/23/2021 and 8/28/2021 filings are **Tab 3**

**KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY**
**PH-0752-21-0092-I-1**
Case Status:Headquarter Pending 43 documents returned

| Tab | Download/View | Doc Info. | Submitted by | Date Issued/ Received |
|---|---|---|---|---|
| | | **Petition for Review** | | |
| 7 | Download/View | Request for Extension of Time | Appellant | 8/28/2021 |
| 6 | Download/View | Response to Notice to Appellant dated 8/20/2021 | Appellant | 8/28/2021 |
| 5 | Download/View | Response to Appellant's Motion to Compel dated 8/18/2021 | Agency | 8/27/2021 |
| 4 | Download/View | Reply to Agency Response to Petition for Review | Appellant | 6/4/2021 |
| 3 | Download/View | Response to Appellant's Petition for Review | Agency | 5/20/2021 |
| 2 | Download/View | Petition For Review Acknowledgment Letter | MSPB | 5/10/2021 |
| 1 | Download/View | Petition for Review | Appellant | 5/7/2021 |
| | | **Initial Appeal** | | |
| 36 | Download/View | Appellant Brief Part 4 | Appellant | 8/20/2021 |
| 35 | Download/View | Appellants Brief Part 3 | Appellant | 8/20/2021 |
| 34 | Download/View | Notice to Appellant | MSPB | 8/20/2021 |
| 33 | Download/View | Appellants Brief Part 2 | Appellant | 8/20/2021 |
| 32 | Download/View | Appellants Brief Part 1 | Appellant | 8/20/2021 |
| 31 | Download/View | Appellants Motion To Compel Discovery | Appellant | 8/18/2021 |
| 30 | Download/View | Appellants Motion To Reopen Case | Appellant | 8/18/2021 |
| 29 | Download/View | Certificate of Service | MSPB | 3/29/2021 |
| 28 | Download/View | Initial Decision | MSPB | 3/29/2021 |
| 27 | Download/View | Summary of Conference Call | MSPB | 3/29/2021 |
| 26 | Open | Recorded Status Conf Re: DWOP | MSPB | 3/29/2021 |
| 25 | Download/View | Order Scheduling Conference Call | MSPB | 3/17/2021 |
| 24 | Download/View | Appellant's Proof of Service/Case Suspension Order | Appellant | 3/3/2021 |
| 23 | Download/View | Response to Appellant's Motion to Dismiss and Agency Motion to Compel | Agency | 3/3/2021 |
| 22 | Download/View | Response to Agency Representative's Respnse to discovery dated 2/26/2021 | Appellant | 2/26/2021 |
| 21 | Download/View | Appellant's Motion to Dismiss Without Prejudice | Agency | 2/18/2021 |
| 20 | Download/View | Correspondence from Appellant | Appellant | 2/17/2021 |
| 19 | Download/View | Appellants additions to filings dated 7 February 2021 | Appellant | 2/7/2021 |
| 18 | Download/View | Order to Appellant | MSPB | 2/4/2021 |

| | | | | |
|---|---|---|---|---|
| 17 | Download/View | Response to Agency Response to Appellant's Affirmative Defenses dated 1/7/2021 | Agency | 2/1/2021 |
| 16 | Download/View | Response to summary of status conference dated 1/29/2021 | Appellant | 1/30/2021 |
| 15 | Download/View | Change of e-Filing Status | Appellant | 1/30/2021 |
| 14 | Download/View | Order Suspending Case Processing | MSPB | 1/29/2021 |
| 13 | Download/View | Summary of Status Conference | MSPB | 1/29/2021 |
| 12 | Download/View | Termination of E-Filer Status with Address Change | Appellant | 1/25/2021 |
| 11 | Download/View | Change of e-Filing Status | Appellant | 1/25/2021 |
| 10 | Download/View | Agency File Part 2 - Agency File Tab 4c (pp. 1-105) | Agency | 1/25/2021 |
| 9 | Download/View | Agency File Part 4 - Agency File Tab 4d-4g | Agency | 1/25/2021 |
| 8 | Download/View | Agency File Part 3 - Agency File Tab 4c (pp. 106-217) | Agency | 1/25/2021 |
| 7 | Download/View | Agency File | Agency | 1/25/2021 |
| 6 | Download/View | Response To Affirmative Defense | Appellant | 1/25/2021 |
| 5 | Download/View | Agency Representative Addition | Agency | 1/22/2021 |
| 4 | Download/View | Hearing Order | MSPB | 1/14/2021 |
| 3 | Download/View | Affirmative Defenses Order | MSPB | 1/7/2021 |
| 2 | Download/View | Acknowledgment Order | MSPB | 1/5/2021 |
| 1 | Download/View | initial appeal | Appellant | 1/4/2021 |

This is not a mistake as it is the second time that a document has been removed from the index that has been uploaded by me it happened just after the January 29, 2021, conference call and I memorialized it in my February 7, 2021, filing.

**(From the February 7, 2021, filing)**

UNITED STATES OF AMERICA MERIT SYSTEMS PROTECTION BOARD

NEW YORK FIELD OFFICE KEVIN P. MERTENS, Appellant, v. DEPARTMENT OF THE NAVY, Agency.

DOCKET NUMBER PH-0752-21-0092-I-1

DATE: February 7, 2021

Appellants contact information use only Kevin Mertens 588 Rivershore Drive Roseburg OR 97470 Cell Phone: 316-214-0763 E-mail: kpmert@yahoo.com

Recent events

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**NORTHEASTERN REGIONAL OFFICE**

KEVIN P MERTENS,

Appellant,

v.

DEPARTMENT OF THE NAVY,

Agency.

DOCKET NUMBER
PH-0752-21-0092-I-2

DATE: June 12, 2024

**NOTICE**

This document serves as notice that following the full Board's March 6, 2024 Final Order, the Board's New York Field Office/Northeastern Regional Office inadvertently docketed the above-captioned matter as PH-0752-21-0092-B-1. Upon further review, and in accordance with the Board's order to forward the matter "for adjudication on the merits," the Board realized that it should have been docketed as PH-0752-21-0092-I-2. Consequently, the docket number has been updated to reflect the accurate docket number and the prior pleadings/orders have been uploaded into the correctly-docketed matter, i.e., PH-0752-21-0092-I-2.

FOR THE BOARD:

Maria Dominguez

Maria Dominguez
Administrative Judge

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Appellant

U.S. Mail — Kevin Mertens
806 Woodwillow Drive
Roseburg, Oregon 97471

Agency Representative

Electronic Service — Colleen Shook
Served on email address registered with MSPB

06/12/2024
(Date)

Kaitlin Reilly
Kaitlin Reilly
Paralegal Specialist

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**NORTHEASTERN REGIONAL OFFICE**

| | |
|---|---|
| KEVIN P MERTENS,<br>Appellant, | DOCKET NUMBER<br>PH-0752-21-0092-I-2 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: June 12, 2024 |

Kevin P Mertens, Roseburg, Oregon, pro se.

Colleen McFeely Shook, Esquire, Norfolk, Virginia, for the agency.

**BEFORE**
Maria Dominguez
Administrative Judge

## INITIAL DECISION

## INTRODUCTION

On March 6, 2024, following the full Merit Systems Protection Board's (full Board's) Final Order wherein it denied the appellant's Petition for Review (PFR) wherein he challenged "the administrative judge's rulings on discovery matters and his affirmative defenses, question[ed] the accuracy of conference summary orders, accuse[d] the administrative judge of bias, and request[ed] that his appeal be transferred to another administrative judge," *see* Refiled Appeal File (RAF), Tab 1, the Northeastern Regional Office docketed this matter as MSPB Dkt. No. PH-0752-21-0092-B-1. RAF, Tabs 1 and 2.[1]

---

[1] Since the full Board's Final Order indicated that the matter should be forwarded for adjudication, the docket number was corrected to reflect this, and was re-docketed as MSPB Dkt. No. PH-0752-21-0092-I-2. *See* RAF, Tab 6.

For the reasons set forth below, the refiled matter is DISMISSED WITHOUT PREJUDICE.

**DISMISSAL WITHOUT PREJUDICE**

On May 16, 2024, during a recorded conference call with the parties to discuss the full Board's Final Order, including a discussion of what the outstanding issues before me were, the appellant advised me that he had filed a PFR to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), to challenge the full Board's March 6, 2024 Final Order. *See* RAF, Tab 3, Recording.

The appellant advised me that the Federal Circuit had docketed that matter on May 6, 2024, with a Case Number of 2024-1781. *See id.* Among the matters being challenged by way of his Federal Circuit PFR are the questions of whether I be should be disqualified from adjudicating this appeal and whether the case ought to be reassigned to the Western Regional Office, at the appellant's request. *See id.*; *see also id.*, Tab 1.

In light of the fact the Federal Circuit's decision may impact my prior rulings, I advised the parties that I hesitated to proceed until such a decision was rendered. *See id.*, Tab 3. Additionally, I asked the appellant whether he objected to a dismissal without prejudice, to which he consented, indicating that "we shouldn't proceed because it could cause harm to the case, but the method of stopping the case is … I'm gonna leave that up to you." *Id.* The agency did not object to a dismissal without prejudice. *See id.*

"An administrative judge has broad discretion to control the proceedings before h[er], and dismissal without prejudice is a procedural option that is committed to h[er] sound discretion." *Desmond v. Department of Veterans Affairs*, 90 M.S.P.R. 301, ¶ 4 (2001). The Board has held that an administrative judge may order a dismissal without prejudice at the request of a party to avoid a lengthy or indefinite continuance. *See Black v. U.S. Postal Service*, 89 M.S.P.R. 204, ¶ 7 (2001).

Here, I find dismissal without prejudice is the appropriate course of action, given the appellant's desire to pursue his Federal Circuit PFR, which potentially involves overlapping facts and issues as those presented here. Accordingly, I find it in the interests of fairness, due process, and adjudicatory efficiency to dismiss this appeal without prejudice to the Board's automatic re-filing **by no later than 30 days from the date either the Federal Circuit or the appellant advises the Board of the Federal Circuit's ruling in case number 2024-1781, whichever occurs sooner**. *See Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009) (dismissing an appeal without prejudice is appropriate to promote administrative efficiency where a lengthy continuance is anticipated).

## DECISION

The appeal is DISMISSED without prejudice; it will be automatically refiled **by no later than 30 days from the date either the Federal Circuit or the appellant advises the Board of the Federal Circuit's ruling in case number 2024-1781, whichever occurs sooner**.

*Maria Dominguez*

FOR THE BOARD: ______________________________

Maria Dominguez
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **July 17, 2024**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your

representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov/).

### Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be

received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general.** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination.** This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S.

Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | |
|---|---|
| | <u>Appellant</u> |
| U.S. Mail | Kevin Mertens<br>806 Woodwillow Drive<br>Roseburg, Oregon 97471 |
| | <u>Agency Representative</u> |
| Electronic Service | Colleen Shook<br>Served on email address registered with MSPB |

06/12/2024
(Date)

*Kaitlin Reilly*
Kaitlin Reilly
Paralegal Specialist

# Certificate of Service

I certify that the attached document was (were) sent by US Mail to each of the following:

US Court of Appeals
For the Federal Circuit
717 Madison Place NW
Washington, D.C. 20439

MSPB Headquarters
1615 M Street N.W.
Washinton, D.C. 20419

MSPB NE Regional Office
1601 Market Street, Suite 1700
Philadelphia, PA 19103

Brendan Jordan
US DOJ, Commercial Litigation Branch
PO Box 480 Ben Franklin Station
Washington DC, 20044

Dated this the 8th day of July 2024

Kevin Mertens / Appellant

Kevin Mertens
806 Woodwillow Dr.
Roseburg, OR 97471-1635

Retail

U.S. POSTAGE PAID
FCM LG ENV
ROSEBURG, OR 97470
JUL 08, 2024

20439

$2.59

RDC 99

R2304E107419-16

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place N.W.
Washington D.C. 20439

# In the United States Court of Appeals
# For the Federal Circuit

**CLERKS ACTION REQUIRED**

Kevin Mertens

Petitioner,

Case Number: **24-1781**

V

Department of the Navy

Respondent,

MSPB Case Numbers:
**PH-0752-21-0092-I-1**
and recently by notice
**PH-0752-21-0092-I-2**

RECEIVED
JUL 22 2024
United States Court of Appeals
For the Federal Circuit

Short Caption: Mertens V. Navy

Date: 16 July 2024

---

## Appellant Response to Circuit Court Order dated July 2, 2024

---

# In the United States Court of Appeals
# For the Federal Circuit

**CLERKS ACTION REQUIRED**

RECEIVED
JUL 22 2024
United States Court of Appeals
For the Federal Circuit

Kevin Mertens

Petitioner,

Case Number: **24-1781**

V

Department of the Navy

Respondent,

MSPB Case Numbers:
**PH-0752-21-0092-I-1**
and recently by notice
**PH-0752-21-0092-I-2**

Short Caption: Mertens V. Navy

Date: 16 July 2024

---

# List of Appendices

## for

## Appellant Reply to Circuit Court Order dated July 2, 2024

## Volume 1 of 1

## Items 1 to 16

---

# List of Appendices


| Item | Pages |
|---|---|
| 1. Appellant reply to notice of proposed removal index | 1-3 |
| 2. Appellant MSPB brief index | 4-13 |
| 3. March 29, 2021 summary and decision | 14-29 |
| 4. Petition for Review 4/27/2021 | 30-81 |
| 5. MSPB final order 3/6/2024 | 82-90 |
| 6. Acknowledgement order and notice to appellant 1/5/2021 | 91-107 |
| 7. Order on affirmative defenses 1/7/2021 | 108-111 |
| 8. Summary and order 1/29/2021 | 112-118 |
| 9. Appellant Response to 1/29/21 order, mislabeled demand for discovery, and Motion for extension of time 1/14/2021 | 119-126 |
| 10. Appellant response to summary dated 1/30/2021 | 127-130 |
| 11. Appellant objections to summary, motion for immediate dismissal and Motion to deny agency request to dismiss affirmative defenses 2/2/2021 | 131-137 |
| 12. Appellant filing of recent events 2/7/2021 | 138-140 |
| 13. Appellant reply to agency response to PFR 5/30/2021 | 141-145 |
| 14. Appellant motion to reopen case 8/16/2021 | 146-150 |
| 15. Appellant objection to removals of his uploaded entries in MSPB docket | 151-158 |
| 16. Appellant reply to agency response to motion to compel 9/2/2021 | 159-217 |


RECEIVED
JUL 22 2024
United States Court of Appeals
For the Federal Circuit

From: Kevin Mertens, Boiler Plant Operator, Public Works Department New London, NAVFACMIDLANT, 221 Laurel Hill Avenue, Apt. 2, Norwich, CT 06360, kpmert@yahoo.com
(Please send any decision to both addresses)

To: Timothy Smith, Deputy Public Works Officer, New London, NAVFACMIDLANT PWD New London, Bldg. 135, SUBASE NLON, Groton, CT 06349, timothy.smith5@navy.mil

Subj: Reply to Notice of Proposed Removal

Date: 23 September 2020, Signed 21 October 2020

Ref(s): (a) Proposed Letter of Removal

(b) Fact Finding Report 31 August 2020

(c) Kevin Mertens statement on July 30, 2020

(d) **Reserved:** typed statement on accused desk top work computer

(e) Email to HR for access to base and work computer etc.

(f) Accused interview questions to Mr. Blackley on 28 August 2020

(g) Dept. of Defense Administrative Investigations Manual 30 July 2020

(h) SECNAVINST 5430.57f

(i) Medical Report Bremerton Washington 4 December 1989

(j) Doctors findings left ankle degeneration 17 June 1999

(k) Department of Veterans Affairs decision 8 September 2000

(l) Doctors findings 19 February 2003

(m) Medical notes left ankle sprain 28 April 2008

(n) Medical notes rolled left ankle 18 November 2009

(o) Medical notes rolled left ankle 24 April 2019

(p) Medical notes rolled left ankle 24 April 2020

(q) Medical notes work related injury left ankle sprain May 20, 2020

(r) T-Mobile phone records

(s) USPS form 4584 unsafe driving observation

(t) Note to Postmaster 5 March 1998

(u) FMLA USPS 09 October 2004

(v) FMLA USPS 08 February 2007

(w) FMLA USPS 01 October 2007

(x) Doctors Letter 01 October 2007

(y) Doctors refusal to refill prescription meds 10 February 2018

(z) Medical literature

(aa) Amendment Request-Medical complaint 22 March 2018 and 30 August 2019

(bb) Doctors note 17 July 2018

(cc) Doctors note 12 August 2019

(dd) FMLA form WH-380-F 27 February 2020

(ee) FMLA form WH-380-E 06 October 2020

(ff) Operator LS, LA log August 2019 obtained 12 November 2019

(gg) "Employee grievance" Step 3 Decision 6 March 2020

(hh) Email "discussion today" 9 March 2020

**Background of proposed removal Ref (a)**

- Employee never informed by management that his LS requests for May and June 2020 were not being accepted prior to September 23, 2020
- Employee not granted time to gather and submit medical documents
- Employee placed on administrative leave and given no access to his statements of incident prior to investigations conclusion
- Employee informed he was on administrative leave because there was "an incident" being investigated and for no other reason
- Management did not inform CBA representative that employee had been placed on administrative leave or supply CBA representative with a copy of the memorandum
- Management attempted to conduct an investigative interview on August 20, 2020 after denying employee a representative. The investigator never informed the employee of his right to representative, at any point of the interview. The interview was only ceased when employee evoked his Weingarten rights
- A second interview was conducted on August 28, 2020. Appointed Investigator LT Blackley, Accused Kevin Mertens and Benjamin Kuerth of MTC were made aware that there was an audio recording being made by the accused, of the investigative interview. A transcript of that tape is available.
- Employee informed on September 23, 2020 that he was to receive "documents" that he could not know what the "documents" were for and that he could not have a representative present during receipt of the "documents"
- Deciding official of the "documents" then found to be a proposed removal, refused to answer any questions at all during delivery of the "documents"
- The Administrative Leave instructions and the non-transparent removal actions caused harm to employees' ability to gather evidence and defend the charges
- Employee not allowed representation for Charge #2 or Charge #3 of the proposed removal
- Employee not allowed his right to review documents allowed under Section 6 "Rights" of the proposed Remaoval on his work desk computer for a reply to the proposal
- Employee not allowed to obtain affidavits in support of a reply allowed under section 6 "rights "of the proposed removal.
- Employees rights under Federal Law, CBA and Naval Directives have been harmed due to the non-transparent and deliberate actions by management, prior to "delivery" of proposed removal
- Employees rights under CBA, Naval Directives and section 6 of the proposed removal have been harmed due to deliberate management actions, after the proposed removal
- Employee has been harmed by an Unfair and Un-just process that removed due processes

Case: 24-2178 Document: 36 Page: 139 Filed: 07/23/2024 (139 of 460)

4

MSPB
NYC Field Office

Kevin Mertens
Appellant

Vs.

Department of the Navy

Docket # PH-0752-21-0092-I-1

Date August 20, 2021

**Appellant File Index of Tabs**


| | | |
|---|---|---|
| Tab 1 | Appellant Brief | 20 Aug 2021 |
| Tab 2 | Step 2 Grievance Brief for LOR | 11 Oct 2019 |
| Tab 3 | Step 2 decision on LOR | 05 Dec 2019 |
| Tab 4 | Step 3 Grievance Brief LOR | 17 Dec 2019 |
| Tab 5 | Step 3 Decision on LOR | 06 Mar 2020 |
| Tab 6 | Appellant e-mails | May 2, 2018, to Mar 18, 2020 |
| Tab 7 | Appellant emails while on Admin Leave | Aug 3, 2020 to Oct 6, 2020 |
| Tab 8 | Appellant emails | 10 Nov to 25 Nov 2020 |
| Tab 9 | Relevant legal Citations | See timeline |

# Tab 1

MSPB
NYC Field Office

Kevin Mertens
Appellant

Vs.

Department of the Navy

Docket # PH-0752-21-0092-I-1

Date August 20, 2021

1. **Case is on dismissal until date certain of August 30, 2021**
2. **Appellant filed for review of the MSPB decision of March 29, 2021**
3. **Appellant requests MSPB to move case forward for immediate adjudication**

## For the record:

**I will need all questions answered in full and all interrogatories and document requests fulfilled prior to any hearing.**
**I will need all agency HR, security personnel, lawyers, and all employees to cooperate fully.**
**I do not expect and demand not to receive any redacted, unreadable, inaccessible, or otherwise unusable responses to discovery.**
**Based upon the actions of employees involved in this case, I fully expect that the non-transparent and dishonest testimony will continue to violate the facts and record being created.**
**If attorney/client privilege or the information {is a "secret"} is used as an excuse to be uncooperative, then I expect detailed cited legal reasons for the withholding of information.**
**If my ability to prove my case is obstructed in any way, I hereby place my standing objection to such obstruction and expect the matter to be litigated in a higher federal court prior to any hearing or final decision by MSPB.**

## Appellants Brief

THIS IS A CASE OF AN NAVFACMIDLANT EMPLOYEE BEING SUBJECTED TO THE RESOURCES AND POWER OF THE NAVFACMIDLANT LEGAL DEPARTMENT.

THE LOR, THE STEP 2 AND 3 DECISIONS ON EMPLOYEE GRIEVANCE OF THE LOR, THE PROPOSED REMOVAL AND THE DECISION ON REMOVAL HAVE ALL BEEN WRITTEN BY AGENCY LAWYERS.

THE ACTIONS OF MANAGEMENT EMPLOYEES AND ANY MILITARY PERSONEL HAVE BEEN THROUGH THE DIRECTED ACTIONS OF THE AGENICES LEGAL DEPARTMENT. (STACEY SANGILLO AND MICHAEL GURCHIK THROUGH LYNNE RICHESIN. THROUGH SARA HERDSMAN THROUGH JERRY BENOIT. THROUGH COLLEEN SHOOK THROUGH DEBRA EVANS OH AND THROW IN FOIA AND BASE SECURITY)

THE AGENCY HAS BEEN NON-TRANPARENT IN PROCESS AND HAS USED ITS POWER FOR ITS OWN OUTOCOMES

SINCE JANUARY 14'2021, THE MSPB JUDGE HAS AIDED THE AGENCY IN MSPB DECISIONS ON CONFERENCES AND DISCOVERY THUS FAR NO DOUBT INTENDED TO FORCE THIS CASE THROUGH THE PROCESS AT UNNECESSARY SPEED. A DUE PROCESS ISSUE ON APPEAL AT THIS TIME

## Affirmative defenses

1) **Violation of 5 USC 2302 Prohibited Personnel Practices**
   **Section (8)(A)(i) violation of law or rule (ii) abuse of authority**
   **Section (9)** take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of—
   **(A)** the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation **(i)** remedy for any of section (8) and **(ii)** any other not in section (8)
   **(D)**refusing to obey an order that would require the individual to violate any law, rule, or regulation.
2) **Violation of 5 USC 7121 Grievance procedures**
3) **Violation of 29 USC Ch. 28 FMLA and 29 CFR part 825 and 29 USC @ 2615 Prohibited Acts.**
4) **Violation of 5 CFR @ 1201.4(r) Harmful procedural errors**

The appellant has 24 years of government service.
The agency erroneously cited appellant removal from USPS in support of their removal **(Agency file part 4 page 9, 209 and twice on page 211)**
The NAVFACMIDLANT and USPS removals involve agency abuse of power
The actions of the agency involve retaliation and intimidation of appellant
The LOR used for removal has attached grievance being appealed to MSPB within this brief
By the agencies own admission appellant has zero "**discipline**" in his record for any of the charges used for removal. **(Agency file part 4 page 209)**
The agency removed appellants due process for discipline or removal by abusing power

**Below is my definition of the "weaponizing" of a legal document called a Letter of Requirement and cited by the agency for removal (Agency file Tab 4(d) and 4(g) page 5 to 6)**

The **LOR** that is the crux of the support of removal is a **"LEGAL"** document, improperly **NOT** considered discipline for the purpose of allowing the subject of the LOR **"NO REPRESENTATION"** The LOR has been misused and abused as an Illegal **"WEAPON"** for agency retaliation on employee for FOIA requests, Employee Performance, Employee Grievance, denying FMLA, denying LS for workplace injury and now employee removal.

**Agency abused its power and used Executive order #13839 dated May 25, 2018, a new labor contract dated December 4, 2019, and OPM rule changes of October 15, 2020, to remove appellant unjustly.**

A simple Letter of Caution or warning from lower-level management stating, "improve your deficiencies or else" then a letter of reprimand and 7-day suspension stating, "improve your deficiencies or else" then a letter of suspension of 14 days stating, "improve your deficiencies or else" then a letter of proposed removal stating, "you are to be terminated because you did not improve your deficiencies". At any point after, one of these "simple" and "simply worded" devices could be used to change viewed employee behavior and could have solved the issues.

Instead, the entire legal department of NAVFACMIDLANT thought it more appropriate to wield the power of the NAVFACMIDLANT legal department by issuing a "legal" document called a "***letter of requirement***" that, due to its confusing ambiguous legal application combined with contractual immunity provided for in the 2019 labor contract, could then be utilized as a weapon to intimidate the appellant.

When the appellant filed a personal employee grievance to stop the intimidation, the Departments legal and HR management personnel created a situation of retaliation that included recruiting willing lower-level managers (who had been exposed in the employee grievance) to engage in intimidation, lying about medical injuries and receipt of medical documents and eventually false claims of "violence" on the targeted employee.

The same legal department that created the illegal LOR and signed a CBA a day prior to deciding a grievance on the LOR wrote the decision on removal. They claim that any one or any two or any three or combination of all the charges could be enough reason for removal including the two that used the LOR in support of removal and the failed Administrative Investigation for misconduct.

The agency was ordered in March 2020 and has sent, what agency says, are all emails concerning me from Plouffe, Sangillo and Gurchik. What I find are no emails that are useful to my defense. The agency has yet to provide my outlook and desktop materials, (the other end of the email chain), the 2014 CBA and other important documents concerning the appellants grievances and work history. If I am ever provided full discovery and complete answers to the interrogatories sent June 22, 2021, I will show the retaliation and abuse of power of the agency and its employees.

Why? and what were the root causes of this need for abuse of agency power against this employee? is the truth that needs to be explored.

The agency has been provided FMLA forms for other illness and injury they refused to recognize. There has been a disregard for my using LS for medical injuries and complications since May 2018 and dishonesty about managements knowledge of the facts of these serious medical conditions and situations.
**(Agency file part 2 pages 23 to 29 and Agency file part 3 pages 13 to 5)**

I filed a written response to the illegal LOR and a step 2, and a step 3 grievance followed. I provide the LOR violates HIPPA and is retaliation for FOIA requests and is issued in a very untimely manner. I expose My direct supervisor and manager as providing false witness about my calling in between August 2 and 8 for August 3 to 9, 2019. An email from me dated March 9, 2019, shows my concerns about managerial intimidation and Stacey Sangillo failed to reply to the email. Sangillo never followed up on the alleged employee concerns about me because her allegations were not true.

There are questions that must be answered through discovery in order to "find the truth" of what is going on.

1. Did the agency violate the original grievance procedure?
2. Are there any other LOR grievances of this nature up to December 4, 2019?
3. Did the CBA change violate the appellants rights for grievnace and relieve MTC or agency responsibilities?
4. Did the use of LOR in the removal process violate appellant rights a second time?
5. Is there retaliation for appellant FOIA requests and cover for base security actions on appellant DUI
6. Is there obvious retaliation by agency for the grievance and was the NAVFACMIDLANT legal and HR department(s) involved at all steps of LOR up to and including removal and did the appellants manager and supervisor participate in the retaliation?
7. Did the NAVFACMIDLANT legal department, MTC, and LRD (Lynne Richesin) work to undermine the rights of the appellant through privileged knowledge of the workings at OPM?
8. Did question 5 and 6 above cause question 7 to be answered in the affirmative or visa versa?
9. Did the agency fail to provide appellant representation while committing the abuses of authority?

The appellants written response and step 2 and 3 grievance(s) cite several issues at hand:

1. The LOR did not provide "evidence" of abuse of sick leave
2. The Step 2 official failed to properly consider evidence before him, and "facts" needed to issue an LOR had not been established and he did not respond to the real issue of violating HIPPA
3. The appellant was denied request for witnesses under CBA, specifically the person who issued the LOR, Stacey Sangillo.
4. The illegal LOR, employee grievance and current CBA are not compatible.
5. The LOR causes appellant and his doctor to violate HIPPA

6. The LOR is agency overreach
7. The LOR is a legal document that should require employee legal representation. It is confusing, wordy and at the same time very vague
8. The LOR is probably also in retaliation for a FOIA request and written reply

The appellant requested several forms of relief including rescinding the LOR. The step 3 decision cites the "CBA" but does not state "which" CBA and neither the step 2 nor step 3 deciding official indicates a new CBA has been signed. An agency simply cannot work from 2 CBA that are so different. The step 2 and 3 decision(s) granted some relief but does not find it violated HIPPA and did not rescind the LOR as the new CBA does not allow LOR to be grieved, the agency did not need to take that action. The MTC did not request arbitration. Federal law allows appellant to have this grievance reviewed by the MSPB, here and now.

The appellant asked numerous questions in the step 2 brief, none of the questions appellant posed in the step 2 brief were answered. The writers of the step 3 decision avoid direct response to the appellants questions at step 2 and 3 and avoid the issues in his step 2 and 3 briefs. However, the grievance decision had to find that agency employees Stacey Sangillo and Michael Gurchik **lied** about me not calling in for each day, **failed** to evaluate sick leave usage in proper manner and **incorrectly used** the LOR as reason to issue a negative mid-year performance review. Their power trip was interrupted and Sangillo or Gurchik and the agency legal and HR were furious that they were forced to respond or even be questioned by an employee on their authority. **(Tab 2 to 5)**

Immediately following the decision of December 6, 2019, specifically 3 days later, appellant went to manager Sangillo to talk about the decision. Manager Sangillo indicated in an intimidating maner, there were "employees who were frightened of me" and that an "investigation into the concerns would be starting" My documented email dated 09 March 2020 and failure of Sangillo to respond hhow my email to be valid and more likely it is true than not **(Agency fileTab 4c page 115)**

The agency, its employees and legal department have been engaged in retaliation and intimidation against me since. They have since and are **not** now being truthful about the workplace injury, FMLA requests, receipt of medical paperwork or workplace violence alleged on July 30, 2020. **(Agency file Tab 4c pages 28 to 30 and pages 109 to 117)**

The investigation of misconduct toward a supervisor was no investigation at all. The final report was a document created to support removal. The violence alleged was never proved. Investigator Blackley failed to follow the directions of the appointing official and investigative protocol. Blackley failed in every way to be "thorough" and "impartial" and failed to produce proper "facts" "supporting evidence" and "policy or regulation" as required.

The appointing official for the investigation Timothy Smith, is the same official that made the final decision for removal. This is especially damaging since the charge of misconduct was upheld and found to be solely sufficient for removal.

The military should not have a part of the process of removing a civilian employee, the uniformed personnel operate under different methods and standards of due process that became very evident during the administrative investigation by military personnel of an incident involving the civilian workforce.

Military aside, the agency civilians involved in this case present the entire process of issuing a corrective action and removal as a "practice" in the lack of due process for an employee **(Agency File Tab 4c pages 4 to 23 and 53 to 108 and Tab 4c pages 4 to 12 and pages 35 to 53)**

## Timeline of important filings concerning this appeal

**09, June 2014** MTC and NAVFACMIDLANT sign a labor agreement **(not yet part of the file)**
**April 30, 2017,** I began working at NLSB **(Agency Tab 4g)**
**January 2018** I was issued a traffic ticket for DUI. I did not miss any time at work due to the traffic ticket or court dates and I did not discuss it with my employer. The employer claims to have read about it in the local paper and injected themselves into the issue through NAVFACMIDLANT base security. **(Tab 6)**
**February 25, 2018,** Doctor suddenly refused to refill of the powerful medication Ativan that I had been prescribed since 2001. **(Agency Tab 4c)**
**May 18, 2018,** I was sick and attempting to self-withdraw from Ativan **(Agency Tab 4g)**
**May 25, 2018,** Executive Orders # 13836, 13837 and 13839 are issued **(Tab 9)**
**June 30, to July 06, 2018,** I was out sick for severe withdraw of Ativan called EAP and got an appointment with a Physician and provided a note dated July 17, 2018 **(Tab 4c)**
**July 24, 2018,** I send an email to Sangillo about Gurhciks comment of how DPMAP (Defense Performance Management and Appraisal Program) will be used against me. She did not respond. **(Tab 6)**
**May 13, 2019,** Appellant email and records request to base security and Sangillo **(Tab 6)**
**August 3 to 9, 2019** I was sick and called in every day and provided doctors note dated August 12, 2019. **(Tab 4)**
**August 14, 2019,** meeting with Gurchik and Sangillo about LS **(Tab 2)**
**August 24, 2019,** I filed the written response to meeting with attached medical notes and FOIA request to Michael Gurchik and Stacey Sangillo requesting a change of the LWOP and AWOL to LS **(Tab 2)**
**September 5, 2019,** FOIA request to NAVFACMIDLANT **(Tab 6)**
**September 19, 2019,** I received a response to the FOIA submitted in May 2019, it contained only intimidating items concerning January 2018 DUI **(Tab 2)** and **(Tab 6)**
**September 25, 2019,** appellants document to new doctor explaining patient medical concerns. **(Tab 6 last document)**
**October 2, 2019,** I was issued the LOR by Michael Gurchik it is signed by Stacey Sangillo **(Agency Tab 4f)**
**October 4, 2019,** Email to self-concerning retaliation
**October 11, 2019,** I filed a step 2 grievance with attached FOIA request. **(Tab 2)**
**November 7 and 8, 2019,** Appellant emails for negative DPMAP entries **(Tab 6)**
**November 10 and 11, 2019,** Appellant email concerning Gurchik and Sangillo taking back DPMAP review without a signature **(Tab 6)**
**December 4, 2019,** New MTC contract is signed with drastic changes for LOR, employee call in and sick leave procedures and DPMAP changes not requiring employee signature **(Agency file part 4 pages 118 to 179)** and **(Tab 6)**
**December 5, 2019,** Step 2 decision on LOR is issued under newly signed contract **(Tab 3)**
**December 17, 2019,** I filed a step 3 grievance **(Tab 4)**
**December 30, 2019,** DOD approved the December 4, 2019, labor contract **(requested copy not in file)**
**February 27, 2020,** I file FMLA form WH-380-F with Stacey Sangillo. At a later date she indicates the form is the wrong form and tells me to get form WH-380-E filled out and returned. Covid delays this until October 8, 2020 **(Tab 4c)**

**March 6, 2020,** Appellant email; Step 3 decision was issued under the newly ratified contract Sangillo and Gurchik are forced to rescind actions taken on appellant **(Tab 6)**
**March 9 and 10, 2020**, Appellant email FOIA request; I am accused by Manager Stacey Sangillo of aggression toward employees and threatened with investigation. I send an email to her recounting the incident. She issued no response, and no investigation was ever conducted **(Tab 6)** this was pure threat and intimidation.
**March 17, 2020,** Appellant email concerning signature requirement for DPMAP mid-year review **(Tab 6)**
**March 18, 2020,** Appellant email requesting progress report and response about threats on March 9, 2020 **(Tab 6)**
**May/June 2020,** New contract becomes available to employees' months after it was ratified **(Agency references page 118 to 179)**
**May 20, 2020,** I am injured on the job and on light duty until June 9, 2020 **(Tab 4c Page 45 to 55)**
**June 8 and 9 2020** I respond to Sangillo email demanding doctors' notes under LOR for the workplace injury and workers comp. **(Tab 7 last 2 pages)**
**June 9, 2020,** I am released for full duty **(Tab 4c page 55)**
**June and July 2020** I am sick or on vacation **(Tab 4c)**
**July 15, 2020,** I return to work
**July 29, 2020,** I send Gurchik an email noting my concerns of his intimidation and unprofessional attitude over several months **(Agency reference page 39)** an attitude of his since my grievance in 2019
**July 31, 2020,** Supervisor Michael Gurchik causes the threat and intimidation made by his superior Stacey Sangillo on March 9, 2020, into reality, and I am placed upon administrative leave **(Agency references pages 39 to 43) and (Tab 6)**
**August 20 and 28, 2020** there is a "fact" finding investigation for incident **(Agency references pages 33 to 74) and (Tab 7)**
**September 23, 2020,** I was ordered to the NLSB to receive "*documents*" **(Tab 7)**
**September 24, 2020,** I request an extension of time to file a response to removal and I am given 15 days to October 22, 2020 **(Tab 7)**
**October 8, 2020,** I received FMLA form WH-380-E in the mail and include it in my response to proposed removal (Official on removal claims "there is no FMLA on file" for appellant) **(Agency Tab 4b and Tab4c)**
**October 16, 2020,** OPM issues RIN 3206-AN60 implementing the changes to 5 CFR 315, 432 and 752 on executive orders # 13836, 13837 and 13839 dated May 25, 2018. Effective [insert date 30 days after publication] **(Tab 7)**
**October 21, 2020,** I filed a response to the proposed removal **(Agency Tab 4c)**
**November 10 and 15, 2020** Annual leave submissions and notification of job selection emails from appellant to Sangillo, Plouffe and deciding official Timothy Smith. **(Tab 8)**
**November 16, 2020**, New OPM rules on E.O. of May 25, 2018, dated October 16, 2020, is in effect **(Tab 9)**
**November 25, 2020,** a decision on proposed removal is issued by NAVFACMIDLANT (NAVFAC lawyers must not have wanted this one to be the day after like for the 2019 CBA, too obvious, so let's wait the thirty and add a few!) **(Agency Tab 4b)**
**December 2, 2020,** I am removed from Federal Service NAVFACMIDLANT **(Agency Tab 4a)**
**December 6, 2020,** I am returned to Federal Service with new agency DVA
**December 22, 2020,** I received the decision on proposed removal from NAVFACMIDLANT **(Agency Tab 4b appellant email Tab 8)**

**January 4, 2021,** I file an appeal of the removal with MSPB
**January 22, 2021,** Executive Order # 14003 is issued revoking Executive Orders # 13836, 13837 and 13839 **(Tab 9)**
**March 5, 2021,** OPM issues memorandum for implementation of Executive Order # 14003-Protecting the Federal Workforce **(Tab 9)**

NAVFACMIDLANT legal department and contract negotiators timed the decisions on the LOR and contract, with my grievance. (Come on, give me a break; The day after!) The union was not impressed that I filed the LOR grievance without membership or their involvement. Throw in Andrew Stackpole's timely retirement, throw in Debra Evans timely transfer etc. etc. etc. (I will need the agency to cooperate and provide all discovery in order I may show my suspected, and appellant-documented retaliation and agency abuse of power)

The agency and its employees and legal department have been engaged in retaliation and intimidation against me since. They have since and are <u>not</u> now being truthful about the workplace injury, FMLA requests, receipt of medical paperwork or workplace violence alleged on July 30, 2020. **(Agency file part 2 pages 28 to 30 and part 3 pages 109 to 117)**

## Violation of 5 U.S.C. @ 2302 Prohibited Personnel Practices Section; (a) parts (2)(A)(iii)(B)(C) and (D)(i) and (ii) and section; (b) part (8)(A)(i) and (ii) part (9)(A)(i) and (ii), (9)(D) and section; (b) part (12)

Under 5USC @ 2302(a)(2)(A)(iii) the personnel actions are the LOR issued October 2, 2019 and the agency decision on proposed removal issued November 25, 2020. The disclosure of the practices were appellants step 2 and 3 grievance and the appellants refusal to follow the "ORDERS" in the LOR to violate the law. Section (b)(12) occurs as a result of the agency using its legal powers to wait (manipulate CBA) on a new labor contract dated December 4, 2019, in order to issue a step 2 and 3 decision. (and) Wait for OPM issuance of rule changes on 5 CFR part 315, 432 and 752 Dated November 15, 2019 on Executive Order # 13839, to issue a decision on removal dated November 25, 2020. These two facts alone are proof enough to know something is wrong with the due process of appellant for this agency.

Appellant was out sick from June 30, 2018, to July 6, 2018, due to sudden and severe withdraw from a medication called Ativan, a medication appellant had been taking for 20 plus years. Appellant

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
NEW YORK FIELD OFFICE

KEVIN P. MERTENS,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
PH-0752-21-0092-I-1

DATE: March 29, 2021

## SUMMARY OF CONFERENCE CALL

I held a recorded conference call today with the appellant, pro se, and Colleen M. Shook, Esq., the agency's representative, the purpose of which was to discuss the appellant's outstanding motion to dismiss without prejudice and the agency's motion to compel, as well as the discovery process, among other items. Below is a brief summary of what we discussed, although I explained that not every single item I addressed would be noted herein since the conference call lasted an hour and 15 minutes and this summary is not meant to cover everything verbatim, which is why it is a "summary" – only the most important items are addressed herein.

Dismissal without prejudice

The appellant indicates he does not have access to the library (due to the fact it has been closed due to the pandemic) and, that his Wi-Fi access is terrible, both of which have made it nearly impossible for him to properly litigate this matter. The agency had initially filed an objection to the appellant's motion to dismiss without prejudice, although today, it indicated it does not object to such a dismissal, provided the appellant refiles his appeal by no later than August 30,

2021. I indicated that the appellant's motion is GRANTED. I will be dismissing the appeal without prejudice – the appellant will have until August 30, 2021 to refile his appeal.

Discovery and agency's motion to compel

The agency filed a motion to compel on March 3, 2021, to which the appellant has failed to respond or object to. The agency's motion to compel is GRANTED.

I note that there appears to be a misunderstanding on the appellant's part as to what discovery entails and what the rules pertaining to discovery are. He indicated he would not be responding to the agency's interrogatories until the Board intervened and I explained that he is required to respond to the agency's discovery requests. Because of the objections to Jan 29 sumary and case dismissal for 150 days.

Moreover, the appellant indicated that the agency has failed to comply with his discovery demands as well. In response, the agency went into detail as to it provided to the appellant already and agreed to provide additional documentation (which I will address below). I noted that to date, the appellant has not filed a motion to compel. In response, the appellant referred to a January 25, 2021 "Response to Affirmative Defense," he filed, wherein he attached a January 19, 2021 "Motion to Compel" which, as noted today, was actually a discovery request to the agency. I explained that a motion to compel is filed when the opposing party refuses to answer, not as an initial interrogatory request and, that nonetheless, said January 19, 2021 "Motion to Compel" is DENIED since it was his initial request to the agency (the appeal was only filed on January 4, 2021) and, said "Motion to Compel" failed to comply with 5 C.F.R. § 1201.73(c)(1), which requires the party filing that motion to establish he made a good faith effort to resolve the discovery dispute before filing such a motion. His "Motion to Compel," did not establish he made any effort since this was his first interrogatory request.

16

In any event, since the appellant indicates the following relates to his affirmative defense of retaliation, the agency was ORDERED to provide only the following:

1) Emails, *to the extent they can be recovered from the appellant's outlook account*, from the date he filed his FOIA request in 2017 to his removal on December 2, 2020. In the event the agency's Information Resource Management office cannot recover these emails, it must provide the appellant with a sworn declaration to that effect;
2) Emails, dated between the date of the appellant's filing of his FOIA request in 2017 to his removal on December 2, 2020, that were exchanged between the following individuals the subject of which was the appellant: Stacey Sangillo, Michael Gurchik and Lynne Richesen-Plouffe.

Note: The appellant's request for emails between the agency's legal office and agency management officials was DENIED as attorney-client privileged information.

Affirmative defenses

The agency expressed a concern about the fact the appellant appears to be adding affirmative defenses not previously raised. The appellant had to be admonished a number of times during the conference call since he attempted to talk over me, failed to answer direct questions, and was argumentative.

I explained that I will not allow him to talk over me and, indicated that it is improper for him to continue to raise issues not already raised. I indicated that I will only consider the affirmative defenses that have been raised to date, noting that not everything he manages to come up with is something I can consider. The following are the only affirmative defenses at issue here:

1) Whether the agency violated the FMLA by allegedly denying the appellant's leave?

2) Whether the agency violated the ADA by failing to accommodate the appellant?

3) Whether the agency's removal action was retaliation against the appellant for:

   a.) Filing a grievance;

   b.) Filing a FOIA request;

   c.) Filing requests for FMLA leave;

   d.) Filing medical forms related to a workplace injury;

   e.) Taking leave associated with his medical conditions?

4) Whether the agency violated the appellant's rights by failing to provide him with a representative before placing him on administrative leave?

5) Whether the agency's investigation of the appellant was in violation of the agency's investigative process (harmful procedural error claim)?

6) Whether the agency engaged in harmful procedural error by allowing the same official to conduct the investigation and act as the deciding official?

The remaining issues that the appellant raised in his January 14, 2021 "Response to MSPB Order" are denied as they are not properly before me. For instance, the appellant indicated:

> This Agency (MSPB) threw out an appeal by the appellant for this case for being untimely in order to protect the agency (USPS) from a whistleblower/discrimination case. Judge Kang has written an opinion that is in the appellant's e-OPF file. The current agency had access to that decision and formed an erroneous opinion that encouraged the decision for removal here.

This is not a matter that is properly before me and it is DENIED.

Finally, the issue of whether the deciding official properly considered the *Douglas* factors will be addressed in the question of whether the agency met its burden of proof. This is not an affirmative defense, although it will be addressed in the penalty analysis.

18

FOR THE BOARD: /S/

Maria M. Dominguez
Administrative Judge
Phone: (212) 264-9372
Fax: (212) 264-1417

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Appellant

| | |
|---|---|
| Electronic Mail | Kevin P. Mertens<br>5050 North Maize Road #424<br>Maize, KS 67101 |
| Electronic Mail | Kevin P. Mertens<br>588 Rivershore Drive<br>Roseburg, OR 97470 |

Agency Representative

| | |
|---|---|
| Electronic Mail | Colleen M. Shook<br>Department of the Navy<br>NAVFAC MIDLANT Office of Counsel<br>9324 Virginia Ave, Bldg Z-140<br>Norfolk, VA 23511 |

March 29, 2021
(Date)

/S/
Malachi Robinson
Paralegal Specialist

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**NEW YORK FIELD OFFICE**

KEVIN P. MERTENS,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
PH-0752-21-0092-I-1

DATE: March 29, 2021

Kevin P. Mertens, Maize, Kansas and Roseburg, Oregon, pro se.

Colleen M. Shook, Esquire, Norfolk, Virginia, for the agency.

**BEFORE**
Maria M. Dominguez
Administrative Judge

## INITIAL DECISION

### INTRODUCTION

On December 28, 2020, the appellant filed an appeal with the Merit Systems Protection Board (Board), challenging the decision of the Department of the Navy, Naval Facilities Engineering Command, Mid-Atlantic (agency), to remove him from his position of Boiler Plant Operator, WG-5402-10, effective December 2, 2020. *See* Initial Appeal File (IAF), Tabs 1 and 7. For the reasons set forth below, the appeal is DISMISSED WITHOUT PREJUDICE.

### DISMISSAL WITHOUT PREJUDICE

The parties have been engaged in discovery throughout the pendency of this appeal and the appellant indicates he has had significant challenges (due to

the COVID-19 pandemic), with preparing for this matter since he does not have access to the library, which is where he ordinarily conducts his research. *See* IAF, Tab 21, Motion to Dismiss Without Prejudice; *see also id.*, Tab 26, Recorded Status Conference. Due to these challenges, the appellant previously requested (and I granted), a 30-day suspension. *Id.*, Tabs 14[1] and 24. More recently, he requested a dismissal without prejudice in order to properly prepare for this case. *See id.*, Tabs 21 and 26.

Administrative judges have discretion to dismiss an appeal without prejudice to refiling in the interests of fairness, due process, and administrative efficiency. *See* 5 C.F.R. § 1201.29(b); *Gidwani v. Department of Veterans Affairs*, 74 M.S.P.R. 509, 511 (1997). A dismissal without prejudice may be appropriate at the request of a party or to avoid a lengthy or indefinite continuance. *Milner v. Department of Justice*, 87 M.S.P.R. 660, ¶ 13 (2001).

Under the circumstances present here, I find it appropriate to dismiss this appeal without prejudice to facilitate efficient litigation of the appeal, conserve resources, and to avoid a lengthy continuance. I have addressed this course of action with the parties and they agreed to it. *See* IAF, Tab 26, Recorded Status Conference.

Accordingly, I dismiss the appeal without prejudice subject to the appellant's refiling. The appeal must be refiled **by no later than August 30, 2021, but no sooner than May 4, 2021 – which is the date after which this decision becomes final**. To refile, the appellant need only submit a one-line letter to the Board indicating his desire to do so. Upon the refiling of this appeal, all documents previously submitted into the record will be made a part of the

---

[1] Although a hardcopy of an Order Suspending Case Processing was issued to the appellant on January 29, 2021, the electronic filing system saved a blank document, which resulted in my having to request a copy of the appellant's hardcopy, which he provided on March 3, 2021. *See* IAF, Tab 24.

refiled appeal. I intend to set a prehearing conference and hearing date immediately after the appeal is refiled.

## DECISION

The appeal is DISMISSED WITHOUT PREJUDICE to refiling as noted above.[2]

FOR THE BOARD: /S/
Maria M. Dominguez
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **May 3, 2021**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

---

[2] All outstanding conference calls, as well as the hearing, are hereby canceled. *See* IAF, Tab 24, Order Suspending Case Processing.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

<u>Criteria for Granting a Petition or Cross Petition for Review</u>

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A

reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery

service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this

decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

USA MSPB
NYC

Kevin Mertens
Appellant
Dept. of Navy
Agency

Case # PH-0752-21-0092-I-1

April 27
Date: ~~May 3~~, 2021

Petition for Review
Motion to Disqualify Judge
Motion for Jurisdictional change

Case Summary

Appellant timely filed his appeal on Jan 4, 2021
Jan 7, 2021 Judge Dominguez ordered appellant affirmative defense response
Jan 14, 2021 Judge ordered Notice of hearing, status, Pre-hearing conf.
Jan 14, 2021 Appellant filed Response to Judges Jan 7 order, Motion to compell Discovery and Motion for extensions of time.

Appellant Facts

1. I moved to Roseburg OR for full time work on Dec 4 2021.
2. I did not receive the decision on proposed removal until Dec 21, 2021 - 19 days after issued. It was not e-mailed to me as requested.
3. I live in a 12x10 Room in Glide Oregon - I do not own a P.C., I do not have a wifi account, I do not have a copier/scanner or the ability to upload documents and Poor cell reception.
4. The 2 teleconferences I was present for because I received notice on my cell phone, drove to Roseburg and tried to work from my vehicle.

5. Roseburg OR library is closed and will not reopen

6. On Jan 14, 2021 I filed motions for extensions of time for good cause explaining my inability to produce work product. On the same day Judge ordered a Jan 29, 2021 status conference.

## Motion to disqualify Judge

1. Fed Rule 1201.41(8) rule on all motions
   a. Judge has failed to rule on 2 very important appellant motions
      1. Motion for extensions of time Jan 14
      2. Motion to immediately dismiss without prejudice Jan 30, 2021 and Feb 7, 2021

~~b. Judge has also~~ m

      3. Appellants motion to compell Jan 19, 2021 and ~~January 25, 2021~~ Feb 7, 2021
2. Fed Rule 1201.41 (5) parts (ii) and (iii) Authority of Judges
   a. Judge has failed to recognize serious issues that have been developed and failed to ensure fair and just adjudication of case
      1. Judge Dominguez failed before March 29 to recognize Appellant did not have the ability to produce work product and prosecute his appeal to the fullest.
      2. Judge dominguez failed to ensure fairness by allowing discovery to compell motions by Agency and not Appellant and failing to resolve issues raised by ~~defe.~~ appellant in his timely filed respones to the Jan 29 summary of Jan 30 + Feb 2, 2021
3. Fed rule 1201.24(b) raising claims or defenses
   a. Rule states I can raise claims or defenses at any time before the end of the con-

ference(s) held to define the issues in the case

1. There has never been a declaration by Judge that the status conference held on March 29, 2021 was the final conference nor that any have been specifically for "defining the issues"

Statement of Rule 1201.41 (8) violations

When I filed the motion for extensions of time on Jan 19, 2021 I had no idea of the extent of lockdown closures in Roseburg or where I had just moved. However, I did state "I work full time" - "do not have access to a computer" or "work area"

On January 29 the Judge did not record the tele conference and knowing then about library closures I stated I had no ability to work as the Roseburg library was "closed until further notice" I have "bad cell reception" and "do not have wifi service"

On Jan 30 2029 I filed an response to the Summary disputing the facts of the Summary I disputed the 30 day suspension as it was a "30 day suspension, and a 120 day dismissal without prejudice". I also stated that the relavence of the 2008 USPS appellant appeal was "retaliation for illness similar and included in this case" and "I am attempting to show relavence of the USPS appeal and prevent MSPB favoritism here."

On Feb 2, 2021 I filed a hand written "objection to the Summary", "Motion for case dismissal without prejudice!" I stated "no discussion of defenses on Jan 29" "I explained I needed discovery not discussed" That agency claimed

500 pages were sent to me from my Jan 14, 2021 discovery request. That I requested "the conference be stricken" and a new one held and that "immediate dismissal" be ordered and any time left of the 30 day suspension be added back to the 60 days." I stated "I am losing faith" in the proceedings.

On Feb 7, 2021 I filed "additions to response" and "objection to agency discovery request" I state agency had in fact not sent any of the Jan 14, 2021 discovery as they stated they had and motioned Judge to "compell" the agency to do so. and "I need the libraries and country to open" "I have yet had time or means to create interogatories"

The Judge has ignored motions to dismiss ~~on~~ at the time of filing. The objections to the Jan 29, 2021 teleconference clearly show Appellant was under impression case was on hold for at least 180 days for appellant to be able to start working on his appeal. The Judge has acted as if the appellants hardships are not significant and do not matter. Judge Dominguez failure to rule on all motions have caused unfair favor to the agency.

The agency has not responded to discovery to this day that was filed on Jan 14 & Feb 7, 2021 The agency filed objections on Feb 12, 2021 I filed motion to compell on Feb 7, 2021 21 days after. The Judge has now acted to deny my discovery in full. Regardless the failure to rule on my motions to dismiss ~~had~~ has created a situation favoring the agency just because they were able to ~~a~~ properly produce interogotorries and ~~I have not.~~

34
~~33~~

On Feb 26, 2021 I filed an "objection to agency discovery" I motioned MSPB under rule 1201.28(b) to reconvene to rule on my ~~Fe~~ Jan 30 + Feb 2 motion to dismiss.

Summary - IT is clear from the record Appellant has motioned for dismissal since ~~Fe~~ Jan 30 2021 Appellant had no means to Prosecute an appeal Judge dominguez has failed to rule on all motions and the summary conference dated Jan 29, 2021 should be modified to show a 30 day suspension and a 120 dismissal was granted and show the appellant has no means to create proper "legal defenses" - "interogatories" and "motion for discovery" The library must fully re-open to 100% pre pandemic capacity or my due process is violated.

IT is Also clear from the record The in- ~~Statement of rule 1201.24(b) violations~~ tention between MSPB and Agency have been to derail a proper appeal and thorough appeal. The Feb 4, 2021 order for me to "upload" the Jan 29 order because it did not save properly was a clear attempt to make it appear I could do that and was able to process my appeal I did not want to fail to follow the order So I "mailed" a copy to the agency because that was all I could do. I mean really, why not just have MSPB clerk re-upload or mail the agency a copy? why take time to write another order? IT is obvious what occurred on Jan 29, 2021

Rule 1201.24(b) Violations + statement

The Jan 29, 2021 Summary Judge dominguez states "I advised him I was not aware of his prior board appeal or, its relavence to this matter" In the ~~appara~~ appellants Jan 30, 2021 response I stated on Page 2 "My eOPF contains the 2008-2009 decision

and that I could "explain the relavence" However Judge Dominguez declined to hear it.
The Sept 24 2008 Decision in Appellants eopf is relavent because
1. The decision is cited by the Agency 4 times in support of removal
2. it is argued in my response to removal
3. it proves agency was aware of serious medical conditions
4. Supports agency favoratism, dismissing appeal

Tab 1 is the index of docket for SF-0752-08-0392-I-1
D.O.J. reps & Toni West, Jeanne Davidson, Mark Melnick and Jeffrey Regner filed a response brief in Fed Dist Court # 2009-3159

Tab 2 is Appendix A4, the Sept. 24, 2008 MSPB decision
Washington State Administrative Law Judge Gina L Hale (God Bless her) wrote a decision dated Feb 13, 2009 that is in opposition of the Sept 24 2008 MSPB ruling.

Tab 3 is the Decision by Gina L Hale
The Sept 24 2008 decision also reflects my unlawfull arrest and stress caused by being forced to represent myself in Edmonds Wa and case # 11289. (at A19 - A20) "Postmaster Robert Montgomery" standing in law firm parking lot with his arms crossed starring at me. and "in-effective counsel" I fired 2 lawyers Paid 11,000 dollars - the first because he attempted to force an alfred plea, the second because she told me the case would be dropped then had me facing trial, Jury already picked and me without witnesses or her investigator present. I represented prose on the City of Seattle case # 3064934 and Edmonds CR11289 trial and appeal

Tab 4 is a copy of all courts and case numbers

Case #
(C...11289) → 3. I represented my self at 2 trials, The first was appealed and the court destroyed the trial tapes and necessary transcript. The DA Jeffrey Goodwin declared ~~the reason~~ to Washington State Supreme Court the reason was "Someone" forgot to put batteries in the micro-phones" in a 2 million dollar brand new court house with ~~a~~ hardwired microphones?

I note: A. ~~[illegible]~~ MSPB recording equipment was having "issues" on January 29, 2021

B. I also state on recording of March 29, 2021 "I know exactly what happens to court records"

4. I was successful in the ~~[illegible]~~ second trial in City of Edmonds - Those tapes also largely in-audible and soon after the city of edmonds changed laws causing criminal ~~&~~ case records to be destroyed.

5. Soon after Judge James White and Judge Green disappeared from the Benches of Edmonds Wa and the law firm from the first trial moved to California.

Summary

The MSPB showed favoratism to the Agency in 2008 and is doing it here in 2021. The Agency here is aware that I had serious medical issues that are relevant Because of access to MSPB Decision (9-2008)

1. I was under extreme stress in 2000-2010 and had migraine headaches frequently

2. I was placed on an effective medic-ation called ativan in 2002

3. I was suddenly taken off of the medication by doctor in January 2018 and had serious withdraw issues. Dept. of Navy aware

What is relavent is USPS was the cause of extreme stress (I think they ~~[illegible]~~ USPS and City of (which came back)

But how did they prove that.

worked in conjunction to pressure me.) and the state court of washington state found in reverse.

Petition for Review

Under Rule 1201.114 Appellant is requesting review of the Judges rulings of March 29, 2021 Specifically

1. Granting Agency motion to compell and Denying Appellant motion to compell

as already provided above appellant filed for dismissal on Jan 30, Feb 2 2021 citing the march 29, 2021 Summary as not outlining conference hearing correctly. Appellant motioned ~~foo~~ for Judge to dismiss on Jan 30 & Feb 2 Then motioned to reconvene and dismiss on Feb 26, 2021 The Judge failed to rule on or even recognize the motions. I am asking the MSPB to find the case has been on dismissal since Jan 29, 2021.

In the Summary Judge states I failed to object to agency motion to compell. On Feb 26 I filed an "objection to agency discovery request" and cited why. Mainly I could not proceed and case should be on dissmisal.

Judge dominguez states I had not filed motion to compell agency top respond to Jan 14, 2021 ~~Pase~~ "initial" discovery request. and I had not made effort to resolve this. On Feb 7, 2021 Page 2. The Agency Filed its response to discovery on Feb 12, 2021 denying 7 seperate parts. On Feb 26, 2021 I filed a response noting Appellant "motion for dismissal" and noting "objections" to agency disovery request. The Judge States in the March 29, 2021 Granting of agency motion to compell I made no objection - not true.

~~88~~
38

More importantly, I have not had the ability to "create proper requests for discovery" and I have many individual interoggatories to create, The agency has but one.
The March 29, 2021 summary orders Agency to provide 1.) Emails " to the extent they can be recovered" from appellants outlook and 2.) Emails of Stacey Sangillo, Mike Burchik and Lynne Richesin but not legal office.
~~I am not~~ I have also requested deciding officials emails. However, ~~I am not~~ IT would be Naive of me to think the Dept. of Navy that has control over damaging emails is going to submitt those to me. It is all I can do to attempt to litigate an appeal while fighting "Systems" made of many people - I am an individual.

2. Affirmative Defenses -
In the March 29 Summary
The Judge lists several items considered for retaliation and one for harmfull procedural error. Judge dominguez denies agency citing "Removal from USPS in 2008" as harmfull error.

Rule 1201.24(b) states "claims or defenses can be submitted any time before end of conferences defining issues" even though Judge states " The following are the only affirmative defenses I will consider" The rule clearly states otherwise. I have not been advised that any conference call was the last and I must define any issues and at bottom of Page 3 of March 29 order, it state " all outstanding conference calls are cancelled"

Regardless the Agency knew of MSPB details in Decision of 9-2008 That is tab 1 but made its decision while heavily documenting "why" I was removed as influencetial.

~~8~~
39

~~Page 9~~ Page 6 + 7 of Proposed removal # Mr. Eller states "I find it especially noteworthy and concerning that you were previously removed from service in 2008 from your carrier (city) position with USPS for the charge of AWOL, reference U." This is cited again several times in the Douglas factor considerations under 1) Past discipline 2) Potential for rehabilitation 3) Notoriety of offense and 4) alternatives (See agency file Tab 4D)

The agency also failed to be progressive in discipline using only a "letter of requirement" as the one and only measure of correction. The LOR is not a way to correct an unapproved action. IT is a legal document, hard to understand, ambiguous and wordy. IT causes the employee to violate Hippa or "break a law" which again is a protected act and another defense I will use. (Procedural errors?)

Judge is violating my right to litigate all defenses under 1201.24(b) and she states "The following are the only affirmative defenses I will consider" ~~This ruling should~~ This portion of the ruling should be overturned.

Motion for Jurisdictional change

Under Rule 1201.4 The appellant requests to move his case to the office where he is a resident. The Western ~~Northeast~~ Regional office - San Francisco.
The Appellant correctly filed his appeal in the Northeast Regional office where it should have been heard. The appeal at last minute was xfered to the NYC field office.
Considering the Appellants "Motion to exclude" and in order to have a fair and just hearing I move the MSPB to xfer my case to the

Western Regional office in San Francisco CA or in the alternative back to the N.E. Regional office in PA That holds original Jurisdiction.

Conclusion:

I request the decision found in the Summary that in fact, are part of an order be overturned. ~~the~~ Find the case should be on dismissal since Jan 30, 2021 due to appellants lack of Public resources available due to covid closures in Roseburg OR and living conditions in Glide OR. Find the appellant, once able be allowed to bring up further defenses and provide properly researched defenses and Discovery-Interogatory filings and submissions.

I have reviewed the taped recording of the ~~Jan~~ March 29, 2021 conference call. I hope MSPB will also review it. I have the following comments (Under Canon 3 Fed rules)

1) Judge Dominguez was not "patient" "respectful" or "couteous" to this litigant. Judge Dominguez did not allow this person/litigant the "full right to be heard" under the law. I appreciate the fact she is the judge but my belief/~~is this:~~ Declaration is

a. What was stated on the conference call of Jan 29, 2021 and what was written in the order of same date are not the same. The suspension ~~Eh~~ was to turn into a dismissal. The agency claimed to have sent Discovery they had not and the alleged discussion of Defenses did not take place. Call was designed to favor agency.

b. The Judge has failed to acknowledge my inability to work on this appeal claiming that because I have "submitted ten filings" I

must be defending and able to prosecute this appeal. The hand written filings I have submitted were always declaring my need for time and lack of work tools. The 2 filings that I uploaded were from ~~untyped~~ work completed on a break where I had brief comptor access. I do not own a computor have wifi or internet. In support of this I submitt the following:

1) Tab 3 of this Petition is a copy of the case numbers and courts in Seattle and Edmonds Washington that I was a pro se defendant in. Take your Pick: (Also work done on appeal)

#3CC-1921 City of Seattle v. Mertens - where the Juries verdict was delivered same day as trial before a different Judge than the trial Judge (very unusual) where the Court gave me a choice, be able to appeal the case or have sentence/penalties imposed.

Or

#CR11289 City of Edmonds v Mertens - where I was arrested as a D.V. aggressor where nothing happened, my daughter was seperated from me for years for no reason, where I proved false testimony at 1st trial and court destroyed tapes - where I was proven "not Guilty" by Jury in second trial and court destroyed tapes, the city of edmonds wanted to win so bad they forced a laver to have me forced into trial with no witnesses or investigator available - where 2 Edmond Judges "white" and Judge "Green" disappeared from the bench in Edmonds Wa and the legislature changed the law for criminal case records so CR11289 would not exist.

~~Tab~~ Take your Pick: every thing listed in Tab 3 of this Petition was completed

in a Public library or law library in Seattle-Edmonds and the University of Washington (before Bill Gates took it over) all scanning and copying was paid for at a business. all Time, exhaustive effort, and monetary costs came from me. Please Do not tell me I do not need to have access to public facilities that are fully open, in order to be ~~thoruo~~ thorough in this instance.

whether or not USPS and Seattle/Edmonds acted together or alone I ~~recieved~~ recieved an enormous amount of stress. IT is very difficult for me to take part but I can tell you this:

The Dept of Navy is not going to provide anything of value. Mrs Shook claimed on March 29 I would be recieving the 9 Gbites of my desk top and the other emails within ~~10~~ a week. (Those must be getting the works) Proper Appellants discovery would have proper demands. Judge Dominguez Stated it was none of my business if MSPB recorded its conferences and only 1% ~~or~~ of hers are recorded (why pretend to record the Jan 29 call then?) I know that in the world of public pretenders and low cost lawyers they do what they are told because their prosperity depends on it. In the world here where I would pay mabey 30 to 50 thousand, that lawyer would not want a conference recorded so that his clients TSP or savings could be milked and the MSPB and Agency and he could maneuver to a safe decision (all the lawyers win) I am not going to stand by or pay for someone to pretend to fight for me. I have much more work to do than the agency when it comes to discovery and thorough presentation of defenses. Even if it took 5 years

or ten years in the end No harm will come to Edmond Wa, Seattle Wa, USPS or the Department of the Navy for taking all the time necessary. Judge Dominguez and the Agency are manipulating the circumstances of the Appellant and the Dates beholden ~~too~~ to on Jan 5, 2021 and the rules of procedure, to give favor to the agency ~~in~~ thru forced accelleration of case.

~~Signed~~ I Swear under the penalty of Purgery the above statement and attached exhibits are true and correct.

Signed Kevin Mertens on this the ~~3rd~~ 27th day of ~~May~~ April, 2021

note:
IT TOOK me 30 days of spare time to create this one document.

(in Tab 4)
Note: All of the cases below were litigated by me alone and all work product was created at the University of Washington Law Library or ~~&~~ Public library in Seattle Wash area. All copying was paid for at Local businesses. Do not claim it does not matter if I have access to a fully open library, it does.

By the way "You can Never-Ever take from me the Not Guilty verdict I alone obtained in Edmonds WA. Municipal Court." I earned it.

All the scheming of the Court clerks-Judges and Prosecutors office could not prevent the Jury from doing what was right. (at least in the second trial) Justice is expensive when winning is all thats cared about

TO Mrs. Shook, I have sent you a copy of a "Petition for Review", "motion to disqualify Judge" and "motion to transfer case" Could you please "upload" the Handwritten copy with 4 Tabs to the MSPB file as you did on Feb 17, 2021 below. Thank you, very, very much, as you know I do not have the ability to do this.

Appellant uploaded an additional filing on February 7, 2021, in which he requests a Motion to Compel, as he mistakenly believed the hard copy of the 500-page Agency File was the Agency's response to his discovery request. *AF Tab 19 (Appellant's Additional Filings)*. On

1.) February 17, 2021, both Appellant and the Agency uploaded the Appellant's handwritten supplement to the Administrative Judge's summary of the status hearing dated February 2, 2021.[1] *AF Tab 20 (Appellant's Motion to Dismiss without Prejudice); AF Tab 21 (Correspondence from Appellant)*. This handwritten supplement requests "an immediate

[1] The Agency received Appellant's mailed hard copy on February 17, 2021, and uploaded it into FedSEP the same day in the event Appellant was unable to do so. ← Appellant "never" attempted to upload this.



2) dismissal without prejudice," as Appellant claims that he has shown "good cause for time for seeking counsel, COVID related closures, etc." and requests "120 days from the issuing of any order," reserving the right "to request additional time to refile" if the country is not fully open after 120 days. *AF Tabs 20, 21*.

From above:

1. I made no mistake - the agency claimed on Jan 29, 2021 conference call that they had sent all emails requested by me on Jan 14, 2021. They are mis-leading the court and record. "They sent none of the discovery" She (Shook) states "both appellant and "agency" uploaded my handwritten motions dated Feb 2, 2021. That is False the MSPB clerk and agency uploaded this document - misleading the record again. I have never uploaded Handwritten filings to MSPB.
2. The Feb 2, 2021 Motion was never taken up by Judge dominguez. See appellants "petition for review" - "Motion to disqualify Judge" and "motion to move case to original jurisdiction."

Sent with April 27, 2021 Mailing To MSPB - Wash D.C. and NYC and to Agency Norfolk VA

K. Mu[signature]

Tab 1
5 pages

47

# U.S. MERIT SYSTEMS PROTECTION BOARD

Office of the Clerk of the Board
1615 M Street, N.W.
Washington, D.C. 20419-0002
Phone: 202-653-7200; Fax: 202-653-7130, E-Mail: mspb@mspb.gov

2009-3159

## ATTESTATION

I HEREBY ATTEST that the attached index represents a list of the documents comprising the administrative record of the Merit Systems Protection Board in the appeal of Kevin P. Mertens *v.* United States Postal Service, MSPB Docket No. SF-0752-08-0392-I-1, and that the administrative record is under my official custody and control on this date

on file in this Board

May 13, 2009
Date

William D. Spencer
Clerk of the Board

INDEX

KEVIN P. MERTENS
v.
UNITED STATES POSTAL SERVICE

MSPB Docket No. SF-0752-08-0392-I-1

IA-REFORM ACT MERIT


| TAB | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|
| | **Volume 1** | |
| 1 | Appellant - Initial Appeal | April 10, 2008 |
| 2 | MSPB - Acknowledgment Order | April 11, 2008 |
| 3 | Agency - Representative Addition | May 01, 2008 |
| 4 | Agency - Agency File | May 01, 2008 |
| 5 | MSPB - Hearing Order | May 16, 2008 |
| 6 | MSPB - Order and Summary of Conference Call | May 23, 2008 |
| 7 | Appellant - Response to Agency's Initial Response | May 30, 2008 |
| 8 | MSPB - Discovery Request/Response Notice | June 02, 2008 |
| 9 | Agency - Motion to Compel and Proposed Order | June 09, 2008 |
| 10 | Appellant - Response to Agency's First Set of Interrogatories, Requests for Production of Documents & Requests for Admissions | June 12, 2008 |
| 11 | Appellant - Motion to Compel | June 12, 2008 |
| 12 | Agency - Prehearing Submission | June 18, 2008 |
| 13 | MSPB - Order and Summary of Prehearing Conference | June 24, 2008 |
| 14 | Agency - Unavailability of Video Conferencing Facility | July 07, 2008 |
| 15 | MSPB - Order and Summary of Prehearing Conference | July 09, 2008 |
| 16 | Appellant - Motion for Suspended Period | July 09, 2008 |
| 17 | MSPB - Order Regarding Sanctions and Close of Record | July 22, 2008 |

## Volume 2


| | | |
|---|---|---|
| 18 | Appellant - Show of Good Cause & Supporting Evidentuary Documents | July 24, 2008 |
| 19 | MSPB - Order Addressing appellant's Submission of July 22, 2008 | July 29, 2008 |
| 20 | Appellant - Notice of Address Change and Notice of Appeal and Demand for Production of Documents | August 04, 2008 |
| 21 | Appellant - Pre-Review Submissions and Affirmative Defenses | August 06, 2008 |
| 22 | Agency - Response to Appellant's Motions for Extension, Compel, and Reconsideration | August 07, 2008 |
| 23 | Other - Medical Certificate | August 08, 2008 |
| 24 | Agency - Brief | August 08, 2008 |
| 25 | MSPB - Order Addressing Appellant's Request | August 15, 2008 |
| 26 | MSPB - Failure to Serve Order | August 15, 2008 |
| 27 | Appellant - Response to Agency Brief | August 18, 2008 |
| 28 | MSPB - Initial Decision | September 24, 2008 |


Called MSPB May 27 2007 - 09Am - attached

• Harry - clerk - could not locate declarations

Called MSPB May 27 2009 MIS Powers

INDEX



KEVIN P. MERTENS
v.
UNITED STATES POSTAL SERVICE

MSPB Docket No. SF-0752-08-0392-I-1

IA-REFORM ACT MERIT - PETITION FOR REVIEW

| TAB | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|
| 1 | Appellant - Petition for Review & EOT Motion to Supplement PFR | November 04, 2008 |
| 2 | MSPB - Extension of Time Order | November 04, 2008 |
| 3 | Appellant - Submission of Discovery | November 14, 2008 |
| 4 | Agency - Agency Response To Petition For Review | December 15, 2008 |
| 5 | MSPB - Final Order | February 12, 2009 |
| Tab ~~Fe~~ 3 | Washington State order # 03-2008-32695 | Feb 13, 2009 |

CERTIFICATE OF SERVICE

I hereby certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | |
|---|---|
| | Petitioner |
| U.S. Mail | Kevin P. Mertens<br>5050 North Maize Road #424<br>Maize, KS 67101 |
| | Respondent |
| U.S Mail | Jeanne E. Davidson, Director<br>Commercial Litigation Branch<br>Civil Division Classification Unit<br>U.S. Department of Justice<br>1100 L Street, N.W., Room 10137<br>Washington, DC 20530 |
| U.S. Mail | R. Andrew German<br>Chief Counsel, Appellate Division<br>Law Department<br>475 L'Enfant Plaza, S.W.<br>Washington, DC 20260 |

May 13, 2009
(Date)

William D. Spencer
Clerk of the Board

Tab 2
20 Pages

53

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WESTERN REGIONAL OFFICE

| | |
|---|---|
| KEVIN P. MERTENS, Appellant, | DOCKET NUMBER SF-0752-08-0392-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, Agency. | DATE: September 24, 2008 |

Kevin P. Mertens, Maize, Kansas, pro se.

Rachael L. Orejana, Esquire, Sandy, Utah, for the agency.

**BEFORE**
Franklin M. Kang
Administrative Judge

## INITIAL DECISION

## INTRODUCTION

The appellant timely appealed the agency's decision to remove him from the position of Carrier (City), dated March 7, 2008. Initial Appeal File (IAF), Tab 1. As a preference eligible veteran, the Board has jurisdiction over the appellant's appeal under 39 U.S.C. § 1005(a)(4)(A) and 5 U.S.C. §§ 7511-7513, 7701(a). This decision is based on the written submissions of the parties. IAF, Tab 17, 19. For the reasons explained below, the agency's action is AFFIRMED.

54



## ANALYSIS AND FINDINGS

Background

At the time of his removal, the appellant was employed as a Carrier (City) at the Bellevue Main Office, Bellevue, Washington. IAF, Tab 4, Subtabs 4B. It is undisputed that the appellant is an employee pursuant to 39 U.S.C. § 1005(a)(4)(A) and 5 U.S.C. § 7511(a)(1) based on his preference eligible status. *See* IAF, Tabs 1, 4, 24.

On February 11, 2008, Supervisor Richard LaValley, with the concurrence of Manger Cindy McCracken, issued a Notice of Proposed Removal (proposal letter) charging the appellant with Absence Without Official Leave (AWOL) based on 11 specifications.[1] IAF, Tab 4, Subtab 4B. On March 7, 2008, Postmaster Eugene Broom issued a decision on the proposal letter (decision letter) sustaining the single charge, underlying specifications, and the proposed penalty of removal.[2] *Id.*, Subtab 4A. On April 4, 2008, the appellant timely filed a petition for appeal with the Board. IAF, Tab 1.

On May 22, 2008, I met with the parties and discussed various deadlines and scheduling matters related to this appeal. IAF, Tab 6. Through this conference and subsequent Order, I granted the parties approximately four additional weeks to file prehearing submissions before appearing for the prehearing conference on June 24, 2008. *Id.* However, the appellant did not file his prehearing submissions, and did not appear for the prehearing conference. IAF, Tab 13.

---

[1] As set forth in the Orders of June 24, 2008 and July 22, 2008, the agency's chronologically listed specifications in the proposal letter omit any reference to Specification 5. *See* IAF, Tabs 13, 17. Thus while the agency numbers the specifications one through 12, there is no Specification 5 for consideration. *See id.*

[2] By a letter dated March 12, 2008, following the issuance of the decision letter, the appellant responded to the proposal letter. *See* IAF, Tab 7, Subtab B. The appellant indicates that his March 12, 2008 response was hand delivered to his union representative. *Id.* at 4-6.

55



Following the appellant's failure to appear for the prehearing conference and failure to submit prehearing submissions, I reminded the appellant of his obligation to comply with the Board's Orders. *Id.* In this case, the appellant (1) failed to file his prehearing submissions as ordered; (2) failed to appear for the June 24, 2008 prehearing conference;[3] and (3) failed to comply with the Board's separate voicemail messages to his cellular phone and home phone directing him to call this office to participate in the prehearing conference. *Id.*; *see* IAF, Tabs 5, 6. On June 24, 2008, citing the above enumerated items, I informed the appellant of his duty to prosecute his appeal as well as his obligation to comply with the Board's Orders.[4] IAF, Tab 13. Specifically, I informed the appellant that as an appellant, he has a duty to keep abreast of his appeal and to take personal responsibility for prosecuting it. *See id.; Benton v. Department of the Interior*, 47 M.S.P.R. 200, 203 (1991), *citing Rowe v. Merit Systems Protection Board*, 802 F.2d 434, 438 (Fed. Cir. 1986). I also informed him that his continuing failure to comply with the Board's Orders subjected him to sanctions pursuant to 5 C.F.R. § 1201.43. *See* IAF, Tab 2 at 1.

Through this June 24, 2008 Order, the appellant was reminded that his continuing failure to comply with the Board's orders subjects him to sanctions up to and including dismissal of his appeal. IAF, Tab 13. The appellant was then ordered to appear for a rescheduled conference on July 8, 2008, and ordered to update or confirm his contact information. *Id.* Thereafter, the appellant (4) failed to comply with the Board's order to contact this office to update or to confirm his contact information; and (5) failed to appear for the July 8, 2008 rescheduled telephonic conference. IAF, Tab 15.

---

[3] The appellant was given notice of the prehearing dates on May 22, 2008. IAF, Tab 6 at 1.

[4] The appellant also failed to appear for his deposition. IAF, Tab 13 at 2.

IT IS obvious this has been the intended course of action by Judge dominguez and the agency. Derailed by my objection to Jan 29.2021 summary and demand to record all future hearings. Otherwise I would have not been been given dismissal. Sanction would have dismissal of appeal also complying with order of Feb 4, 2021 TO "upload" order for MSPB and agency [illegible]

56



Through the July 9, 2008 Order, I informed the appellant again, that his continuing failure to comply with the Board's orders as outlined above subjected him to sanctions up to and including the dismissal of his appeal, as set forth in the prior Orders. IAF, Tab 15 (Order for the Appellant to Show Cause). After summarizing the appellant's failure to participate in the prehearing conference proceedings citing the enumerated points above, the appellant was ordered to show cause why he should not be subjected to sanctions including the denial of his requested hearing based on these continuing failure to comply with the Board's orders. *Id.* None of the Board's Orders to the appellant have been returned to this office as undeliverable.

Not in the MSPB Docket Tab 1 ←

On July 10, 2008, the appellant mailed a submission to the Board, confirming that that his mailing address remained the same as that utilized for prior Board communications. IAF, Tab 16. The appellant also moved for the Board to suspend[5] this appeal until a date approximately 5 to 6 weeks forward, or "to the 120 day limit." *Id.* (original in upper case lettering). The appellant explained that good cause exists for the Board to grant this request because *inter alia* he felt overwhelmed, needs to find help with the process, has been without a cell phone for about two weeks, and needs additional time to disprove the agency's allegations. *Id.*

On July 22, 2008, the date previously set forth for the hearing in this matter,[6] based on the record evidence, including the appellant's continued failure to comply with the Board's orders and failure to participate in the prehearing process inclusive of enumerated items (1) through (5) above, I denied the

[5] On May 23, 2008, I granted a joint request to suspend these proceedings to complete discovery. IAF, Tab 6; 5 C.F.R. § 1201.28.

[6] Following he appellant's failure to participate in the prehearing conferences and his failure to file prehearing submissions, I cancelled the hearing until further notice and ordered the appellant to show cause why his requested hearing should not be denied as a sanction. IAF, Tab 15.

still plenty of time to reach 120 day limit with no pandemic

Case: 24-1781 Document: 26-3 Page: 109 Filed: 09/23/2024

57



appellant's requested hearing as the appropriate sanction.[7] IAF, Tab 17. Through this Order, I repeated the burdens of proof, explained the legal standards, explained the weight of sworn verses unsworn statements, identified the charge and specifications before the Board, and discussed the affirmative defenses for adjudication.[8] *Id.* In addressing the appellant's request for additional time, I informed the parties that the record on this appeal would close on August 8, 2008, thereby granting the appellant additional days to file evidence and argument on the matters raised in this appeal. *Id.*

Thereafter, the appellant filed additional argument on the sanctions matter, accompanied by evidence and argument addressing the merits of his claim. IAF, Tab 18. Although this response on the sanctions issue was untimely filed by the appellant, exercising my discretion, all submissions were received into the record and fully considered, and I determined that the sanction above was appropriate. IAF, Tab 19.

On August 1, 2008, the appellant updated his contact information, requested reconsideration of the imposed sanction. IAF, Tab 20. On August 5, 2008, the appellant filed, via U.S. Mail, additional evidence and argument regarding the merits of his appeal and requested that the Board further extend the close of record date approximately 38 days forward from the date previously ordered. IAF, Tab 21. The agency opposed the August 5, 2008 request for an extension, and opposed any reconsideration of the sanction imposed, arguing that the appellant failed to set forth good cause for granting either of these requests. IAF, Tab 22. On August 15, 2008, I denied the appellant's requests for a further

being without a home or work place not good enough!!

[7] Specifically, I declined to reschedule the hearing previously scheduled for June 22, 2008, and informed the parties that this appeal would be decided based on the written record which would close on the forward date specified. IAF, Tab 17.

[8] In discussing the imposition of sanctions, I noted that dismissal of this appeal is not appropriate under these circumstances. *See Johnson v. Department of the Treasury*, 108 M.S.P.R. 592 (2008).

agency opposed here in 2021 but MSPB had no choice but to dismiss for cause

extension, and denied his request for reconsideration of the sanction imposed above. IAF, Tab 25. On August 13, 2008, the appellant mailed an untimely submission addressing the merits of this appeal. IAF, Tab 27. Although the appellant fails to proffer any explanation for this untimely submission, I have received this submission into the record and given it full consideration. *Id.*

The charge and specifications were previously identified in the Board's Orders of July 22, 2008 and June 24, 2008. IAF, Tab 13, 17. After initially indicating that he was claiming discrimination based on his race, the appellant thereafter withdrew this claim. IAF, Tab 21 at 3; IAF, Tab 1.

Burden of Proof

The agency bears the burden of proof by preponderant evidence with respect to the reasons for the action and its choice of penalty. 5 C.F.R. § 1201.56(a). Preponderant evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c). Proof of one or more specifications supporting a charge is sufficient to sustain the charge. *See Greenough v. Department of the Army*, 73 M.S.P.R. 648, 657 (1997), *review dismissed*, 119 F.3d 14; *James v. Department of the Air Force*, 73 M.S.P.R. 300, 303 (1997) (in resolving the issue of how charges should be construed, the structure and language in the proposal notice must be examined); *Tom v. Department of the Interior*, 97 M.S.P.R. 395, 404 (2004) (the Board will review whether the appellant understood the charges and received fair and sufficient notice of the allegations against him, since hypertechnical common law pleading is not Board practice). The charge and specifications sustained by the agency in this appeal are as follows. IAF, Tab 13 at 6-8; IAF, Tab 17 at 4-5, 7-8.

The Merits

Charge: AWOL

59



The agency sustained this charge and the 11 specifications in the notice of proposed removal, related to absences occurring between January 8, 2008 through January 24, 2008. The specifications and sections following the specifications include background information.

To prove this charge, the agency must show that the appellant was absent and that either the absence was unauthorized or that a request for leave was properly denied. *See, e.g., Robb v. Department of Defense*, 77 M.S.P.R. 130 (1998). An AWOL charge may be sustained even when the agency fails to prove that the employee was AWOL for the entire period charged. *See Senior v. U.S. Postal Service*, 85 M.S.P.R. 283 (2000). *See Greenough v. Department of the Army*, 73 M.S.P.R. 648, 657 (1997), *review dismissed*, 119 F.3d 14 (proof of one or more specification supporting a charge is sufficient to sustain the charge); *Goode v. Defense Logistics Agency*, 45 M.S.P.R. 671, 675 (1990) (where agency charged appellant with failure to follow established leave procedures and AWOL for same period, proof that appellant did not properly request leave supported finding that agency properly denied leave and appellant was AWOL as charged).

Specification 1 alleges that the appellant was AWOL on January 8, 2008 1.17 hours. IAF, Tab 13 at 7; IAF, Tab 17 at 5. Specifications 2 through 4 and Specifications 6 through 12 allege that the appellant was AWOL for eight hours on each of these dates.[9] *Id.*

In asserting that he properly requested leave for each of these absences, the appellant argues that the agency was obligated to grant him any such requested leave under the Family Medical Leave Act (FMLA). According to the Department of Labor's Certification of Health Care Provider dated October 1, 2007, Form WH-380, the appellant's physician completed selected portions of

---

[9] As noted above, the agency's chronologically listed specifications in the proposal letter omits Specification 5 completely; thus, there is no Specification 5 for consideration.

this form conveying that the appellant (1) was suffering from a chronic condition requiring treatments with periodic treatments by a health care provider, that was expected to continue over an extended period of time, and this condition may cause episodic incapacity; (2) suffered from migraine headaches, anxiety, and depression that commenced "years ago" and was continuing; (3) "may miss one or two days every so often[] up to 3-5 times per month when bad" for an unspecified forward duration, and that he is unable to perform any work during "flare[-]ups"; (4) was receiving prescription drugs for this condition. IAF, Tab 7, Subtab A. On this same date, the same physician wrote a letter conveying the appellant's request for a transfer to a different office, because the appellant felt stressed at his assigned office. *Id.*, Subtab C (October 1, 2007 physician's letter). Thereafter, the appellant submitted a WH-380 dated February 8, 2008, repeating enumerated item (2) above, adding that the condition would continue indefinitely. IAF, Tab 18 at 65-67. The appellant's physician clarified enumerated item (3) by stating that the appellant would "miss work occasionally, for a few days, [but] no more than about 3 times per month" and that the absences from work are not typically for medical treatment, and incorporated the matter discussed in the October 1, 2007 physician's letter by stating that the appellant should rest and avoid work related stress when his conditions become severe. *Id.* Finally, the February 8, 2008 WH-380 states that while the appellant was not incapacitated, the appellant is unable to work when he has an episode described in enumerated item (2).[10] *Id.*

In responding to this argument, the agency maintains that while the appellant may have a FMLA covered condition, the appellant is still obligated to call in or otherwise notify management of his absence. IAF, Tab 23 at 6-7. The agency argues that the appellant did not request leave for these specified dates on

[10] The appellant states that he submitted his FMLA documentation on February 20, 2008 and again on February 25, 2008. IAF, Tab 18 at 61.

61



any basis, and that it therefore properly characterized each unauthorized absence as an incident of AWOL as set forth in the specifications. *See id.*

The PS Form 3972 Absence Analysis for calendar year 2008 (Absence Report) reflects that the appellant was LWOP for 6.83 hours on January 8, 2008, and does not explain the appellant's remaining duty hours for that day. IAF, Tab 24 at 22.[11] The Absence Report further reflects that on January 9-11, 15-19, and 23-24, 2008, the appellant was AWOL for 8 hours on each of these dates. *Id.* *Specifications 2, 3 and 6-10*

Through a declaration signed under penalty of perjury (declaration), Supervisor Wes Herring states that he reviewed each of the AWOL dates identified in the Absence Report, and explains that the appellant was appropriately placed into an AWOL status on each of these dates because the appellant failed to report these absences by calling in for these absences. *Id.* at 19-20. Mr. Herring explains that he was the appellant's supervisor in 2008 prior to is removal, he is charged with observing the appellant's work performance, maintaining time and attendance records, noting telephone calls for absences, and reviewing time clock records. *Id.* Mr. Herring further states that he reviewed the records for each of these dates to confirm the appellant's AWOL status. *Id.*

Through a separate declaration, Mr. LaValley explains that while the appellant submitted FMLA paperwork reflecting that he would periodically miss work, and while the appellant may have called in sick for other dates, the appellant did not call in for "almost the entire month of January 2008, beginning on January 8th." *Id.* at 23-25. Mr. LaValley explains that whenever the appellant notified him or another management official that he would not be able to report to work, he "recorded the requested leave[.]" *Id.* In addressing the dates set forth

[11] Although the agency marked its submissions with various subtab identifiers including names, *see* IAF, Tab 24, documents in this particular tab are referenced by the chronological page number stamps to minimize confusion.

62



in the specification, Mr. LaValley declares that when he did not hear from the appellant, he checked with the other supervisors and confirmed with the other supervisors that the appellant was a "no call, no show" for January 9, 10, 15-19, 2008. *Id.* Same assertions here proven false step 3 grievence

In response, the appellant asserts that he called in on each of the dates set forth in the specifications, conveying that he did not know when he would return to work, adding that each absence was an FMLA covered absence. *See* IAF, Tab 7 at 1-6; *id.*, Subtab B at 4-6. The appellant asserts that he has been paid for all but eight hours in calendar year 2008, and that this payment shows that the instances of AWOL cited by the agency are incorrect. *Id.* These assertions directly conflict with the statements of Messrs. LaValley and Herring, presenting a credibility determination. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

agency never forced to provide disovery of request all time records and clock rings?

In resolving these conflicting assertions, I note that Mr. LaValley's declaration is unequivocal and based largely on personal knowledge as a percipient witness. *Id.* Further, Mr. LaValley's description of the events that led him to characterize the appellant as AWOL, including his description of how he personally checked with the facility supervisors on January 9, 10, 15-19, 2008, 2008 to confirm that the appellant was a "no call, no show" was specific, detailed, consistent with the written record, consistent with Mr. Herring's declaration, and not inherently improbable. *Id.* In particular, Mr. LaValley's declaration set forth a detailed description of the process through which he would have learned of and recorded the appellant leave request communicated to any of the supervisors; how he personally observed the appellant's absences from January 8, 2008 forward; and the steps he subsequently took to confirm that the appellant was a "no call, no show" on January 9, 10, 15-19, 2008. *Id.*

In contrast, while the appellant asserts that he called in on each of these dates, the appellant does not present details of his actions. *Id.* The appellant does not specify when or how he called the agency on any of these dates, nor

63

This time I did and Agency and Gvirchill Sangillo angry they had to be caught lying about call ins



does the appellant specify who he spoke to on any of these calls. Further, the appellant does not present any documents to support his assertion that he called in on each of these dates, such as phone records, copies of leave request forms, or notes to support his assertions that the agency fabricated the evidence presented in this appeal.[12] *Id.* With regard to the payment issue raised by the appellant, Mr. LaValley explains that the appellant's time and attendance codes were adjusted to an "other paid leave" so that the appellant could be paid pending the resolution of his Board appeal and any grievance. IAF, Tab 24 at 23-24. Indeed, the appellant's pay records reflect that on March 20, 2008, Ms. McCraken retroactively effected these changes. *Id.* at 28-34. While the appellant asserts that his receipt of pay confirms that he had requested FMLA leave, the time records do not support this contention. Indeed, the pay records are consistent with Mr. LaValley's declaration in that the adjustments were initiated following the grievance filing date; after the decision letter was issued; and none of the leave was characterized as FMLA leave, annual leave, and/or sick leave.. *Id.* at 27-34; IAF, Tab 1. For these reasons, and following a careful review of the statements of the appellant and those of Messrs. LaValley and Herring, and the record evidence above, I credit Mr. LaValley's description of the events on the above specified dates over that of the appellant's descriptions. Accordingly, I find that the appellant did not request leave in the manner described above or otherwise call in for his absences on January 9, 10, 15-19, 2008.

While the appellant may have submitted the October 1, 2007 WH-380 with accompanying letter from his physician as asserted, indicating that the appellant may require an average of two to three absences per month "[d]uring an episode

---

[12] Specifically, the appellant argues that the agency had a motive to fabricate this charge the documentary evidence based on his conflicts with various management officials back to 1997. IAF, Tab 18 at 5. The appellant asserts that all past and present management officials have degraded him openly in an "obvious attempt to create a hostile reaction from me[.]" *Id.* (original in all upper case lettering).

64

never had time to submitt any after as calling in and no one requested I do so in the system same here.



only[,]" as discussed above, there are no written records reflecting any leave requests for the dates in question, and pursuant to the finding above, the appellant did not orally communicate such a request. *See* IAF, Tab 7, Subtabs B, C. Following the issuance of the proposal letter charging him with AWOL on 12 separate days within January 2008, the appellant responded by submitting a February 20, 2008 WH-380. *See* IAF, Tab 18 at 61, 65. To the extent this updated WH-380 addressed the appellant's absences, it specified that the appellant was not incapacitated, and clarified the above enumerated item (3) above by specifying that the claimed FMLA condition would cause the appellant "miss work occasionally, for a few days, [but] no more than about 3 times per month" and that the absences from work are not typically for medical treatment. *Id.* Further, there is nothing in the latter WH-380 referencing any of the appellant's absences at issue, other than a general statement that the appellant's conditions "[b]egan years ago[.]" *Id.* Assuming *arguendo* that the WH-380 had referenced the absences in the prior month, the appellant's physician specifies that the absences from work would be "no more than about 3 times per month[,]" a duration far less than the 11 days in question for that same month, and far less than the seven days addressed by Mr. LaValley. *See* IAF, Tab 18 at 61, 65. At best, these WH-380s prospectively set forth a basis for requesting leave that could have been requested.

Based on the record evidence, I find that the agency has proven by preponderant evidence that the appellant engaged in the behavior described in Specifications 2, 3, and 6 through 10. I further find that the agency has proven by preponderant evidence that all of these absences set forth in Specifications 2, 3, and 6 through 10 were unauthorized.

*Specifications 1, 4, 11, and 12*

As set forth above, the Absence Report reflects that the appellant was also AWOL as set forth in Specification 4, 11, and 12. While Mr. LaValley did not address Specifications 1, 4, 11, and 12, the remaining specifications, Mr. Herring

Case: 24-1791 Document: 26-3 Page: 88 Filed: 09/23/2024

65



declares that he reviewed his records as well as those of the Bellevue Main Office, and confirmed that the appellant was appropriately charged AWOL for each of these dates. IAF, Tab 24 at 19-20. Mr. Herring explains that as the appellant's supervisor, he observed the appellant's performance and kept accurate attendance records by *inter alia* reviewing phone call notes relating to absences and other leave documents submitted to other members of management. *Id.*

While stating that he reviewed the Absence Report and other documents maintained at the Bellevue Main Office as the appellant's supervisor, Mr. Herring does not specify whether he actually observed the appellant's absence on any of his remaining dates, nor does Mr. Herring explain how he arrived at the conclusion that the appellant was indeed AWOL on these remaining dates, beyond reviewing the attendance records. *Id.*; *cf. id.* at 23-25 (declaration of Mr. LaValley). Indeed, it is unclear whether Mr. Herring was on duty at this particular office on these remaining dates.

As set forth above, the appellant maintains that he properly accounted for his absence by calling in on each of these remaining dates. IAF, Tab 7, Subtab B at 5. While I have reason to question the appellant's statements on these remaining dates based on the credibility determinations above, the agency bears the burden of proving these specifications. *See, e.g., Hawkins v. Smithsonian Institution*, 73 M.S.P.R. 397, 403-04 (1997). Although the proposal notice, Absence Report, and declarations of Messrs. LaValley and Herring have probative value for these remaining specifications, neither of the declarations specifically corroborate the individual AWOL dates as set forth in Specifications 1, 4, 11, or 12. Thus, while the agency's Absence Report and proposal letter have probative value, and are generally corroborated by the declarations, under these circumstances, this evidence is not sufficient to sustain the remaining specifications. *See, e.g., Doe v. Department of Justice*, 103 M.S.P.R. 135, 139 (2006). Indeed, with respect to Specification 1, neither of the declarations

66



corroborate the agency's contention that the appellant was AWOL for 1.17 hours, and the Absence Report only characterizes the remaining 6.83 hours as LWOP.

For these reasons, I find that the agency has failed to prove by preponderant evidence that the appellant engaged in the behavior described in Specifications 1, 4, 11, and 12. Accordingly Specifications 1, 4, 11, and 12 are NOT SUSTAINED.

Because Specifications 2, 3, 6, 7, 8, 9, and 10 of the Charge are sustained, the Charge is SUSTAINED. *See Greenough,* 73 M.S.P.R. at 657 (proof of one or more of the supporting specifications is sufficient to sustain a charge).

<u>Harmful Procedural Error</u>

To prove harmful procedural error, the appellant must establish that the agency committed an error in the application of its procedures that is likely to have caused it to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See* 5 U.S.C. § 7701(c)(2)(A); 5 C.F.R. § 1201.56(c)(3). The burden is upon the appellant to show, by preponderant evidence, that the agency committed an error and that the error was harmful, i.e., that it caused substantial prejudice to her rights. *Stephen v. Department of the Air Force,* 47 M.S.P.R. 672, 681, 685 (1991) (harmful error cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error).

Such as this in my eOPF

The appellant alleges that he was subjected to harmful procedural error in that he "did not receive the discipline dated October 23, 2007[;]" or acknowledge receipt of the October 11, 2007 disciplinary letter by signing the letters; the agency allowed the appellant to come onto Postal property to meet with his union representative, but did not give him a writing to memorialize this permission; and the agency disciplined him in 2007 for absences caused by his incarceration after the agency and his union previously led him to believe that his incarceration in

67



2000 was excusable absent a conviction. IAF, Tab 27 at 1-2; IAF, Tab 7 at 3-4; IAF, Tab 21 at 3-11.

With respect to his prior discipline of October 11 and 23, 2007, whether or not he signed for these letters, the record evidence reflects that the appellant exercised his right to grieve each of these 14 day suspensions[13] through his union. IAF, Tab 24 at 36, 37; *see Clark v. Equal Employment Opportunity Commission,* 42 M.S.P.R. 467, 478 (1989). The undisputed record reflects that each 14 day suspension was imposed for Unsatisfactory Work Performance/AWOL. IAF, Tab 4, Subtab 4C, 4D. As a result of this grievance, the parties agreed on November 2, 2007 that each 14 day suspension would be "reduced to a Letter of Warning <u>after one year</u>, <u>if</u> there are no further instances of A.W.O.L. during that year." IAF, Tab 24 at 36, 37 (underlining added). Even if the appellant did not personally acknowledge receipt of these suspension notices, it is undisputed that he grieved each of these disciplinary actions through his union. *See id.* To the extent the appellant implies that he was completely unaware of these prior disciplinary actions, I do not find this assertion to be creditable based on the grievances pursued and the arguably successful outcomes. *See Hillen,* 35 M.S.P.R. at 458; *Hawkins,* 73 M.S.P.R. at 403-04.

With respect to the appellant's allegation that his superiors refused to memorialize the oral permission granted to enter Postal property to meet with his union representative, the appellant fails to cite any basis for such a right, and, fails to explain how this action harmed him in light of his representation "under the penalty of purgery [sic]" that he hand-delivered a letter to his union office on or after February 11, 2008 regarding the January 2008 absences. IAF, Tab 18 at 64. Thus, while the appellant may have preferred to receive written permission, he fails to show how he was harmed. Similarly, while the appellant may have

agency here enticed me to enter property to go to commissary.

agency forced to send e mail granting me permission to enter sub base. just not to interview or to anyone about on admin leave alleged misconduct

[13] The referenced suspensions are "paper" suspensions with no actual time off. *See, e.g.,* IAF, Tab 4, Subtab 4C.

68



preferred to receive the same outcome for his 2007 absences based on his detention as was agreed to by management and the union for his 2000 absences, the appellant fails to cite any basis for such a right. Thus, the appellant fails to show how the agency acted improperly in these instances. Even if the appellant were able to make such a showing, he fails to show how the ultimate outcome would have differed, i.e., how it would have been prejudicial.

The appellant has failed to show that the agency committed any procedural errors in carrying out this adverse action. Accordingly, I find that the appellant has not met his burden of proving his affirmative defense of harmful procedural error.

can be raised any time

Whistleblowing

While not initially raised as an issue for adjudication, the appellant now asserts that the agency's action is in retaliation for whistleblowing activities. To prevail on his contention of such retaliation, he must show that (1) a protected disclosure was made, (2) the accused official knew of the disclosure, (3) retaliation resulted, and (4) there was a genuine nexus between the retaliation and petitioner's removal. *See Warren v. Department of the Army*, 804 F.2d 654, 656 (Fed. Cir. 1986).

Here, the appellant alleges that in 1997, he was instructed to "ride sidewalks" by unspecified persons when delivering mail, and that in 1998, when Supervisor Don Phillips witnessed the appellant driving on the sidewalks, Mr. Phillips imposed discipline for this action. IAF, Tab 21 at 12, 13 (original in upper case lettering). The appellant alleges that in 2000, Supervisor Tony Mays informed the appellant that it was "OKAY" to drive on the sidewalks, and, when the appellant refused, starting on August 15, 2000, he became the target of "bad happenings" including an arrest for domestic violence five days later, inadequate criminal counsel, Postmaster Robert Montgomery standing with his arms crossed in an attempt to intimidate the appellant, "female supervisors provok[ing] me on

among other things Don Phillips accused me of sexual harrassment of female employee and called Bellevue Police on me who removed me from premises in front of everyone for no valid reason.

69



a daily basis, and other alleged harassment. *Id.* at 13-16 (original in upper case lettering).

While the appellant alleges that he suffered from retaliation, he fails to explain what disclosure was made, and/or how this constituted a disclosure. The appellant also fails to show that the agency officials taking the appealed action knew of his alleged disclosures, and fails to explain how or why they would retaliate for his alleged communication to Mr. Mays in August 2000. Further, the appellant fails to establish any nexus between the alleged retaliation and the appellant's removal, and/or between the alleged disclosure and this removal. *See Warren,* 804 F.2d at 656. Accordingly, I find that the appellant has not met his burden of proving his affirmative defense of retaliation.

alleges / proved it.

Nexus and Penalty

When such charges of misconduct are sustained by preponderant evidence, the agency must show that there is a nexus between the sustained charges and either the employee's ability to accomplish his duties satisfactorily or some other legitimate government interest. *See Merritt v. Department of Justice,* 6 M.S.P.R. 585, 596 (1981), *modified by Kruger v. Department of Justice,* 32 M.S.P.R. 71, 75 n.2 (1987). Here, through the declarations of Messrs. Herring and LaValley, the agency has shown how the sustained misconduct affected the workplace within the context of the agency's mission. In particular, through his declaration, Mr. LaValley explains how the appellant's absences burdened his coworkers and created overtime expenses for the agency, and states that these costs could have been avoided, had the agency had received timely requests for absences. IAF, Tab 24 at 24-25; *see id.* at 20. Thus, I find that the agency satisfied the nexus requirement for the sustained charge.

Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within

70



tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In making that determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to insure that management discretion has been properly exercised. *See, e.g., Brown v. Department of the Treasury*, 91 M.S.P.R. 60, ¶ 7 (2002). Thus, the Board will disturb the agency's chosen penalty only if it finds that the agency failed to weigh relevant factors or that the agency's judgment clearly exceeded the limits of reasonableness. *Toth v. U.S. Postal Service*, 76 M.S.P.R. 36, 39 (1997).

management actions so sick MSPB had no choice, USPS would have seen major problems

The deciding official in this case, Mr. Broom, states that the he considered the *Douglas* factors. IAF, Tab 4, Subtab 4A. The record reflects that Mr. Broom considered the relevant factors, most notably the nature and seriousness of the offense, which directly involved the agency's ability to accomplish its mission of mail delivery. *See id.* The record reflects that Mr. Broom considered the fact that the appellant had previously been subjected to several prior disciplinary actions, including the two 14 day suspensions for *inter alia* this same charge of AWOL, issued in October 2007.[14] *See id.* The record reflects that Mr. Broom also considered the fact that these prior disciplinary actions failed to have any corrective effect on the appellant.[15] *Id.* Mr. Broom states that the penalty of removal was "entirely consistent" with the penalty imposed on other employees with the same or similar offenses. *Id.*

---

[14] As noted above, the parties agreed on November 2, 2007 that each 14 day suspension would be reduced to a Letter of Warning after one year, if there are no further instances of AWOL for one year forward. IAF, Tab 24 at 36, 37.

[15] The record reflects that the appellant had the right to grieve these prior disciplinary actions, and exercised this right. *See* IAF, Tab 4, Subtabs 4C-4D, 4F-4I.

petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.,
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. If you claim that you received this decision more than 5 days after its issuance, you have the burden to prove to the Board the date of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by electronic filing is the date of submission. The date of filing by personal delivery is the date on which

72



the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j).

## JUDICIAL REVIEW

- case 2009-3159

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals
for the Federal Circuit
717 Madison Place, NW.
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be received by the court no later than 60 calendar days after the date this initial decision becomes final.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

73

Tab 3
6 pages

74

MAILED

FEB 13 2009

VANCOUVER OFFICE OF ADMINISTRATIVE HEARINGS

STATE OF WASHINGTON
OFFICE OF ADMINISTRATIVE HEARINGS
FOR THE EMPLOYMENT SECURITY DEPARTMENT

| | |
|---|---|
| **IN THE MATTER OF:**<br><br>Kevin P. Mertens<br><br>Claimant | **DOCKET NO: 03-2008-32695**<br><br>**INITIAL ORDER** |

**ID:** 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 8 **BYE:** 07/25/2009 **UIO:** 990

**Hearing:** This matter came before Administrative Law Judge Gina L. Hale on January 16, 2009 at Vancouver, Washington after due and proper notice to all interested parties. The hearing was originally commenced on December 30, 2008. The claimant was unable to fully participate because of a bad cell phone. The case was continued to January 16, 2009, to allow the claimant to participate from a land-line telephone.

**Persons Present:** the claimant, Kevin P. Mertens; and the employer-appellant, USPS Eagan IT/ASC, represented by Judy Gendzwill. Witness: Cindy McCracken.

wrote proposed removal

**STATEMENT OF THE CASE:**

The employer filed an appeal on November 17, 2008 from a Decision of the Employment Security Department dated October 18, 2008.

At issue is whether:

1. the claimant voluntarily quit without good cause pursuant to RCW 50.20.050(2)(a), or was discharged for misconduct pursuant to RCW 50.20.066.

2. Also at issue is whether the claimant was able to, available for, and actively seeking work during the weeks at issue.

**Having fully considered the entire record, the undersigned Administrative Law Judge enters the following Findings of Fact, Conclusions of Law and Initial Order:**

FINDINGS OF FACT:

1. The claimant was employed as a letter carrier by the United States Postal Service from January 7, 1997 until he voluntarily quit effective July 17, 2008. The claimant received $57,000 per year for this full-time, union position. The claimant is a member of the National Association of Letter Carriers (NALC), Branch #79.

2. The claimant suffered from migraine headaches and depression which were exacerbated by stress. While working for the employer, the claimant was under a doctor's care for his condition.

3. The claimant missed several days of work because of his medical condition.

4. It is the employer's policy that employees are to call in each day they are absent. The claimant's condition resulted in his being absent for two to three days at a time. He would call in at least some of the days he was off, but he did not always call each day he was off.

5. From January 6, 2007 through January 4, 2008, the claimant was absent 70 times due to his illness.

6. The claimant's doctor provided a statement to the employer indicated that the claimant needed to be assigned to another position for health reasons. The employer did not accommodate that request.

7. January 25, 2008, was the last day the claimant worked. On March 7, 2008, the claimant received an official letter of discharge from the Post Master on the basis that he had an excessive amount of absences which were unexcused.

8. We find that the claimant had received several warnings regarding his attendance problems over the course of his employment. It was the claimant's position that his absences were because of his medical / mental condition and that was the reason he was requesting re-assignment.

9. The claimant filed a grievance over the discharge with the Merit Systems Protection Board (MSPB). He was later placed on administrative leave.

10. The claimant's appeal was concluded and the discharge affirmed effective July 17, 2008.

11. During the weeks at issue the claimant was willing and able to accept any offer of suitable work and sought work as directed by the Department.

## CONCLUSIONS OF LAW:

1. The evidence establishes that the claimant quit employment. Therefore, RCW 50.20.050, WAC 192-150-085, WAC 192-150-150, WAC 192-150-170, WAC 192-320-070 and WAC 192-320-075, apply, and will be found on the attachment.

2. The undersigned concludes that the claimant's failure to meet the employer's standards regarding attendance makes the claimant the moving force in the job separation. Therefore, the case was correctly characterized as a voluntary quit by the claimant.

3. In a voluntary quit case, the claimant bears the burden to prove by the preponderance of the evidence that he or she had "good cause" to quit employment.

4. RCW 50.20.050(2)(a) provides that a claimant is disqualified from receiving unemployment benefits for leaving work voluntarily without good cause. RCW 50.20.050(2)(b) identifies eleven specific non-disqualifying reasons to quit work:

(i) to accept a bona fide offer of new work;
(ii) due to illness or disability;
(iii) to relocate for mandatory military transfer of spouse;
(iv) to protect self or family from domestic violence or stalking;
(v) reduction in pay by twenty-five percent or more;
(vi) reduction in hours by twenty-five percent or more;
(vii) worksite change that increases commute distance or difficulty;
(viii) unsafe worksite conditions;
(ix) illegal activities in the worksite;
(x) change in work duties that violates religious convictions or sincere moral beliefs;
(xi) to enter apprenticeship program.

5. The Washington Supreme Court has held that these eleven reasons are not exclusive. *Spain v. Employment Sec. Dep't*, No. 79878-8, consolidated with No. 80309-9, Wash. June 19, 2008. WAC 192-150-170, adopted by the Employment Security Department as an emergency regulation on July 11, 2008, provides a general definition of "good cause". Good cause to quit work may also be found for other work connected circumstances if continuing the employment would work an unreasonable hardship on the claimant. For other circumstances, each of the following conditions must be met:

(i) the employee left work primarily for reasons connected with employment; and

(ii) these work-connected reasons were of such a compelling nature they would have caused a reasonably prudent person to leave work; and

(iii) the employee first exhausted all reasonable alternatives, unless it would have been futile

to do so. WAC 192-150-170(1)(b)(i).

6. "Unreasonable hardship" means a result that is not due to voluntary action by the claimant. Examples of circumstances in which unreasonable hardship may be found include: (i) repeated behavior by the employer or co-workers which creates an abusive working environment, or (ii) health, physical conditions, or requirements of the job have changed so that the claimant's health would be adversely affected by continuing in that employment. WAC 192-150-170(1)(b)(iv).

6. The undersigned concludes that the claimant has established good cause for quitting his job. The claimant provided credible testimony that he did in fact miss several days of work each month. However, his absences were not intentional, but a result of his unfortunate medical / mental condition. To his credit, the claimant was under a doctor's care and was receiving treatment. In an effort to preserve his employment, the claimant provided a medical statement to the employer which indicated the need to change the claimant's work assignment. The employer did not accommodate that request.

7. The employer's failure to accommodate the claimant's health needs constitutes good cause for quitting.

8. Benefits were correctly allowed under the provisions of RCW 50.20.050.

9. RCW 50.20.010(1)(c) requires each claimant to be able to, available for, and actively seeking work. The claimant was able to, available for, and actively seeking work during the weeks at issue and is therefore not subject to denial under the above-cited statute and related laws and regulations, copies of which are found on the attachment.

**Now therefore it is ORDERED:**

The Decision of the Employment Security Department under appeal is **AFFIRMED**.

The claimant was able to, available for and actively seeking work during the weeks at issue as required by RCW 50.20.010(1)(c).

The claimant has established good cause for quitting and is not subject to disqualification under RCW 50.20.050(2)(a) beginning July 27, 2008 and thereafter.

///
///
///
///
///
///

78

**Dated and Mailed** on February 13, 2009 at Vancouver, Washington.

Gina L. Hale

Gina L. Hale
Administrative Law Judge
Office of Administrative Hearings
5300 MacArthur Blvd, Suite 100
Vancouver, WA 98661

**Certificate of Service**

I certify that I mailed a copy of this order to the within-named interested parties at their respective addresses postage prepaid on the date stated herein. Beth Campagna

**PETITION FOR REVIEW RIGHTS**

This Order is final unless a written Petition for Review is addressed and mailed to:

**Agency Records Center**
**Employment Security Department**
**PO Box 9046**
**Olympia, Washington 98507-9046**

not challenged by USPS

and postmarked on or before **March 16, 2009**. All argument in support of the Petition for Review must be attached to and submitted with the Petition for Review. The Petition for Review, including attachments, may not exceed five (5) pages. Any pages in excess of five (5) pages will not be considered and will be returned to the petitioner. *The docket number from the Initial Order of the Office of Administrative Hearings must be included on the Petition for Review.* Do not file your Petition for Review by Facsimile (FAX). Do not mail your Petition to any location other than the Agency Records Center.

GLH:xx

Attachment A

79

**Mailed to the following:**

| | |
|---|---|
| Kevin P Mertens<br>5050 N Maize Road # 424<br>Maize, KS 67101-7608 | Claimant |
| USPS Eagan IT/ASC<br>1845 Borman Court<br>St Louis, MO 63146 | Employer-Appellant |
| Talx<br>PO Box 283<br>St. Louis, MO 63166-0283 | Employer Representative |

why is this not in eopf

80

Tab 4
1 Page

81

## Case Numbers Mertens v.- Courts of | Courts Phone Numbers

| Case Numbers Mertens v.- | Courts Phone Numbers |
|---|---|
| City of Seattle-**306494** | 206-477-1400 |
| King County Superior Court-**971052234** (2001) | 206-477-1400 |
| Court Of Appeals-**478168** (2001) | 206-464-7750 |
| Washington State Supreme Court-**721840** (2002) | 360-357-2077 |
| Seattle Federal District Court- | 206-370-8400 |
| Ninth Circuit Court of Appeals-**05-35425** ~~(2003)~~ 2005 | 415-355-8000 |
| U.S. Supreme Court-**05-9138** and **05A529** | |
| **Archives October Term 2005-** | |
| **Mertens v Seattle (1076, 1188)** | |
| **Mertens v United States (1158)** | |
| City of Edmonds-**CR0011289** (2000) | 425-771-0210 |
| Snohomish County Superior Court-**011009006** (2001) | 425-388-3466 |
| Court of Appeals-**490982,543504** (2001) | 206-464-7750 |
| Washington State Supreme Court-**722315** (2002) | 360-357-2077 |
| (King County District Court East) City of Bellevue- | 206-205-9200 |
| King County Superior Court-**01-229918-2** | 206-477-1400 |
| Court of Appeals-**50468-1, 525891** (2003) | 206-464-7750 |
| Washington State Supreme Court-**732451** (2003) | 360-357-2077 |
| PACER (to view Circuit Court Case **(05-35425)** | 800-676-6856 |

05-9138 Sept 21, 2005

MSPB 2008

SF-0752-08-0392-I-1

Fed Circuit 2009-3159

MSPB 2021

PH-0752-21-0092-I-1

City of Seattle + Edmonds WA owe me $98,000 + 8% interest from 2003

reference # for edmonds records request RCC0285-02117

Seattle request #

C017009-082117

Case files - 415-355-7810 9th circus

Seattle Fed case #s

(S) 2:02 mc 73
(E) 2:02 mc 141
(S) 2:04 cv 1476
(S) 2:04 mc 29

view Docs thru Pac

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KEVIN P. MERTENS,<br>Appellant, | DOCKET NUMBER<br>PH-0752-21-0092-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: March 6, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin P. Mertens, Roseburg, Oregon, pro se.

Colleen M. Shook, Norfolk, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed without prejudice to refiling his appeal of the agency's removal action. On petition for review, the appellant challenges the administrative judge's rulings on discovery matters and his affirmative defenses, questions the accuracy of conference summary orders, accuses the administrative judge of bias, and requests that his appeal be transferred to another administrative judge. Generally,

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

83

2

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

In a February 18, 2021 pleading, the appellant requested that his appeal be dismissed without prejudice, stating that he required additional time to prosecute his appeal due to delays caused by the ongoing COVID-19 pandemic. Initial Appeal File (IAF), Tab 21 at 6. After convening a recorded telephonic conference to address the appellant's motion, the administrative judge issued an initial decision dismissing the appeal without prejudice to refiling, concluding

Not any earlier request?

that, consistent with the appellant's request, dismissal was appropriate to "facilitate efficient litigation of the appeal, conserve resources, and to avoid a lengthy continuance." IAF, Tab 28, Initial Decision (ID) at 1-2 *see* IAF, Tabs 26-27. The administrative judge informed the appellant that he must refile the appeal "**<u>by no later than August 30, 2021, but no sooner than May 4, 2021 – which is the date after which this decision becomes final.</u>**" ID at 2 (emphasis in original). The appellant timely filed a petition for review on April 27, 2021, in which he challenges the administrative judge's prior rulings on discovery matters and his affirmative defenses, questions the accuracy of her conference summary orders, accuses her of bias, and requests that she be disqualified and the case be reassigned to a new administrative judge in the Western Regional Office.

Petition for Review (PFR) File, Tab 1 at 2-17. The agency has filed a response requesting that the petition for review be denied, noting that the appellant is not challenging the administrative judge's decision to dismiss without prejudice the appeal and is instead challenging her prior rulings and arguing that his dismissal request should have been granted earlier. PFR File, Tab 3 at 6-7. The agency also argues that the Board should treat the appellant's timely petition for review as a timely filed petition for appeal. *Id.* at 7-8; *see Desmond v. Department of Veterans Affairs*, 90 M.S.P.R. 301, ¶¶ 6-7 (2001).

An administrative judge has wide discretion to control the proceedings before her, and a dismissal without prejudice to refiling is a procedural option left to her sound discretion. *Desmond*, 90 M.S.P.R. 301, ¶ 4. We have reviewed the record, including the telephonic status conference recording, and have not found any evidence that the administrative judge abused her discretion in dismissing the appeal without prejudice. Instead, she exercised her sound discretion in the interest of efficiency to allow the parties to resolve their ongoing discovery issues and to afford the appellant with additional time to prepare his case in light of delays caused by the ongoing COVID-19 pandemic. ID at 1-2; *see* IAF, Tab 27 at 1-3. We find that this is a proper use of her discretion, and we will not disturb the initial decision here.

We further decline to address the appellant's remaining arguments on review. *See Lewis v. Department of the Air Force*, 69 M.S.P.R. 40, 44 (1995) (stating that if an appeal has been dismissed without prejudice in an initial decision and the appellant then files a petition for review of that decision, the Board will not consider arguments raised on review concerning discovery disputes or other matters that should be considered by the administrative judge once the appeal has been refiled). Because the Board treats an appellant's timely petition for review of an initial decision dismissing the appeal without prejudice as a timely refiled petition for appeal, *Desmond*, 90 M.S.P.R. 301, ¶ 6, the appellant may present his assertions regarding continuing discovery disputes, the

85
*

scope of his affirmative defense claims, and any other claims to the administrative judge, *id.* Accordingly, we deny the petition for review, and we forward this case to the New York Field Office for adjudication on the merits. This is the final decision of the Merit Systems Protection Board regarding the initial decision dismissing the appeal without prejudice to refiling. 5 C.F.R. § 1201.113.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general.** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

88

(3) <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

202-275-8000

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando
______________________________
Gina K. Grippando
Clerk of the Board

Washington, D.C.

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Appellant

Certified Mail — Kevin Mertens
806 Woodwillow Drive

Roseburg, Oregon 97471

Agency Representative

Electronic Service — Colleen Shook
Served on email address registered with MSPB

03/06/2024
(Date)

*Markita Bryant*
Markita Bryant
Paralegal Specialist

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
NEW YORK FIELD OFFICE

| | |
|---|---|
| KEVIN P. MERTENS,<br>Appellant, | DOCKET NUMBER<br>PH-0752-21-0092-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: January 5, 2021 |

## ACKNOWLEDGMENT ORDER

This office has received the appellant's petition for appeal. A copy of the appeal is being sent to the agency with this Order. I am the administrative judge assigned to this appeal.

I **ORDER** the parties to follow the procedures set out in the separate notices below. If any party fails to follow my orders or the Board's regulations, I may impose sanctions pursuant to 5 C.F.R. § 1201.43. If either party has a question regarding any aspect of the case processing instructions set forth in this order, he or she may seek clarification at the phone number listed under my signature at the end of this order.

## NOTICE TO THE APPELLANT

### INTRODUCTION

If your appeal is timely filed, and within the Board's jurisdiction, you have the right to a hearing on the merits of your case. If you requested a hearing, I will schedule a hearing for you. If you did not request a hearing, you have 10 calendar days from the date of this Order to file a written request for one. If you do not request a hearing, you waive your right to one. In that event, you and the

agency will be given an opportunity to make written submissions before the record on your appeal closes.

## DESIGNATION OF REPRESENTATIVE

You may name a representative. If you already have a representative, you must fill out the enclosed "Designation of Representative" form and file it with the Board and with the agency within 10 calendar days of the date of this Order unless you have included your representative's name, address, telephone number, and signature in your appeal. If your representative has filed the appeal for you and you have not personally signed the appeal or submitted a signed "Designation of Representative" form, you also must file a signed "Designation of Representative Form" with the Board and with the agency within 10 calendar days of the date of this Order. If you name a representative after receiving this Order, fill out the enclosed "Designation of Representative" form and file it with the Board and the agency **immediately** after obtaining your representative.

You must **immediately** notify the Board and the agency in writing of any changes in the name, address, or telephone number of your designated representative.

If you register as an e-filer (see information below), you can use electronic filing to file a Designation of Representative, or to notify the Board of a change in contact information.

## DISCOVERY

Discovery is the procedure you may use to learn of any facts, documents, or other evidence the agency has that may be helpful to your case. If you wish to engage in discovery, initial requests or motions must be served on the other party within 30 calendar days of the date of this Order. Responses to initial discovery requests must be served promptly but no later than 20 days after the date of service of the other party's discovery request or the MSPB order. Unless you are filing a motion to compel, you must not submit your discovery requests and

responses to the Board. If you do, they will be rejected and returned to you. The procedures used for discovery are at 5 C.F.R. §§ 1201.71-.85.

It is the policy of the Board to decide an appeal within 120 calendar days of receipt. The Board expects all parties to assist in the expeditious processing of this case by honoring requests for relevant documents and producing material witnesses without additional Board intervention.

The regulations require that the parties attempt to resolve a discovery dispute before filing a motion to compel with me. Thus, the party who disputes the other's compliance must discuss the anticipated motion with the other party, and they both must make a good faith effort to resolve the dispute and narrow their disagreement. They must also include with any motion a statement indicating that they have complied with this requirement. 5 C.F.R. § 1201.73(c)(1).

## RESPONSE TO MOTIONS

You may file a response or objection to any motion filed by the agency. Unless otherwise specified by me or the Board's regulations, your response or objection must be filed with this office and served upon the agency within 10 calendar days of the date that appears on the agency's certificate of service. I will reject any untimely response or objection unless you show good cause for the delay in filing. **Note that if, prior to the close of the record, you fail to object to any of my written or verbal rulings on a matter raised by you or the agency, you will be precluded from challenging that ruling on petition for review or cross-petition for review.**

## GENERAL INSTRUCTIONS

### FILING PLEADINGS WITH THE MSPB

A "pleading" is any written submission setting out claims, allegations, arguments, or evidence. Pleadings include briefs, motions, petitions, attachments, and responses. 5 C.F.R. § 1201.4(b). Pleadings can be filed via

postal mail, facsimile (fax), personal or commercial delivery, or in electronic format via e-Appeal Online (https://e-appeal.mspb.gov/). Pursuant to 5 C.F.R. § 1201.26, all pleadings filed with the Board must meet the following requirements:

(1) All pleadings must be legible and either printed on 8½ by 11 inch paper, or formatted so that they will print on 8½ by 11 inch paper.

(2) All pleadings must be filed by the date set by me or the Board's regulations. The date of filing is the date your submission is postmarked, faxed, the date of electronic submission if you e-file, or the date of receipt if you personally deliver it to the Board's regional office. Extensions of filing dates will only be granted if requested in writing and if good cause is shown. **A continuance of a hearing date will be granted only if requested in writing in accordance with the Board's regulation at 5 C.F.R. § 1201.51(c), which requires an affidavit or sworn statement, and if you are able to show extraordinary circumstances.**

(3) All pleadings must be served upon opposing parties and their representatives, must be accompanied by a certificate of service stating (a) the names and addresses of the parties served; (b) the manner of service (personally delivered, mailed, faxed, or electronic delivery); and (c) the date of service. A certificate of service is attached to this Order and lists the names and addresses of the parties who must be served in this case. The attached certificate of service constitutes a model which you may follow in preparing your own certificate of service. The Board may reject a submission that does not have a certificate of service. If you register as an e-filer, a certificate of service will be prepared automatically as part of the pleading you file online.

**Pleadings Submitted in Hardcopy**

When a pleading submitted by postal mail, fax, personal or commercial delivery includes three or more documentary attachments, the attachments should be "tabbed." A "tab" is a dividing page, a portion of which extends beyond the normal 8½ inch width of the paper, and which contains a description or label. When such a pleading is submitted via fax, each page of the attachments should be sequentially numbered and the attachments should be preceded by a table of contents describing each attachment and indicating the page on which it starts.

Special instructions for preparing the Agency's response to the appeal under 5 C.F.R. § 1201.25 are included below.

All documents within a tab must have new page numbers (by hand if necessary) so that each document, within each tab, is re-numbered, from the first page of the first document to the last page of the last document. This will allow for specific page references to the record, by tab and by page number within a tab. The new page numbers should be placed in the bottom right-hand margin of each page. If some pages within a tab are already numbered in the bottom-right margin, parties should place the new page numbers just to the right of the original page numbers.

**Pleadings Submitted via e-Appeal Online**

Electronic bookmarks and tables of contents take the place of physical "Tabs" in pleadings filed by traditional means. When an e-filed pleading contains three or more electronic supporting documents, each attachment must be identified, either by filling out the table for such attachments at e-Appeal Online, or by uploading the supporting documents in the form of one or more PDF files in which each attachment is bookmarked. 5 C.F.R. § 1201.14(g)(3).

Regardless of whether it is uploaded or entered online, each pleading will be assembled into a single PDF document, which will include all electronic attachments, and will contain sequential page numbers. E-filers need not manually paginate their pleadings and attachments.

Pleadings are subject to a 10 megabyte size limit. To avoid exceeding this limit, e-filers are encouraged to scan documents in black and white and to adjust settings to limit file size. If what would otherwise be a single pleading must be broken into multiple pleadings because of the size limit, each should contain the same descriptive title, together with a "Part" designation in parentheses, e.g., Agency File (Part A), Agency File (Part B), etc.

For more information about e-filing, read the Board's regulation at 5 C.F.R. § 1201.14, or visit e-Appeal Online (https://e-appeal.mspb.gov/) and click the link entitled "How does Electronic Filing Work?"

## REGULATIONS

For more detailed information on these procedures, you should refer to the Board's regulations in 5 C.F.R. Part 1201. The regulations are available for review in agency personnel offices, law libraries, some large public libraries, and at the Board's website (http://www.mspb.gov).

## NOTICE TO THE AGENCY/INTERVENOR

## AGENCY RESPONSE

I **ORDER** the agency to read, comply with, and/or respond to any and all portions of the "Notice to Appellant" which are applicable to it. I also **ORDER** the agency to serve me, appellant, and appellant's representative (if applicable), with the material listed on the enclosed schedule and any other information required by 5 C.F.R. § 1201.25 within 20 calendar days of the date of this Order.

## DESIGNATION OF REPRESENTATIVE

The agency must designate a representative. I **ORDER** the agency to file the name, address, and telephone number of the person authorized to act for the agency on the enclosed "Designation of Representative" form within 20 calendar days of the date of this Order. The representative must have authority to settle this appeal or be able to directly reach someone with that authority on short notice.

## NOTICE TO THE PARTIES

## SETTLEMENT

The Board strongly encourages the settlement of the appeals that come before it. Even where discussions between the parties do not result in settlement,

they often help to define the issues and assist the parties in agreeing to stipulations. I therefore urge the parties to contact each other to discuss the possibility of settlement as early in this proceeding as possible. I am available to assist in the discussions. The parties should discuss concrete, specific settlement proposals unless either party concludes in good faith that no compromise of any kind is possible. They must also be prepared to discuss with me the status of any settlement discussions. *See* 5 C.F.R. § 1201.41(b)(12) (the administrative judge is authorized to "[h]old prehearing conferences for the settlement and simplification of issues").

If the parties agree to settle this appeal, and to enter the agreement into the record, the Board will retain the authority to enforce its terms. However, if they do not enter the agreement into the record, the Board will have no authority to enforce the agreement.

FOR THE BOARD:

____________/S/__________________
Maria M. Dominguez
Administrative Judge
New York Field Office
26 Federal Plaza, Room 3137A
New York, NY 10278
Phone: (212) 264-9372
Fax: (212) 264-1417
V/TDD (800) 877-8339

Enclosures

## MSPB SCHEDULE 752
## REQUIREMENTS FOR AGENCY FILE

Insofar as the content of the Agency File is concerned, the instructions that follow apply in all cases. Insofar as the instructions refer to tabbing and numbering of Agency File materials, they apply only to instances in which the Agency File is submitted via postal mail, or personal or commercial delivery. **When the Agency File is submitted via e-Appeal Online, the requirements of 5 C.F.R. § 1201.14(g)(3) apply.** When the Agency File is submitted via fax, each page of the attachments should be sequentially numbered and the attachments should be preceded by a table of contents describing each attachment and indicating the page on which it starts.

### General Information

All evidence submitted will be disclosed to the parties. Therefore, no classified document can be received in evidence unless accompanied by a statement that it is declassified and that full disclosure is permitted.

### Materials Required to be Tabbed, with Pages Re-numbered within a Tab, and Filed

1. A narrative response to the appeal and all material issues raised by appellant.

   [Indicate whether appellant is an "employee" as defined by 5 U.S.C. §7511(a)(1) or 39 U.S.C. §1005(a) (4) (A) (ii). If appellant was barred from active duty during the notice period, explain the reasons and authority for that action.]

2. With the exception of Postal Service cases, a statement whether appellant is covered by a collective bargaining agreement and whether that agreement covers the action being appealed.

   [If so, provide a copy of the applicable provision(s) and state whether appellant has grieved the action. If appellant has, submit a copy of the grievance and indicate the date it was filed.]

3. A statement whether appellant has filed a formal complaint of discrimination on the action being appealed.

   [If so, indicate its current status, provide a copy of the complaint, indicate the date the complaint was filed, and the agency's decision, if any.]

4. Copies of all other documents, which are relevant and material to this appeal.

[Provide copies of the notice of proposed action; appellant's written reply and summary of the oral reply, if any; the decision letter; the SF-50 (or other notification of personnel action) documenting the action; evidence supporting the action; and documentary evidence of any past record relied upon in taking the action.]

**Instructions for Assembly of the Agency File**

The agency's file must be organized as described below. Failure to do so will result in rejection of the submission.

All documents submitted in hardcopy must be bound at the top (not the side) with a two-hole fastening device. The holes must be 2 and 3/4 inches apart. A cover is not required.

Documents in item 4 must be arranged by date with the most recent on top and the oldest on bottom. Documents must be individually tabbed using the letters of the alphabet, e.g., 4a, 4b, 4c, etc.

All documents within a tab must have new page numbers (by hand if necessary) so that each document, within each tab, is re-numbered, from the first page of the first document to the last page of the last document. This will allow for specific page references to the record, by tab and by page number within a tab. The new page numbers should be placed in the bottom right-hand margin of each page. If some pages within a tab are already numbered in the bottom-right margin, parties should place the new page numbers just to the right of the original page numbers.

A Table of Contents is placed on top of the tabbed documents. Use the following headings for the Table:

| Location | Date | Document Description | Source |
|---|---|---|---|

[The "location" is the tab number; the "date" is the date of the document; the "document description" fully identifies the document; and the "source" indicates the individual or office who authored or otherwise produced the document.]

A completed Designation of Agency Representative form must be placed on top of the Table, if not previously submitted. A transmittal letter, identifying the case by name and docket number, must be placed on top of the Designation.

A Certificate of Service must be inserted on the bottom of the tabbed file.

# Merit Systems Protection Board

**-- Designation of Representative --**

Please print or type:

**Appellant's Name:** **Kevin P. Mertens**
**Agency Name:** **Department of the Navy**
**Docket Number:** **PH-0752-21-0092-I-1**

The parties may use this form or a similar document to designate any organization or individual to represent them before the Board. (Appellants representing themselves do not need to submit a designation of representative). The choice of representative must not result in a conflict of interest for the organization or person chosen. Each party must make all arrangements for representation. **The Board does not designate a representative for any party to this appeal.** The representative(s) must be able to proceed promptly. Normally, continuances or extensions of time **will not be granted** if the appellant or agency delays in seeking or arranging representation, if the representative cannot proceed in a timely manner, or for changes in representative(s). Despite the designation of representative, **the parties remain personally responsible for prosecuting the case in a timely manner.**

The purpose of the representative is to assist and counsel the appellant or agency in the preparation, presentation, or defense of the appeal. The representative appears with, or for, the party at hearings, settlement negotiations, or other proceedings before the Board. **The representative has the authority to settle the appeal. Any limitation on the representative's settlement authority must be filed in writing with the Board. By designating a representative, you agree to allow the Board to disclose to your representative all information concerning the appeal.**

**DESIGNATION:** The individual or organization named below is hereby designated to represent the

Appellant ❑ Agency ❑

in connection with this appeal before the Board. **This individual or organization is to be served copies of all communications concerning this appeal from the Board or from the other party(ies).** The address and telephone number of the representative provided below must be correct and specific to ensure that mail or other communications are received promptly. Any change or cancellation of this designation **must be provided, in writing,** to the Board, and to the other party(ies).

**SERVICE METHOD:** US Mail ❑ FAX ❑ E-Mail ❑

Name of Representative: ______________________________
Address: ______________________________
______________________________
City: ____________________ State: ______ Zip Code: __________
Phone Number: ______________ FAX: ____________ Other(E-Mail, etc.): ______________

Signature of Appellant or Agency Authorizing Official: ____________________ Date: _______

Representative's Signature: ______________________________ Date: _______

**RETURN THIS FORM TO THE BOARD OFFICE WHERE THE APPEAL IS PENDING. PROVIDE A COPY TO THE OTHER PARTY(IES). <u>BOARD REGULATIONS REQUIRE THAT COPIES OF ALL COMMUNICATIONS MUST BE SERVED ON THE OTHER PARTY(IES).</u>**

Case: 24-1781 Document: 13 Page: 236 Filed: 07/22/2024 (236 of 456)

## PRIVACY ACT STATEMENT

During the course of processing the appeal, which you or your representative has filed, the Merit Systems Protection Board collects personal information that is relevant and necessary to reach a decision in your case. The Merit Systems Protection Board collects this information in order to process appeals under one or more of the following authorities: Title 5 U.S.C. §§ 1302, 1221, 3301, 3302, 4302, 5115, 5338, 5345, 5346, 7151, 7154, 7301, 7501, 7512, 7701,and 8347; as well as Executive Orders 9803, 11222, 11478, 11491, and 11787. Because your appeal is a voluntary action, you are not required to provide any personal information to the Merit Systems Protection Board in connection with your appeal. Conceivably, failure to provide all information essential to reaching a decision in your case could result in the dismissal or denial of your appeal.

**DECISIONS OF THE MERIT SYSTEMS PROTECTION BOARD ARE AVAILABLE TO THE PUBLIC UNDER THE PROVISIONS OF THE FREEDOM OF INFORMATION ACT AND ARE POSTED TO THE MERIT SYSTEMS PROTECTION BOARD'S PUBLIC WEBSITE. SOME INFORMATION ABOUT THE APPEAL ALSO IS USED IN DEPERSONALIZED FORM FOR STATISTICAL PURPOSES. FINALLY, INFORMATION FROM YOUR APPEAL FILE MAY BE DISCLOSED AS REQUIRED BY LAW UNDER THE FREEDOM OF INFORMATION ACT AND THE PRIVACY ACT. *SEE* 5 U.S.C. §§ 552, 552A.**

102

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

## NOTICE

## SUSPENDED APPEAL PROCEDURE

Both the appellant and the agency are entitled to have this appeal adjudicated as quickly as possible, usually within 120 days (*see* 5 U.S.C. §7702(a)(1)). In some situations, however, the parties or the judge may conclude that more time than is routinely provided should be granted. Therefore, the judge may issue an order suspending the processing of an appeal for up to 30 days. The judge may grant a second order suspending the processing of an appeal for up to an additional 30 days. No case may be suspended for more than a total of 60 days under these procedures. *See* 5 C.F.R. § 1201.28.

Should the parties contact the administrative judge during the period of suspension for assistance, and if the administrative judge's involvement is likely to be extensive, the judge will notify the parties that it will be necessary to terminate the suspension and return the case to standard processing.

↑ This applies to my objections on Jan 30, Feb 2 and Feb 7, 2021

## NOTICE

## ALTERNATIVE DISPUTE RESOLUTION

The Merit Systems Protection Board (MSPB), in an effort to provide alternatives to the regulatory adjudication process, offers the parties to the appeals brought to the Board several dispute resolution options. This notice will familiarize you with those possibilities so that you can consider them and discuss them with the Administrative Judge before you decide how to proceed. All options are cost free. Settling your case with the assistance of the professional who will guide the parties through the process offers your best chance of reaching a resolution of the appeal that benefits both parties. Accordingly, the MSPB urges you to be open to the possibility of such a resolution at all times.

## THE MEDIATION APPEALS PROGRAM

The Mediation Appeals Program (MAP) is a voluntary, confidential process in which the parties meet with a trained mediator in a non-litigious, non-adversarial setting. Even more than the other settlement options available, MAP encourages the parties to approach settlement with an open mind and to consider possible resolutions that may not mirror a potential outcome of the adjudication process. Both parties must agree to mediation, and the MSPB must concur that it could be beneficial, given the circumstances of the case and of the parties. Because the appeal will be outside the normal adjudication process while it is in MAP, your agreement to mediate requires that you be ready to proceed to mediation without delay, and that you be willing to finalize any settlement you may reach expeditiously. Cases should normally not spend more than 30 days in the program.

The mediator will meet with the parties and facilitate discussions between them in an effort to find common grounds on which to resolve the appeal. In some circumstances, mediations may be done by video-conference or by telephone, but they are usually done in person. If the efforts to resolve the appeal do not result in a settlement, the mediator will have no input into the adjudication of the appeal. Nonetheless, the parties are likely to return to adjudication with a better understanding of what is important to them and to the other party, which often helps them reach a settlement during the adjudicatory process. A brochure that further explains MAP is enclosed for your review or is available on-line at www.mspb.gov/map. If you have other questions specific to the mediation option, in addition to discussing them with the Administrative Judge, you may call the MAP Regional Operations Coordinator, Kiecia Payne, at (202) 653-6772, ext. 1840, or e-mail at regionaloperations@mspb.gov.

104

## THE SETTLEMENT JUDGE PROGRAM

A Settlement Judge is an Administrative Judge like the one assigned to your appeal, but he or she is assigned specifically and solely to discuss settlement options with the parties. Like the Administrative Judge assigned to your appeal, a Settlement Judge is skilled at evaluating the parties' positions and offering sound advice on the strengths and weaknesses of each party's position. A Settlement Judge plays no part in the processes and procedures through which an appeal goes during the course of the traditional adjudication process, and has no input into the decision if the appeal does not settle. For this reason, some parties feel more open to frank discussion of their appeals and their settlement goals with a Settlement Judge.

Unlike MAP, both parties do not have to request the services of a Settlement Judge. However, there must be a genuine willingness by both parties to explore settlement before one will be appointed. Accordingly, if, after initial settlement discussions between the parties and with the assigned Administrative Judge, a party believes the assignment of a Settlement Judge would be useful, a request may be made to the Administrative Judge or the Regional Director. If the Regional Director or Chief Administrative Judge concurs, a Settlement Judge will be assigned.

## THE MSPB SETTLEMENT PROGRAM

The Administrative Judge assigned to decide your appeal will explore the possibility of settlement with the parties to almost all appeals. Thus, you need not make any election if this is the option you prefer. Through the documents filed by the parties and the evidence submitted, the Administrative Judge becomes thoroughly familiar with the case and is in the best position to discuss the strengths and weaknesses of the appeal, as well as to evaluate not just the likelihood of success but also the validity of settlement offers made by the parties, and to suggest proposals for their consideration. Administrative Judges often spend considerable time working with the parties to help them craft mutually beneficial settlements in lieu of adjudication, in which it is more likely that there will be a "winning" and a "losing" side. Any settlement discussions with the Administrative Judge, however, have no effect on the ultimate outcome of the appeal if the case does not settle.

105

# ELECTRONIC FILING AT THE MSPB

Parties and representatives who register as e-filers can file virtually any type of pleading, including a new appeal, in electronic form. Those who register as e-filers will receive documents issued by the Board, and pleadings filed by other e-filers, in electronic form. Registration and filing are done via the Board's e-Appeal site on the Internet: (https://e-appeal.mspb.gov). The Board's electronic filing application includes the following features:

- Both the Board and e-filers will receive electronic documents on the same day they are submitted.
- E-filers need not disclose their e-mail addresses to anyone except the MSPB.
- E-filers can either enter their pleadings online or upload them as electronic files.
- Documents can be submitted in any common electronic format, including word-processing and image formats (electronic files created by scanning paper documents).
- Should they choose to do so, e-filers will be able to submit their pleadings and supporting attachments in the form of declarations made under penalty of perjury. The Board gives greater evidentiary weight to statements in this form than to unsworn statements.
- Regardless of whether it is uploaded or entered online, each pleading will be assembled into a single PDF document, which will include all electronic attachments, and which will contain sequential page numbers. Pagination will enable everyone involved to make specific citations to the record.
- If unable to complete a pleading while online, an e-filer will be able to save his or her work and complete it during a later session.
- E-filers will be provided a confirmation of electronic filing, and will be able to print or download a copy of the assembled pleading as a PDF document.
- Service of pleadings on other e-filers will be automated.
- If you elect to be served electronically, MSPB will e-mail you notification when documents are posted to the e-Appeal repository. You will need to download or read the documents from the repository. If your mail service has spam filters, please ensure that mail from @mspb.gov is approved or check your junk folder routinely.
- When a party who is an individual is represented, the party and the representative can separately decide whether to register for e-filing. If only the representative registers for e-filing, the party will continue to receive documents by regular mail unless I waive that rule in a specific case.
- Although registration as an e-filer permits participants to file pleadings electronically, they may file any pleading, or portion of a pleading, by non-electronic means. As noted above, however, the Board strongly urges the parties to submit all pleadings and attachments electronically.
- Registration as an e-filer can be withdrawn at any time, but while in effect means that the individual consents to accept electronic service of all documents issued by the Board and all pleadings submitted by other e-filers.

For further information about electronic filing, please read the Board's regulation at 5 C.F.R. § 1201.14, or visit the Board's regular website (http://www.mspb.gov), or the Board's e-Appeal site (https://e-appeal.mspb.gov).

106

## NOTICE TO SELF-REPRESENTED APPELLANTS

Your petition for appeal indicates that you are currently representing yourself before this office. The Federal Circuit Bar Association (FCBA) may be able to assist you in finding an attorney to represent you, if you are interested in pro bono representation, that is, representation at no cost to you. If you are interested in being represented in your appeal before this office, please click on this link or paste it into the address bar on your browser:

https://fedcirbar.org/Pro-Bono-Scholarships/Government-Employees-Pro-Bono/Overview-FAQ

**Please note** that the MSPB neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case. It will be the decision of the individual appellant to contact the FCBA about the possibility of pro bono representation, and it will be the decision of any attorney an appellant is referred to whether they will provide pro bono representation.

# CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Appellant

U.S. Mail

Kevin P. Mertens
5050 North Maize Road #424
Maize, KS 67101

← This address is from my appeal for USPS 2008 - 2009. It is no longer valid.

U.S. Mail

Kevin P. Mertens
588 Rivershore Drive
Roseburg, OR 97470

← use this address.

Agency Representative

U.S. Mail

Debra M. Evans, Esq.
Department of the Navy
NAVFAC MIDLANT
Office of Counsel
9324 Virginia Avenue
Bldg Z-140, Room 303
Norfolk, VA 23511

January 5, 2021
(Date)

/s/
Gwendolyn Gatling
Paralegal Specialist

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
NEW YORK FIELD OFFICE

KEVIN P. MERTENS,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
PH-0752-21-0092-I-1

DATE: January 7, 2021

## ORDER

The record reflects that the appellant has raised affirmative defenses of harmful procedural error and violations of law.[1] In order to ensure that the affirmative defenses are fairly adjudicated, to avoid undue delay in the processing of this appeal, and to facilitate the conduct of the prehearing conference during which the affirmative defenses will be discussed in detail, the appellant is required to specifically identify the factual bases for his claims on these matters and the agency is required to specifically respond to those claims with the information requested herein.[2] The deadlines for these submissions are set forth at the conclusion of this Order.

---

[1]If the appellant is raising any other affirmative defense, he must identify those defenses with specificity in response to this Order.

[2]If a party is unable to provide the information requested because an outstanding discovery request has not yet been complied with, that party should file a statement to that effect. In that event, I **ORDER** the party to file the requested information (or to supplement any previously provided information) within **seven** days of the date of service of the response to the discovery request. If it is the appellant who needs additional time to respond to this Order due to an outstanding discovery request, the agency's response to this Order is to be filed ten days from the date of service of the appellant's eventual response.

The parties are advised that the appellant has the burden of proving, by preponderant evidence[3], his affirmative defenses. Accordingly, I have set forth below the burdens of proof concerning the affirmative defenses alleged by the appellant and what is necessary for him to prove his defense in each instance.

I recognize that responding to this Order will be time consuming for both parties. However, experience shows that the identification of this information prior to the prehearing conference helps the appellant focus his preparation for the hearing on what he needs to prove in order to prevail, facilitates settlement discussions, and shortens both the prehearing conference and the hearing, providing cost savings to both parties and the Board.

This directly relates to this Appeal on AFF. defenses

Harmful Procedural Error

To prove harmful procedural error, the appellant must prove that the agency committed an error in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See* 5 C.F.R. § 1201.4(r). The burden is upon the appellant to show that the agency committed an error and that the error was harmful, *i.e.*, that it caused substantial prejudice to his rights.

I **ORDER** the appellant to identify: (a) the agency regulation or collective bargaining agreement (CBA) provision that he believes has been violated; (b) the manner in which it has been violated; and (c) the resulting harm or prejudice to his rights. The appellant must also submit a copy of any such regulation or CBA provision.

I **ORDER** the agency to respond to each of the matters identified by the appellant.

---

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

Violations of Law

I **ORDER** the appellant to specifically identify the provisions of the law which he believes have been violated. In addition, he is to provide me with a copy of each of the provisions identified.

I **ORDER** the agency to respond to these matters.

Deadlines

The appellant's submission, as required under this Order, must be filed within 15 days of the date of this Order. The agency's submission must be filed within 25 days of the date of this Order.

FOR THE BOARD:

/S/

Maria M. Dominguez
Administrative Judge
Phone: (212) 264-9372
Fax: (212) 264-1417

111

# CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

U.S. Mail — Kevin P. Mertens
5050 North Maize Road #424
Maize, KS 67101

U.S. Mail — Kevin P. Mertens
588 Rivershore Drive
Roseburg, OR 97470

<u>Agency Representative</u>

U.S. Mail — Debra M. Evans, Esq.
Department of the Navy
NAVFAC MIDLANT
Office of Counsel
9324 Virginia Avenue
Bldg Z-140, Room 303
Norfolk, VA 23511

January 7, 2021
(Date)

/S/
Malachi Robinson
Paralegal Specialist

112

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
NEW YORK FIELD OFFICE

KEVIN P. MERTENS,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
PH-0752-21-0092-I-1

DATE: January 29, 2021

## SUMMARY OF STATUS CONFERENCE

I held a status conference today with the appellant, pro se, and Colleen M. Shook, Esq., the agency's representatives, the purpose of which was to discuss the agency's burden of proof and the possibility of settlement. **If either party believes that this summary incorrectly states the substance of the discussions that occurred during the status conference today, he/she must notify me of same by Friday, February 5, 2021. In the absence of such notice, this summary will be final and will not be modified without a showing of good cause.** Below is a summary of what we discussed.

Issue & Burden of Proof

The appellant has appealed the agency's decision to remove him from his position. I explained that the agency bears the burden of proof by a preponderance of the evidence as to its charges and penalty. Preponderant evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely true than not. *See* 5 C.F.R. § 1201.56(c)(2). The agency must prove each element of its charges. *Burroughs v. Department of the Army*, 918 F.2d 170,

172 (Fed. Cir. 1990). The agency must also prove: (1) The existence of a nexus between the sustained charges and the efficiency of the service, 5 U.S.C. § 7513(a); and (2) the reasonableness of its penalty. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 302 (1981).

Appropriateness of the penalty

Where the agency's charges are proved, the Board will review an agency-imposed penalty only to determine if the agency conscientiously considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *See Canevari v. Department of the Treasury*, 50 M.S.P.R. 311, 317 (1991); *Douglas*, 5 M.S.P.R. at 306. The Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to insure that managerial judgment has been properly exercised. Only if the Board finds that the agency failed to weigh the relevant factors, or that the agency's judgment clearly exceeded the limits of reasonableness, is it appropriate for the Board then to specify how the agency decision should be corrected to bring the penalty within the parameters of reasonableness. *Id.*

Settlement

The parties are unable to settle this matter.

Appellant's response

In the appellant's affirmative defense response, he included a number of items which were discussed today. I advised him, in response to his inquiry, that I was not aware of his prior Board appeal or, its relevance to this matter.

I also asked the appellant why he had filed a motion to compel since the deadline for response from the agency has not passed. He was unaware of the fact a motion to compel is not to be filed with the Board unless the agency has

failed to respond. The parties are in the process of completing discovery and the appellant is considering seeking representation.

The appellant was advised of the option of being given a 30-day suspension or a dismissal without prejudice in order to give him additional time. The appellant advised us he is having a difficult time conducting research at his local library due to the covid pandemic. However, he sought, and I granted, a 30-day suspension, which will be addressed under separate cover.

FOR THE BOARD: /S/

Maria M. Dominguez
Administrative Judge
Phone: (212) 264-9372
Fax: (212) 264-1417

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

| | |
|---|---|
| U.S. Mail | Kevin P. Mertens<br>5050 North Maize Road #424<br>Maize, KS 67101 |
| U.S. Mail | Kevin P. Mertens<br>588 Rivershore Drive<br>Roseburg, OR 97470 |
| | <u>Agency Representative</u> |
| Electronic Mail | Colleen M. Shook<br>Department of the Navy<br>NAVFAC MIDLANT Office of Counsel<br>9324 Virginia Ave, Bldg Z-140<br>Norfolk, VA 23511 |

| | |
|---|---|
| January 29, 2021 | /S/ |
| (Date) | Malachi Robinson<br>Paralegal Specialist |

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
NEW YORK FIELD OFFICE

| | |
|---|---|
| KEVIN P. MERTENS,<br>Appellant, | DOCKET NUMBER<br>PH-0752-21-0092-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: January 29, 2021 |

## ORDER SUSPENDING CASE PROCESSING

The Board's regulations grant an administrative judge the discretion to issue an order suspending case processing for up to 30 days and to grant a second suspension for another 30 day period. 5 C.F.R. § 1201.28. I find it appropriate to suspend case processing of the appeal for 30 days beginning on **January 29, 2021**. Case processing will resume on **February 28, 2021**. If the date on which the suspension ends is a day on which the Board is closed for business, the obligations of the parties resume on the next business day.

## HEARING

The hearing in this appeal will now be held:

Date: **April 20, 2021**

Time: **09:00 a.m.**

Location: Zoom for Government video conference.

Details will be provided in a separate notice. If the appellant fails to appear without good cause, the appeal will be decided without a hearing. If the agency

representative fails to appear, the hearing will, absent extraordinary circumstances, proceed as scheduled.

## PREHEARING SUBMISSIONS

I **ORDER** the agency and the appellant to file prehearing submissions and a witness list by **April 9, 2021**.

## PREHEARING CONFERENCE

I will conduct a telephonic prehearing conference on **April 12, 2021**, at **01:00 p.m.** Witness requests and hearing exhibits will be reviewed in detail and the facts and issues of the appeal that will be addressed at the hearing will be discussed. Unless otherwise specified, all discovery efforts will terminate on this date. The parties must be prepared, as appropriate, to discuss settlement, to define the issues, and to reach stipulations of uncontested facts. To join the conference, you must call **1-800-793-9878**, and at the prompt enter Participant Code **78086587**.

NOTE: Since I will discuss settlement options during this conference, representatives must have the authority to settle this appeal or be able to reach the person with that authority on short notice. We may include that person in the conference discussions if I deem it necessary.

FOR THE BOARD: /S/

Maria M. Dominguez
Administrative Judge
Phone: (212) 264-9372
Fax: (212) 264-1417

# CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

| | |
|---|---|
| U.S. Mail | Kevin P. Mertens<br>5050 North Maize Road #424<br>Maize, KS 67101 |
| U.S. Mail | Kevin P. Mertens<br>588 Rivershore Drive<br>Roseburg, OR 97470 |
| | <u>Agency Representative</u> |
| Electronic Mail | Colleen M. Shook<br>Department of the Navy<br>NAVFAC MIDLANT Office of Counsel<br>9324 Virginia Ave, Bldg Z-140<br>Norfolk, VA 23511 |

January 29, 2021
(Date)

/S/
Malachi Robinson
Paralegal Specialist

NYC



Mertens
appellant
V.
Dept of Navy
agency

Docket #
PH - 0752 - 0092 - I - 1

Date: Jan 14, 2021

Appellants Response to MSPB order on affirmative Defenses. dated Jan 7, 2021

Violations of Law: Violations ~~of~~ CBA or agency regulations:

1. Employer Violated FMLA of 1993

A. Employer failed to follow requirements of the Act. and its obligations under the act.

B. Employer created an atmosphere of fear for the appellant

C. Appellant established Serious health conditions ~~[illegible]~~ during →employment and Prior to removal

d. Employer failed to allow FMLA →Leave by employee as required under the FMLA.

2. Employer violated ADA of 1990/2008 Title 1 + IV

A. Appellant had Serious Mental and Physical disabilities that required him to be on leave of absense

B. Employer made no attempt to acommodate Appellant with the serious issues

C. Employer retaliated against Appellant for using FMLA and for filing greivance on A LOR that is the basis for Removal.

3. Employer violated ADA when it discriminated against Appellant for a work place injury that was the result in Part of a well established and disabling injury.

4. Employer failed to provide Appellant a representative during the ~~removal~~ time of Administative leave Thru removal

~~A. Employer disguised removal process as being a single issue.~~

A. Employer did not disclose that removal was being processed on employee. Appellant was not granted a representative for any of the 3 issue's raised for removal

5. Agency failed to Properly administer Douglas factors.

Note: A. Appellant will provide MSPB with the 208 page response to proposed removal ~~much of the details~~. the that will clerify vilations (see #7 below)

6. ~~Agency~~ Agencies deciding official issued the order for the Admisitrative Investigation that was conducted in violation of Investigative process.

121

6. . . "

A. The official that conducted the Administrative investigation acted in a prejudicial manner in violation of the appointing officials order. Problem is the appointing official that was the deciding ~~offra~~ official for removal, is the same official. How could he fairly decide that a violation of his own order was improper and removal not harmful or predjudicial to his own original order.

7. This Agency (MSPB) threw out an appeal by the appellant for this case for being untimely in order to protect the agency (USPS) from a wistle blower/discrimination case. Judge Kang has written an opinion that is in the appellants e-OPF file. ~~This~~ The current Agency had access to that decision and formed an erronious opinion that encouraged the decision for removal here. See: Douglas factors and Proposed removal.

Note: is Judge Dominguez aware of this former appeal?

~~Page 3 of 4~~

8. I feel that MSPB is attempting to cause harm to my appeal by engaging in time constraints that are difficult ~~to~~ for the appellant to comply with.

The agency has a team of attorney's that have worked on my removal. I have requested a list of their names and contact info. They know ~~bet~~ exactly what violations of Law and Procedure have taken place here. I am willing to listen!

I am attempting to find representation and that representative may find additional violations that the agency committed. It is not fair to the appellant that he be forced to detail all of those here in this response. Please be aware if there are additional issues to add I will be asking MSPB to accept those.

9. Appellant will attempt to e-file the 208 page response the agency has ASAP.

Signed Kevin Mertens 1-14-21
Kevin mertens

MSPB
NYC

123

Kevin Mertens
Appellant
v.
Dept. of Navy
Agency

Docket #
PH-0752-21-0092-I-1

Date Jan 19, 2021

Should be motion for discovery.

Motion To Compell Discovery

1. Appellant requests agency to furnish the below requested Materials and Information.

A. All E-mails within the Appellants Outlook account for Kevin.Mertens@Navy.Mil Dating from Day/time of employment to removal on Dec 2, 2020. This includes Sent, Received, Drafts and Desk top folders. The access to this discovery was requested prior to removal and access to my desk TOP computer was never obtained. E-mails provide proof that Stacey Sangillo and Mike Gurchick were aware of Serious illness, retaliated for the filing of grievences, retaliated for use of SL and FMLA, Failed to communicate about/with Appellant concerns of the work place environment and other evidence directly related to the removal and this appeal.

B. Name and contact information for:

1. All personnel furnished a copy of the appellants "response to proposed removal" that is 208 pages in length. (including MTC)

2. All personnel who worked on the Agencies "proposed removal" and "Decision on Notice to proposed removal"

~~Page 1 of 2~~

3. All personel on the panel gathered for the purpose of deciding that work place violence took place and Administrative Leave was warrented.

C. All information requested by Appellants FOIA to NavFac MIDLANT that has not been delivered as of today.

~~2.~~ 1. Appellants personnel file kept at Sub base New London

2. redacted info contained in FOIA request of 2018

D. All ~~commu~~ written communications ~~between~~ e-mails and any other between Lynne Richesin - Stacey Sangillo and Michael Gurchik during the period of Appellants employment, that the appellant is the subject of.

E. Further Discovery requests may be necessary based on the Agencies filings with MSPB and/or evidence obtained from this request.

Signed Kevin Mertens
Kevin Mertens

Jan 19, 2021

MSPB
NYC



KP mertens
Appellant
v
Dept of Navy
Agency

Docket #
PH-0752-0092-I-1

Date Jan 14, 2021

Motion for Extensions of Time

1. Appellant request that the MSPB allow 25 days extension of time for any filing or submission due date for good cause below:

A. The appellant works Full time and as of this date is representing pro se
B. Appellant does not have access to a computer and will not be able to e-file
C. All computer related searches by appellant will be by his cell phone. All research will take tme.
d. Appellant does not have access to a permenant work area.
e. USPS Mail is slower than usual

2. The appellant appreciates Judge Dominguez expressing the desire to have me focus, however allowing me more time to provide a thorough brief will not harm the agency or the Board it will only help me.

The appellant may or may not have a hearing. I ~~May~~ am seeking affordable counsel and if I can not obtain such, I will more than likely not be able to come to NYC for a hearing.

Therefore the extensions of tme should be granted.

Signed Kevin Mertens 1-14-21
Kevin Mertens

126

CERTIFICATE OF MAILING
PROVIDE FOR INSURANCE—POSTMASTER

Postmaster for current fee.

Received From:

One piece of ordinary mail addressed to:

MSPB
NE Regional
19103

WILBUR OR 97494 JAN 19 2021 USPS

PS Form 3817, Mar. 1989

U.S. POSTAL SERVICE **CERTIFICATE OF MAILING**
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE—POSTMASTER

Affix fee here in stamps or meter postage and post mark. Inquire of Postmaster for current fee.

Received From:

One piece of ordinary mail addressed to:

Dept. of Navy
9324 V
23511

WILBUR OR 97494 JAN 19 2021 USPS

PS Form 3817, Mar. 1989

WILBUR P.O.
8637 OLD HWY 99 N
WILBUR, OR 97494-9998
USPS 4023320494
1-800-275-8777
09625701

Term ID: 01
Clerk ID: 000001

Sale

.............6821
DEBIT Chip

TOTAL: $11.40

01/19/21 12:52:07
Inv #: 000002 Appr Code:
Receipt #: 00000957

All Sales Final on Stamps and Postage.
Refunds for Guaranteed Services Only.

CUSTOMER COPY

US Debit
AID: A0000000980840
AC: 72 1F C5 2D E0 DC 6A 71
CVR: 42 00 00
IAD: 06010A03600400
ARC: 00
TVR: 80 80 04 80 00
TSI: 68 00

Order Status at USPS.com/shop or call 1-800-Stamp24 Go to USPS.com/clicknship to print shipping labels with postage For other info call 1-800-ASK-USPS

# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD
# NEW YORK FIELD OFFICE

KEVIN P. MERTENS,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
PH-0752-21-0092-I-1

DATE: January 30, 2021

Appellants Response to Judges summary of status conference dated January 29, 2021

Judge Dominguez attempted to record the proceeding at 1:00 PM EST on January 29, 2021 and was unable to do so due to technical difficulty.

In order to make responding to the facts of a hearing undisputed I request that from here forward, all call in or in person hearings at MSPB be recorded and an audio record be made. If this is not possible please let me know.

During the hearing on January 29, 2021 @ 1:00 PM EST:

(from the summary)
**The appellant was advised of the option of being given a 30-day suspension or a dismissal without prejudice in order to give him additional time.** The appellant advised us he is having a difficult time conducting research at his local library due to the covid pandemic. However, he sought, and I granted, a 30-day suspension, which will be addressed under separate cover.

What I stated was that "I do my research and computer work at the public library and stated the library here in Roseburg Oregon is closed until further notice due to covid." For this record, I also have bad cell reception in this area and do not have wifi service.

1. The order states that I was given a choice to have a 30-day suspension ***or*** to have the case dismissed without prejudice to give me extensions of time for filings and to explore affordable counsel.

   What was requested by me and granted by Judge Dominguez was a 30 day suspension **and** at the end of the 30 day suspension, if I need more time (at that time), dismissing the proceeding with prejudice.
   Please make clear that this is an and/or extension of these conditions and that a dismissal without prejudice is still an option for me.

(from the summary)
Appellant's response
In the appellant's affirmative defense response, he included a number of items which were discussed today. I advised him, in response to his inquiry, that I was not aware of his prior Board appeal or, its relevance to this matter.

1. The judge asked about the relevance of this and why I put this in my affirmative responses. I stated that I could explain, and the judge declined to entertain an explanation from me. The relevance of this is; the MSPB decision that was a part of my e-OPF was used by this agency as relevant material in their decision to remove me.
   I am not entirely sure this material should have been in my personnel file to begin with.

   Also, the appeal of the USPS case was for agency retaliation for illnesses similar and included in this case. (see my response to proposed removal)
   For the record it was also a whistle blower case for agencies violation of local and state law by encouraging mail vehicles be on the sidewalk for delivery.

   I am attempting to show relevance of the previous appeal and prevent MSPB favoritism to the agency here..

(from the summary)
**If either party believes that this summary incorrectly states the substance of the discussions that occurred during the status conference today, he/she must notify me of same by Friday, February 5, 2021. In the absence of such notice, this summary will be final and will not be modified without a showing of good cause.**

129

1. From the summary, it appears that the 30 day suspension was to take place and no further extension of time would be permitted because "I sought" only a 30 day suspension and that I was only given the choice of a 30 day suspension ***or*** a dismissal without prejudice. In the event that this is the intent in the summary I dispute this issue.
2. Also, had I been unable to access the record today, I would not have had time to respond by February 5, 2021. There is no way a response could have been postmarked by that time. In fact I may not even receive this mail at my home address by then.

Signed

Kevin Mertens

Appellant

01/30/2021

# Certificate Of Service

e-Appeal has handled service of the assembled pleading to MSPB and all of the Parties. Following is the list of the Parties in the case:

| Name & Address | Documents | Method of Service |
|---|---|---|
| MSPB: New York Field Office | Response to summary of status conference dated 1/29/2021 | e-Appeal / e-Mail |
| Colleen M. Shook<br>Agency Representative | Response to summary of status conference dated 1/29/2021 | e-Appeal / e-Mail |

131

MSPB
NYC

Kevin Mertens
appellant
v
Dept of Navy
Agency

Case #
PH-0752-21-0092-I-1

Date: 2 Feb 2021

1. additional objections to summary
2. Motion for case Dismissal without pregudice
3. Motion to deny agency request to dismiss Appellants defenses

1. IT Has become obvious to me the Agency has ran this case up the MSPB Flag Pole. There has probably been a predetermined outcome and thereby collusion to reach it. anyway...

Appellant ~~additions~~ objections/ to summary of Jan 29, 2021 conference.

1. There was no discussion of the defenses I may affirm in my appellate brief during future hearing.
2. Agency has now filed a request to dismiss my currently filed defenses because they fail to fully meet the conditions of Jan 7 order.

3. Appellant has not received any filings by agency. On Jan 29 2021 Agency stated they had 500 plus pages sent Fed Ex, I have not received any. Discovery not discussed Jan 29, 2021. Regardless even if those 500 page contain the outlook emails and FOIA information and contact information in the discovery demand already filed discovery is not complete or even started. MSPB could not expect me to know all of my defenses until discovery is ruled upon. Therefore the agencies response to my filing of preliminary defenses must be rejected.

4. There was no discussion of discovery on Jan 29 2021 and no discussion of my other filings for extensions of time. However the Judge claims the conference could not be recorded. Because there is now an obvious dispute of facts of that ~~the~~ conference, I request the conference be stricken and ~~and~~ a new and all future conferences be held, at a later date when the MSPB recording equipment is operational.

~~Page 2~~ of 4

5. In previous filings I have shown good cause for time for seeking counsel, Covid related closures etc.

I am now requsesting an immediate Dismissal without prejudice. I request 120 days from the issuing of any order. The current 30 day suspension should be discontinued and any time not used be added to the 60 day total. allowed by rule. If the country is not fully open after the 120 days I reserve to request additional time to refile due to Covid.

6. There was also no discussion during the Jan 29 2021 conference call of why agency Lawyer Debra Evans was being replaced and no request has been submitted for change of counsel. Colleen shook claims ~~to~~ Evans moved from agency why? although Judge Dominguez did great job of acting, not to know there was a new counsel, How or who opened the mail I sent to Debra Evans on Jan 19, 2021 or did the Clerk at MSPB make sure all the filings by me and the agency were ~~to~~ placed in the correct filing order? Anyway...

~~3 of 4~~

7. If MSPB intends to derail my case by denying any of the practical and necessary pleadings above, I will make a case for withdrawing the present judge. I am loosing faith in the proceedings. ~~Get~~ Please get your ~~recor~~ electronic recording equipment fixed ~~or~~ either and when it is, I motion MSPB to allow me to record the telephonic conferences by my own means. One thing, all this does indicate is; I have a case against removal, I deserve a chance to show that.

Signed
Kevin Me[signature] Pro Se
2 February 2021

4 of 4

135

# Certificate of Service

MSPB NYC
~~N E Regional office~~
~~1601 Market ST, Suite 1700~~
Philadelphia ~~PA 19103~~

26 Federal Plaza
Rm 3137 A
New York NY
10278

office of Counsel
Dept. of Navy
NAVFAC MIDLANT
9324 Virginia Ave
Bldg Z-140, Rm 303
Norfolk, VA 23511
ATTN. ~~Debra M Evans~~, ESQ
Collen Shook

I swear under the penalty of purjery
I placed The Following in the US mail

1. objections to summary and conference of Jan 29 2021
2. motion to postpone or dismiss without prejudice
3. motion to reject/dismiss agency response/reply to appellants defenses.

Signed this the 2nd day of February 2021

Signed
Kevin Mertens (signature)
Kevin Mertens

1316

From: Kevin Mertens
588 Rivershore Drive
Roseburg OR 97470

EUGENE OR 974
3 FEB 2021 PM 4 L

page 9 of 10

US
NON-MACHINABLE

Rcvd 2/10/21 KenR.

To: Office of Counsel
Dept. of Navy
NAVFAC MIDLANT
9324 Virginia Ave
Bldg Z-140 Rm 303
Norfolk VA 23511
ATT. Colleen Shook

ReadyPost
Document Mailer

EUGENE OR 974
3 FEB 2021 PM 4 L

23511-362424

Confirmation Number: 1021863299
Submission date : 2021-02-18 15:35:52
Pleading Number : 2021006682

# Certificate Of Service

e-Appeal has handled service of the assembled pleading to MSPB and all of the Parties. Following is the list of the Parties in the case:

| Name & Address | Documents | Method of Service |
|---|---|---|
| MSPB: New York Field Office | Appellant's Motion to Dismiss Without Prejudice | e-Appeal / e-Mail |
| Kevin P. Mertens<br>Appellant | Appellant's Motion to Dismiss Without Prejudice | e-Appeal / e-Mail |

138

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
NEW YORK FIELD OFFICE

KEVIN P. MERTENS,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
PH-0752-21-0092-I-1

DATE: February 7, 2021

**Appellants contact information use only**

**Kevin Mertens**
**588 Rivershore Drive**
**Roseburg OR 97470**
**Cell Phone: 316-214-0763**
**E-mail: kpmert@yahoo.com**

I made this clear after the agency lawyer contacted me at my work e-mail that I did not provide her, or MSPB

**Recent events**

On February 1, 2021 I uploaded a document named "response to agencies response to appellants affirmative defenses" on the MSPB website. It appears this document has been removed, deleted or not added to the MSPB repository. I will submit a FOIA request to the MSPB in order to track what happened. clerk confusing the record?

The MSPB has issued an order suspending the case. On January 30, 2021 the appellant has submitted an objection to the summary of the status hearing of January 29, 2021.

On February 2nd I mailed a handwritten addition to the January 30, 2021 electronically filed objection to the judge's summary of the status hearing of January 29, 2021 @ 1:00 pm est.

I am anticipating MSPB receipt and filing into the record of the appellants recently sent "objections and additions to summary, motion to dismiss without prejudice and motion to reject/dismiss agency response to appellants defenses" signed February 2, 2021. I will await review of said document and any future orders by MSPB.

## Appellants additions to response and objection to agency discovery request and interrogatories

I have received the agencies "fed ex" package the agency was passing off, at the telephonic hearing, as response to appellants discovery request filed in the case repository by MSPB on January 25, 2021. The materials I recently received from the agency contain ***none*** of the discovery requested by appellant. In fact, what I did receive was what is already in the MSPB file that I now have, as an e-filer, some limited access to.

Please review the appellants first handwritten discovery request dated January 19, 2021. I will of course have subsequent follow up document requests. I imagine the agency does not plan to cooperate with any document requests, if this is the case then a motion for an **order to compel** will follow in the future.

For now, Judge Dominguez can **compel the agency** to fulfill the appellants first, but not final, discovery request in the MSPB file since January 25, 2021.

I have proclaimed on many occasions there was a "good old boy" atmosphere in the workplace. I am the subject of agency retaliation for daring to question management about its measures of retaliation. The agency has known about my serious medical issues for years and has taken retaliation for FMLA and recent workplace injuries to removal.

I will need an agency witness list.

I will need my emails and documents from my outlook and desktop for kevin.mertens@navy.mil.

I will need contact info for all agency employees or MTC representatives that received a copy of my response to proposed removal, contact information for all employees that worked on the letter of proposed removal and decision on proposed removal.

I will need all contact information for officials that were convened for the board that decided that the alleged "workplace violence" did take place and rose to the level of placing me on administrative leave. And I will need all emails between Lynne Richesin, Stacey Sangillo and Mike Gurchik that concerns my employment since 5/2017.

I will need agency fulfillment of discovery for preparing a full and thorough appeal to MSPB.

I have yet had time or means to create interrogatories or "questions" for possible appellant witnesses. There are several including Lynne Richesin, Mike Gurchik, Stacey Sangillo, other BLDG 29 employees, Investigator LT Blackley, deciding officials for proposed removal and removal, agency lawyers and other agency management officials and MTC representatives.

I will need the country to open fully as I will need access to all public/private available means to research and produce appellate materials. I.E. Law Libraries, Public Libraries, Computer Rental agencies etc.

Signed,

Kevin Mertens
Appellant
7 February 2021

# Certificate Of Service

e-Appeal has handled service of the assembled pleading to MSPB and all of the Parties. Following is the list of the Parties in the case:

| Name & Address | Documents | Method of Service |
|---|---|---|
| MSPB: New York Field Office | Appellants additions to filings dated 7 February 2021 | e-Appeal / e-Mail |
| Colleen M. Shook<br>Agency Representative | Appellants additions to filings dated 7 February 2021 | e-Appeal / e-Mail |

NYC

141

Kevin Mertens
appellant
v.
Dept of Navy
agency

Case # PH-0752-21-0092-I-1

Date May 30, 2021

appellants ~~response~~ Reply to agency Response to appellants Petition for review.

1) Agency claim in their response that I have not shown how the "Rulings" and "Decisions" by Judge Dominquez under section 1201.115 (c) rulings are not consistant with required procedures or involved abuse of discretion and the result affects the outcome of case.

a. Judges hand book chapter 5 motions sect 2(b) Due Process consideration require substantive motions ~~be~~ not be ruled on until opposing Party has oppertunity to object"
During the conference call of march 29 2021 Judge claims I had not timely objected to the agencies motion to compell which I had in fact objected to on Feb 7 and refused to hear an objection during the call. Judge simply granted the agency motion in violation of this rule.

b. Judges hand book chapter 5 section 3 states " For every motion filed the record must show a written disposition (i.e. Granted, Denied, withdrawn)

[illegible] rulings and discussions must be memorialized in a written order" and "It is important to assure the record contains a clear ruling on all motions that may be significant"

Rulings on dismissal and Discovery are significant rulings. because the AJ failed to "reconvene" upon motion from appellant the dismissal agreement of Jan 29, 2021 was not cleared up. because AJ failed to rule on Jan 14, 2021 appellants motion for extension of time and appellants "objection" to agency discovery on Feb 7, 2021. agency was granted a motion to compell in error. The combination of all of this has given the agency favor in that I have now been required to "show my case" to them in answering their discovery. This would clearly affect the outcome of this appeal. agency can use their power to strengthen their case without imposition of my questions (that may lead to exculpatory findings)

~~Judges Hand book~~

The AJ failure to abide by the Jan 29, 2021 ~~Re~~ decision that granted appellant a "30 day Suspension and a 120 day Dismissal without prejudice allowed agency and MSPB to continue expediting process of case harming the appellant.

C. Judges handbook Chapter 2 Reviewing the appeal Section (7) Pro Se appellants. states " MSPB Policy is to make special efforts

To accomodate pro se appellants, including AJ should not "reject filings for technical reasons" and the AJ should "provide more guidence to pro se appellants and interperet their arguments in the most favorable light"

Here not only has AJ failed to give appellant additional room she has failed to acknowledge appellants filings at all. in order to favor the agency greatly. what we all know is that the "equipment breakdown" for Jan 29, 2021 conference call combined with AJ failing to acknowledge appellant motions and objections and situational issues since Jan 14, 2021 have not provided appellant proper due process.

2) It is clear from the appellants ~~Retro~~ Petition and the record the required procedures have not been followed and discretion by AJ has leaned heavily in favar of agency and agaist appellant.

"memorializations of oral rulings and discussions" have been summaries and not orders as required. The agency is suggesting that because the issues in my petition do not address the "order" of Jan 29 or March 29 they are without merrit. I disagree.

44

3) This case is on dismissal until a date certain of Aug 30, 2021. No where in the AJ handbook chapt 4 sect 10(a) does it suggest that an appellants motion for dismissal will be refiled early simply because an appellant files a Petition for review. In fact, section (d) gives the "Pro Se" appellant leaniancy for "late" refiling. Clearly MSPB recognizes "Pro Se" appellants are not lawyers with adequate access to legal web sites, proper equipment to create work product and a background in legal processes or argument.

4) I will also note Employee's are also not lawyers and here the agency has used all its legal power & prowess to retaliate and create a case for removal of appellant, since issuing the letter of Requirement that is in fact a legal document or Discipline or both. Just because an MTC contract not voted on by any employee says you are not allowed a representative when dealing with one of these, does not make it justifiable.

145

I swear under the penalty of perjury that I placed a copy of the attached document on this day to the parties below.

Clerk of the Board
MSPB
1615 M street, N.W.
Washington D.C. 20419

MSPB
New York Field office
26 Federal Plaza, Rm. 3137A
New York, NY 10278

Colleen Shook
office of Counsel
Dept. of Navy
NAV FAC MID LANT
9324 Virginia Ave
Norfolk VA 23511

Signed
[signature]
Kevin Mertens

Dated this the 28th of May 2021

MSPB
NYC Field Office

Kevin Mertens
Appellant

Vs.

Department of the Navy

Docket # PH-0752-21-0092-I-1

Date August 16, 2021

## Motion to Re-Open Case

Appellant is requesting that MSPB reopen the above case number for adjudication.

Appellant has filed a motion for review of a March 29, 2021, MSPB order. The issues in that motion concerned MSPB Judge Dominguez (1) limited my affirmative defenses (2) ruled on agency discovery that had been objected to and was favoring the agency and (3) had incorrectly summarized teleconferences and the appellants reasons for needing more time. Because of the positive changes in my ability to create work product (1) I have internet and a computer, I have now been able to complete my affirmative defenses and discovery request to the agency to the best of my ability. I have also responded to the agency discovery request therefore the case is ready for a hearing.

Because of the facts of this case, there is no doubt in my mind and obvious to me the agency and Judge Dominguez were attempting to hurry this appeal and give me no time to research and develop a through appeal. The agency abused its authority in the grievance and removal process of appellant and because of the 150 day dismissal I had to fight to receive, I have been able to make the

best attempt to document what MTC and the agency and executives have done. There is much more for the agency to do in the area of discovery in order that my case be proven beyond doubt but we can move forward and waiting for a MSPB quorum for 2 years, is not necessary.

On Tue, Aug 10, 2021 at 5:53 AM, Shook, Colleen McFeely CIV USN NAVFAC MIDLANT NOR (USA) <colleen.m.shook.civ@us.navy.mil> wrote:

Good morning, Mr. Mertens. As you are a former employee and are in current litigation against NAVFAC MIDLANT, please refrain from requesting information from anyone except me, the Agency Representative. All information requests must be made through the discovery process.

Please understand that because you filed a Petition for Review, and the MSPB is without a quorum of members, your petition is in line with over 3000 pending petitions to be reviewed once a quorum is eventually established. I expect it will take a year, possibly two years, before your petition is reviewed. Your appeal will NOT be reopened until a quorum of MSPB members is in place and gets to your petition in turn, unless you withdraw your petition for review. If you withdraw your petition for review, you can refile your appeal as long as you do so before the deadline. Otherwise, your case is on an indefinite hold. R/Colleen

If appellants affirmative defenses and issues within my brief will not be affected by any rulings by Judge Dominquez then the MSPB does not need to wait to find the agency did commit the violations now included in appellants affirmative defenses and his recently filed brief and demand for discovery. [August 20, 2021] It now appears because the case did not get hurried through in the manor that was expected the plan is to favor the agency by allowing my issues to deteriorate with time. Agency heads and witnesses will move or retire as some have already began to do.

The agency is now not responding to discovery and will fail to provide proper discovery until my appeal is reopened and demands can be sought. Judge Dominquez was acting improperly by failing to summarize teleconferences correctly and favoring the agency. However, the MSPB does not need a quorum of appellate judges to transfer this case to another Office or Judge. I ask that MSPB reopen my case for the purpose of transferring the case and/or assigning a new judge. If the MTC and Agency are in negotiations due to the OPM Guidance dated March 5, 2021, then a final decision can wait for that to take place. Knowing what I know about those entities actions thus far, I would not put it past the agency to again strike with its authority and further OPM actions would not benefit appellant at all.

MSPB clerk please advise as to the options available to me in order to move forward with my appeal.

Signed this the 16th day of August 2021

Kevin Mertens

Kevin Mertens

## Certificate of Service

I swear under the penalty of perjury that I sent an electronic and paper copy of the above pleading to the address on file below.

Signed this the 16th day of August 2021

Kevin P. Mertens

Collen Shook
Office of Counsel
Department of the Navy
NAVFACMIDLANT
9324 Virginia Avenue
Norfolk, VA 23511

MSPB
New York Field Office
26 Federal Plaza, Room 3137A
New York, NY 10278

Receipt for Mailing 4 Part Brief

150

8/17/2021 10 06 AM Sales Receipt #100228
Store: 1 Workstation 1

Merchant Copy
**InPrint**
2280 NW Stewart Parkway
Roseburg OR 97471
541-672-3497
Hrs M-F 8 00-5 00

Cashier LM

| Item # | Qty | Price | Ext Price |
|---|---|---|---|
| 2 | 498 | $0.11 | $54 78 T |
| full serve b/w 1 sidec | D% 8 33% | | |
| 2 | 102 | $0 12 | $12 24 T |
| full serve b/w 1 sidec | | | |
| 59 | 3 | $1 00 | $3 00 T |
| scan | | | |
| 1068 | 1 | $5 00 | $5 00 T |
| File Transfer | | | |

Subtotal $75 02
Local Sales Tax 0 % Tax + $0 00
RECEIPT TOTAL: $75.02

Credit Card $75 02 XXXX7875
VISA DEBIT Expiry Date XX/XX
Reference # 3000013701 Autn=640036
Entry Chip Merchant # ***74693

Signature
I agree to pay above amount according to card issuer agreement (merchant agreement if credit voucher)

AID A0000000031010

Total Sales Discounts $4 98

Appellant Brief
Kevin 316-214-0763

PLEASE RETAIN FOR YOUR RECORDS

Thanks for shopping with us!

100228

UNITED STATES POSTAL SERVICE.

ROSEBURG
519 SE KANE ST
ROSEBURG, OR 97470-4965
(800)275-8777

08/17/2021 01:14 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| UlrTape 1.88x800 | 1 | $3.99 | $3.99 |
| Priority Mail® 2-Day | 1 | | $15.50 |
| Med FR Box | | | |
| Norfolk, VA 23511 | | | |
| Flat Rate | | | |
| Expected Delivery Dat | | | |
| Fri 08/20/2021 | | | |
| Tracking #: | | | |
| 9505 5154 5616 1229 3314 47 | | | |
| Insurance | | | $0.00 |
| Up to $50.00 included | | | |
| Total | | | $15.50 |
| Priority Mail® | 1 | | $15.50 |
| Med FR Box | | | |
| New York, NY 10278 | | | |
| Flat Rate | | | |
| Tracking #: | | | |
| 9505 5154 5616 1229 3314 54 | | | |
| Insurance | | | $0.00 |
| Up to $50.00 included | | | |
| Total | | | $15.50 |

Grand Total: $34.99

Debit Card Remitted $34.99
Card Name: VISA
Account #: XXXXXXXXXXXX7875
Approval #: 051032
Transaction #: 100
Receipt #: 019364
Debit Card Purchase $34.99
AID: A0000000980840 Chip
AL: US DEBIT
PIN: Verified

*******************************************

MSPB

NYC

Kevin Mertens

V

Department of the Navy

Date: September 2, 2021

Docket # PH-0752-21-0092-I-1

Appellants filing on removal of Docket Entries

On 8/18/2021 the appellant uploaded and mailed a Motion to Reopen Case and a Motion to Compel Discovery. On 8/20/2021 Appellant uploaded and mailed an Appellants Brief Part 1,2,3 and 4 In separate files. Appellant uploaded the Appellants Brief parts 1 and 2 and then the clerk uploaded a Notice to the Appellant and then the appellant uploaded Appellants brief parts 3 and 4, all in that order.

On 8/23/2021 the Appellant uploaded a response to the Notice to Appellant of 8/20/2021. This filing disappeared from the docket a day or two later. The Agency then filed a Response to the Appellants Motion to Compel dated 8/18/2021 on 8/27/2021. ON 8/27/2021 when I received an email of the agencies uploaded filing, I opened the repository and the Appellants Response to the Notice dated 8/20/2021 was no longer in the docket. I re-uploaded the Response to the Notice to Appellant dated 8/18/2021 and also uploaded a Request for Extension of Time on 8/28/2021.

I began working on a reply to the agencies Response to the Appellants Motion to Compel on 8/28/2021 and needed to copy the docket for that response. **Tab 1**

I have been working on my reply to the agency's response to the appellants motion to compel since 8/28/2021. I have accessed the Repository on a daily basis for the reply. Today 9/2/2021 I accessed

the repository and notice seven filings were gone. All of the above noted appellant filings were removed except for the filings on 8/28/2021. The agency's 8/27/2021 was also still in the docket.

**Tab 2**

I immediately submitted a ticket to the MSPB technical support **Tab 3**

I then called the clerks office and the clerk stated in fact the clerk had removed the filings due to the PFR of 5/7/2021. The five appellant filings that have been removed are the most important filings in this case, they are the appellants affirmative defenses and supporting documents of those defenses and my case against the agency charges. They are damaging to the agency claims and damaging to the agency period.

In my 8/23/2021 now an 8/28/2021 filing because the clerk removed it sometime before 8/27/2021, I requested that if all of the defenses in my appellant brief and motion for discovery were accepted by MSPB I would withdraw the PFR and move forward.

This case was to be refiled by August 30, 2021. The filings will need to be on the record for when the case reopens even if it is after a decision on the PFR filed 5/7/2021

The Appellant OBJECTS to the MSPB removal of these filings. I have submitted a Reply to the Agencies Response to the Appellants Motion to Compel and the above five filings dated 8/18/2021 and 8/20/2021 are needed for reference of that reply. I am going to refile all of these documents.

Please provide me the Federal rule or MSPB procedure that dictates the removal of filings by the clerk. Provide the legal requirement that shows a case on petition for review to MSPB Washington for a conference hearing order issued by MSPB field office NYC is subject to no entries into the case docket until that PFR has an outcome. The five filings are substantial case material and will be part of the

appellants record on appeal. The Documents are a record of what has happened in this case and there is no reason to remove them.

Please provide an immediate response I have until September 3, 2021 to responds the agency's Motion of 8/27/2021. I will re-upload the documents as they are needed for the reply I will upload by September 3, 2021.

Signed

Kevin Mertens

Kevin Mertens

9/2/2021

The index does not contain any August 23, 2021, filing as the email indicates was uploaded. I refiled the document on 8/28/2021 as "Response to Notice to Appellant dated 8/20/2021" the document uploaded immediately. The email receipts of the 8/23/2021 and 8/28/2021 filings are **Tab 3**

KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY
PH-0752-21-0092-I-1
Case Status:Headquarter Pending 43 documents returned

| Tab | Download/View | Doc Info. | Submitted by | Date Issued/ Received |
|---|---|---|---|---|
| | | **Petition for Review** | | |
| 7 | Download/View | Request for Extension of Time | Appellant | 8/28/2021 |
| 6 | Download/View | Response to Notice to Appellant dated 8/20/2021 | Appellant | 8/28/2021 |
| 5 | Download/View | Response to Appellant's Motion to Compel dated 8/18/2021 | Agency | 8/27/2021 |
| 4 | Download/View | Reply to Agency Response to Petition for Review | Appellant | 6/4/2021 |
| 3 | Download/View | Response to Appellant's Petition for Review | Agency | 5/20/2021 |
| 2 | Download/View | Petition For Review Acknowledgment Letter | MSPB | 5/10/2021 |
| 1 | Download/View | Petition for Review | Appellant | 5/7/2021 |
| | | **Initial Appeal** | | |
| 36 | Download/View | Appellant Brief Part 4 | Appellant | 8/20/2021 |
| 35 | Download/View | Appellants Brief Part 3 | Appellant | 8/20/2021 |
| 34 | Download/View | Notice to Appellant | MSPB | 8/20/2021 |
| 33 | Download/View | Appellants Brief Part 2 | Appellant | 8/20/2021 |
| 32 | Download/View | Appellants Brief Part 1 | Appellant | 8/20/2021 |
| 31 | Download/View | Appellants Motion To Compel Discovery | Appellant | 8/18/2021 |
| 30 | Download/View | Appellants Motion To Reopen Case | Appellant | 8/18/2021 |
| 29 | Download/View | Certificate of Service | MSPB | 3/29/2021 |
| 28 | Download/View | Initial Decision | MSPB | 3/29/2021 |
| 27 | Download/View | Summary of Conference Call | MSPB | 3/29/2021 |
| 26 | Open | Recorded Status Conf Re: DWOP | MSPB | 3/29/2021 |
| 25 | Download/View | Order Scheduling Conference Call | MSPB | 3/17/2021 |
| 24 | Download/View | Appellant's Proof of Service/Case Suspension Order | Appellant | 3/3/2021 |
| 23 | Download/View | Response to Appellant's Motion to Dismiss and Agency Motion to Compel | Agency | 3/3/2021 |
| 22 | Download/View | Response to Agency Representative's Respnse to discovery dated 2/26/2021 | Appellant | 2/26/2021 |
| 21 | Download/View | Appellant's Motion to Dismiss Without Prejudice | Agency | 2/18/2021 |
| 20 | Download/View | Correspondence from Appellant | Appellant | 2/17/2021 |
| 19 | Download/View | Appellants additions to filings dated 7 February 2021 | Appellant | 2/7/2021 |
| 18 | Download/View | Order to Appellant | MSPB | 2/4/2021 |

| | | | | |
|---|---|---|---|---|
| 17 | Download/View | Response to Agency Response to Appellant's Affirmative Defenses dated 1/7/2021 | Agency | 2/1/2021 |
| 16 | Download/View | Response to summary of status conference dated 1/29/2021 | Appellant | 1/30/2021 |
| 15 | Download/View | Change of e-Filing Status | Appellant | 1/30/2021 |
| 14 | Download/View | Order Suspending Case Processing | MSPB | 1/29/2021 |
| 13 | Download/View | Summary of Status Conference | MSPB | 1/29/2021 |
| 12 | Download/View | Termination of E-Filer Status with Address Change | Appellant | 1/25/2021 |
| 11 | Download/View | Change of e-Filing Status | Appellant | 1/25/2021 |
| 10 | Download/View | Agency File Part 2 - Agency File Tab 4c (pp. 1-105) | Agency | 1/25/2021 |
| 9 | Download/View | Agency File Part 4 - Agency File Tab 4d-4g | Agency | 1/25/2021 |
| 8 | Download/View | Agency File Part 3 - Agency File Tab 4c (pp. 106-217) | Agency | 1/25/2021 |
| 7 | Download/View | Agency File | Agency | 1/25/2021 |
| 6 | Download/View | Response To Affirmative Defense | Appellant | 1/25/2021 |
| 5 | Download/View | Agency Representative Addition | Agency | 1/22/2021 |
| 4 | Download/View | Hearing Order | MSPB | 1/14/2021 |
| 3 | Download/View | Affirmative Defenses Order | MSPB | 1/7/2021 |
| 2 | Download/View | Acknowledgment Order | MSPB | 1/5/2021 |
| 1 | Download/View | initial appeal | Appellant | 1/4/2021 |

This is not a mistake as it is the second time that a document has been removed from the index that has been uploaded by me it happened just after the January 29, 2021, conference call and I memorialized it in my February 7, 2021, filing.

**(From the February 7, 2021, filing)**

UNITED STATES OF AMERICA MERIT SYSTEMS PROTECTION BOARD

NEW YORK FIELD OFFICE KEVIN P. MERTENS, Appellant, v. DEPARTMENT OF THE NAVY, Agency.

DOCKET NUMBER PH-0752-21-0092-I-1

DATE: February 7, 2021

Appellants contact information use only Kevin Mertens 588 Rivershore Drive Roseburg OR 97470 Cell Phone: 316-214-0763 E-mail: komert@yahoo.com

Recent events

156

# U.S. MSPB Merit Systems Protection Board
## e-Appeal Online

September 2, 2021

My Account | File a Pleading | Reload Case | Print | Access Another Case | Tech Support | Save & Exit

ATTENTION: Please do NOT resubmit if you received a confirmation of submission. Processing time can be minutes or hours depending on system workload.

Note: Due to a technical issue, MSPB issuances downloaded from the Repository between 7/29/21 and 8/2/21 may contain slight formatting discrepancies. The issue has been corrected, and parties may wish to re-download copies of these issuances.

**Help Links**
Contract All | ExpandAll

- Repository Navigation
- How to access audio hearing files on a case?
- How to view an e-Appeal generated Pleading?

Case View

**KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY**
**PH-0752-21-0092-I-1**
Case Status:Headquarter Pending — 36 documents returned

| Tab | Download/View | Doc Info. | Submitted by | Date Issued/ Received |
|---|---|---|---|---|
| | | **Petition for Review** | | |
| 7 | Download/View | Request for Extension of Time | Appellant | 8/28/2021 |
| 6 | Download/View | Response to Notice to Appellant dated 8/20/2021 | Appellant | 8/28/2021 |
| 5 | Download/View | Response to Appellant's Motion to Compel dated 8/18/2021 | Agency | 8/27/2021 |
| 4 | Download/View | Reply to Agency Response to Petition for Review | Appellant | 6/4/2021 |
| 3 | Download/View | Response to Appellant's Petition for Review | Agency | 5/20/2021 |
| 2 | Download/View | Petition For Review Acknowledgment Letter | MSPB | 5/10/2021 |
| 1 | Download/View | Petition for Review | Appellant | 5/7/2021 |
| | | **Initial Appeal** | | |
| 29 | Download/View | Certificate of Service | MSPB | 3/29/2021 |
| 28 | Download/View | Initial Decision | MSPB | 3/29/2021 |
| 27 | Download/View | Summary of Conference Call | MSPB | 3/29/2021 |
| 26 | Open | Recorded Status Conf Re: DWOP | MSPB | 3/29/2021 |
| 25 | Download/View | Order Scheduling Conference Call | MSPB | 3/17/2021 |
| 24 | Download/View | Appellant's Proof of Service/Case Suspension Order | Appellant | 3/3/2021 |
| 23 | Download/View | Response to Appellant's Motion to Dismiss and Agency Motion to Compel | Agency | 3/3/2021 |
| 22 | Download/View | Response to Agency Representative's Respnse to discovery dated 2/26/2021 | Appellant | 2/26/2021 |
| 21 | Download/View | Appellant's Motion to Dismiss Without Prejudice | Agency | 2/18/2021 |
| 20 | Download/View | Correspondence from Appellant | Appellant | 2/17/2021 |
| 19 | Download/View | Appellants additions to filings dated 7 February 2021 | Appellant | 2/7/2021 |
| 18 | Download/View | Order to Appellant | MSPB | 2/4/2021 |
| 17 | Download/View | Response to Agency Response to Appellant's Affirmative Defenses dated 1/7/2021 | Agency | 2/1/2021 |
| 16 | Download/View | Response to summary of status conference dated 1/29/2021 | Appellant | 1/30/2021 |
| 15 | Download/View | Change of e-Filing Status | Appellant | 1/30/2021 |
| 14 | Download/View | Order Suspending Case Processing | MSPB | 1/29/2021 |
| 13 | Download/View | Summary of Status Conference | MSPB | 1/29/2021 |
| 12 | Download/View | Termination of E-Filer Status with Address Change | Appellant | 1/25/2021 |
| 11 | Download/View | Change of e-Filing Status | Appellant | 1/25/2021 |

| | | | | |
|---|---|---|---|---|
| 10 | Download/View | Agency File Part 2 - Agency File Tab 4c (pp. 1-105) | Agency | 1/25/2021 |
| 9 | Download/View | Agency File Part 4 - Agency File Tab 4d-4g | Agency | 1/25/2021 |
| 8 | Download/View | Agency File Part 3 - Agency File Tab 4c (pp. 106-217) | Agency | 1/25/2021 |
| 7 | Download/View | Agency File | Agency | 1/25/2021 |
| 6 | Download/View | Response To Affirmative Defense | Appellant | 1/25/2021 |
| 5 | Download/View | Agency Representative Addition | Agency | 1/22/2021 |
| 4 | Download/View | Hearing Order | MSPB | 1/14/2021 |
| 3 | Download/View | Affirmative Defenses Order | MSPB | 1/7/2021 |
| 2 | Download/View | Acknowledgment Order | MSPB | 1/5/2021 |
| 1 | Download/View | initial appeal | Appellant | 1/4/2021 |

U.S. MSPB Merit Systems Protection Board
e-Appeal Online

September 2, 2021

Exit

# MSPB Technical Support: New Ticket

Field with * is response required

| | | | |
|---|---|---|---|
| * First Name: | Kevin | * Last Name: | Mertens |
| * Docket/Appeal #: | PH-0752-21-0092-I-1 | * User ID: | KEVINMERTENS |
| Phone #: | 3162140763 | * Email: | kpmert@yahoo.com |

* Issue:

On 8/18/2021 i filed a motion to compel and a motion to reopen case. On 8/20/2021 I filed Appellants brief part 1, 2, 3 and 4 in separate filings. I entered the website today and the filings have been removed. What is the reason for removing these documents? They were in the file for 16 days. What is the exact reason they have been taken out of the case record?
Signed
Kevin Mertens

Submit Ticket

## Help Links

Contract All | ExpandAll

What is MSPB Technical Support Ticket?

Technical Support tickets are provided to help users who are having difficulties using the e-Appeal site. MSPB usually responds to technical issues within 8 business hours. Business hours are Monday - Friday 8AM - 5 PM EST, except for holidays. To ensure timely filing, please allow ample time for filing through e-Appeal.

You must contact the office responsible for your case, if you have a question related to your case or wish to modify a pleading or appeal which has been submitted. Changes in contact information and appellant's designation of representative

KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY
Docket # PH-0752-21-0092-I-1
Appellants Reply to Agency Response to Motion to Compel
Summary Page

**Case Title :** KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY

**Docket Number :** PH-0752-21-0092-I-1

**Pleading Title :** Appellants Reply to Agency Response to Motion to Compel

**Filer's Name :** Kevin P. Mertens

**Filer's Pleading Role :** Appellant

**Details about the supporting documentation**

N/A

# Table of Contents

Pleading Interview .......... 3
Uploaded Pleading Text Document .......... 4
Index of Tabs .......... 4
Appellants Reply to Agency Response to Motion to Compel .......... 5
Appellants emails of Attempts to Retain Counsel .......... 44
Appellants MSPB FOIA Request Started 3/28/2021 .......... 48
MSPB Generated email Receipt of Appellant Filings 8/23/2021 and 8/28/2021 .......... 52
Not included AJ Summary and Order of 1/29/2021 and Order to Appellant of ~~5/7/2021~~ 2/4/21 ( APPX. Pg. 112-118 .......... 53
Not included, Appellants Handwritten Responses, Motions and Objections 1/14/2021,1/19/2021 and 2/2/2021 APPX. Pg. 127-140 ~~64~~
Appellants Purchase Receipt for Computer 5/26/2021 .......... 79
Appellants Receipt for IT Specialist Services .......... 80
Certificate of Service .......... 83

KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY
Docket # PH-0752-21-0092-I-1
Appellants Reply to Agency Response to Motion to Compel
Online Interview

1. Would you like to enter the text online or upload a file containing the pleading?

See attached pleading text document

---

2. Does your pleading assert facts that you know from your personal knowledge?

Yes

---

3. Do you declare, under penalty of perjury, that the facts stated in this pleading are true and correct?

Yes

---

MSPB

NYC Field Office

Kevin Mertens

V

Department of the Navy

Date: September 2, 2021

Docket # PH-0752-21-0092-I-1

**Appellant File Index of Tabs**


| | | |
|---|---|---|
| **Tab 1** | **Appellants Reply to Agency Response to Appellants Motion to Compel** | **Sept 2 2021** |
| **Tab 2** | **emails of contacts appellants attempts to obtain counsel** | **April/Feb 2021** |
| **Tab 3** | **Appellants MSPB FOIA request for USPS docket # SF-0752-08-0392-I-1** | **April/May 2021** |
| **Tab 4** | **email Receipts for 8/23/2021 and 8/28/2021 uploads by appellant** | **Aug 23 and 28 2021** |
| **Tab 5** | **Jan 29, 2021 Summary and Order and February 4, Order to Appellant** | **Jan/Feb 2021** |
| **Tab 6** | **Appellants Handwritten Responses, motions, and objections** | **Jan 14,19/Feb 2 2021** |
| **Tab 7** | **Appellants Purchase Receipt** | **May 26 2021** |
| **Tab 8** | **Appellants IT specialist Receipt for service** | **June 15 2021** |

MSPB

NYC

Kevin Mertens

V

Department of the Navy

Date August 27, 2021

Docket # PH-0752-21-0092-I-1

**Appellant Reply to Agency Response to Motion to Compel and for Sanctions**

I am not a lawyer by trade, I do not possess a legal degree and I am not a member of a BAR association. In my filings I am stating what I see taking place I am not being disrespectful, and I object to any assertions that the agency or AJ try to make about that. I stated from the start of this case what I am trying to do is prevent any sort of agency favoritism. I am trying to present an appeal in full that covers all the important issues in full. Please keep on mind you were not in my shoes while all the claims and circumstances found within my filings were taking place. I honestly did not want to take this on or be in this position and I have attempted to obtain a representative to handle it. **Tab 1**

I also attempted to settle this matter on November 17, 2020, by email to Lynne Richesin and deciding official Timothy Smith I stated, “is there a resolution to this dilemma that is uncomplicated and would allow me to move on to Oregon and employ with another agency” **(See appellants brief tab 8)**

If I am not filing discovery in the proper manner I certainly apologize. It seems the AJ would want to know what the discovery requests are and have a full understanding of the materials and questions presented so a ruling on compelling such discovery could be thorough. (i.e.) The appellants

interrogatories and requests for documents as they relate to the defenses and abuses of authority outlined in appellants' brief.

The chain of events in this case would cause any thoughtful appellant to question what has been witnessed. The AJ was untruthful or did not properly summarize the decisions in the conference of January 29, 2021. The agency was also not truthful concerning discovery agency claimed to have provided to appellant. Together the judge and agency attempted to make the case appear as though matters had been discussed that had not. The only discussion about my affirmative defenses surrounded my appeal with USPS and that a copy of that decision was in my e-OPF. I have filed a FOIA with MSPB for a copy of that appeal, but I have not received it yet. **Tab 2**

No other discussion took place on any other affirmative defenses. The agency claimed they had responded to my discovery request (titled motion to compel by mistake) they had not, what was sent by mail were the appellants response to the proposed removal that were already required to be part of the agency file. The judge incorrectly summarized the hearing on the important matter of dismissal and the appellant objected to the summary and requested to reconvene the case to correct the record, the judge did not recognize my objections to the summary.

Whichever way it went down the combination of the hearing not being recorded, the 30-day suspension immediately followed by a 120-day dismissal and a summary that did not reflect that, and included comments of items that were not discussed, caused me to believe I needed to correct the situation.

My full understanding after ending that call was that the case was <u>on hold</u> until the library opened and as I had means to properly prosecute a thorough appeal. The fact is the agency used that

time to attempt to complete discovery that I could not participate in caused an imbalance in the case due to my living situation and covid closures.

## Appellant FACTS and Argument

This case is currently set to be refiled on August 30, 2021. Appellant has filed a petition for review dated April 27, 2021, based upon rule 1201.41(5)(ii) and (iii), rule 1201.24(b) and rule 1201.28(b) Failure of judge to hear all motions-raising claims on defenses and disqualification of judge for violating appellants due process for clear favoritism of the agency:

CHAPTER 10 - THE HEARING AND ITS RECORD 1. ROLE AND CONDUCT OF ADMINISTRATIVE JUDGE. a. Responsibility of Administrative Judge. The AJ is responsible for conducting a fair and impartial hearing and taking all necessary action to ensure adequate development of the record and to avoid delay. An AJ's specific powers and authority are set forth at 5 C.F.R. § 1201.41. b. Demeanor of Administrative Judge. Hearings are to be conducted in a dignified and orderly manner. The Federal Circuit will require a new hearing, held by a different AJ, only when the original AJ's conduct violated a party's right to due process, and a due process violation will be found only when the standard set by the Supreme Court has been violated. See Bieber v. Department of the Army, 287 F.3d 1358 (Fed. Cir. 2002). That standard, stated in Liteky v. United States, 510 U.S. 540, 555 (1994), is that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Needless to say, however, the Board expects and requires its AJs to exhibit much more exemplary judicial conduct than is necessary simply to defeat a motion for recusal or a finding of bias. Rather, the behavior of the AJ must be characterized by fairness, impartiality, courtesy, decisiveness, and patience. That the Likely standard is not met does not prevent the Board from reassigning a case when the AJ conducted himself or herself inappropriately or was seen to favor one party or the other so that the appearance of partiality would color the proceedings. See, e.g., Gallagher v. Department of the Air Force, 84 M.S.P.R. 441, 443, ¶ 7 (1999).

On August 18, 2021, I uploaded my motion to reopen and motion to compel. On August 20, 2021, I uploaded my appellant brief prior to the notice to appellant being filed same day. On August 23, 2021 @ 4:31 AM I uploaded a document titled "response to the MSPB notice to appellant" My August 23, 2021, filing has been removed from the MSPB file and index. This happened during the time the clerk moved the August 18 and 20, 2021 filings from the upper **Petition for review** index to the lower **Initial Appeal index**. However, I received an email to my yahoo account that shows the action happened. The

email I received showed me as the filer but contains a different title "Response to appellants response to MSPB notice to appellant" a title I know I did not give it but would be a title the agency might use in a filing of theirs. Weird.

The index does not contain any August 23, 2021, filing as the email indicates was uploaded. I refiled the document on 8/28/2021 as "Response to Notice to Appellant dated 8/20/2021" the document uploaded immediately. The email receipts of the 8/23/2021 and 8/28/2021 filings are **Tab 3**

**KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY**
**PH-0752-21-0092-I-1**
Case Status:Headquarter Pending 43 documents returned

| Tab | Download/View | Doc Info. | Submitted by | Date Issued/ Received |
|---|---|---|---|---|
| | | **Petition for Review** | | |
| 7 | Download/View | Request for Extension of Time | Appellant | 8/28/2021 |
| 6 | Download/View | Response to Notice to Appellant dated 8/20/2021 | Appellant | 8/28/2021 |
| 5 | Download/View | Response to Appellant's Motion to Compel dated 8/18/2021 | Agency | 8/27/2021 |
| 4 | Download/View | Reply to Agency Response to Petition for Review | Appellant | 6/4/2021 |
| 3 | Download/View | Response to Appellant's Petition for Review | Agency | 5/20/2021 |
| 2 | Download/View | Petition For Review Acknowledgment Letter | MSPB | 5/10/2021 |
| 1 | Download/View | Petition for Review | Appellant | 5/7/2021 |
| | | **Initial Appeal** | | |
| 36 | Download/View | Appellant Brief Part 4 | Appellant | 8/20/2021 |
| 35 | Download/View | Appellants Brief Part 3 | Appellant | 8/20/2021 |
| 34 | Download/View | Notice to Appellant | MSPB | 8/20/2021 |
| 33 | Download/View | Appellants Brief Part 2 | Appellant | 8/20/2021 |
| 32 | Download/View | Appellants Brief Part 1 | Appellant | 8/20/2021 |
| 31 | Download/View | Appellants Motion To Compel Discovery | Appellant | 8/18/2021 |
| 30 | Download/View | Appellants Motion To Reopen Case | Appellant | 8/18/2021 |
| 29 | Download/View | Certificate of Service | MSPB | 3/29/2021 |
| 28 | Download/View | Initial Decision | MSPB | 3/29/2021 |
| 27 | Download/View | Summary of Conference Call | MSPB | 3/29/2021 |
| 26 | Open | Recorded Status Conf Re: DWOP | MSPB | 3/29/2021 |
| 25 | Download/View | Order Scheduling Conference Call | MSPB | 3/17/2021 |
| 24 | Download/View | Appellant's Proof of Service/Case Suspension Order | Appellant | 3/3/2021 |
| 23 | Download/View | Response to Appellant's Motion to Dismiss and Agency Motion to Compel | Agency | 3/3/2021 |

| | | | | |
|---|---|---|---|---|
| 22 | Download/View | Response to Agency Representative's Respnse to discovery dated 2/26/2021 | Appellant | 2/26/2021 |
| 21 | Download/View | Appellant's Motion to Dismiss Without Prejudice | Agency | 2/18/2021 |
| 20 | Download/View | Correspondence from Appellant | Appellant | 2/17/2021 |
| 19 | Download/View | Appellants additions to filings dated 7 February 2021 | Appellant | 2/7/2021 |
| 18 | Download/View | Order to Appellant | MSPB | 2/4/2021 |
| 17 | Download/View | Response to Agency Response to Appellant's Affirmative Defenses dated 1/7/2021 | Agency | 2/1/2021 |
| 16 | Download/View | Response to summary of status conference dated 1/29/2021 | Appellant | 1/30/2021 |
| 15 | Download/View | Change of e-Filing Status | Appellant | 1/30/2021 |
| 14 | Download/View | Order Suspending Case Processing | MSPB | 1/29/2021 |
| 13 | Download/View | Summary of Status Conference | MSPB | 1/29/2021 |
| 12 | Download/View | Termination of E-Filer Status with Address Change | Appellant | 1/25/2021 |
| 11 | Download/View | Change of e-Filing Status | Appellant | 1/25/2021 |
| 10 | Download/View | Agency File Part 2 - Agency File Tab 4c (pp. 1-105) | Agency | 1/25/2021 |
| 9 | Download/View | Agency File Part 4 - Agency File Tab 4d-4g | Agency | 1/25/2021 |
| 8 | Download/View | Agency File Part 3 - Agency File Tab 4c (pp. 106-217) | Agency | 1/25/2021 |
| 7 | Download/View | Agency File | Agency | 1/25/2021 |
| 6 | Download/View | Response To Affirmative Defense | Appellant | 1/25/2021 |
| 5 | Download/View | Agency Representative Addition | Agency | 1/22/2021 |
| 4 | Download/View | Hearing Order | MSPB | 1/14/2021 |
| 3 | Download/View | Affirmative Defenses Order | MSPB | 1/7/2021 |
| 2 | Download/View | Acknowledgment Order | MSPB | 1/5/2021 |
| 1 | Download/View | initial appeal | Appellant | 1/4/2021 |

This is not a mistake as it is the second time that a document has been removed from the index that has been uploaded by me it happened just after the January 29, 2021, conference call and I memorialized it in my February 7, 2021, filing.

**(From the February 7, 2021, filing)**

UNITED STATES OF AMERICA MERIT SYSTEMS PROTECTION BOARD

NEW YORK FIELD OFFICE KEVIN P. MERTENS, Appellant, v. DEPARTMENT OF THE NAVY, Agency.

DOCKET NUMBER PH-0752-21-0092-I-1

DATE: February 7, 2021

Appellants contact information use only Kevin Mertens 588 Rivershore Drive Roseburg OR 97470 Cell Phone: 316-214-0763 E-mail: kpmert@yahoo.com

Recent events

On February 1, 2021, I uploaded a document named "response to agencies response to appellants affirmative defenses" on the MSPB website. It appears this document has been removed, deleted, or not added to the MSPB repository. I will submit a FOIA request to the MSPB to track what happened

This was replaced with a filing by the agency that shows the agency as the filer, although the name of the agency filing was titled with my electronic filings title "Response to Agency Response to Appellant's Affirmative Defenses" dated February 1, 2021 a title the agency would not use. Weird. Excuse me but these kind of idiosyncrasies makes me feel like this is directly related to agency favoritism by altering the record.

The Judge has favored the agency in this case. The appellant has offered to withdraw the petition and have the case refiled if and only if the board will accept all of appellants affirmative defenses and discovery requests as outlined in his brief and motions filed August 20, 2021.

The agency writes on page 7 of the August 27, 2021, motion, "Indeed, the Administrative Judge informed Appellant on August 20, 2021, that his appeal could not be refiled unless Appellant withdraws his Petition for Review in writing. AF Tab 34. Appellant has not withdrawn his Petition for Review, the Clerk of the Board has not provided leave to Appellant to file additional pleadings in this case, and all pleadings filed after April 27, 2021, should be rejected as not authorized and not considered"

Indeed, as shown above, I filed my motions to open and motion to compel and my appellants brief prior to the August 20, 2021, notice to appellant. Indeed, I responded to the notice on August 23, 2021, Prior to the agencies August 27, 2021, filing. The filing dates and times cannot be used to support

this claim as my filings were prior to the notice. All this is irrelevant because the case was in a dismissal for exactly that purpose. Did the agency really think I was just going with what was handwritten? I must ask why is the agency so desperate to have these filings removed from the record?

The agency is now requesting MSPB to impose sanctions and asking MSPB to disqualify my discovery requests and affirmative defenses by making any appellate filing since April 27, 2021 "unauthorized". I would expect nothing less of an agency that has continuously abused its authority and legal power to violate federal rules on grievances and change a CBA for properly filed grievance of an LOR, violate FMLA leave regulations, retaliate against appellant for the grievance and requests for FMLA and sick leave for workplace injury. (Retaliation such as using the LOR as a "WEAPON") This agency abused its authority to wait out new rules from OPM while removing appellant for false allegations of misconduct and failed investigation of workplace violence. All because appellant dare asked questions of the agency concerning LOR and discipline concerning my career and my health. How dare I ask questions of agency employees involved in the process or question the agency legal authority on appeal?

What the agency and MSPB really want to do is quash the important issues contained below:

## Timeline of important filings concerning this appeal

**09, June 2014** MTC and NAVFACMIDLANT sign a labor agreement **(not yet part of the file)**
**April 30, 2017,** I began working at NLSB **(Agency Tab 4g)**
**January 2018** I was issued a traffic ticket for DUI. I did not miss any time at work due to the traffic ticket or court dates and I did not discuss it with my employer. The employer claims to have read about it in the local paper and injected themselves into the issue through NAVFACMIDLANT base security. **(Tab 6)**
**February 25, 2018,** Doctor suddenly refused to refill of the powerful medication Ativan that I had been prescribed since 2001. **(Agency Tab 4c)**
**May 16 to 21, 2018** I was out sick and attempting to self-withdraw from Ativan **(Agency Tab 4c)**
**May 25, 2018**, Executive Orders # 13836, 13837 and 13839 are issued **(Tab 7)**
**July 24, 2018,** I send an email to Sangillo about Gurhcik statements of how DPMAP (Defense Performance Management and Appraisal Program) will be used against me. She did not respond. **(Tab 6)**
**June 30, to July 06, 2018,** I was out sick for severe withdraw of Ativan
**(Tab 4c)**

**May 13, 2019,** Appellant email, and records request to base security and Sangillo
**August 3 to 9, 2019** I was sick and called in every day and provided doctors note dated July 18, 2018 **(Tab 4)**
**August 14, 2019,** meeting with Gurchik and Sangillo about LS **(Tab 2)**
**August 24, 2019,** I filed the written response to meeting with attached medical notes and FOIA request to Michael Gurchik and Stacey Sangillo requesting a change of the LWOP and AWOL to LS **(Tab 2)**
**September 5, 2019,** FOIA request to NAVFACMIDLANT
**October 2, 2019,** I was issued the LOR by Michael Gurchik it is signed by Stacey Sangillo **(Agency Tab 4f)**
**October 4, 2019,** Email to self-concerning retaliation
**October 11, 2019,** I filed a step 2 grievance with attached FOIA request. **(Tab 2)**
**November 7 and 8, 2019,** Appellant emails for negative DPMAP entries **(Tab 8)**
**November 10 and 11, 2019,** Appellant email concerning Gurchik and Sangillo taking back DPMAP review without a signature **(Tab 8)**
**December 4, 2019,** New MTC contract is signed with drastic changes for LOR, employee call in and sick leave procedures and DPMAP changes for employee performance **(Agency file part 4 pages 118 to 179)**
**December 5, 2019,** Step 2 decision on LOR is issued under newly signed contract **(Tab 3)**
**December 17, 2019,** I filed a step 3 grievance **(Tab 4)**
**December 30, 2019,** DOD approved the December 4, 2019, labor contract **(requested copy not in file)**
**February 27, 2020,** I file FMLA form WH-380-F with Stacey Sangillo. At a later date she indicates the form is the wrong form and tells me to get form WH-380-E filled out and returned. Covid delays this until October 2020 **(Tab 4c)**
**March 6, 2020,** Appellant email; Step 3 decision was issued under the newly ratified contract Sangillo and Gurchik are forced to rescind actions taken on appellant **(Tab 6)**
**March 9 and 10, 2020,** Appellant email FOIA request; I am accused by Manager Stacey Sangillo of aggression toward employees and threatened with investigation. I send an email to her recounting the incident. She issued no response, and no investigation was ever conducted **(Tab 6)**
**March 17, 2020,** Appellant email concerning signature requirement for DPMAP mid-year review **(Tab 6)**
**March 18, 2020,** Appellant email requesting progress report and response about threats on March 9, 2020 **(Tab 6)**
**July 2020** New contract becomes available to employees' months after it was ratified **(Agency references page 118 to 179)**
**May 20, 2020,** I am injured on the job and on light duty until June 9, 2020 **(Tab 4c Page 45 to 55)**
**June 9, 2020,** I am released for full duty **(Tab 4c page 55)**
**June and July 2020** I am sick or on vacation **(Tab 4c)**
**July 15, 2020,** I return to work
**July 29, 2020,** I send Gurchik an email noting my concerns of his intimidation and unprofessional attitude for several months **(Agency reference page 39)**
**July 31, 2020,** Supervisor Michael Gurchik causes the threat and intimidation made by his superior Stacey Sangillo on March 9, 2020, into reality, and I am placed upon administrative leave **(Agency references pages 39 to 43)**
**August 20 and 28, 2020** there is a "fact" finding investigation for incident **(Agency references pages 33 to 74)**
**September 23, 2020,** I was ordered to the NLSB to receive "*documents*" **(Tab 6)**

**September 24, 2020,** I request an extension of time to file a response to removal and I am given 15 days to October 22, 2020 **(Tab 6)**
**October 6, 2020,** I received FMLA form WH-380-E in the mail and include it in my response to proposed removal (Official on removal claims "there is no FMLA on file" for appellant) **(Agency Tab 4b and Tab4c)**
**October 16, 2020,** OPM issues RIN 3206-AN60 implementing the changes to 5 CFR 315, 432 and 752 on executive orders # 13836, 13837 and 13839 dated May 25, 2018. Effective [insert date 30 days after publication] **(Tab 7)**
**October 21, 2020,** I filed a response to the proposed removal **(Agency Tab 4c)**
**November 10 and 15, 2020** Annual leave submissions and notification of job selection emails from appellant to Sangillo, Plouffe and deciding official Timothy Smith. **(Tab 8)**
**November 16, 2020,** New OPM rules on E.O. of May 25, 2018, dated October 16, 2020, become final
**November 25, 2020,** a decision on proposed removal is issued by NAVFACMIDLANT (NAVFAC lawyers must not have wanted this one to be the day after like for the 2019 CBA, too obvious, so let's wait the thirty and add a few!) **(Agency Tab 4b)**
**December 2, 2020,** I am removed from Federal Service NAVFACMIDLANT **(Agency Tab 4a)**
**December 6, 2020,** I am returned to Federal Service with new agency DVA
**December 22, 2020,** I received the decision on proposed removal from NAVFACMIDLANT **(Agency Tab 4b appellant email Tab 8)**
**January 4, 2021,** I file an appeal of the removal with MSPB
**January 22, 2021,** Executive Order # 14003 is issued revoking Executive Orders # 13836, 13837 and 13839 **(Tab 7)**
**March 5, 2021,** OPM issues memorandum for implementation of Executive Order # 14003-Protecting the Federal Workforce **(Tab 7)**

Since January 14, 2021, the appellant has made it very clear that he had no way to prosecute this appeal due to hardships of no Wi-Fi, computer, or place to research or produce work product.

On January 29, 2021, there was a conference. The Judge issued a summary and an order suspending case processing. The summary incorrectly cited what was decided at the conference I filed objections to the summary and requested an immediate reconvening of the case and filed a motion for an immediate 120-day dismissal. The filings explain the judge did not correctly state the suspension and dismissal discussed and there was no discussion of affirmative defenses or discovery. The AJ failed to hear and properly dispose of the motions of the appellant. **(See all appellant filings in the index dated January 30, 2021, February 1, 7, and 17, 2021)** The Order dated January 29, 2021, sets submissions deadline of April 9, 2021, and a prehearing conference date of April 12, 2021, at 01:00 PM. The

conference of April 12, 2021, at 1:00 PM passed and was never rescheduled and for the next 60 days I heard nothing from the MSPB, the AJ has never attempted to explain why. The agency does not ever discuss this date and time why? Because the appellants objections and motions for dismissal were not going to be heard. The agency and MSPB were caught in a compromising position.

On February 4, 2021, there is an Order to the Appellant submitted by the AJ. I am ordered by the MSPB to upload a copy of the January 29, 2021, Order suspending the case to the agency since the order did not properly save to the Boards electronic filing system. I sent the agency a copy by mail as I did not have the ability to scan and upload this document. I found it odd that the AJ would ask this be done in that manner. Could the clerk not perform this task? I ask MSPB to show if this has ever been requested of another appellant pro se in this way? The January 29, 2021, summary and order and February 4, 2021, order to appellant is **Tab 4** Should be TAB 5

Judge Dominquez did not reconvene to hear and rule on the appellants objections as stated in the summary would become final within five days. Except for the handwritten filings in located in Tab 5 of this document, I copy and highlight my filings submitted after the January 29, 2021, conference call below.

**(From the January 30, 2021, appellants response)**

UNITED STATES OF AMERICA MERIT SYSTEMS PROTECTION BOARD NEW YORK FIELD OFFICE KEVIN P. MERTENS, Appellant, v. DEPARTMENT OF THE NAVY, Agency. DOCKET NUMBER PH-0752-21-0092-I-1 DATE: January 30, 2021

Appellants Response to Judges summary of status conference dated January 29, 2021

Judge Dominguez attempted to record the proceeding at 1:00 PM EST on January 29, 2021 and was unable to do so due to technical difficulty.

To make responding to the facts of a hearing undisputed I request that from here forward, all call in or in person hearings at MSPB be recorded and an audio record be made. If this is not possible, please let me know.

173

During the hearing on January 29, 2021 @ 1:00 PM EST:

**(From the summary)**

**The appellant was advised of the option of being given a 30-day suspension or a dismissal without prejudice in order to give him additional time**. The appellant advised us he is having a difficult time conducting research at his local library due to the covid pandemic. However, he sought, and I granted, a 30-day suspension, which will be addressed under separate cover.

What I stated was that "I do my research and computer work at the public library and stated the library here in Roseburg Oregon is closed until further notice due to covid." For this record, I also have bad cell reception in this area and do not have Wi-Fi____33 service. Pleading Number: 2021003931 Submission date: 2021-01-30 21:49:01 Confirmation Number: 609461969 page 4 of 7 2

1. The order states that I was given a choice to have a 30-day suspension or to have the case dismissed without prejudice to give me extensions of time for filings and to explore affordable counsel. What was requested by me and granted by Judge Dominguez was a 30-day suspension and at the end of the 30-day suspension, if I need more time (at that time), dismissing the proceeding with prejudice. Please make clear that this is an and/or extension of these conditions and that a dismissal without prejudice is still an option for me.

**(From the summary)**

Appellant's response in the appellant's affirmative defense response, he included a number of items which were discussed today. I advised him, in response to his inquiry, that I was not aware of his prior Board appeal or, its relevance to this matter.

1. The judge asked about the relevance of this and why I put this in my affirmative responses. I stated that I could explain, and the judge declined to entertain an explanation from me. The relevance of this is the MSPB decision that was a part of my e-OPF was used by this agency as relevant material in their decision to remove me. I am not entirely sure this material should have been in my personnel file to begin with. Also, the appeal of the USPS case was for agency retaliation for illnesses similar and included in this case. (See my response to proposed removal) For the record it was also a whistle blower case for agencies violation of local and state law by encouraging mail vehicles be on the sidewalk for delivery. I am attempting to show relevance of the previous appeal and prevent MSPB favoritism to the agency here.

**(From the summary)**

**If either party believes that this summary incorrectly states the substance of the discussions that occurred during the status conference today, he/she must notify me of same by Friday, February 5, 2021. In the absence of such notice, this summary will be final and will not be modified without a showing of good cause**. Pleading Number: 2021003931 Submission date: 2021-01-30 21:49:01 Confirmation Number: 609461969 page 5 of 7 3

1. From the summary, it appears that the 30-day suspension was to take place and no further extension of time would be permitted because "I sought" only a 30-day suspension and that I was only given the choice of a 30-day suspension or a dismissal without prejudice. In the event that this is the intent in the summary I dispute this issue.

2. Also, had I been unable to access the record today, I would not have had time to respond by February 5, 2021. There is no way a response could have been postmarked by that time. In fact, I may not even receive this mail at my home address by then.

On February 7, 2021, the appellant filed additional objections to the summary of January 29, 2021, and uploaded them electronically:

DATE: February 7, 2021, Appellants contact information use only Kevin Mertens 588 Rivershore Drive Roseburg OR 97470 Cell Phone: 316-214-0763 E-mail: kpmert@yahoo.com

**Recent events**

On February 1, 2021, I uploaded a document named "response to agencies response to appellants affirmative defenses" on the MSPB website. It appears this document has been removed, deleted, or not added to the MSPB repository. I will submit a FOIA request to the MSPB in order to track what happened.

The MSPB has issued an order suspending the case. On January 30, 2021, the appellant has submitted an objection to the summary of the status hearing of January 29, 2021.

On February 2nd I mailed a handwritten addition to the January 30, 2021, electronically filed objection to the judge's summary of the status hearing of January 29, 2021 @ 1:00 pm est. I am anticipating MSPB receipt and filing into the record of the appellants recently sent "objections and additions to summary, motion to dismiss without prejudice and motion to reject/dismiss agency response to appellants defenses" signed February 2, 2021. I will await review of said document and any future orders by MSPB. Pleading Number: 2021004948 Submission date: 2021-02-07 14:51:49 Confirmation Number: 1267761335 page 4 of 6 2

**Appellants additions to response and objection to agency discovery request and interrogatories**

I have received the agencies "fed ex" package the agency was passing off, at the telephonic hearing, as response to appellants discovery request filed in the case repository by MSPB on January 25, 2021. The materials I recently received from the agency contain none of the discovery requested by appellant. In fact, what I did receive was what is already in the MSPB file that I now have, as an e-filer, some limited access to.

Please review the appellants first handwritten discovery request dated January 19, 2021. I will of course have subsequent follow up document requests. I imagine the agency does not plan to cooperate with any document requests, if this is the case then a motion for an order to compel will follow in the future. For now, Judge Dominguez can compel the agency to fulfill the appellants first, but not final, discovery request in the MSPB file since January 25, 2021.

I have proclaimed on many occasions there was a "good old boy" atmosphere in the workplace. I am the subject of agency retaliation for daring to question management about its measures of retaliation. The agency has known about my serious medical issues for years and has taken retaliation for FMLA and recent workplace injuries to removal. I will need an agency witness list.

I will need my emails and documents from my outlook and desktop for kevin.mertens@navy.mil. I will need contact info for all agency employees or MTC representatives that received a copy of my response to proposed removal, contact information for all employees that worked on the letter of proposed removal and decision on proposed removal. I will need all contact information for officials that were convened for the board that decided that the alleged "workplace violence" did take place and rose to the level of placing me on administrative leave. And I will need all emails between Lynne Richesin, Stacey Sangillo and Mike Gurchik that concerns my employment since 5/2017.

I will need agency fulfillment of discovery for preparing a full and thorough appeal to MSPB.

I have yet had time or means to create interrogatories or "questions" for possible appellant witnesses. There are several including Lynne Richesin, Mike Gurchik, Stacey Sangillo, other BLDG 29 employees, Investigator LT Blackley, deciding officials for proposed removal and removal, agency lawyers and other agency management officials and MTC representatives. I will need the country to open fully as I will need access to all public/private available means to research and produce appellate materials. I.E. Law Libraries, Public Libraries, Computer Rental agencies etc.

Signed, Kevin Mertens Appellant 7 February 2021.

On February 17, 2021, appellants handwritten and mailed by US mail **February 2, 2021 "objections to summary" and "motion to dismiss without prejudice"** was filed by the clerk of MSPB and indexed as "correspondence form appellant" (imagine that) The envelope is postmarked February 3, 2021

The motions and objections are handwritten, and I cannot copy and paste but in it I state;

1. "There was no discussion of the defenses I may affirm in my appellate brief during a future hearing"
2. "On January 29, 2021, the agency stated it had sent 500 plus pages via FedEx. I have not received any" and "discovery is not complete or even started" and "MSPB could not expect me

to know all of my defenses until discovery is ruled upon, therefore the agency response to my filings of preliminary defenses must be rejected'

3. "Because there is obvious dispute of that conference, I request the conference be stricken and a new conference held when MSPB recording equipment is operational"
4. "I am now requesting an immediate 120-day dismissal without prejudice"
5. "If MSPB intends to derail my case by denying any of the necessary pleadings above I will make a case to withdraw the present judge"

**Tab 5**

On February 26, 2021, I uploaded "Response to Agency Representative's Response to discovery" dated 2/26/2021:

UNITED STATES OF AMERICA MERIT SYSTEMS PROTECTION BOARD NEW YORK FIELD OFFICE KEVIN P. MERTENS, Appellant, v. DEPARTMENT OF THE NAVY, Agency. DOCKET NUMBER PH-0752-21-0092-I-1
**DATE: February 26, 2021**

Appellants contact information use only

Kevin Mertens 588 Rivershore Drive Roseburg OR 97470 Cell Phone: 316-214-0763 E-mail: kpmert@yahoo.com

Appellants response to agency discovery request

On February 7, 2021, the appellant has submitted a motion for dismissal of the case for 120 days or more upon the fully reopened united states. I am asking the judge to re-convene the case to rule upon the appellants dispute of the telephonic hearing of January 29, 2021, and to rule upon the appellants motion for dismissal without prejudice.

On February 12, 2021, the agency responded to the appellants initial discovery request. The agency gave none of the requested discovery for reasons of the request being ambiguous, overburdensome, not relevant or they hid behind attorney client privilege.

I can make the request for access to my desk top computer and email of kevin.mertens@navy.mil very easy. Give me access to the material and I can copy the "relevant and necessary" emails and documents that were created and/or maintained by me on the system. Thereby relieving the agency of the burden.

On February 12, 2021, the agency submitted a request for discovery, admissions, interrogatories, and production of documents. The appellant does not have the burden of proof and has not produced his

requests to the agency. Discovery must be completed prior to any appellant response. Pleading Number: 2021007887 Submission date: 2021-02-26 21:45:15 Confirmation Number: 2143931231 page 4 of 6

The requested emails will produce direct evidence of retaliation by Stacey Sangillo and Michael Gurchik, the emails will show the attempts made by me to management for clarification of leave and the lack of response by management to my numerous inquiries, FMLA and the good old boy atmosphere at NL subbase. That reminds me, agency please submit a list of all personnel that work at subbase new London that have immediate or non-immediate relatives also working there.

Discovery will also show that there is no supervisor on the shift I called in sick for and that no one is required to have advanced approval of leave or that any operator turns over the shifts in the manner claimed by the agency.

I expect discovery would also show that the SLCADA system was manipulated and altered by the agency.

I expect discovery would show the agency failed in many ways in their managerial functions.

Regardless first things first, the MSPB will need to respond to my motion for dismissal. The country will need to open in order that I may be able to produce work product for a thorough appeal. Using the time necessary for me to be thorough and for a fair and just process will not burden the MSPB nor the Agency. If my requests are denied I request an explanation of exactly how the agency is being burdened.

Signed Kevin Mertens 26 February 2021

The agency recollected on March 3, 2021, in their response to my motion to dismiss, exactly what the reason for the continuance granted on January 29, 2021, was, Shook states:

"During the Status Conference held on January 29, 2021, Appellant informed the Administrative Judge and the Agency that he does "his research and computer work at the public library, and the local public library in Roseburg, Oregon is closed until further notice due to COVID." MSPB Appeal File (AF) Tab 16 (Appellant's Response to Summary of Status Conference). As a result, Administrative Judge Dominguez granted Appellant a 30-day suspension to give him additional time to conduct his research and seek counsel. AF Tab 13 (Summary of Status Conference). On January 30, 2021, Appellant objected to the Administrative Judge's summary of the status hearing for a number of reasons, including Appellant's understanding that if he needed more time at the end of the 30-day suspension, a dismissal without prejudice remained an option." AF Tab 16.

That does not sound like it was for the purpose of completing discovery does it!

On March 29, 2021, the judge held a "recorded" conference call. At the time of this hearing the library had not re-opened, I still had no Wi-Fi and no computer to created research or work product.

During the call I was not allowed to speak or bring up the objections and motions filed previous concerning the January 29, 2021, conference call, and the judge then admonished ***me*** in the summary of this call for attempting to do so. Do not trust the recollections of the agency of what was said, listen to the tape recording. I motion the MSPB to make a transcript of this conference

I did not object to the judges eventual granting of my February 2, 2021 "motion to dismiss without prejudice" and the agency was made fully aware that the dismissal was for the purpose of me properly litigating my appeal.

From the March 29, 2021, summary:

**Dismissal without prejudice**

The appellant indicates he does not have access to the library (due to the fact it has been closed due to the pandemic) and, that his Wi-Fi access is terrible, both of which have made it nearly impossible for him to properly litigate this matter. The agency had initially filed an objection to the appellant's motion to dismiss without prejudice, although today, it indicated it does not object to such a dismissal, provided the appellant refiles his appeal by no later than August 30, 2 2021. I indicated that the appellant's motion is GRANTED. I will be dismissing the appeal without prejudice – the appellant will have until August 30, 2021, to refile his appeal

However, I did object to the mischaracterizations of discovery as the granting of the agency motion to compel of March 3, 2021, came after my motion to dismiss, objections to the summary, and motion to reconvene the case that were not disposed of by the AJ. I also asked for review of the judges narrowing of my defenses as this was not the final conference. I had not even been able to develop a proper discovery request or appellate brief.

On May 26, 2021, Appellant was able to purchase a computer to work from home on. **Tab 6**

On June 1, 2021, the appellant moved to the city of Roseburg Oregon and changed my address in the MSPB system. The library re-opened in Roseburg to the public on June 8, 2021 (and closed to the public again on August 14, 2021) Fortunately, because of the proximity to the city access to Wi-Fi was

available and I had a computer to research and develop work product at his new residence. However, I still have no copier or scanner, so please do not order me to upload anything to the agency.

As the agency and MSPB are aware I work full time and between June 1, 2021, have worked very hard to get all my defenses and discovery requests put together. I filed all that research and work product on August 18 and 20, 2021. The legal department engaged in this appeal had been directly involved in the appellants struggles with NAVFACMIDLANT management since October 2, 2019, at the very least and up to and through removal and appeal to MSPB.

MSPB please understand, in other words "this legal team did not just come on board" to represent the agency in this MSPB appeal and have abused their authority for at least 22 months when dealing with me as an employee and now appellant. The agency and MSPB are now fully aware of affirmative defenses and agency abuse of authority.

In the agencies response to my August 18, 2021 "motion to compel" the agency is attempting to have my appellate brief and discovery requests removed from the record as unauthorized and untimely, so they are not forced to answer to the abuses they are guilty of. In the response the agency makes unfounded statements like:

"Appellant continues to file random pleadings without leave during the pendency of his Petition for Review, and these filings are unprofessional, accusatory, and disrespectful to the Board and the Agency. In nearly every filing, Appellant alleges improper conduct by both Administrative Judge Dominguez and the Agency" and "Appellant continuously insults the Board and the Agency in his filings, and the case has not even moved forward to the hearing stage" and "Appellant has demonstrated a pattern of filing multiple vexatious pleadings regarding matters that have already been resolved, ignoring the Board's procedural rules, and making false allegations of misconduct by the Administrative Judge and the Agency"

I have no clue what random filings without leave are referring to. I have not filed anything since June 4, 2021, in reply to the agency response to my PFR. The filings of August 18 and 20, 2021 are not random, they are my sworn declarations and thoroughly argued affirmative defenses to the charges the

agency cited for removal, they most certainly are not "random" The above paragraph contains many accusations, but no real instances of disrespect or insults and my filings are not accusatory or un-professional. These allegations are **frivolous**, and the agency lawyers are supposed to be legal professionals, the agency lawyers are who need to be reprimanded by MSPB and the bar associatrion for attempting such a **frivolous** action in a **civil court of law**. In fact, I have shown AJ favoritism toward the agency and there is a serious attempt to throttle my appeal.

The agencies attempt to make anything I have done look so out of the norm is a tactic the legal community attempts to use when it has been caught in a compromising position. (Lying or cheating) This is exactly the tactic Jeffery Goodwin and the City of Edmonds Washington courts used in the process of derailing my case in 2003 for the covering of violations of due process and law they themselves committed. (Not to mention the endless destruction of records, including clerks that destroyed witness testimony of the first trial by destroying all trial tapes. Also, at the state supreme court level where AT&T lost the recorded teleconference tapes they were in charge of creating) I wonder if the supreme court of Washington state had any influence on that loss?

Sorry, I call it like I see it. What is taking place here is something this appellant has seen before. In keeping with the current agency tactic, I am sure the foregoing statements will be viewed as disrespectful and unprofessional by the agency, just because I dare write them.

**Appellants Response to the Agency "FACTS" in numerical order:**

**Fact 1.** The Acknowledgment Order of January 5, 2021, provided for initial discovery requests to be served within 30 calendar days, or by February 4, 2021. The Acknowledgement Order also advised Appellant that failure to follow the Administrative Judge's orders or Board regulations may result in the imposition of sanctions. MSPB Appeal File (AF) Tab 2 (Acknowledgment Order).

This case has been on dismissal for the purpose of appellants prosecution of appeal, not partial prosecution of appeal. Clearly prosecuting an appeal is the filing of discovery requests and creating affirmative defenses and agency violations of law and outlining those in an appellate brief. The AJ has not proclaimed an end to discovery.

I quote from the Judges Handbook:

**10. SUSPENDING CASES FOR DISCOVERY**. An AJ may suspend a case two times for up to 30 days each. 5 C.F.R. § 1201.28. Among the reasons commonly given for such a suspension is to allow the parties to complete discovery. See chapter 3, section 12 for details.

Completion of Discovery. Discovery should be completed within the time designated by the AJ. 5 C.F.R. § 1201.73(d)(4). If no such period is designated, discovery must be completed no later than the prehearing or close of record conference. Id.

The AJ must ensure that due process requirements are met. JH chapter 8 section 7(c) **Supplemental Requests.** If the requesting party finds it necessary to make additional requests based on the responses it receives, these supplemental requests must be served within 10 days after the date of service of the prior responses unless otherwise directed by the AJ.

In essence the appellant filed a supplemental request on June 22, 2021, the agency failed object or respond with extra time to do so. The agency failed to respond to the request and appellant responded under JH chapter 8 section 8 "Motions to Compel"

"When a party fails or refuses to respond in full to a discovery request (e.g., by objections, lapse of time, repeated delay, nonresponsive answers, etc.), the requesting party may ask for the Board's assistance by filing a motion to compel. Parties must file motions to compel within 10 days of the date of service of objections or the expiration of the time limit for response, when no response has been received"

Here appellant filed the motion on the first day of service since it was filed concurrently with the appellants motion to reopen the case and he is asking the boards assistance which means the case must be reopened for the board to assist. Filing the motion without reopening the case makes the entire point moot.

**Fact 2.** Appellant filed a Motion to Compel Discovery on January 25, 2021. AF Tab 6 (Appellant's Response to Affirmative Defense Order).

182

Since the agency was adequately able to process the case because of full capacity staff and resources, appellant started the discovery process with a handwritten request in order to get something going. I was unable to properly engage in discovery and the appeal for good cause and hardship due to lack of resources and a dismissal to do so was granted until August 30, 2021.

**FACT 3.** During the Status Conference held on January 29, 2021, the Agency informed the Administrative Judge that it had not received a discovery request from Appellant prior to his Motion to Compel, and the Agency would treat Appellant's Motion to Compel as his initial discovery request and would respond accordingly. On January 29, 2021, Administrative Judge Dominguez granted Appellant a 30-day suspension to give him additional time, and the parties were to continue the process of completing discovery during the suspension. AF Tab 13 (Summary of Status Conference).

The January 29, 2021, conference hearing was not recorded, and the summary of that call was timely objected to. That is why it was very important to get back on the record so that the issue of the case "being on continuance followed by an immediate dismissal" be figured out, for exactly the reasons that have come to light now. In fact, the agency recollects differently the reason for suspension in a "Response to Appellant's Motion to Dismiss and Agency Motion to Compel" to my February 7, 2021, motion to dismiss ON March 3, 2021, **Mrs. Shook states and I quote**:

"During the Status Conference held on January 29, 2021, Appellant informed the Administrative Judge and the Agency that he does "**his research and computer work at the public library, and the local public library in Roseburg, Oregon is closed until further notice due to COVID.**" MSPB Appeal File (AF) Tab 16 (Appellant's Response to Summary of Status Conference). As a result, Administrative Judge Dominguez granted Appellant a 30-day suspension **to give him additional time to conduct his research and seek counsel.** AF Tab 13 (Summary of Status Conference). On January 30, 2021, Appellant objected to the Administrative Judge's summary of the status hearing for a number of reasons, including Appellant's understanding that if he needed more time at the end of the 30-day suspension, a dismissal without prejudice remained an option" AF Tab 16

***The word discovery is not once used in the above quote as to the reason for the case being on continuance, I find that compelling and important to this motion.***

As appellant has stated in filings in February above, Other than the agency stating they had mailed me requested discovery, discovery was not discussed on January 29, 2021, and the 30-day

suspension was for my inability to access resources. If the Roseburg Public library did not reopen by April 29, 2021, then an immediate dismissal would begin. This paragraph #3 and the differences in the agency recollections on March 3, 2021, and August 27, 2021, of what took place during the conference call can only be viewed as now intentionally attempting to mislead the MSPB and persuade the board to reject my filings, impose sanctions including removing my hearing so the agency can be relieved of responding to the appellants discovery questions and affirmative defenses. This action by the agency lawyers is **frivolous**, and because they must be fully aware it is frivolous, it is the agency that should be sanctioned.

**FACT 4.** The Agency served upon the Appellant a written discovery request (Agency Request for Admissions, Interrogatories, and Request for Production of Documents) by e-mail on February 4, 2021, and again by FedEx on February 23, 2021. AF Tab 23 (Response to Motion to Dismiss Pleading Number: 2021030561 Submission date: 2021-08-27 08:45:05 Confirmation Number: 1298092848 page 4 of 89 2 and Agency Motion to Compel). In accordance with the Acknowledgment Order, Appellant had until February 24, 2021, to respond to the Agency's discovery request.

Appellant had difficulty for a long period of time finding someone to administer the oath for the responses. As soon as that discovery and oath were complete, I filed the responses. On August 18, 2021, I filed a motion to compel. Under JH chapter 8 Motion to Compel section (a)(1) The motion must be accompanied by a copy of the original discovery request and a copy of the response or, if no response was received, an affidavit or sworn statement to that effect. The agency has not shown how this delay has caused them harm and the agency are simply using the time limits to prevent answering to the current affirmative defenses. The time limits on discovery were changed automatically by the original appellants January, 14, 19 and 30, 2021 and February 2, 7, and 26, 2021 motions for extensions of time and dismissal that was never properly disposed of by the AJ, and the judge's order on January 29, 2021 that set dates for submissions of April 9-prehearing conference for April 12 @ 1 PM and hearing for April 20 @ 9 AM that were never addressed by the AJ. All of these missed dates with no explanation were directly related to my filings and objections to that conference call and summary.

**FACT 5.** On February 12, 2021, the Agency responded to Appellant's discovery request via e-mail. Agency Exhibit 1.

The agency response to every request was: RESPONSE: "The Agency objects to this Request for Documents, as it is overly broad in time and scope, may produce many irrelevant emails, and is ambiguous and unduly burdensome. Without waiving that objection, see the Appeal File"

**FACT 6.** On February 26, 2021, Appellant filed his response to the Agency's Discovery Request. In his response, Appellant claimed that the Agency provided "none" of the Appellant's requested discovery in its discovery response and stated his refusal to respond to the Agency's Discovery Request dated February 4, 2021, until he is satisfied with the Agency Response to Appellant's Discovery Request dated February 12, 2021. AF Tab 22 (Response to Agency Representative's Response to Discovery).

Paragraph #6 is further intentional misrepresentation of the facts by the agency, relevant parts of the February 26, 2021, appellant filing are here below and the entire filing is above:

On February 12, 2021, the agency responded to the appellants initial discovery request. The agency gave none of the requested discovery for reasons of the request being ambiguous, overburdensome, not relevant or they hid behind attorney client privilege.

I can make the request for access to my desk top computer and email of kevin.mertens@navy.mil very easy. Give me access to the material and I can copy the "relevant and necessary" emails and documents that were created and/or maintained by me on the system. Thereby relieving the agency of the burden.

On February 12, 2021, the agency submitted a request for discovery, admissions, interrogatories, and production of documents. The appellant does not have the burden of proof and has not produced his requests to the agency. Discovery must be completed prior to any appellant response.

Regardless first things first, the MSPB will need to respond to my motion for dismissal. The country will need to open in order that I may be able to produce work product for a thorough appeal. Using the time necessary for me to be thorough and for a fair and just process will not burden the MSPB nor the Agency. If my requests are denied I request an explanation of exactly how the agency is being burdened

The appellants February 26, 2021 "response to agency discovery request" contained a recap of the appellants filings since the January 30, 2021, summary on conference call. I explained what I expect discovery could support and I did not refuse to respond to their requests, as claimed above. I stated I had not been able to create MY discovery requests due to lack of resources and I was waiting for the AJ to set a hearing for the ordering of a disposition of the appellants motion to dismiss and objections to summary filed in February 2021. This filing further supports my claims that I could not produce work

product or engage properly in discovery process in any meaningful way, I could not prosecute my defenses and the agency would not be harmed by waiting for a fair and just process.

**FACT 7.** On March 3, 2021, the Agency filed a Motion to Compel Appellant to respond to the Agency's Discovery Request. AF Tab 23 (Response to Motion to Dismiss and Agency Motion to Compel).

Appellant had filed objections to summary and motion to dismiss long before that. The agency is using the unrecorded and misrepresented conference call to "rush" the case thru setting in motion time constraints that cannot be undone, giving me no chance to thoroughly respond and engage in "fairness" on a level field of "due" process. "Remember" This is the agency that has been the object of a thorough grievance of an illegal LOR filed personally by me that required an abuse of authority and change of CBA a day after a step 2 decision. They do not wish to be subjected to a thorough response on appeal from the appellant.

**FACT 8.** Once the case resumed upon expiration of the suspension, Administrative Judge Dominguez held another status conference with the parties on March 29, 2021. During the status conference, Appellant indicated that he would not be responding to the Agency's interrogatories until the Board intervened. Administrative Judge Dominguez specifically explained to Appellant that he is required to respond to the Agency's discovery requests. AF Tab 27 (Summary of Conference Call).

The agency has not referenced a time on the tape this was stated by me. This is not what transpired. Please do not just read the summary please listen to the recordings. During the call I attempted to address the January 29, 2021, conference call and the February 2, 2021, motion to dismiss and was not allowed to bring it up by the AJ. I also proclaimed that "I am in my vehicle surrounded by papers, and I have nowhere to produce work product" I was desperate to try to place on the record my lack of resources and be granted some time to be thorough. I did not find it fair that I was being the subject of discovery I could not properly engage in.

**FACT 9.** On March 29, 2021, Administrative Judge Dominguez granted the Agency Motion to Compel, and granted Appellant's Motion to Dismiss Without Prejudice. Additionally, she ordered the Agency to provide a supplemental response to Appellant's discovery request, including: 1) emails, to the extent they can be recovered from Appellant's Outlook account, from the date he filed his FOIA request in 2017

to his removal on December 2, 2020; and 2) emails, dated between the date of the Appellant's filing of his FOIA request in 2017 to his removal on December 2, 2020, that were exchanged between the following individuals the subject of which was the Appellant: Stacey Sangillo, Michael Gurchik, and Lynne Richesin-Plouffe. Administrative Judge Dominguez specifically denied Appellant's request for emails between the Agency's Legal Office and Agency management officials as attorney-client privileged information. AF Tab 27.

She denied emails between NAVFACMIDLANT officials and the attorneys not the questions found in the June 22, 2021, discovery request. The agency and AJ had no idea what all my affirmative defenses would be at that time. Appellants affirmative defense claim of agency legal department abuse of authority directly relates to the June 22, 2021, request for admissions and discovery need not be admissible in evidence to be discoverable, so agency emails are in fact discoverable. Also 65 days have elapsed since the agency received appellants discovery request and the agency did not object to it at any point until now.

**FACT 10.** On April 21, 2021, the Agency provided a supplemental response via FedEx to Appellant's Discovery Request, providing hard copies of over 500 e-mails between Stacey Sangillo, Michael Gurchik, and Lynne Richesin-Plouffe concerning the Appellant during the relevant time period. In its Supplemental Response, the Agency also informed Appellant that the Agency had obtained the requested information from Appellant's Outlook account and would be forwarding via DVD separately. Agency Exhibit 2.

These emails were requested for the purpose of discovering if and when the agency legal department was involved in directing employees in retaliation against appellant for grievance of LOR, FMLA or any other action related to retaliation. I have stated in emails during the administrative investigation that there over 200 relevant emails in the "drafts" section of my outlook alone and NAVFACMIDLANT did not want me to gain access after the decision to remove me was made. I feel no matter how much the agency insists they have provided my desk top materials, **My Outlook account will not ever be provided** because there is just too much damaging information in it. I saved all of my grievance materials on the LOR, all my documents sent during the DUI investigation, all of my emails important to retaliation that was on going, all of my correspondences for FOIA requests and more that I can't be specific on but were worthy of saving.

Appellant was also attempting to verify certain emails were within the agency discovery response to ascertain if the email loop was complete. For example, **July 24, 2018,** I send an email to Sangillo about Gurhcik statements of how DPMAP (Defense Performance Management and Appraisal Program) will be used against me. She did not respond, **October 4, 2019,** Email to self-concerning retaliation, **November 7 and 8, 2019,** Appellant emails for negative DPMAP entries, **November 10 and 11, 2019,** Appellant email concerning Gurchik and Sangillo taking back DPMAP review without a signature, **March 6, 2020,** Appellant email; Step 3 decision was issued under the newly ratified contract Sangillo and Gurchik are forced to rescind actions taken on appellant, **March 9 and 10, 2020,** Appellant email FOIA request; I am accused by Manager Stacey Sangillo of aggression toward employees and threatened with investigation. I send an email to her recounting the incident. She issued no response, and no investigation was ever conducted, **March 17, 2020,** Appellant email concerning signature requirement for DPMAP mid-year review, **March 18, 2020,** Appellant email requesting progress report and response about threats on March 9, 2020. These emails are contained within the appellant's brief. (See above timeline for tabs) None of these emails were located within the discovery sent to me and I officially motion AJ and MSPB to demand agency explain why. I am sure this will not happen even though it has been ordered by the AJ. From the March 29, 2021, summary the AJ writes: "In the event the agency's Information Resource Management office cannot recover these emails, it must provide the appellant with a sworn declaration to that effect" .........So just who is not following orders?

The 500 emails referred to in paragraph #10 are not 500 there are many duplicates of emails that place the appellant in a negative light, they are in some cases from co-workers in the "good old boy" system at NLSB and are not true. However, my showing of retaliation in my thorough brief could make them beneficial on cross examination of agency witnesses.

188

**FACT 11.** On April 27, 2021, Appellant filed a Petition for Review of the Initial Decision dismissing the appeal without prejudice. MSPB Petition for Review (PFR) Tab 1 (PFR), Tab 2 (PFR Acknowledgment Letter). Pleading Number: 2021030561 Submission date: 2021-08-27 08:45:05 Confirmation Number: 1298092848 page 5 of 89 3

Sure did

**FACT 12.** On May 3, 2021, the Agency responded to Appellant's email acknowledging his receipt of the Agency's Supplemental Discovery Response and asking questions concerning the remaining items requested in his discovery request. In this email, the Agency also asked Appellant whether he intended to respond to the Agency's Discovery Request. Agency Exhibit 3.

Sure did

**FACT 13.** On May 3, 2021, the Agency provided its final response via FedEx to Appellant's Discovery Request, providing two (2) DVDs with nearly 9 GB of information obtained from the Naval Network Warfare Command, including: Appellant's e-mails (to include sent, deleted items) from 30 April 2017 to 2 December 2020; all .PST files found on either local computer or users H: drive from 30 April 2017 to 2 December 2020; and Appellant's personal files (e-mails and documents stored as part of e-mail and or my documents) from 30 April 2017 to 2 December 2020. Agency Exhibit 4.

The .PST files and H: drive language and other language is being used here for the first time by agency and is exactly the language used in tab 7 The information was not accessible and was not copied correctly. I paid an IT specialist to verify accessibility. The findings are outlined in the receipt provided for service rendered. **Tab 7**

**FACT 14.** After receiving confirmation from FedEx that Appellant received the Agency Final Response to Discovery, the Agency emailed Appellant on May 5, 2021, informing him that the Agency response to his discovery request was complete, and asking him whether he had any questions about the Agency's Discovery Request, and if he intended to respond. Agency Exhibit 5.

The information within my outlook and items saved to desktop are not accessible as it was not copied correctly to be accessible. The issues within my PFR are still pending and I object to the agency claim discovery is complete. The record before the board now as a whole reflects that the case was on dismissal and motions were not properly disposed of, so any times quoted by the agency are not valid.

**FACT 15.** On May 5, 2021, Appellant responded to the Agency's question about discovery by stating, "I will await the fully open access to resources in Roseburg Oregon, the ability to properly produce interrogatories and discovery requests such as you have and outcome of current filings." In a second email, Appellant also stated, "As you know I have yet to develop (sic) interrogatories and have questions

answered by employees and potential witnesses. I may also have other documents and tangible items to include in discovery." Agency Exhibit 6.

Sure did. The agency still needs to produce the June 4, 2014, CBA for the items not found in the 2019 CBA signed the day before the step 2 decision on the appellants grievance on the LOR and answer all questions concerning abuse of authority

**FACT 16.** The Agency re-sent Appellant its Agency Discovery Request on May 5, 2021, requesting that Appellant answer as soon as possible. Agency Exhibit 7.

I have answered and sent the response; the agency claims this is a serious issue for requesting sanctions but does not ever explain how they have been harmed by the delay in response to the requests? They have not suffered any harm in the appellate process and still have the information requested.

**FACT 17.** On May 10, 2021, Appellant advised the Agency, "I do plan to respond to your discovery questions and requests ASAP." Agency Exhibit 8.

Sure did just as soon as I could get them properly witnessed by an agent.

**FACT 18.** The Board acknowledged Appellant's Petition for Review on May 10, 2021, and the Agency filed its Response to Appellant's Petition for Review the same day. PFR Tab 2, Tab 3.

Yes agreed

**FACT 19.** On June 10, 2021, Appellant informed the Agency that he was unable to access the data on the two discs provided by the Agency containing all files and e-mails recovered from the Appellant's Outlook account (kevin.mertens@navy.mil) dating from 2017 to his removal on December 2, 2020. Agency Exhibit 9.

Sure did. The Roseburg Public Library did not open until June 8, 2021 and I responded immediately on June 10, 2021 because on June 1, 2021, I had Wi-Fi and a computer and it was the first opportunity I had to review the discs and discover they were not readable or accessible. Between June 1 and June 10, I was attempting to have an IT specialist look at them. The second I knew form the IT specialist the problem I emailed the agency **(See tab 6 and 7)**

**FACT 20.** On June 22, 2021, the Agency advised Appellant that it was working with the IT folks to try and recopy the information onto discs, since Appellant was unable to access the information. However, the Agency subsequently discussed options with the IT Department Head, who stated that all the requested information had been provided to Appellant on the discs and were accessible to him. Pleading Number: 2021030561 Submission date: 2021-08-27 08:45:05 Confirmation Number: 1298092848 page 6 of 89 4

I began seriously documenting the actions of management that occurred during my employment ever since obtaining through FOIA an email dated March 15, 2018, that claimed I came into work intoxicated. located within Tab 2 of the appellants brief dated August 20, 2021. The email sent by agency was one of the 3 pages sent on a request for entire employee file through FOIA.

I provide emails in the supporting brief that show other instances of retaliation. I attempted on several occasions to gain access to the base and my computer for the copying of this material including to obtain an email for the administrative investigation written on the morning of the alleged misconduct, I was denied base access to get it. I have offered to go to Bremerton Naval base to access and copy the information or utilize navy IT in order to gain access. **(See email dated June 17, 2021 @ 9:04 AM attached to the appellants August 18, 2021, Motion to Compel Discovery)**

This is the first time I have heard that Agency subsequently discussed options with the IT Department Head, who stated that all the requested information had been provided to Appellant on the discs and were accessible to him. Did this come up in the 9 days between my August 18 Motion and agency response? If a sworn statement that the files are accessible can be provided by that department head that would help. If not, I want to know this department heads contact information as he will be called to testify at the hearing.

If this information is accessible then I will not believe that this is true unless I can confirm all emails in listed in FACT paragraph #10 above, by seeing them while sitting at the workstation personally. (i.e., by going to Bremerton Naval Base for instance) I was able to copy the emails in FACT #10 above and found in the appellant brief at Tab 6.

**FACT 21.** In its email of June 22, 2021, the Agency again asked Appellant if he intended to respond to the Agency's discovery request. Agency Exhibit 9. Appellant responded by attaching a new 27- page "Appellant Discovery Request" to his email, stating that he would "attempt to complete an appellate brief and respond to [Agency] requests ASAP." Agency Exhibit 10.

The email explained the agency was 100% telework and had not attempted to recopy the material. On June 22, 2021 @5:11 PM I sent an email and stated, "I see many emails that are not beneficial to the course I am on." "I know many emails I have in my possession are not included" "Perhaps they were deleted or claimed to be?" "Mabey Mr. Thompson can recover them" **See page 9 of the appellants "Motion to Compel' dated August 18, 2021.**

**FACT 22.** On June 26, 2021, July 8, 2021, July 19, 2021, and again on August 4, 2021, Appellant emailed the Agency Representative and other Agency employees, requesting further discovery. Agency Exhibit 11.

Sure did

**FACT 23.** On August 18, 2021, Appellant filed a "Motion to Re-Open Case" and a "Motion to Compel Discovery." AF Tab 30, Tab 31. Appellant partially responded to the Agency's Discovery Request in his Motion to Compel Discovery. AF Tab 31.

What is "partially" and what is it that the agency needs. If the agency needs more detail or to verify an answer in the response to discovery, they should ask for a specific motion or ask it at the hearing as I will do for all witnesses or when cross examination of any agency witness occurs.

Again, the agency insists this delay in discovery, or I guess partial discovery is reason for serious sanctions but does not explain any harm this caused them. The same lack of harm it would cause in granting a dismissal for me to be thorough. a dismissal will not harm the agency in any way, additional time will only benefit the appellant just as when appellant is not allowed time to be thorough with a lack of resources and forced into time restrictions, it will harm the appellant and benefit the agency. The agency has a team of people, have mega resources, and do this for a living. Meanwhile I work full time, I have struggled to get a computer to work on and a place to do work.

To sum it up. The discovery issue being dramatized and overplayed by the agency. This filing is their account that the discovery provided prior to August 30, 2021, is somehow so very important and they have exhausted themselves in response to the extent that the Properly formed June 22, 2021, discovery request just should not be applicable. To further dramatize their point, on the other hand the appellants failure to provide his responses prior to March 3, 2021, and failure of appellant to follow old discovery dates that are now irrelevant, serious sanctions including removing any filing after April 27, 2021, must be enforced and are the only remedy.

## Appellants Response to Agency "Argument"

In the above 23 numbered "facts" the agency has intentionally misrepresented statements and previous filings to support the request for this board to sanction me and remove the agency from the responsibility of being required to have agency employees answer to the appellants affirmative defenses of agency abuse of authority in grievance procedures and retaliation, violations of the laws of FMLA and serious procedural error.

The summary order on March 29, 2021, granted the dismissal until date certain. The AJ required the appellant to refile his case by August 30, 2021, the agency did not object "**provided it be refiled no later than August 30, 2021**"

From the summary:

**Dismissal without prejudice**

The appellant indicates he does not have access to the library (due to the fact it has been closed due to the pandemic) and, that his Wi-Fi access is terrible, both of which have made it nearly impossible for him to properly litigate this matter. The agency had initially filed an objection to the appellant's motion to dismiss without prejudice, although today, it indicated it does not object to such a dismissal, **provided the appellant refiles his appeal by no later than August 30,**

The appellant refiled the appeal August 18, 2021, twelve days early, the agency now is recanting and appears to be objecting to the date certain of August 30, 2021.

The agency is misleading the MSPB and trying to designate time limits on discovery that have been re-designated by subsequent appellate filings. Since January 14, 2021, I have repeatedly expressed that I would be filing additional requests and defenses when I had access to a computer and place to research, review materials and produce work product. (Prosecute the appeal)

The Summary of January 29, 2021 was timely objected to and a suspension and/or a dismissal at the end of 30 days was agreed to by agency and AJ and they know it. The appellant filed a motion for immediate dismissal on February 2, 2021, that the AJ did not rule on until March 29, 2021, when she granted the motion. The delay in hearing the motion should not be included in any time constraints for discovery. I still had no way to engage in due process. The agency did not file requests for discovery until after that date therefore the times to file they have repeatedly referred to are not accurate. I was in the process of prosecuting my appeal. (Websters dictionary defines "prosecuting" used properly here as **initiating** a legal matter and **following it through to the end**)

At no time between June 22, 2021, and August 18, 2021, did the *agency* object to the appellants discovery request. On March 29, 2021, the AJ granted an agency motion to compel that the *appellant* failed to respond or object to (even though I did object to it) see PFR. So how and why is this situation different?

From the summary:

**Discovery and agency's motion to compel**

The agency filed a motion to compel on March 3, 2021, to which the appellant has failed to respond or object to. The agency's motion to compel is GRANTED. I note that there appears to be a misunderstanding on the appellant's part as to what discovery entails and what the rules pertaining to discovery are. He indicated he would not be responding to the agency's interrogatories until the Board intervened and I explained that he is required to respond to the agency's discovery requests. Moreover, the appellant indicated that the agency has failed to comply with his discovery demands as well. In response, the agency went into detail as to it provided to the appellant already and agreed to provide additional documentation (which I will address below). I noted that to date, the appellant has not filed a motion to compel. In response, the appellant referred to a January 25, 2021 "Response to Affirmative

Defense," he filed, wherein he attached a January 19, 2021 "Motion to Compel" which, as noted today, was actually a discovery request to the agency. I explained that a motion to compel is filed when the opposing party refuses to answer, not as an initial interrogatory request and, that nonetheless, said January 19, 2021 "Motion to Compel" is DENIED since it was his initial request to the agency (the appeal was only filed on January 4, 2021) and, said "Motion to Compel" failed to comply with 5 C.F.R. § 1201.73(c)(1), which requires the party filing that motion to establish he made a good faith effort to resolve the discovery dispute before filing such a motion. His "Motion to Compel," did not establish he made any effort since this was his first interrogatory request in any event, since the appellant indicates the following relates to his affirmative defense of retaliation, the agency was ORDERED to provide only the following:

No discussion of any rules that needed to be followed and no instructions were given of where to find them. only that good faith effort to resolve the dispute prior to the motion. I emailed agency on July 1, 8 and 19, 2021 and August 1, 2021 **(See appellants August 18, 2021, motion to compel pages 6 to 13)** The AJ has never stated discovery will end only that the agency provide additional discovery that relates to **one** of my affirmative defenses. The AJ now has all my affirmative defenses, and the scope of discovery will change now the appellant has "**prosecuted his appeal**" and filed to re-open the case by August 30, 2021, as ordered by MSPB and agreed to by the agency.

The scope of discovery is defined as:

Rule 26(b)(1) of the Federal Rules of Civil Procedure was changed as of December 1, 2015. Instead of the language that evidence "reasonably calculated" to lead to admissible evidence is discoverable, the Rule now contains a proportionality limitation. It now states –

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The completion of discovery has not been re-designated by the AJ and under JH chapter 8 rule 7(e) that states: "Completion of Discovery. Discovery should be completed within the time designated by the AJ. 5 C.F.R. § 1201.73(d)(4). If no such period is designated, discovery must be completed no later

than the prehearing or close of record conference. Id. The AJ must ensure that due process requirements are met"

The discovery process serves mainly to support the defenses of the appellant, the agency legal team brought the charges therefore they already have the materials needed for the "claim" of the charges for removal and they have the burden to prove them. In other words, there is not much they need. On the other hand, the appellant has the burden of proving his affirmative defenses and that is why the relevance is for the "claim or **defense**"

The appellants discovery request of June 22, 2021, is relevant to his affirmative defenses established on August 20, 2021, is not untimely and the motion to compel is not untimely and is authorized and the MSPB should allow for the requested discovery of June 22, 2021, and the demand of August 18, 2021. Rule 26 (b)(1) above directly relates to appellants affirmative defenses and defines the need for and importance of resolving the issues and obtaining relevant to any parties claim or defense.

**Appellants Response to "Appellants Failure to Comply with the Board Orders"**

Paragraph #1-The agency claims to date I have failed to comply with an order to compel issued on March 29, 2021. I filed the responses to the agency on August 18, 2021, by notice in MSPB system and by US Mail. I attached it to the motion to compel as that is what JH rule 8(a)(1) states to do. The order of March 29, 2021 also did not set a deadline for my response. The agency does not show how they have been harmed by the delayed response. I have had many people to create interrogatories for and so far, the agency has only one myself. They may have an additional one in Cynthia mertens but at this point I do not believe she is needed as there is a sworn notarized statement within the record. She does however have knowledge of the atmosphere and circumstances of my work environment.

<u>Paragraph #2</u>-The admissions I have requested from the agency legal department are relevant to my defenses of agency abuse of authority and allowed under the general rules of discovery JH chapter 8-part 2 Scope of discovery states:

**Unless otherwise limited by court order, the scope of discovery is as follows:**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, <u>considering the importance of the issues at stake in the action</u>, the amount in controversy, <u>the parties' relative access to relevant information</u>, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

<u>Paragraph #3</u>-Becasue the appellant has been effective the agency is attempting to paint the appellant in a negative light. Sorry if I offended any of the lawyers that have abused their authority on the appellant repeatedly during employment and now for this appeal, but I point out things like I see them and in a respectful manner. This paragraph contains no actual instances of "disrespect" to the MSPB or agency. However, the agency <u>is</u> pointing out my obvious objections to agency favoritism by the AJ that have taken place. I will address this further in my conclusion. I may not agree exactly with the wording used however I believe that if a legal authority were to review the entire case file for this case they would conclude favoritism, manipulation of my situation and procedure in an unrecorded summary, are exactly what is taking place and have caused an imbalance in due process. I cannot take the chance that I will be "stuck" with only the affirmative defenses outlined in the AJ summary of March 29, 2021. If the AJ cannot put in writing that all my affirmative defenses will be accepted as presented, then I will be forced to wait out the results of the PFR. This will cause perhaps a 2-year delay due to lack of quorum at MSPB and the case can become harder to prosecute effectively and prevail. If left with a choice of losing everything outlined in my brief or waiting my gut tells me that if I withdraw the PFR without the above assurances, I will be disappointed.

**I motion the agency and MSPB at this time for the agency to require that all the employees that were asked questions through appellant interrogatories dated June 22, 2021, remain available as witnesses to be called for a hearing in this appeal, no matter the length of time it takes to get to a hearing.**

Paragraph #4-The agency claims I have continuously insulted the Board in my filings, just because I filed them. The agency fails to point out the January 14, 2021, motion for extensions of time and "allow 25 days extension of time for any **filing *or* submission** due date" that the AJ did not properly depose of.

**JH chapter 5 section 3 states**: 3. MEMORIALIZATION OF RULINGS. For every motion filed, the record must show a written disposition, i.e., GRANTED, DENIED, or WITHDRAWN. Thus, oral rulings and discussions must be memorialized in a written order reiterating the rulings made, compromises reached, or other dispositions of the motion. That order should be served on all the parties as soon as possible after the conference call, after receipt of a written response to the motion, or after the expiration of the deadline for responding to the motion.

The agency did not reply to the motion as required under **section (b)** of the rule: Alternatively, if the opposing party files a written response or fails to timely respond to the motion, the AJ may rule on the motion in a written order. In either case, the AJ should rule promptly.

These rules are cited in appellants "Reply to Agency Response for PFR" filed 6/4/2021 The March 29, 2021. This is but one of the appellants motions that did not receive a prompt ruling or any ruling at all. This motion would have completely changed the arguments agency presents in this document. By not hearing the motion it resulted in "favoritism" to the agency. If this is a frivolous filing that is insulting to MSPB then why did not the agency claim that in their response to the PFR. I cannot prove the agency and AJ are committing "insider trading" and are "somehow" in constant (exparte) communications of how to proceed in this case, but it sure as heck feels like it.

The March 29, 2021, hearing was not held for discussing my motions to dismiss as I was not allowed to bring it up by the AJ. The PFR was not filed to argue the dismissal that should have been

granted earlier it was for the judge's failure to place all decisions within the order and not the summary. I.E., the affirmative defenses and discovery issues. By filing the decisions in this way it also disfavors the appellant because it limits what is reviewable, I object to this type of manipulation concerning oral and written decisions and orders.

Paragraph #5-If filing too many pleadings is a result of my level of knowledge when self-representing, and lack of resources then that is better than too few. I am not ignoring any rules I am attempting to enforce them; the ignoring of rules is for the agencies benefit. The agency has used many negative terms in support of their motion for sanctions yet has shown any real evidence of misconduct, just as they did not show any evidence of the alleged misconduct in the removal process, nothing real has happened. The agency has been abusing authority for years and is now facing a well-documented case of it. That pretty well encompasses what is happening here.

**Appellant Response to "Sanctions"**

Despite the circumstances of well documented hardships the appellant has shown up for every hearing as requested. Very early in the process, almost immediately, I made every attempt to show good cause for needing time to prosecute and defend the charges. I have held conferences from my truck and spent hours writing by pen and paper many filings in inconvenient atmospheres, such as on the floor. I have shown more than a passing interest in getting issues right for the board to have a complete understanding of the issues on appeal.

The agency is asking the board to reject all appellant filings after April 27, 2021 and cancel my hearing because of unfounded disrespect that is perhaps, minor sarcasm at most. Also, because I failed to promptly respond to their discovery request. The agency has shown no real instances of misconduct worthy of some very serious sanctions. I object to their claims in their entirety and ask the MSPB to find

them frivolous in nature and considering the written record as it is including all current filings and immediately grant appellant any relief requested and allowed by law for the clear abuse of authority and violations of law committed by this agency.

## Conclusion

The Appellant in this case has been disfavored in the following ways

1. The appellant is disfavored automatically due to the sheer number of resources of the agency and number of agency legal representatives available at any one time to meet deadlines etc.
2. The appellant received notice of the agency's decision on removal on December 22, 2020, after moving across the country to an area 40 miles from the nearest small city. Appellant was unfamiliar with the area and was unaware of what the local closures and public resources were.
3. Appellant's lack of resources I.E., cellular phone service, computer, Wi-Fi, printer, copier, scanner, and hardship due to library closures have not been recognized early when presented to MSPB and the agency.
4. The appellant has not had important motions heard that have resulted in time limits being changed for the agencies use in limiting appellants scope of defense.
5. Important decisions of the March 29, 2021, conference were made part of the summary and not included on the order and that fact is now limiting the PFR on file
6. Due to improper summary of conference the appellant has had to spend time attempting to correct the summaries that were inaccurate

Due to the above issues the appellant did not have the opportunity to even start the process of prosecuting an appeal. The appellant has kept the agency and MSPB abreast and always informed. The claims by the agency that I have not followed orders are incorrect. The actions of the AJ between January 14, 2021, and March 29, 2021, have perhaps made such a baseless claim, possible but not true.

Legal entities always begin to paint a person without representation in a negative light, but especially when they have become even remotely effective. The City of Edmonds Washington city court and DA Jeffery Goodwin used this tactic in 2001-2003. Mr. Goodwin forced me to only communicate by mail, I was always last to be called on a hearing day, when I was called to be heard the court was emptied out because the lawyers did not want others in the court to see it is even remotely possible to do this without one of them. When it became apparent, I was slightly effective, on several occasions the court clerks attempted to have me banned from being able to present filings in their office, claiming me to be just too disruptive for the courthouse. The trial tapes were destroyed because at trial their witnesses had been caught in compromising position (lying and cheating)

Legal entities see me as a threat not an individual attempting to apply legal methods, and they want that threat quashed. Here the agency is using this tactic of painting someone without a lawyer as a commoner that is so out of control, throwing around disrespect, creating chaos and disruption as reason I cannot possibly be allowed in this arena. Surely this is obvious to the MSPB and the Board will throw the agency frivolous claims as they should.

Between January 14, 2021, and March 29, 2021, the AJ appeared to be "throwing" favor to the agency. I fought hard and received a dismissal on March 29, 2021, but then had my affirmative defenses limited. However, from March 29 to august 20, 2021 I was blessed with resources and able to properly prosecute and develop a through and complete set of interrogatories and appellate brief.

In their August 27, 2021, Motion, the agency has misrepresented the record several times, as pointed out above in black and white. From what the agency has put together for their August 27, 2021,

Motion the agency appears to be "throwing" the favor back to the AJ and provide reason to issue severe sanctions that include rejecting my defenses and a hearing. In other words, the agency is saying, "Hey AJ, I know a way to make this all go away for everybody" just sanction the appellant to the point of no appeal at all.

This action is frivolous and intended to benefit the agency. With these sanctions the agency would not need to respond to the very serious violations of law and federal rules. Should the MSPB accept the agency motion for sanctions and deny the appellant discovery and all affirmative defenses presented in the August 20, 2021 "Appellant Brief", the decision will immediately be appealed to the Federal Circuit Court by the appellant.

Signed

Kevin Mertens

9/2/2021

Kevin Mertens

**Mertens, Kevin P. (ROS)**

---

**From:** Mertens, Kevin P. (ROS)
**Sent:** Monday, February 15, 2021 4:26 AM
**To:** Law Clerk
**Subject:** RE: consult with law firm

Law firm/Law clerk,

Although the site and link you snet has a lawyer "search" section, no firms come up for any search definition.
The link you sent is not a lawyer referral site and apparently is a leftist leaning group of non-americans only interested in "diversity" law and are not in the business of representing wrongly terminated hard working Americans.
Thanks anyway and good luck.

Thank You,

Kevin Mertens
Boiler Plant Operator
541-440-1239
kevin.mertens@va.gov

**From:** Mertens, Kevin P. (ROS)
**Sent:** Tuesday, February 9, 2021 8:36 AM
**To:** Law Clerk <lawclerk@katorparks.com>
**Subject:** RE: consult with law firm

Okay no problems,
please destroy the zip folder with the MSPB file I sent since retention of your firm has been decided already. Seems like your law clerk Ben is giving potential clients the wrong impression
About your law firms work load. Thanks for the link. Thanks for the concern but I am aware of the deadlines, it's the MSPB and agencies lawyer(s) truthfulness and collusion that puts my case in jeopardy.
There is always a falsehood that surrounds a defendant pro se that things must get done right now for the "fairness" and "efficiency" of a case. Anyway...

Thank You,

Kevin Mertens
Boiler Operator
Roseburg Veterans Hospital
541-440-1239
Kevin.mertens@va.gov

203

**From:** Law Clerk <lawclerk@katorparks.com>
**Sent:** Tuesday, February 9, 2021 7:49 AM
**To:** Mertens, Kevin P. (ROS) <Kevin.Mertens@va.gov>
**Subject:** [EXTERNAL] Re: consult

Mr. Mertens,

Thank you for contacting our law firm. We received the information that you submitted to us. Unfortunately, due to our current workload and clients that we currently represent, we are not in a position to assist you with your matter. Since this firm has not been retained to represent you, we will not be taking any action on your behalf.

One resource you may consider in seeking legal assistance is the National Employment Lawyers Association, which you can access at https://www.nela.org/. You may be able to locate attorneys with experience handling cases similar to yours on that site who are more available than our firm to assist on your case.

One very important reminder: strict deadlines must be met in order for you to preserve and pursue any legal claims you may have. Failure to meet these deadlines will jeopardize your ability to proceed.

In closing, you have our best wishes for success in the future.

Best Jones
Kator, Parks, Weiser & Harris, P.L.L.C.

**From:** Mertens, Kevin P. (ROS) <Kevin.Mertens@va.gov>
**Sent:** Thursday, February 4, 2021 3:42 PM
**To:** Law Clerk <lawclerk@katorparks.com>
**Subject:** RE: consult

Hello Ben,

Attached is the zip file,
Yes please do not share these files with anyone that does not have the need to know in order to evaluate any legal assistance.
The Zip file is from MSPB repository. The information is long but I would be happy to discuss the important areas like how the union contract requires all employees to call in the same way as the letter of requirement that the agency is using as instruction that I failed to follow also please look closely at the administrative investigation. The deciding official is the same official that assigned the investigation and for it to be fair and impartial.
Also the medical history for my work related injury is back up for being out sick for the injury dates even though they claim I was not approved for sick leave and I should have been crutching around a three level power plant.
And much more, any questions please call.

**From:** Law Clerk <lawclerk@katorparks.com>
**Sent:** Monday, February 1, 2021 7:26 AM
**To:** Mertens, Kevin P. (ROS) <Kevin.Mertens@va.gov>
**Subject:** [EXTERNAL] Re: consult

Mr. Mertens,

I understand that privacy is an important concern for you. Please rest assured that any information you share with us, via email or over the phone, is completely confidential. In the event that you do not become a client of the firm after this consultation, we do not keep any of the documents you shared with us. I hope these assurances address your concerns. Please let me know if you have other questions.

Best,
Ben

---

**From:** Mertens, Kevin P. (ROS) <Kevin.Mertens@va.gov>
**Sent:** Saturday, January 30, 2021 10:56 PM
**To:** Law Clerk <lawclerk@katorparks.com>
**Subject:** consult

Hello,

I spoke to Mr. Ben Jones today. Mr. Jones is expecting an email from me that contains documents in my MSPB case.
I just realized that the email is not a secure or personal email account. I have documents that contain sensitive materials.
I left a phone message but I would want to send the information discussed in a secure manner.
Please advise.

Thank You,

Kevin Mertens
Boiler Plant Operator
541-440-1239
kevin.mertens@va.gov

## Mertens, Kevin P. (ROS)

**From:** Mertens, Kevin P. (ROS)
**Sent:** Sunday, April 4, 2021 8:33 AM
**To:** coleman@fedcirbar.org
**Subject:** mspb case #ph-0752-21-0092-I-1 Judge Dominguez. D of N agency kevin mertens appellant

Hello,

I have been representing pro se in a removal by Department of the Navy. I am overwhelmed in some ways by my ability to properly and thoroughly present my defenses and prepare for the hearing.
The Judge recently wrote an important summary and order, the order had contact information for pro bono representation by your agency.

It is my belief that the judge is being bias toward me as a pro se appellant and is abusing her discretion and is favoring the agency by doing so.
She has stated in a recent telephonic hearing that It is none of my business if the MSPB chooses to record or not record a hearing and she stated she does not care what has happened prior to the filing of the MSPB appeal on January 4th 2021. (that appears to mean the removal and appeal she is presiding over).
She also stated at the conference hearing that if I file any response to the order or summary it will automatically cause the appeal to be back on the record and a hearing will be set at that time and the case will proceed. It seems this is intended to cause me to stay quiet about her abuses.

I would like to know if you can look at the case and recent summary and order and tell me if there is anything that may be appealable to the Federal Circuit Court that would affect negatively going forward if it were not brought up now. Or just discuss possible avenues for my representation.

The order is dated March 29, 2021 and must be appealed by May 3, 2021 to the MSPB and June 3, 2021 to the circuit.
In the order is also a granting of a motion to dismiss until August 30, 2021

Thank You,

Kevin Mertens
316-214-0763
kpmert@yahoo.com

**Mertens, Kevin P. (ROS)**

**From:** FOIAHQ <FOIAHQ@mspb.gov>
**Sent:** Tuesday, May 4, 2021 5:08 AM
**To:** Mertens, Kevin P. (ROS)
**Subject:** [EXTERNAL] Re: FOIA, MSPB-2021-000106

Mr. Mertens,

We have received your email and verification of identity. We will begin to process your request.

Thank you,

Office of the Clerk of the Board
**U.S. Merit Systems Protection Board**
1615 M Street NW
Washington, DC 20419
Web: www.mspb.gov
http://www.mspb.gov/foia/request.htm
Email: FOIAHQ@mspb.gov
Fax: (202) 653-7130

---

**From:** Mertens, Kevin P. (ROS) <Kevin.Mertens@va.gov>
**Sent:** Monday, May 3, 2021 2:44 PM
**To:** FOIAHQ <FOIAHQ@mspb.gov>
**Cc:** Privacy <Privacy@mspb.gov>
**Subject:** RE: FOIA, MSPB-2021-000106

**[EXTERNAL EMAIL] Caution:** Do not click on links, open attachments, or provide information unless you are sure the message is legitimate and the content is safe. If you believe this email is suspicious, please forward it to TechSupport@mspb.gov.

Hello,

I have located two addresses and a phone number that are associated with the MSPB case # SF-0752-08-0392-I-1 and Federal circuit court # 2009-3159 they are

Kevin Mertens
5050 N Maize Avenue #424
Wichita Kansas, 67101

And

Kevin Mertens
7631 218th Street S.W. #13
Edmonds Wa, 98026

Also a phone number of 425-256-0214 for Kevin Mertens from the period of 2008-2009

I attempted to find the case on the MSPB website and got records not found.

I will copy this and send to the above emails from Staples as well this evening.

Please send a copy of the entire file for the above MSPB file # SF-0752-08-0392-I-1 to my current address that is

Kevin Mertens
588 Rivershore Drive
Roseburg OR, 97470
Kpmert@yahoo.com
Phone # 316-214-0763

I swear/declare/state under the penalty of perjury that the forgoing is true and correct.

Sincerely,

Kevin Mertens

______________________

Dated this the day of 2021

**From:** Mertens, Kevin P. (ROS)
**Sent:** Friday, April 30, 2021 12:04 PM
**To:** FOIAHQ <FOIAHQ@mspb.gov>
**Subject:** RE: FOIA, MSPB-2021-000106

Hello,

I have provided the information and explanation of how you can verify my identity. I stated I did not have the address and phone number at the time of the filing and that you could use my current mspb case # PH-0752-21-0092-I-1 as proof. I signed under the penalty of perjury 28 USC code:1746 and emailed it to privacy@mspb.gov I will get the old phone and address and case # if I can and send again.
Please do not closed the foia request.

Thank You

Kevin Mertens
588 Rivershore Drive
Roseburg OR 97470
316-214-0763
kpmert@yahoo.com

**From:** FOIAHQ <FOIAHQ@mspb.gov>
**Sent:** Friday, April 30, 2021 10:36 AM
**To:** Mertens, Kevin P. (ROS) <Kevin.Mertens@va.gov>
**Subject:** [EXTERNAL] Re: FOIA, MSPB-2021-000106

Mr. Mertens,

We have been unable to begin processing your request because we have not received a document from you that contains the requested information and a signature.

As a reminder, we asked for you to include the below with the information that you had provided to us previously.

The [requested information] must be 1) certified by a notary public, **or** 2) declared under penalty of perjury pursuant to 28 U.S. Code § 1746.

If you choose to declare under penalty of perjury, then please include the following after the information requested above: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)". Please note that we need a **live (actual) signature**.

Until we are able to verify your identity, we will be unable to process your request.

Thank you,

Office of the Clerk of the Board
**U.S. Merit Systems Protection Board**
1615 M Street NW
Washington, DC 20419
Web: www.mspb.gov
http://www.mspb.gov/foia/request.htm
Email: FOIAHQ@mspb.gov
Fax: (202) 653-7130

**From:** Mertens, Kevin P. (ROS) [mailto:Kevin.Mertens@va.gov]
**Sent:** Sunday, April 25, 2021 11:08 PM
**To:** Privacy
**Subject:** RE: FOIA, MSPB-2021-000106

**[EXTERNAL EMAIL] Caution:** Do not click on links, open attachments, or provide information unless you are sure the message is legitimate and the content is safe. If you believe this email is suspicious, please forward it to TechSupport@mspb.gov.

Hello Karin Kelly,

I have been attempting to get the foia request from below filled.

I realize you work limited hours, however I would appreciate it if you could please respond and let me know the status of the request.

This is my fourth attempt at getting this completed.

Thank You,

Kevin Mertens
588 Rivershore Drive
Roseburg OR 97470
316-214-0763

**From:** Mertens, Kevin P. (ROS)
**Sent:** Saturday, April 3, 2021 11:03 AM
**To:** Privacy <Privacy@mspb.gov>
**Subject:** RE: FOIA, MSPB-2021-000106

Hello,

On March 31, 2021 I sent the below request with signature to the above email from staples in Roseburg OR. Could you please email me at kpmert@yahoo.com and let me know if it is now being processed.

Thanks

**From:** Mertens, Kevin P. (ROS)
**Sent:** Sunday, March 28, 2021 7:05 PM
**To:** privacy@mspb.gov
**Subject:** FOIA, MSPB-2021-000106

Hello,

I recently received an email from Karin Kelly of MSPB concerning the above request.
I do not know what my address and phone number were when the MSPB case: Kevin Mertens Appellant vs. USPS Agency, from 2008-2010 were at that time.

My current address and phone number is:
588 Rivershore Drive
Roseburg OR, 97470
316-214-0763

For substitute verification I have a current case at MSPB titled: Kevin Mertens appellant vs. Department of the Navy Agency. The file number is PH-0752-21-0092-I-1.
I have received many documents at the above address for this case and a few I have been able to review electronically.

Please accept the above information when considering to accept the FOIA request MSPB-2021-000106.

I swear under the laws of the United States and under the penalty of perjury that the above information is true and correct.

Thank You,

61% 8:38

←

**Pleading Filed in KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY (PH-0752-21-0092-I-1)**

e-filingHQ@mspb.gov
Aug 28, 3:13 PM

A new pleading has been submitted in the case KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY. Following is the information on the submitted pleading.

61% 8:39

← **Pleading Filed in KEVIN ...**

Following is the information on the submitted pleading.

Short Case Title: KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY
Docket #: PH-0752-21-0092-I-1
Pleading Title: Response to Notice to Appellant dated 8/20/2021
Pleading Filed by: Kevin P. Mertens
Role of the Filer: Appellant

Please click on the link below to View/Download the pleading document.
https://e-appeal.mspb.gov/Login.aspx?docs=60gzcEVhHCQ25vJGub0XITRHRSZh6KE1BB3j36FTAbw=

Do not reply to this email account for submitting additional case data. All electronic submissions must be made via the e-Appeal web site.

Delete Archive Move Forward More

97% 12:06

←

**Pleading Filed in KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY (PH-0752-21-0092-I-1)**

e-filingHQ@mspb.gov
Aug 23, 4:51 AM

A new pleading has been submitted in the case KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY. Following is the information on the submitted pleading.

97% 12:06

← **Pleading Filed in KEVIN ...**

submitted pleading.

Short Case Title: KEVIN P. MERTENS v. DEPARTMENT OF THE NAVY
Docket #: PH-0752-21-0092-I-1
Pleading Title: Response to Appellants Response to MSPB Notice to Appellant dated 8/23/2021
Pleading Filed by: Kevin P. Mertens
Role of the Filer: Appellant

Please click on the link below to View/Download the pleading document.
https://e-appeal.mspb.gov/Login.aspx?docs=dOy4xxXXYSoP/GBfOH6wVJF7gtiEGHZVeRRPCR9ZFV4=

Do not reply to this email account for submitting additional case data. All electronic submissions must be made via the e-Appeal web site.

Delete Archive Move Forward More

~~215~~ 211

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**NEW YORK FIELD OFFICE**

KEVIN P. MERTENS,
Appellant,
v.
DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
PH-0752-21-0092-I-1

Appellants Proof of Service

I swear under the penalty of perjury that I place a copy of the below in the US Mail on the to the below on the date below.

1. Form CA-1 page 1 filled out by employee. Please have bldg. 29 management fill this out. Mike Gurchik was the supervisor on duty of injury. However, he is also the supervisor subject to future questioning in this case and may have a conflict. Operator Brent (last unknown) was a witness but he is also in conflict. He was hired as a result of his son's employment. His son works on base and he has cause to be influenced subjected by management (and his family situation) at NL subbase.
2. MSPB decision of January 29, 2021. The order could not be seen on MSPB website.

Sent To:

MSPB New York Field Office
26 Federal Plaza Rm. 3137-A
New York, NY 10278

Colleen Shook
Department of the Navy
NAVFAC MIDLANT Office of Counsel
9324 Virginia Ave, Bldg. Z-140
Norfolk, VA 23511

Signed this the 16th day of February 2021
Appellant

Kevin Mertens
[signature]

212

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**NEW YORK FIELD OFFICE**

| | |
|---|---|
| KEVIN P. MERTENS, Appellant, | DOCKET NUMBER PH-0752-21-0092-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, Agency. | DATE: February 4, 2021 |

## ORDER TO APPELLANT

This document serves as notice that it has come to my attention that the Board's Order Suspending Case Processing, dated January 29, 2021, did not properly save onto the Board's electronic filing system. Although the Board's calendar reflects the dates on which the outstanding prehearing conference, due date for prehearing submission, and hearing, are scheduled for, the agency representative has requesting (through the Board's Information Resources Management Office), a copy since the document is inaccessible to her. As a courtesy to the agency, the undersigned is requesting that said suspension order be provided (by uploading it to the Board's electronic filing system) at his earliest convenience since he was issued two hard copies of the order and all the pleadings at issue in this matter (with the exception of the suspension order) are only accessible online.

213

Give us feedback @ survey.walmart.com
Thank you! ID #:7QC3L6T3TLR

Walmart

541-942-4600 Mgr:TBD
901 ROW RIVER RD
COTTAGE GROVE OR 97424
ST# 02520 OP# 003766 TE# 67 TR# 02004
PRODUCT SERIAL # 3TA11002KB
HP 22 AIO 019485004530 499.00 N
SUBTOTAL 499.00
TOTAL 499.00
DISCV TEND 499.00
Discover Credit *** **** **** 9993 I 1
APPROVAL # 02693R
REF # 114600851505
AID A0000001523010
AAC BFFE330110C4707A
TERMINAL # SC010384
05/26/21 13:42:16
CHANGE DUE 0.00
# ITEMS SOLD 1
TC# 3392 6043 4209 4240 4706 1

Low Prices You Can Trust. Every Day.
05/26/21 13:42:16
***CUSTOMER COPY***
****** RETURN & EXCHANGE POLICY *****
Electronics may be returned
for refund or exchange with receipt
WITHIN 30 days
**********************************

214

2141690175

StaplesConnect

# Pickup Customer Copy

6/15/2021 11:10:11 AM PST

## Store Information

Store Number# 720 Roseburg OR | Associate Kenneth M S | Bin Location Desk

## Customer Information

| | | | |
|---|---|---|---|
| **Last Name** | Mertens | **Address 1** | 806 Wood Willow Dr |
| **First Name** | Kevin | **Address 2** | |
| **Email** | kpmert@yahoo.com | **City** | Roseburg |
| **Phone Number** | (316) 214-0763 | **State** | OR |
| **Alternate Phone Number** | | **Zip Code** | 97471 |
| **Contact Method** | Phone | | |

## Device Information

| | | | |
|---|---|---|---|
| **Manufacturer** | HP | **Operating System** | Windows 10 |
| **Brand** | Pro AIO | | |
| **Model** | Pro AIO | | |
| **Serial Tag** | 3TA11002KB | | |
| **Password Type** | No Password | | |

## SKU Information

| | | | |
|---|---|---|---|
| 1 on 1 Support | 667342 | Unpaid | $29.99 |

## Intake Question Summary

### Device Customer Acknowledgment questions

| | |
|---|---|
| Have you discussed the results from the Intake Scan with the customer? | Agree |
| The customer acknowledges Staples Connect is not responsible for lost data. | Agree |
| The customer acknowledges the Staples Connect warranty covers workmanship and replacement part defects. Any accidental damage after the initial repair is not covered. | Agree |

### Pre-Qualification Questions

| | |
|---|---|
| Is this a custom made (whitebox) computer? | No |
| Does the device power on? | Yes |
| Does the computer boot into Windows? | Yes |

**Initials:** ____________ **Date:** 6/15/2021 **Due Date :** 6/16/2021 5:00:00 PM PST

## Closing Notes

Outlook (Email) Data from 2 discs contained only Outlook '.ost' files, which only work when connected to their 'Outlook Exchange Server' account. The Exchange Server account needs to be logged into and the data folders need to be archived or otherwise converted into a '.pst' format in order for the folders and messages to be available in Outlook on a different computer.

**Pickup Checklist**

215

| Device Specific questions | Original Condition | | Resolution performed to address Issue |
|---|---|---|---|
| Is the device slow or experiencing slowdowns? | No | ☐ | |
| Does the device freeze or lock up? | No | ☐ | |
| Has the device been blue screening or rebooting? | No | ☐ | |
| Does the device have trouble connecting to the internet? | No | ☐ | |
| Does the device have pop-ups? | No | ☐ | |
| Do applications have trouble opening normally? | No | ☐ | |
| Has the device been unusually warm or noisy? | No | ☐ | |
| Does the device power down unexpectedly? | No | ☐ | |
| Describe, in detail, why the customer has brought their unit into Staples and the problem(s) it is experiencing. Be as specific as possible<br>Get data from DVds provided into Outlook | | ☐ | |
| If the device has scratches, cracks, or other visible imperfections, please make note of the device condition | Minor regular wear | ☐ | |

**Customer's Signature:** ______________________ **Date:** __________

216

Staples Connect

1414 NW Valley View Drive
Roseburg, OR 97470
(541) 673-7080

SALE
1947403 6 001 29644
0720 06/15/21 11.13

QTY SKU PRICE

1 1 on 1 Support
667342
Order No 214369175 29.99N
Salesperson #1107685

SUBTOTAL 29.99
TOTAL $29.99

US DEBIT
Card No.: XXXXXXXXXXXX7875 [C] USD$29.99
Chip Read
Auth No.: 000171
AID.: A0000000980840

Verified By PIN

TOTAL ITEMS 1

INFORM
Business essentials designed
thoughtfully to work beautifully.

Shop Smarter. Get Rewarded.
Staples Rewards members get up to 5%
back in Rewards.
Exclusions Apply. See an associate for
full program details or to enroll.

THANK YOU FOR SHOPPING AT STAPLES!

Oregon E-Cycles: Free Recycling for
Computers, Monitors and TVs.
www.oregonecycles.org 1-888-5-ECYCLE

0 7 2 0 0 6 1 5 2 1 7 9 0 4 4 0 1

# Certificate Of Service

e-Appeal has handled service of the assembled pleading to MSPB and all of the Parties.
Following is the list of the Parties in the case:

| Name & Address | Documents | Method of Service |
|---|---|---|
| MSPB: Office of the Clerk of the Board | Appellants Reply to Agency Response to Motion to Compel | e-Appeal / e-Mail |
| Colleen M. Shook<br>Agency Representative | Appellants Reply to Agency Response to Motion to Compel | e-Appeal / e-Mail |

## List of Appendices


| Item | Pages |
|---|---|
| 1. Appellant reply to notice of proposed removal index | 1-3 |
| 2. Appellant MSPB brief index | 4-13 |
| 3. March 29, 2021 summary and decision | 14-29 |
| 4. Petition for Review 4/27/2021 | 30-81 |
| 5. MSPB final order 3/6/2024 | 82-90 |
| 6. Acknowledgement order and notice to appellant 1/5/2021 | 91-107 |
| 7. Order on affirmative defenses 1/7/2021 | 108-111 |
| 8. Summary and order 1/29/2021 | 112-118 |
| 9. Appellant Response to 1/29/21 order, mislabeled demand for discovery, and Motion for extension of time 1/14/2021 | 119-126 |
| 10. Appellant response to summary dated 1/30/2021 | 127-130 |
| 11. Appellant objections to summary, motion for immediate dismissal and Motion to deny agency request to dismiss affirmative defenses 2/2/2021 | 131-137 |
| 12. Appellant filing of recent events 2/7/2021 | 138-140 |
| 13. Appellant reply to agency response to PFR 5/30/2021 | 141-145 |
| 14. Appellant motion to reopen case 8/16/2021 | 146-150 |
| 15. Appellant objection to removals of his uploaded entries in MSPB docket | 151-158 |
| 16. Appellant reply to agency response to motion to compel 9/2/2021 | 159-217 |

## Certificate of Service

I swear under the penalty of perjury and the laws of the [states] and of the United States that I placed a copy of the attached documents with information that is true and correct in the US Mail to the addresses listed below:

US Court of Appeals
for the federal circuit
717 Madison Place NW
Washington, DC 20439

RECEIVED
JUL 22 2024
United States Court of Appeals
For the Federal Circuit

Brendan Jordan
Commercial Litigation Branch
USDOJ
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Signed this the 16th day of July 2024

Kevin Mertens

Kevin Mertens

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS

CERTIFIED MAIL®

9589 0710 5270 0496 6814 07

Retail

U.S. POSTAGE PAID
PM
ROSEBURG, OR 97470
JUL 16, 2024

20439

$33.70

RDC 03 5 Lb 4.00 Oz R2304H108774-01

PRIORITY® ★ MAIL ★

UNITED STATES POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Kevin Mertens
806 Woodwillow Dr
Roseburg OR 97471

TO: U.S. Court of Appeals
for the federal circuit
717 Madison Place N.W.
Washington DC 20439

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

RECEIVED
JUL 22 2024
United States Court of Appeals
For the Federal Circuit

# In the United States Court of Appeals
# For the Federal Circuit

**CLERKS ACTION REQUIRED**

Case Number: 24-1781
Originating MSPB Case Numbers: PH-0752-21-0092-I-1 and recently by notice PH-0752-21-0092-I-2
Short Caption: Mertens V. Navy
Date:

---

## Appellant Response to Circuit Court Order dated July 2, 2024

---

### Appellants response to jurisdiction and case dismissal as premature

1. The MSPB failed to properly find that the initial decision dated March 29, 2021 and record show abuse of discretion by AJ Dominguez and this abuse does violate 5 CFR 1201.115 that will affect the outcome of the case.
2. The Board failed to properly find that AJ Dominguez decisions (or lack of ruling) on appellant's motions, discovery, and defenses were **not** consistent with required procedures and that inconsistency will affect the outcome of the case.
3. The Board failed to properly find the legal difference between the "wide discretion" of administrative judges, and the "abuse of discretion" of Administrative Judge Dominguez.
4. This case is unique in representation, facts, and in strategy. NAVFACMIDLANT lawyers acted as direct decision-making employees of management and not as legal representatives of management.
5. The authority case law the MSPB cited for not granting the PFR are not relevant to this case.

6. This appeal will become a supporting record of MSPB proceedings and future record on review of this case.

**Federal law cited in the original petition for review dated April 27, 2021.**

1. 5 CFR 1201.41(8) Judges must rule on all motions presented.
2. 5 CFR 1201.41(5) parts (ii) and (iii) Authority of Judges
3. 5 CFR 1201.24(b) Raising claims and defenses.

**MSPB Judges handbook cited in the appellants response to agency dated May 30, 2021 Appx. Pg. 141-145**

1. Chapter five section 2(b) "Motions"
2. Chapter five section 3 "dispositions for every motion filed."
3. Chapter two section 7 "Pro se appellants"

**The response citations corresponding appendix materials (highlighted for reference).**

**Pages 1-13** are the index from the appellants October 21, 2020 Reply to the Notice of Removal NAVFACMIDLANT and the index from the appellants August 20, 2021 4-part MSPB brief of the appellant. I request in the expedience of justice the MSPB clerk to provide this court, or the judges obtain, the full ELECTRONIC text of these documents from the MSPB docket for the court's review.

**Pages 14-90** are the March 29, 2021 summary, and March 29, 2021 initial decision, the April 27, 2021 petition for review, and the March 6, 2024 MSPB final order.

**Pages 91-118** are the January 5, 2021 acknowledgement order, January 7, 2021 order, January 29, 2021 summary, January 29, 2021 order suspending case processing,

**Pages 119-216** are my appellant MSPB filings dated January 14, January 30, February 2, February 7, May 30, August 16, September 2, 2021, and September 3, 2021.

**For the Record I state the following concerning the official record and based upon what I believe what I know caused the actions of AJ Dominquez to favor the agency.**

AJ Dominguez and the agency decided to lie and cheat the appellant and to violate federal law during the MSPB appeal process in order to provide favor to the agency great enough, that my appeal to MSPB would be derailed efficiently enough, to cover the agencies gross misconduct and errors of procedure and abuses of authority prior, during, and post removal process.

The agency actions during removal and the decision on proposed removal dated November 25, 2020 are egregious enough and the appellants "**Reply to the Notice of Proposed Removal**" dated October 21, 2020 is thorough enough that an abuse of AJ Dominguez discretion became necessary as favor for the agency.

I have provided the index from my reply to proposed removal dated 10/21/2020 in **(App. Pg. 1-3)** and **(see MSPB agency file parts 3 and 4 for my entire reply to removal)** it is too extensive, and I cannot afford to copy them.

The agency's actions on removal are egregious enough and the appellants MSPB "**Brief of the Appellant**" is thorough enough that the MSPB clerk had it physically removed from the MSPB docket and index. I have provided the "Timeline of important filings concerning this appeal" that are pages 1 to 10 of my MSPB brief dated August 20, 2021 in **(Appx. Pg. 4-13)**

This 4-part brief is too extensive to copy. It was removed from the MSPB docket around September 2, 2021. In fact, parts 30 to 36 of the docket were removed by the MSPB clerk. I filed objections on September 2, 2021. **(Appx. Pg. 151-158)**

It is my belief that my four-part brief was removed because it clearly shows the agency's abuse of authority, violations of federal law by agency management, agency lawyers, and Naval investigators, and it has great value as a record.

How many NAVFACMIDLANT legal team members examined this brief before it was removed from the MSPB docket?

Based on, and because of the experiences brought to me as a civil servant concerning aggressive and abusive management within departments of the federal government including, Postmaster Robert Montgomery, Managers Jay Chernick, Cindy McCracken, supervisors Don Phillips, Wesley Herring, Richard LaValley (and tens of others) of USPS...

HR/LR Lynne Richardson pouffe, manger Stacy Sangillo, supervisor Micheal Gurchik of NAVFACMIDLANT, or most recently supervisor Tracy Buchta of the Department of Veteran Affairs...

My experience with the misconduct in the courts of the cities of Edmonds and Seattle and the state of Washington **(See Tab 3 of my April 27, 2021 petition APPX. Pg. 45-50)** and most recently, a superior court of Clark County WA traffic infraction case with number 24-2-00202-06 involving due process violations of the district court...

Since 2001 I have witnessed improper conduct as a defendant, as a pro se defendant, as a pro se appellant, and as an employee and civil servant who, since 2008, files his own grievances and has been forced to represent pro se at MSPB. I have paid the taxes, the court fees, and all associated costs in order to "*participate*" in my own defense, and I deserve a chance to be heard.

Because of these horrible, win at all costs experiences, I am able to discern, expose, and adequately defend against obvious abuses of authority and an obviously partial proceeding.

In my experience, department managements, all too often, get away with violations of labor contracts and department policy, supervisors act as unprofessional thugs and get away with it. The MTC national and AFGE local represent the executive and management and not me, the employee. In my limited experience, public defenders pretend to represent, lawyers have taken money then have intentionally failed to defend me; In my limited experience, court authorities lie, cheat, destroy evidence, and ignore what is clearly written in black and white. Rulings are rarely fair and independent, and mostly always partial to the government, opposite the design of the constitution. The agency and courts winning percentage or success rate is fake, no one in life is that successful.

The systems have failed to adhere to the labor contracts or grievance procedures or court rules of due process. All fail to mimic real life and that makes what has, and is happening, fraud. It is that simple.

The abuse of authority, even if it actually starts at the bottom, ends up being handled from high up, dark places, where people who will not reveal their names or titles hide. I have requested the names and titles of these people many times. The abuses of authority come in the form of lying, cheating, and bullying people at all costs in order to deceive and produce one-sided official harm, resulting in the desired outcome.

Because of my enlightenment and journey since 1997 and because of my extremely difficult and stressful experiences, I have needed to get things done myself, so that has made me somewhat capable of filing grievances and acting as a Pro Se defendant and appellant.

AJ Dominguez has shown she cannot be impartial concerning this appellant and this agency. AJ Dominguez has shown she will violate federal law to favor this agency. AJ Dominguez has

abused her written summaries of conference calls to include items that violate federal law, contain false statements, and harm the appellant. She seems to believe that what she has done does not matter because it will not harm her, and there is a very, very strong chance that is true.

AJ Dominguez provided as false witness in the summary dated January 29, 2021 that allowed her partial actions and agency favor that followed, and she failed to follow her own written signed, instructions about the February 5, 2021 deadline for notice of objection, contained within that written summary. **Appx. Pg. 112**

The record makes it clear AJ Dominguez will not follow federal law or the MSPB judge's handbook, treats me like I am an experienced member of some state bar. AJ Dominguez has proven she cannot be trusted to act or rule impartially in this case. I am also aware that the clerks of our courts will work to make whatever adjustments are needed to have the official record appear or disappear, as it becomes necessary for the judiciary.

If AJ Dominguez is not removed from this case, you can expect that I will file bar complaints for her actions thus far and in the future. I will take the time to do that even if it means that I do not accomplish anything in the self-monitored, aggressive, abusive, and overly protected and insulated world of lawyers and thugs with forked tongues that spew legal ease.

**I note for this record**:

The January 29, 2021 summary of status conference and order of suspension written by AJ Dominguez were challenged and the hearing summary and order are not final. The January 29, 2021 final order written by AJ Dominguez **does not** contain appeal notice and appeal criteria. **Appx. Pg. 112-118**

The March 29, 2021 summary and initial decision written by AJ Dominguez have been appealed and the March 29, 2021 decision written by AJ Dominguez **does** contain appeal notice and appeal criteria. **Appx. Pg. 20-29**

I also note that the MSPB and their clerks have removed items 30 through 36 from the docket under initial appeal. Those items include the appellants thorough MSPB Brief parts one to four. **See the document filed September 2, and September 3, 2021 titled "appellants filing on removal of docket entries" Appx. Pg. 151-158**

## Argument in Support of Granting Appeal

**(1) AJ rulings lack proper discretion, were not consistent with required procedures, violate federal law, and show abuse of discretion that <u>will</u> affect the outcome of the case.**

On January 5, 2021 AJ Dominguez sends out an acknowledgement order and notice to appellant. **Appx. Pg. 91-107** under the section titled "**Response to Motions**" there are specific instructions that read in bold,

> **"I ORDER the parties to <u>follow the procedures</u> set out in the separated <u>notices below</u>. If any party <u>fails to follow my orders</u> or the Boards regulations, I may impose sanctions pursuant to 5 CFR @1201.43" Appx. Pg. 91**
>
> **AND**
>
> **"Note that if, prior to the close of the record, <u>you fail to object</u> to any of my written or verbal rulings on a matter raised by you or the agency, <u>you will be precluded</u> from challenging that ruling on PFR or Cross PFR" Appx. Pg. ~~112-115~~** 93

On January 29, 2021 AJ Dominguez writes a "**Summary of Status Conference**" for a tele-conference that took place earlier in the same day that due to "*technical issues*" could not be recorded by MSPB recording equipment. **Appx. Pg. 112-115**

In paragraph one she writes in bold,

> **"If <u>either party believes</u> that this summary <u>incorrectly</u> states the <u>substance</u> of the discussions that occurred during the conference today, he/she <u>must notify me</u> same by Friday, February 5, 2021. In the <u>absence</u> of such a notice, <u>this summary will be final and will not be modified</u> without a showing of good cause." Appx. Pg. 112**

These are <u>specific instructions</u> in signed and dated documents from the judge with complete oversight of my case that I am presenting as a pro se appellant in. It would seem that if this AJ expects a pro se appellant with no legal experience or influence to follow these specific

instructions, then **she is bound** by her own written, signed, and official words, ***and then***, so are the members of the MSPB board. Period.

When read together the instructions inform me that **(i)** written **or** verbal rulings must be objected to in order to preserve any future PFR and **(ii)** the summary of January 29, 2021 signed by AJ Dominguez is final **only** if notifications of an incorrect summary **are not** filed by 2/5/2021.

I think that the allowance of five days by AJ is improper and intentionally short and lends to my arguments of her lack of discretion and agency favoritism. But alas, the forced flow of this case was a setup from before January 5, 2021, and has been thoroughly exposed since January 14, to January 29, To March 29, To August 20, 2021 to March 6, 2024, all the way to now.

The January 5, 2021 instruction and my filings of objection to written and/or verbal rulings directly relate to this appeal and your jurisdiction of the MSPB final order. I have objected to her written and verbal rulings of January 29, 2021 on January 30, February 2, and February 7, 2021. **Appx. Pg. 127-140**

I have objected to her March 29, 2021 summary of conference and initial decision in my April 27, 2021 PFR **Appx. Pg. 30-81** My PFR was improperly turned into a petition for appeal by the board as discussed later in this response. By failing to follow her own written and signed instructions, the January 5, 2021 Acknowledgement order and the January 29, 2021 summary and decision are invalid **poison** and any decisions by the AJ on discovery or defenses or any other matter is the **fruit** of poisoned judicial discretion.

Not only did I file proper and timely objections prior to the close of the record **Appx. Pg. 93,** I found it necessary to file objections as outlined by the specific instructions, within just 15 days after said record had opened! That speaks volumes to what has taken place during this case and to just what I have exposed in my written and recorded records so far.

The details of the second instruction dated January 29, 2021, are outlined below.

**On January 30, 2021 Appx. Pg. 127-130,** the appellant filed a document titled "appellants response to judge's summary of status conference dated January 29, 2021, I document,

> **"What I said was, I do my research and computer work at the library and stated the library in Roseburg Oregon is closed until further notice due to covid. For this record, I also have bad cell phone reception in this area and do not have Wi-Fi service."**
>
> **Appx. Pg. 127**
>
> And
>
> **"What was requested by me and granted by Judge Dominguez was a 30-day suspension and at the end of the thirty-day suspension, if I needed more time, dismissing the proceeding with prejudice. Please make clear that this is an, and/or extension of these conditions and that a dismissal without prejudice is still an option for me."**
>
> **Appx. Pg. 128**
>
> And
>
> **"From the summary the 30-day suspension was to take place and no further extensions of time would be permitted, I was only given the choice of a 30-day suspension or a dismissal without prejudice. In the event that is the intent of this summary, I dispute this issue."**
>
> **Appx. Pg. 129**

**On February 2, 2021,** the appellant filed a second objection to the summary titled "additional objections to summary" **Appx. Pg. 131-137,** "motion for case dismissal without prejudice", and "motion to deny agency request to dismiss appellants defenses" **On February 7, 2021** the appellant filed a third objection to the summary in a document titled "recent events" with MSPB **Appx. Pg. 138-140**

Under the specific instructions outlined above I am instructed **(i)** if summary is incorrect, **(ii)** I must notify AJ Dominguez by 2/5/21 or **(iii)** this summary will be final."

On February 2, 2021, and following the AJ written and signed instructions, I filed timely objections to the January 29, 2021 summary **Appx. Pg. 134-137** stating all of the following facts,

**"there was no discussion of defenses", the "agency has now filed a motion to dismiss my current defenses because they fail to meet the conditions of the January 7, order", "discovery was not discussed on January 29, 2021", "discovery is not complete or even started", "there was no discussion of my filings for extensions of time on January 29", "I am now requesting an immediate dismissal without prejudice"(underlined), "I request 120 days from the issuing of any order" and most importantly "there was no discussion of why agency lawyer Debra Evans (who handled the removal) was being replaced, Colleen Shook claims Evans moved from the agency why?" A shuffling to illude responsibilities for violations of procedure during the removal process, that is why.**

I had no means to produce work products and the local library was on lockdown and closed due to covid. AJ Dominguez failure to stop litigation and hold a conference to correct the error she created means the case was not suspended by the AJ, as it should be. By failing to follow her own written instructions, she is abusing her discretion. When AJ Dominguez then proceeded to make rulings on discovery or defenses at any point after, affects the outcome of my case. The AJ is simply and obviously in violation of federal law 5 CFR 1201.115.

**I filed objections to the January 29, 2021 summary on January 30, February 2, and February 7, 2021. Appx. Pg. 127-140. Therefore, the January 29, 2021 order is not and cannot be or become final.**

The board states at page 3 of the March 6, 2024 ruling,

**"We have reviewed the record, including the telephonic status conference recording, and have not found any evidence that the administrative judge abused her discretion in dismissing the appeal without prejudice" Appx. Pg. ~~83~~ 84**

The board must not have reviewed the same tape I did. The PFR was not for her discretion on dismissing the appeal, it was when the dismissal started, and it was for what is outlined in the PFR and AJ abuse of discretion in general. I request that this court listen to that hearing tape and tell me if AJ Dominguez followed Chapter 5 or 7 of the MSPB handbook, it is clear from the recording and the written record she has not. I am not wealthy; I do not have the time or resources to

transcribe the recording, and besides that may be another item that has since been removed from the MSPB docket.

If the January 5, 2021 acknowledgment order and the January 29, 2021 initial decision are not final then the March 29, 2021 decisions on discovery and affirmative defenses are illegally dispensed.

The MSPB final order looks at only one portion of AJ Dominguez written summary and initial decision dated March 29, 2021, the dismissal without prejudice section. AJ Dominguez is being allowed to derail my case by the Board of MSPB. Period.

AJ Dominguez summary dated March 29, 2021 has four separate parts with a separate order of dismissal. Those summary parts are, **(i)** Summary of Conference call **(ii)** Dismissal without prejudice **(iii)** Discovery and agencies motion to compel, and **(iv)** Affirmative defenses. **Appx. Pg. 14-29**

**As far as the summary and order part (i) "Summary of Conference Call"**

AJ Dominguez summary and initial decision dated March 29, 2021 is not only a ruling on the dismissal, but also a final ruling on important discovery issues. Her summary is also a final ruling on the appellants affirmative defenses and those will affect the outcome of my case. The MSPB final order of March 6, 2024 fails to address that in any detail. **This is outlined in the PFR Appx. Pg. 37-39**

In the March 29, 2021 summary, the AJ states that she is "addressing the "appellants" outstanding motion to dismiss without prejudice and the agencies motion to compel, as well as the discovery process, among other items. "The appellant indicates he does not have access to the

library and his Wi-Fi is terrible both of which have made it nearly impossible for him to properly litigate his case" **Appx. Pg. 14**

Is the AJ referring to the appellant "objections to January 29, 2021 summary dated January 30? **Appx. Pg. 127,** Is she referring to the February 2, 2021 filing that includes a motion for immediate case dismissal but does not include the quote in the order? **Appx. Pg. 133** Is she referring to the February 7, 2021 filing where I declare I am waiting to hear from the court on the February 2, 2021 motions and filings on page one under "recent events"? **Appx. Pg. 138** It does not matter, because these precise issues were discussed on January 29, 2021. "To bad for the appellant, the MSPB recording equipment "***malfunctioned",*** and he is unable to provide a transcript for PFR or to this court." Appx. Pg. 127

This Administrative judge is playing games with the appellant filings **Appx. Pg. 119-140,** in order to elude her unresolved prior actions on January 29, 2021 **Appx. Pg. 118,** that shows AJ abused her discretion resulting in error that have affected the outcome of my case and show favor to the agency ever since then, that is it, that is all.

**As far as the summary and order part (ii) "Dismissal without prejudice"**

> Federal Rule 26 Discovery,
> **Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).**

The AJ states, "The appellant indicates he does not have access to the library and, that his Wi-Fi access is terrible, both of which have made it impossible for him to litigate the matter" **Appx. Pg. 14**

It was impossible for me to litigate the matter from January 1, 2021. I made note of that on January 14, 2021. **Appx. Pg. 125,** All of this was affirmed during the first hearing on January 29, 2021. This hearing was not recorded because as this AJ stated allegedly the MSPB "*audio equipment was malfunctioning*." This is a very crucial non-recorded tele-conference concerning the January 29, 2021 summary and the actions of AJ Dominguez that have followed. **Appx. Pg. 127-140,** This also means no chance of transcribing any testimony from that hearing and it should be tossed for just that reason.

I hereby state, as the appellant, I would like to FOIA the information and technology (IT) work order and depose the specialist that fixed the specific MSPB recording equipment that was broken on January 29, 2021. I do not believe her excuse for not recording this conference and no hearing held by this AJ and this person can be held without a **dual recording**, AJ has shown she is too **dishonest** to be the judge in charge of this case any longer. Period.

In the January 29, 2021 order of suspension AJ Dominguez suspends the case until **February 28, 2021** and sets a new hearing for **April 20, 2021** and a new telephonic prehearing conference on **April 12, 2021**. **Appx. Pg. 116-117**

On January 30, Feb 2 and Feb 7, 2021, I filed objections to the teleconference of January 29, 2021. **Appx. Pg 127-140** containing motions for immediate dismissal for 120 days.

After ignoring the appellant objections and motions filed between January 29, 2021 and March 29, 2021, and revising the April hearing dates, On **March 29, 2021** the AJ decides to "grant the appellant's motion to dismiss until **August 30, 2021**" **Appx. Pg. 15** The AJ does not point out the

exact date of the appellant motion, or exactly which of the appellants motions she is referring to and so this means the case is not actually on dismissal until March 29, 2021. So, I ask this court to answer the question, **WHAT WAS THE STATUS OF THE CASE FROM FEBRUARY 28, 2021 TO MARCH 29, 2021?**

First of all, the agency agreed to a 30-day continuance, followed by an immediate 120-day dismissal on January 29, 2021. **Appx. Pg. 127-140,** Any agency objection noted in the March 29, 2021 summary was for show and not relevant because the agency did not respond or dispute in written form any of my filed objections to the facts of the January 29, 2021 summary of the unrecorded conference call. **Appx. Pg. 127-140** The agency is well aware of my objections from the filings on Jan 30, Feb 2, and Feb 7, 2021. The agency did not respond in writing and the AJ did not reconvene to hear my objections, simply because of agency favor and inconvenient interruption of the planned outcome already devised by the AJ and the agency lawyer. (and agency officials)

Second, what changed between January 29, 2021 and March 29, 2021? Why was this AJ very willing to commit fraud, violate federal law, and disregard her own written and signed summary notices concerning the facts on January 29, 2021, but not on March 29, 2021. Was it my filings **Appx. Pg. 127-140**? Maybe. Was it a way out to ignore my objections to the January 29, 2021 hearing? Probably. I am sure this entire issue was discussed at length during improper and/or illegal **ex-parte** communications with the agency.

According to the March 29, 2021 initial decision the appeal was to be refiled "by no later than **August 30, 2021**, but no sooner than **May 4, 2021**, which is the date after which this decision becomes final" **Appx. Pg. 21**

**[If it please this court, at this point in the case I have possessed a computer since May 26, 2021 and notified MSPB and the agency in my ~~August 16, 2021 "motion to reopen the case"~~ Sept 7 Response Appx. Pg. ~~150~~ 213 AND by this time, I have attempted to refile the case and have**

**uploaded my August 20, 2021 4-part brief and my August 20, 2021 motion to compel. All of which have now been removed from the MSPB repository! I filed a response to this action on September 2, 2021 titled "Appellants filings on removal of docket entries" Appx. Pg. 151-158**

**In fact, every filing I uploaded since April 27, 2021 has been removed. Why is that necessary for a case that will be returned to MSPB NYC for further litigation? What is the harm in leaving the docket alone?]**

In late May of 2021, I was able to purchase a computer and informed the agency and MSPB **Appx. Pg. 213** and started to properly prepare my case. **Appx. Pg.178-179** Between May and the deadline for re-filing the case I prepared my demands for discovery in June and MSPB official brief of the appellant dated August 20, 2021. **Appx. Pg. 154** I motioned the MSPB to re-open the appeal. **Appx. Pg. 146-150**

The agency responded with motions for sanctions. (interesting) **Tab 5 Appx. Pg. 154 and Appx. 163-217**

The MSPB and the agency have now, in August 2021, received my thorough MSPB Brief **Appx. Pg. 4-13** and reply to agency motion to compel discovery dated September 3, 2021 **Appx. Pg. 159-217.** The agency and I have attempted settlement during the lack of quorum. The agency wanted me to agree to a settlement offer that excludes all of the reasons for removal, but includes some cash dollars, and two days of credited service that in the end, would never be fulfilled because the Navy/NAVFACMIDLANT were not responsible for guaranteeing it, HR/OPM were, and they were not part of, and no executives of HR or OPM were involved as signatories for the proposed settlement agreement. I would be foolish to sign a non-binding agreement. Either way, at this point, legally the case is going to be delayed for a very long time.

No, I believe AJ Dominguez failure to **(i)** record the initial hearing was to place the case on a fast track. **(ii)** failure to reconvene to hear my objections to the January 29, 2021 summary was to

put the appellant at a severe disadvantage and provide the agency favor that legally could not be challenged on appeal, *that's why*. period. When that did not work because of my documented and legal objections, they, (the agency and AJ Dominguez), went to **plan B, Delay.** Place items that I must appeal in the summary and items I do not need to appeal in the initial decision.

My time (which now clocks into the hundreds in hours), my health and health care (which have suffered) and my integrity (which has now been abused and exploited by numerous government authorities) are just as precious and equally as valuable as any other federal employee associated with this case, period. The time has arrived for at least some authenticity.

**As far as the summary and order part (iii) "Discovery and agencies motion to compel."**

> Federal Rule 26 Discovery,
> **Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).**

On January 14, 2021 I filed a "response **Appx. Pg. 119-126,** to MSPB order dated January 5, 2021 **Appx. Pg. 91-107,** concerning affirmative defenses", an obviously mis-labeled "motion for discovery", and a motion for " extensions of time for "any filing and submission due date". An important paragraph needs to be documented here; I write.

> **I feel the MSPB is attempting to cause harm to my appeal by engaging in time constraints that are difficult for the appellant to comply with. The agency has a team of attorneys that have worked on my removal. I have requested a list of their names and contact information. They know exactly what violations of law and procedure have taken place here. I am willing to listen. I am attempting to find representation and that representative may find additional violations that the agency committed. It is not fair to the appellant that he be forced to detail all of those here, in this response. Please be aware if there are additional issues to add, I will be asking MSPB to accept those.**

**Appx. Pg. 122**

The AJ failed to properly dispose of the motions I.A.W. 5 CFR 1201.41(8) and MSPB handbook chapter five section 2(b) and section 3 when she failed to reconvene to correct the summary of the January 29, 2021 conference.

On page 3 of the March 29, 2021 summary and decision the AJ states "the agency was ordered to provide only the following" 2) "Emails dated between the date of the appellants filing of his FOIA request in 2017 to his removal on December 2, 2020, that were exchanged between the following individuals the subject of which was the appellant: Stacey Sangillo, Michael Gurchik, and Lynne Richesin-Plouffe" **Appx. Pg. 16**

Under the Note for this section, AJ Dominquez states, "The appellant's request for emails between the agency's legal office and agency management officials was DENIED as attorney client privileged information" **Appx. Pg. 16**

I was not allowed argument on these discovery decisions or what is in the note (listen to the tape of the hearing) and besides, I had not the means to respond to discovery demands and produce proper discovery demands or interrogatories at any prior time in the case. (just read the filings starting January 14, 2021) I could not produce or file interrogatories until the same time as my August 20, 2021 MSPB brief. **Appx. Pg. 119-145**

A large part of my defense for removal hinges on the agency's retaliation for my filing of a grievance of an LOR (Letter of Requirement) used as a **weapon** **Appx. Pg. 8,** by the agency starting in October 2019. The LOR was the crux of the failure to follow written order charge, cited in my removal. The LOR was the only discipline issued by the agency prior to my removal. Removal was not based upon progressive discipline (I.E., letter of warning followed by suspension etc.) The LOR

and the employee filed grievance that followed was issued under one labor contract and decided at step two and three under a different contract that excluded LOR from the grievance procedures. (this is outlined in my August 20, 2021 MSPB brief) **Appx. Pg. 4-13, I certainly would have provided quotes and put these in the appendix if MSPB had not removed them from the docket in order to favor the agency and restrict the appellant.**

My affirmative defenses concern violations of **5 USC 2302 prohibited personnel practices** and **5 USC 7121 Grievance procedures**. **Appx. Pg. 7**

It is my belief that the decision for my removal was developed and directed by the agency legal department and not my immediate chain of command. The agency legal department engaged in high level negotiations of the new labor contract with MTC officials and my grievance on this illegal LOR, is exactly the motivation for my removal that has occurred.

The MTC labor union and the agency were well aware of the arguments and abuses of management outlined in my "**employee filed**" grievance materials from October 2019 to March 2020. **Appx. Pg. 4 "Tab 2 to 5"**, The grievance was filed just months prior to my removal and decided at step two just a day after a new MTC/NAVFACMIDLANT labor agreement was negotiated that excluded LOR from the grievance procedures. The grievance step three decision, finding no merit in the grievance to rescind the LOR, was handed down after the change in contract, the LOR was then legal to stand without merit. (interesting) **Appx. Pg. 11-12 timeline**

Between March and December 2020 is when Sangillo and Gurchik began their abuses of the FMLA and demands for doctors' notes during a pandemic, when hospitals were not operating normally. This period was also when my workplace injury occurred causing the requirement of the use of crutches for weeks. **Appx. Pg. 11-12** The agency used this injury to help justify the AWOL charges because light duty was what was issued by agency doctors. Manager Sangillo agreed to

allow me the use of my own sick leave to heal then, likely at the direction of agency legal, changed her mind. The agency did not know and did not care that my left ankle was a disabling injury from military service with a history of medical documentation showing moderate left ankle and left knee disability. (interesting) **Appx. Pg. 1-3 medical entries**

It is my contention that Michel Gurchik acted upon instructions from Stacy Sangillo, who acted upon instructions from HR/LR representative Lynne Richardsin-Plouffe, who acted from the directions of agency lawyer Debra Evans (and probably many others) sometime prior to the LOR. In other words, agency lawyers were not acting as representatives of management but as an agent of management and therefore are actors or decision makers within my chain of command and therefore any communications between agency lawyers and management, would not be privileged communications and therefore discoverable. These are communications that occurred between actors pretending to be within my immediate chain of command at FMS (Facility Maintenance Services) New London and my actual chain of command. (Lawyers impersonating managers) or simply put, agency fraud conducted during the protected acts of an employee during an employee filed grievance, an employee they intend to remove. The lawyers' contact information was not available to me during the grievance, and they are not found in the FMS chain of command.

For the record and as stated in several filings, NAVFACMIDLANT has abused agency authority causing work related stress from the moment I filed the FOIA in 2017, up through the grievance in 2019, up through my requested FMLA, and up through my work-related injury in 2020. Right through to the claims of misconduct toward a supervisor in July 2020 that involved a complete lack of proper investigation by Navy personnel. Personnel assigned by the same official who instructed his investigator to "conduct a thorough investigation" the findings of which at the investigation's conclusion, were approved by that same official who is also the official that

approved and decided upon my removal. (interesting) I outlined this "harmful procedural error" In my August 20, 2021 MSPB brief. **Appx. Pg. 4**

This ruling on discovery is an obvious abuse of discretion by AJ Dominguez harms the case and will affect the outcome. This is a solid reason for the MSPB to have affirmed the PFR or for this court to take up this appeal.

What the AJ does not address at any point of the conference call on March 29, 2021 and what the MSPB does not address in the March 6, 2024 order is the written summary or decision and the appellant's dispute of the January 29, 2021 conference call, motions for dismissal, and supporting documents in three separate appellant filings dated January 30, February 2, and February 7, 202, outlined above **Appx. Pg. 127-140**

My January 30 and February 2, 2021 notices and responses outlined the fact the case was ordered continued for 30 days followed by an immediate dismissal for 120 days if the local library did not fully open and I was able to gain access to Wi-Fi and a computer. **Appx. Pg. 128-133**

The AJ did not hold a hearing to discuss a "modification" of the order as she stated would happen and required by her own words in her own signed summary. Therefore, the January 29, 2021 order is not final and everything addressed in it is not final, as the order states would happen, and happen only "in the absence" of a notice of a dispute of the discussions during the conference call. The AJ did not hold a hearing to discuss any modifications to this order as required by law and her own words, WHY? She is favoring the agency and being a partial judge, that is why. The March 6, 2024 final order fails to address the significance of this fact. The AJ has violated her abuse of discretion under federal law as outlined **Appx. Pg. 30-81**

On February 2, 2021 I motioned the MSPB for an "immediate dismissal without prejudice" **Appx. Pg. 133** The AJ did not rule on that motion in violation of CFR 1201.41(8) and MSPB judge's handbook, chapter five section three. **Appx. Pg. 31-32**

The MSPB ruling of March 6, 2024 did not recognize this judicial error of law, WHY? The MSPB state in the ruling "they have reviewed the record and the telephonic status hearing" and found that "the administrative judge's rulings during either the course of the appeal or the initial decision were consistent with required procedures and did not involve an abuse of discretion, resulting in any error that affected the outcome of the case" **Appx. Pg. 84**

I have since electronically filed many items concerning this case including, interrogatories and demands for discovery dated June 22, 2021, a full Brief dated August 20, 2021, and a motion to compel dated August 21, 2021. Those are not within the MSPB repository, why?

In the March 29, 2021 order the AJ discusses discovery under the section titled "Discovery and agency's motion to compel" In the first paragraph she proclaims the agency "motion to compel" is granted because I did not object or respond. The AJ explains that I am required to respond to the agency's discovery requests, (why! the case was to be on dismissal from 1/29/21 for 150 days. I was unable to respond to MSPB or the agency in any appropriate manner, had no home Wi-Fi, was unable to access a computer or produce copies and therefore unable to perform legal research and produce any work product and ABOVE ALL, the case was to be on dismissal since January 29, 2021. Plus, no public offices in Roseburg OR were open including the library and any notary, how could I have sent responses to interrogatories and agency discovery demands without those? **Appx. Pg. 119-140**

**As far as the summary and order part (iv) "Affirmative Defenses"**

5 CFR 1201.24(b) states,

**An appellant may raise a claim or defense not included in the appeal <u>at any time before</u> the <u>end of the conference(s) held to define the issues</u> in the case. An appellant may not raise a new claim or defense after that time, except for good cause shown. However, a claim or defense not included in the appeal <u>may be excluded if a party shows</u> that including it <u>would result in undue prejudice</u>. Appx. Pg.** ~~9-10~~ 38

The AJ states that "the agency is concerned that I am adding affirmative defenses not previously raised." What? Not previously raised. I state the agency use of the USPS MSPB final order in my January 14, 2021 response to MSPB order on page 3 of 4 I state, "Judge Kangs written opinion that is in the appellants e-OPF file. The current agency had access to that decision and formed an erroneous opinion that encouraged removal." **Appx. Pg. 121** This is harmful procedural error by the agency and this defense is allowed by rules of evidence and defense.

Second, the case had not even really begun and a "<u>final conference defining the issues</u>" under 5 CFR 1201.24(b) has not occurred. This case should have been on a dismissal from January 29, 2021 until May or June 2021. (120 to 150 days)

In my petition dated April 27, 2021 I quote 5 CFR 1201.24(b) which states "claims for defenses can be submitted any time before the end of the conferences defining the issues" **Appx. Pg. 31-32** The AJ states in the March 29, 2021 order "I will only consider the affirmative defenses that have been raised to date" This is a clear violation of CFR 1201.24(b) because we have not had an initial conference to define issues so how can there be a final conference, that defines the issues. I ask someone on the other side of this show to point out to me, in the record, the exact date this final conference that defines the issues took place. If you cannot then it has not, and violations of law have occurred under 5 CFR 1201.115 the board is wrong not to accept the PFR.

On page 4 the AJ quotes a remaining issue as,

**"This agency (MSPB) threw out an appeal by the appellant for this case for being untimely in order to protect the agency (USPS) from a whistleblower case. Judge Kang has written an opinion that is in the appellants e-OPF file. The current agency had**

**access to that decision and formed an erroneous opinion that encouraged the decision for removal here." "This is not a matter that is properly before me, and it is DENIED."**

**Appx. Pg. 17**

This case is unique in representation, facts, and in strategy. NAVFACMIDLANT lawyers functioned as direct decision-making employees of management and not as legal representatives of management.

First, the AJ does not use sound decision making in deciding matters of discovery or affirmative defenses in the course of writing this order when she is fully aware of the appellants objections to the written decision dated January 29, 2021. AJ Dominguez clearly fails to follow the 5 CFR 1201.24(b) when deciding on affirmative defenses at this early stage.

Second, the matter actually is properly before her because the agency uses and documents in the proposed removal the USPS action from 2008 in 2020 to support their findings for removal on four different occasions. **Appx. Pg. 121** A Washington State court disagreed with judge Kang and MSPB.

In my April 27, 2021 PFR **Appx. Pg. 74-79,** I document that a state court judge Gina L. Hale decided that I had "quit the job" due to "work related stress of a compelling nature and unreasonable hardship caused by an **abusive work environment** and my health would be adversely affected by continuing employment" USPS did not contest this finding and the finding is final. **Appx. Pg. 77-78.** NAVFACMIDLANT violated 5 CFR @ 1201.4(r) when they used this MSPB ruling to support my removal. Period.

The same medial conditions are directly related to the actions of the agency here. The agency failed to follow the law under the FMLA just as USPS had done, the agency caused undue stress to the appellant by allowing an abusive work environment, just as USPS had done. The agency violated a protected practice under 5 USC 2302 just as USPS had done.

This agency used the final opinion of Judge Kang and MSPB case number SF-0752-08-0392-I-1, Mertens v. USPS as support for my removal. **Appx. Pg. 53-72** The final opinion was within my e-OPF.

In order to prepare for this part of my defense, I placed a request to MSPB for that file in March 2021 and was not able to obtain the file. **Appx. Pg. 209** In fact, I did not receive the requested file until August 22, 2023, and it was missing Tab 30 "response to agency brief" (I am very curious as to why?) None the less, I now have more evidence to support the harmful procedure concerning removal by USPS and NAVFACMIDLANT use of this case during removal. ~~**Appx. Pg. 68**~~

In the March 29, 2021 order at page 3 under affirmative defenses **Appx. Pg. 16-17,** and my response in the PFR, **Appx. Pg. 38-39,** the AJ states "the agency expressed concern about the fact that the appellant appears to be adding affirmative defenses not previously raised" 5 CFR 1201.24(b) clearly states that "a party must show undue prejudice" for any claim or defense they want to exclude from the appeal. The AJ has not required the agency to show this undue prejudice. This failure to follow federal law just lends support to my claim that the AJ is showing partiality in the continued and intentional actions she has taken to favor the agency and harm my case.

I request to the judge's ruling on this appeal please take a serious look at the MSPB filings and observe the treatment of this case by AJ Dominguez and MSPB judge's handbook Chapter 2 section seven "Pro Se appellants."

If I do not petition (or appeal) the March 29, 2021 order, this affirmative defense for harmful procedural errors is excluded from my appeal, the discovery issue is granted the agency, mine is denied and no one is aware that this case was handled with misconduct from the onset and the January 29, 2021 "unrecorded" tele-conference. The summary and initial decision are then used improperly, my timely and proper objections to that summary are not recorded for the record, and

the case is then so far down the road that the favoritism shown to the agency thus far becomes irrelevant to my defense and any appeal. Even the most inexperienced lawyer knows that procedural basics must be covered during the initial phases of any case, no sturdy basics-no possibility of appealing a judge's ***errors*** or ***partiality***. The appellant's objections that are within the record **Appx. Pg. 127-140,** to the January 29, 2021 written decision **Appx. Pg. 112-118** and show how important this basic principle is to my case.

The AJ never expected objections to this order but when they were filed, she failed to hold a hearing to modify the written decision and blew past the February 28, 2021 continuance deadline. AJ Dominguez then attempted to exclude this defense and grant decisions to the agency on discovery for a case that would be on dismissal until the end of May 2021. This AJ has clearly used these tactics before without being challenged, this time she has been challenged thoroughly, and I deserve to be able to present my case as best a pro se appellant can.

**(1) The ruling declares that MSPB allegedly reviewed the entire record and found the AJ did not abuse her judicial discretion in dismissing the case or that a basis under 5 CFR 1201.115 has been established.**

The MSPB ruling on my April 27, 2021 petition states at page 2 second paragraph "In a February 18, 2021 pleading, the appellant requested that his appeal be dismissed without prejudice" So let me get this straight, after reviewing my April 27, 2021 petition and the record, the MSPB wants to start at the date of February 18, 2021 and not January 5, January 14, January 29, January 30, February 2, or February 7, 2021? Why is that? The board is protecting the AJ just because AJ Dominguez has favored the agency at the expense of judicial prudence and at the expense of federal law, and the judge's handbook on pro se defendants, that is why. period.

I do notice that the AJ allows 10 days for me to object to a matter raised by the agency, **Appx. Pg. 93,** but only allowed 5 days for me to object to her unrecorded, and highly dishonest

January 29, 2021 summary and order. **Appx. Pg. 112.** Is this more indication that AJ Domingez "rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case" that the Board failed to recognize on March 6, 2024? YES, it is.

Without review by a higher authority the case cannot continue because automatic issues for appeal exist that cannot be overcome by the agency. If this case is allowed to proceed, the merits already show there are issues that would likely be reversed on a second costly appeal. This court should find that under 1201.115 this case cannot continue without an immediate reset. In the alternative as an option the agency can choose to settle the case under better terms.

The AJ dismissing the case is not the only issue on appeal, but it is the when! and the how! and the why! the dismissal happened that are important. The MSPB final order states, "After convening a recorded telephonic conference to address the appellants motion the AJ issued a decision dismissing the appeal" and "The appellant timely filed a petition for review in which he challenges the AJ **prior** rulings on discovery matters, and his affirmative defenses" **Appx. Pg. 83**

***Prior*** rulings? I am challenging the discretion of AJ Dominguez since January 14, 2021. In my petition I make great effort to show the MSPB the actions of this AJ prior to March 29, 2021, the significance of those actions, and the significance of her failure to modify the written decision dated January 29, 2021. I add additional evidence to support my case as well. The board is erring in not accepting the PFR.

**(2) The Boards ruling improperly argues that it will not consider all issues on review including the affirmative defenses discussed in the March 29, 2021 order. Appx. Pg. 84**

The MSPB final order states, "The agency has filed a response requesting that the petition for review be denied, noting that the appellant is not challenging the AJ decision to dismiss without

prejudice the appeal and is instead challenging her **prior** rulings and arguing dismissal without prejudice should have been granted earlier" **Appx. Pg. 84** There is that word **prior** again, concerning the AJ rulings in this order. I have challenged the summary and rulings since January 29, 2021 and AJ Domingues refuses to hear those challenges. This is the issue. Period.

**(3) The authority case law the MSPB cited for not granting the PFR are not relevant to this case.**

The AJ should not have made any other rulings on **any** matter other than dismissal because that requires that a party appeal the entire order for any other issue that could prejudice the case. So, by the agency stating "he is not appealing the order to dismiss" is not relevant. I can even see that the agency is now returning favoritism to the AJ and MSPB by setting the stage to use "Lewis v. Dept. of Air Force" and any other precedential case that can be used to support not accepting the PFR. "The Board will not consider arguments raised on review concerning discovery disputes or other matters that should be considered by the AJ once the appeal has been refiled" This set up is designed to protect the AJ and by omission, the misconduct committed since January 29, 2021. In addition the case cited as precedent is not relevant because in Lewis they were arguing the AJ should not have set a date certain to re-file the case where here I am arguing that violation of procedure and law and AJ misconduct precluded the case from being on dismissal at a date two months sooner and that any progress in this case would have ceased at that time and the subsequent rulings on discovery and affirmative defenses were not proper or legal. Not to mention failing to hold herself to standards set by her in her own orders. **Pages 6 to 9 above.**

"Once the appeal has been refiled is too late, the rulings have been made and her multiple decisions on discovery and affirmative defenses in the order gave me no other choice but to appeal them or any appeal for those rulings would be untimely and my case harmed. In addition, obviously

when the case is refiled those rulings will remain, and will I still have a case at that point? Probably not. The summary and order being petitioned are written this way intentionally by the AJ and it harms the appellant's case and favors the agency. I must choose to let the rulings pass and have the case dismissed in my best interest or appeal the relevant parts of the summary and order, be timely on appeal, and chance that the dismissal part of the summary and order will be overturned, always an out for the authorities in power, isn't there. The round and round, up and down, is costly to poor people and a waste of precious time.

The MSPB final decision also states, "because the board treats the appellants timely petition for review as a timely re-filed petition for appeal, the appellant may present his assertions concerning discovery and affirmative defense claims to AJ Dominguez" The MSPB cites Desmond, 90 @ 301 in support. **Appx. Pg. 84**

In Desmond, the appellant was arguing against the dismissal as the AJ in that case had decided he was unable to properly represent himself and this AJ in Desmond was likely, actually, attempting to help Mr. Desmond. In Desmond, the Board treated the case as a re-filed appeal because they found his arguments not relevant to the AJ actions of court-imposed dismissal and why would they? In Desmond, the AJ acted alone for the court, and not upon any motion to dismiss the case without prejudice by a party to the case. The AJ acted in the interest of impartial justice as the appellant was not properly represented. The AJ probably thought Desmond had a case and was trying to help.

Here, I am not arguing against the summary and the intentional delay of an order to dismiss. I am stating that AJ Dominguez has violated federal law and judicial codes of conduct in the process of writing the March 29, 2021 summary and order. I am arguing that AJ Dominguez failed to rule on a motion for extensions of time filed on January 14, 2021. I am arguing that on January 30, February 2 and February 7, 2021, the appellant properly objected and defined errors with a written

order that AJ Dominguez failed to reconvene and modify under the instructions found in the summary and order dated January 29, 2021. By waiting two months to write this summary and order AJ Dominguez prejudiced my case by allowing time that continued to favor the agency while the case was in limbo from February 28, to March 29, 2021. I am arguing the case should have been on a 150-day dismissal and not a 30-day continuance.

I am arguing violations of law by the AJ and failing to properly cite and rule on a motion to dismiss that was filed on February 2, 2021 have affected the outcome of my case. In the April 27, 2021 petition I correctly argue that AJ Dominguez has failed to rule on all motions, failed to hold a hearing on objections to a summary, failed to modify the summary and order and by doing so make the order invalid and not final, and the AJ has failed to ensure fair and just adjudication of the case. **Appx. Pg. 30-43**

The MSPB has failed to properly determine violations of federal law under 5 CFR 1201.115 @ 5 CFR 1201.41(8) Judges must rule on all motions presented, 5 CFR 1201.41(5) parts (ii) and (iii) Authority of Judges and 5 CFR 1201.24(b) Raising claims and defenses, and MSPB Judge's Handbook, chapter five section 2(b) "Motions", chapter five section 3 "dispositions for every motion filed", chapter two section 7 "Pro se appellants" all properly argued in the PFR **Appx. Pg. 30-81**

Under 5 CFR 1201.115 "AJ Dominguez rulings <u>during the course of the appeal</u> <u>and the initial decision</u> were not consistent with required procedures, involved an abuse of discretion, and the resulting error affected the outcome of the case". Period.

**The Board failed to properly find the legal difference between the "wide discretion" of administrative judges, and the "abuse of discretion" of Administrative Judge Dominguez.**

**(4) There will be a plan C because the AJ and the agency have already set this plan in motion. The plan will be "if all else fails, dismiss at all costs. During the proceedings, make the appellant appear uncooperative and unable to act in a demeanor that is acceptable to the court."**

In the summary dated March 29, 2021 on page 3 AJ Dominguez states,

> **"I explained that I will not allow him to talk over me and indicated that it is improper for him to continue to raise issues not already raised."**

My September 3, 2021 "Appellant Reply to Agency Response to Motion to Compel and for Sanctions" **Appx. Pg. 159-216** is a response to an agency motion to compel and for sanctions dated August 27, 2021 **Appx. Pg. 166 docket tab 5.** It is a well-documented account of why a **plan "C"** could and would happen. It is an outline of what has taken place and why the appellant filings in August and September 2021, are no longer in the MSPB docket. **Appx. Pg. 151-158** The agency attempted to have AJ Dominguez throw out my discovery demands and sanction me. Part of the agency motion creates the idea I am uncooperative. The agency claims,

> **"Appellant continues to file random pleadings without leave during the pendency of his PFR, and these filings are unprofessional, accusatory, and disrespectful to the Board and the Agency in nearly every filing." "Appellant alleges improper conduct by both AJ Dominguez and the Agency" and "Appellant continuously insults the Board and the Agency in his filings, and the case has not even moved forward to the hearing stage" and "Appellant has demonstrated a pattern of filing multiple vexatious pleadings regarding matters that have already been resolved, ignoring the Board's procedural rules, and making false allegations of misconduct by the AJ and the Agency"**
>
> **Appx. Pg. 179** I respond,
>
> **"The above paragraph contains many accusations but no real instances of disrespect or insults. These allegations are frivolous, and the agency lawyers are supposed to be professionals, the agency lawyers are who needs to be reprimanded by MSPB and the bar association for attempting such a frivolous action in a civil court of law."**
>
> **And,**

**"The agencies attempt to make anything I have done look so out of the norm is a tactic the legal community attempts to use when it has been caught in a compromising position. (lying or cheating) This is exactly the tactic Jeffery Goodwin and the city of Edmonds WA used in the process of derailing my case IN 2003 for the covering of violations of due process and law they themselves committed...."**

**And,**

**"In keeping with the current agency tactic, I am sure the foregoing statements will be viewed as disrespectful and unprofessional by the agency, just because I dare write them."**

**Appx. Pg. 180**

The agency provides no specifics, there are no quotes, there are just inflammatory accusations. The entire fabrication of conduct is to (i) have the appellant filings removed, (ii) sanction the appellant and make him unable to prosecute the appeal, (iii) have the appeal dismissed.

The MSPB states in their March 6, 2024 order,

**"The appellant challenges AJ Dominguez rulings on discovery matters and his affirmative defenses, questions the accuracy of conference summary orders, accuses the AJ of bias, and requests that his appeal be transferred to another AJ."**

**Appx. Pg. 82**

Dismissing my case by claiming I am not orderly enough to present it is plan "C." AJ Dominguez, and the agency then do not need to face what has taken place. After the filing of my MSPB brief in August 2021, plan "C" was developed and is reserved for just this type of case. My fear is that when the case is re-filed with AJ Dominguez as the AJ this will be the MSPB and agency M.O. since I did not agree to the agency's settlement offer. I have only made honest statements concerning the facts in my case and in my attempt to present them in my filings. The members of this court have a legal duty to help prevent this case from being de-railed by the lower court.

1. I state on May 16, 2024 there was a conference call with AJ Dominguez as the presiding judge. I documented the facts of that call in a motion to stay dated June 6, 2024 filed with this court and it was docketed on June 18, 2024. In my view, that hearing was held solely for the purpose of further intimidation of the appellant. AJ Dominguez did not produce a summary for this teleconference and order of dismissal until June 12, 2024

that I have now received. I note there is no ***separate*** summary for this conference, the narrative was within the order of dismissal as it should be and has it should have been in January and March 2021, for appellate purposes.

2. I further state that this appeal will be for the additional purpose of additional documentation of the continuing "record of harm" to my case caused by AJ Dominguez and her partial favoring of the agency during my appeal of my removal from NAVFACMIDLANT.
3. I state there is continued harm to my health and finances during the course of my employment at NAVFACMIDLANT, the removal process, and post removal actions.
4. I state that all MSPB records will be used in the defense of my removal from NAVFACMIDLANT and for the any employment security of my current position at the Department of Veterans Affairs and my upcoming and full civil service retirement age.
5. I state that it has become necessary to present two "employee" generated grievances to my current employer at the Department of Veterans Affairs. (filed, presented, and argued by me the employee) One in 2020-2021 concerning the agencies failure to follow the FMLA and federal law just as USPS and NAVFACMIDLANT have done. During this grievance, the same invite calendar sent from HR/LR employee Phillip Fedderly, concerning a step three grievance meeting schedule, also contained an invite meeting schedule I had received from MSPB arbitrator Mchael Franzyk, sent in an entirely unrelated, separate, and personal email. (the how and why, Fedderly obtained that invite and used it in that manner, still goes unanswered)
6. I state that a second employee filed grievance in 2023-2024 was necessary concerning the abuse of authority from supervisor Tracy Buchta and his fabricated accusations I "threatened and harassed campus staff by email" that he documented in a performance appraisal. This was an attempt to intimidate me, take away a recent incentive award, and retaliate for my daring to hold him to article 27 of the labor contract, "employee appraisals." Although supervisor was forced to correct the appraisal on higher level review he refused to remove his false statements. Due to agreements made with the AFGE local president and without my knowledge, the agency through grievance decision with the union will not confirm that he violated either DVA policy or the labor contract. I have been falsely accused of misconduct now by three different agencies surrounding grievances. I believe he was directed in his actions by higher level agency legal and HR personnel. I have now experienced work-related abuses a third time. Due to all of the secrecy I have experienced when attempting to obtain relevant information from management and the agency, I feel these latest abuses are likely directly related to this case.
7. I further state I know that besides the nameless faceless people that carefully guide every employee grievance to the desired results, that agencies have the authority and power through legal and the executives to obtain the false witness of many willing and some less willing employees. If I am harmed further financially, or need to be made whole in any other fashion, prior to or after my full retirement that is directly or indirectly caused by any past or future decisions and/or the past or future actions by any officials of USPS, NAVFACMIDLANT, DVA, MSPB, AJ Dominguez, or agency representative Colleen Shook, Lynne Richesin-Plouff, Stacey Sangillo, Michael Gurchik, Tracy Buchta, or any other agency official or employee that has responsibility, I will seek administrative damages outside of the MSPB and outside of this case.
8. I swear under the penalty of perjury the above is true and correct to the best of my knowledge.

Signed ____________ dated this the 16 day of July 2024.

Kevin Mertens

I certify that I have attempted to follow document procedures during this reply. I have no means to get a word count and my desktop is of low quality.

I have attempted to follow the limitations outlined in FRAP 32(g) but if I have not then I motion the court to accept my over-limit response to jurisdiction.

I also do not have a Lexus Nexus so, if it please the court judges, please use your knowledge of case law and apply it in your consideration of my response to jurisdiction in this life changing matter, Thank you.

Signed

____________ 16 July 2024

Kevin Mertens

## Certificate of Service

I swear under the penalty of perjury and the laws of the [states] and of the United States that I placed a copy of the attached documents with information that is true and correct in the US Mail to the addresses listed below:

US Court of Appeals
for the federal circuit
717 Madison Place NW
Washington, DC 20439

Brendan Jordan
Commercial Litigation Branch
USDOJ
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Signed this the 16th day of July 2024

Kevin Mertens

Kevin Mertens

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

RECEIVED
JUL 22 2024
United States Court of Appeals
For the Federal Circuit

---

**KEVIN MERTENS,**
*Petitioner*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1781

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-21-0092-I-1.

---

**ON MOTION**

---

PER CURIAM.

**O R D E R**

Kevin Mertens files a motion for a stay pending appeal, docketed at ECF No. 14, and a motion for leave to file a replacement informal opening brief, docketed at ECF No. 12. The Department of the Navy moves to recaption the appeal to name the Merit Systems Protection Board as respondent. The court considers its jurisdiction over this petition for review.

Mr. Mertens appealed to the Board challenging his removal from the Department of the Navy. On March 29, 2021, the administrative judge granted Mr. Mertens's request to dismiss his appeal without prejudice subject to refiling no later than August 30, 2021. Mr. Mertens petitioned the Board for review, which was denied though the Board reopened his appeal and forwarded his filings to the regional office for further adjudication on the merits. Mr. Mertens then filed a petition for review with this court. In his filings before this court, Mr. Mertens indicates that the administrative judge dismissed his re-filed appeal without prejudice on May 16, 2024, ECF No. 12 at 1, and he alleges that the administrative judge is biased against him and "may destroy the recording" from a status conference, ECF No. 14 at 2.

As for the proper respondent, "[t]he Board shall be named respondent . . . unless the employee or applicant for employment seeks review of a final order or decision on the merits on the underlying personnel action or on a request for attorney fees." 5 U.S.C. § 7703(a)(2). Here, the Board has not resolved the merits of the underlying personnel action and thus is the proper respondent.

As for this court's jurisdiction, it is generally limited to "an appeal from a *final* order or *final* decision of the . . . Board," 28 U.S.C. § 1295(a)(9) (emphasis added), and "an order is final only when it ends the litigation on the merits and leaves nothing for the [tribunal] to do but execute the judgment," *Weed v. Social Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) (cleaned up). Board decisions that require further proceedings on the merits, such as dismissals without prejudice to refiling, are typically non-final for purposes of this court's jurisdiction. *See Strausbaugh v. Merit Sys. Prot. Bd.*, 401 F. App'x 524, 526 (Fed. Cir. 2010) (citing *Taylor-Holmes v. Off. of Cook Cnty. Pub. Guardian*, 503 F.3d 607, 609 (7th Cir. 2007); *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976); and

9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Civil § 2367 (3d ed. 2008)).

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The Department of the Navy's motion is granted to the extent that the official and short captions are revised to reflect participation of the Board as the respondent. Mr. Mertens's motion (ECF No. 12) is held in abeyance.

(2) Within 30 days from the date of entry of this order, the parties are directed to address this court's jurisdiction whether this petition for review should be dismissed as premature. The Board shall file a response to ECF No. 14 within that same time.

(3) The briefing schedule is stayed.

FOR THE COURT

July 2, 2024
Date

Jarrett B. Perlow
Clerk of Court

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS

CERTIFIED MAIL®

9589 0710 5270 0496 6814 07

Retail

U.S. POSTAGE PAID
PM
ROSEBURG, OR 97470
JUL 16, 2024

20439

$33.70

RDC 03 5 Lb 4.00 Oz R2304H108774-01

PRIORITY® ★ MAIL ★

UNITED STATES POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
Kevin Mertens
806 Woodwillow Dr
Roseburg OR 97471

TO: U.S. Court of Appeals
for the federal circuit
717 Madison Place N.W.
Washington DC 20439

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

Case 24-1781 Document 26-3 Page 392 Filed 08/22/2024 (398 of 466)

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| KEVIN MERTENS,<br>Petitioner,<br><br>v.<br><br>MERIT SYSTEMS PROTECTION BOARD,<br>Respondent. | NO. 24-1781 |

**RESPONDENT'S RESPONSE TO JULY 2, 2024 ORDER AND APPENDIX**

Respondent, the U.S. Merit Systems Protection Board ("MSPB" or "Board"), submits this response to the Court's July 2, 2024 Order directing the parties to address this Court's jurisdiction. ECF No. 15 at 3. As discussed below, Respondent asserts that this appeal is premature until the Board has issued a final decision in Mr. Mertens' removal appeal, and therefore should be dismissed.

**BACKGROUND**

On December 28, 2020, Mr. Mertens filed an appeal with the MSPB challenging the Department of the Navy's ("Navy" or "Agency") decision to remove him from his Boiler Plant Operator position, effective December 2,

Case: 24-1781 Document: 13 Page: 39 Filed: 07/30/2024

2020. Appx10.[1] By order dated January 29, 2021, the administrative judge granted a 30-day suspension of the case based on Mr. Mertens' stated inability to research his case at his library, which was closed due to the Covid-19 pandemic. Appx11, Appx21. Thereafter, on March 29, 2021, for the same reasons, and at Mr. Mertens' request, the administrative judge issued an initial decision dismissing the appeal without prejudice to refiling by August 30, 2021. Appx10-12. In May 2021, Mr. Mertens filed an administrative petition for review of the initial decision at which time the Board could not issue decisions due to the lack of quorum. Appx13, Appx23. Following restoration of the quorum, by order dated March 6, 2024, the Board denied Mr. Merten's petition for review and found that the administrative judge acted within her discretion to dismiss the appeal without prejudice. Appx1-4. Consequently, the Board forwarded the case for adjudication on the merits. Appx4.

This appeal of the Board's decision followed. By notice of docketing dated May 6, 2024, the Court named the Navy as respondent. ECF No. 1. Thereafter, the Navy moved to revise the caption and Mr. Mertens filed a motion to stay proceedings. ECF Nos. 9, 14. On July 2, 2024, the Court issued an Order granting the Navy's motion to revise the caption and name

---

[1] "Appx" refers to the pages of the appendix attached to this response.

the MSPB as the Respondent. ECF No. 15. The Court also directed the MSPB to address the Court's jurisdiction and whether the petition should be dismissed as premature as well as to respond to Mr. Mertens' motion for a stay. *Id.*

<u>The Court Should Dismiss Mr. Mertens' Petition for Review for Lack of Jurisdiction.</u>

This Court has jurisdiction to review "a final order or final decision" of the Board. 5 U.S.C. § 7703(a)(1), (b)(1)(B); 28 U.S.C. § 1295(a)(9); *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009). "The Supreme Court has consistently held that as a general rule an order is final only when it 'ends the litigation on the merits and leaves nothing for the court to do but execute [the] judgment." *Weed*, 571 F.3d at 1361 (*quoting Cabot Corp. v. United States*, 788 F.2d 1539, 1542 (Fed. Cir. 1986). Thus, this Court has consistently ruled that a dismissal without prejudice that provides an opportunity to refile is not a final order or final decision of the Board. *See, e.g.*, *Oram v. Merit Sys. Prot. Bd.*, No. 2022-1251, 2022 WL 2035611 at *1 (Fed. Cir. June 7, 2022) (holding that the dismissal without prejudice was not a final, appealable decision because it provided the petitioner with the option to refile his claim); *Strausbaugh v. Merit Sys. Prot. Bd.*, 401 F. App'x 524, 526 (Fed. Cir. 2010) (holding that the administrative judge's rulings on the appellant's motions to dismiss without prejudice are not final, appealable

orders because he has the option of refiling his claims); *La Cour v. Merit Sys. Prot. Bd.*, 64 F. App'x 768, 769 (Fed. Cir. 2003) (dismissing because, "[a]s the record currently stands, the only Board decision before us is that dismissing the joined appeal without prejudice.").

In the instant case, the Board's dismissal without prejudice was akin to a postponement or continuance given that the Board forwarded Mr. Mertens' appeal for adjudication on the merits. Appx4. Mr. Mertens' appeal was docketed by the Northeastern Regional Office under MSPB Docket No. PH-0752-21-0092-I-2. Appx24-27. On June 12, 2024, the administrative judge dismissed the refiled appeal without prejudice due to Mr. Mertens' judicial appeal pending before this Court. Appx25-27. The dismissal without prejudice is subject to refiling no later than 30 days from the date either this Court or Mr. Mertens advises the Board of the Court's ruling in this case, whichever occurs sooner. Appx27. For the same reasons as described above—because Mr. Mertens' litigation is not complete, but rather his case will be refiled—the June 12, 2024 initial decision in Docket No. PH-0752-21-0092-I-2 is similarly not a final order or final decision over which this Court has jurisdiction. Thus, he has not received a final order or decision of the Board that is appealable to this Court under 5 U.S.C. § 7703 or 28 U.S.C.

§ 1295(a)(9). The Court, therefore, lacks jurisdiction over his appeal, and should dismiss it.

Even if Mr. Mertens had received a final MSPB decision, this Court would lack jurisdiction over it because it is a mixed case. *See Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017) (holding that the federal district courts, not the Federal Circuit, are the proper forum for judicial review of mixed cases). Although Mr. Mertens asserted in his Rule 15(c) Statement that he did not raise discrimination claims before the MSPB, ECF No. 11, he did, in fact, raise a claim of disability discrimination in connection with his removal appeal, Appx37-44. Accordingly, in lieu of dismissal, the Court could transfer his appeal to district court pursuant to 28 U.S.C. § 1631, notwithstanding his pending re-filed Board appeal. *See* 5 U.S.C. § 7702(e)(1)(B) (allowing an employee to file a civil action if "there is no judicially reviewable action" after "the 120th day following the filing of an appeal with the Board under subsection (a)(1)"). Should Mr. Mertens request the Court to do so, Respondent submits that the most appropriate district court is the U.S. District Court for the District of Connecticut because Mr. Mertens was employed in Groton, CT during the relevant time. Appx36; *see* 42 U.S.C. § 2000e-5(f)(3) (an action under Title VII "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to

have been committed"); 29 U.S.C. § 794a(a)(1) (the Rehabilitation Act incorporates the enforcement provisions of Title VII); 28 U.S.C. § 86 (Connecticut consists of one judicial district).

Respondent's Response to Petitioner's Motion to Stay.

On June 12, 2024, Mr. Mertens filed a motion to stay proceedings in which, although unclear, he appears to be requesting that the MSPB proceedings in Docket No. PH-0752-21-0092-I-2 be stayed pending this Court's review. ECF No. 14. The administrative judge effectively stayed the proceedings by dismissing the case without prejudice pending a decision by this Court on appeal. Appx25-27. To the extent Mr. Mertens asserts in his motion mailed to the Court on June 6, 2024, that he did not receive a copy of the dismissal order, ECF No. 14 at 2, a copy of this decision was mailed to Mr. Mertens on June 12, 2024, Appx35. Finally, regarding Mr. Mertens' assertion that the administrative judge "must be removed from this case for her violations of federal law and inability to be impartial," ECF No. 14 at 2, this issue is not properly before the Court as Mr. Mertens has never filed a motion to disqualify the administrative judge under 5 C.F.R. § 1201.42(b) nor obtained a final decision or order over which this Court could exercise jurisdiction.

CONCLUSION

For the foregoing reasons, Respondent asserts that the Court should dismiss this appeal for lack of jurisdiction.

Respectfully submitted,

ALLISON J. BOYLE
General Counsel

KATHERINE M. SMITH
Deputy General Counsel

/s/ Constance Travanty
CONSTANCE TRAVANTY
Attorney
Office of the General Counsel
Merit Systems Protection Board
1615 M Street, NW
Washington, DC 20419-0002
(771) 210-1718

DATE: July 31, 2024

# APPENDIX

# INDEX TO THE APPENDIX


| Item | Page |
|---|---|
| MSPB Final Order (March 6, 2024) | Appx1 |
| MSPB Initial Decision, Docket No. PH-0752-21-0092-I-1 (Mar. 29, 2021) | Appx10 |
| Certified List (June 5, 2024) | Appx20 |
| MSPB Initial Decision in Refiled Docket No. PH-0752-21-0092-I-2 (June 12, 2024) | Appx25 |
| Excerpt from Agency File (Jan. 25, 2021) | Appx36 |
| Petitioner Response to Affirmative Defense Order (Jan. 25, 2021) | Appx37 |

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KEVIN P. MERTENS, Appellant, | DOCKET NUMBER PH-0752-21-0092-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, Agency. | DATE: March 6, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin P. Mertens, Roseburg, Oregon, pro se.

Colleen M. Shook, Norfolk, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed without prejudice to refiling his appeal of the agency's removal action. On petition for review, the appellant challenges the administrative judge's rulings on discovery matters and his affirmative defenses, questions the accuracy of conference summary orders, accuses the administrative judge of bias, and requests that his appeal be transferred to another administrative judge. Generally,

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

In a February 18, 2021 pleading, the appellant requested that his appeal be dismissed without prejudice, stating that he required additional time to prosecute his appeal due to delays caused by the ongoing COVID-19 pandemic. Initial Appeal File (IAF), Tab 21 at 6. After convening a recorded telephonic conference to address the appellant's motion, the administrative judge issued an initial decision dismissing the appeal without prejudice to refiling, concluding that, consistent with the appellant's request, dismissal was appropriate to "facilitate efficient litigation of the appeal, conserve resources, and to avoid a lengthy continuance." IAF, Tab 28, Initial Decision (ID) at 1-2 *see* IAF, Tabs 26-27. The administrative judge informed the appellant that he must refile the appeal "**by no later than August 30, 2021, but no sooner than May 4, 2021 – which is the date after which this decision becomes final.**" ID at 2 (emphasis in original). The appellant timely filed a petition for review on April 27, 2021, in which he challenges the administrative judge's prior rulings on discovery matters and his affirmative defenses, questions the accuracy of her conference summary orders, accuses her of bias, and requests that she be disqualified and the case be reassigned to a new administrative judge in the Western Regional Office.

Petition for Review (PFR) File, Tab 1 at 2-17. The agency has filed a response requesting that the petition for review be denied, noting that the appellant is not challenging the administrative judge's decision to dismiss without prejudice the appeal and is instead challenging her prior rulings and arguing that his dismissal request should have been granted earlier. PFR File, Tab 3 at 6-7. The agency also argues that the Board should treat the appellant's timely petition for review as a timely filed petition for appeal. *Id.* at 7-8; *see Desmond v. Department of Veterans Affairs*, 90 M.S.P.R. 301, ¶¶ 6-7 (2001).

An administrative judge has wide discretion to control the proceedings before her, and a dismissal without prejudice to refiling is a procedural option left to her sound discretion. *Desmond*, 90 M.S.P.R. 301, ¶ 4. We have reviewed the record, including the telephonic status conference recording, and have not found any evidence that the administrative judge abused her discretion in dismissing the appeal without prejudice. Instead, she exercised her sound discretion in the interest of efficiency to allow the parties to resolve their ongoing discovery issues and to afford the appellant with additional time to prepare his case in light of delays caused by the ongoing COVID-19 pandemic. ID at 1-2; *see* IAF, Tab 27 at 1-3. We find that this is a proper use of her discretion, and we will not disturb the initial decision here.

We further decline to address the appellant's remaining arguments on review. *See Lewis v. Department of the Air Force*, 69 M.S.P.R. 40, 44 (1995) (stating that if an appeal has been dismissed without prejudice in an initial decision and the appellant then files a petition for review of that decision, the Board will not consider arguments raised on review concerning discovery disputes or other matters that should be considered by the administrative judge once the appeal has been refiled). Because the Board treats an appellant's timely petition for review of an initial decision dismissing the appeal without prejudice as a timely refiled petition for appeal, *Desmond*, 90 M.S.P.R. 301, ¶ 6, the appellant may present his assertions regarding continuing discovery disputes, the

scope of his affirmative defense claims, and any other claims to the administrative judge, *id*. Accordingly, we deny the petition for review, and we forward this case to the New York Field Office for adjudication on the merits. This is the final decision of the Merit Systems Protection Board regarding the initial decision dismissing the appeal without prejudice to refiling. 5 C.F.R. § 1201.113.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

______________________________
Gina K. Grippando
Clerk of the Board

Washington, D.C.

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | |
|---|---|
| | <u>Appellant</u> |
| Certified Mail | Kevin Mertens<br>[redacted]<br>[redacted] |
| | <u>Agency Representative</u> |
| Electronic Service | Colleen Shook<br>Served on email address registered with MSPB |

03/06/2024
(Date)

Markita Bryant
Markita Bryant
Paralegal Specialist

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**NEW YORK FIELD OFFICE**

KEVIN P. MERTENS,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
PH-0752-21-0092-I-1

DATE: March 29, 2021

Kevin P. Mertens, Maize, Kansas and Roseburg, Oregon, pro se.

Colleen M. Shook, Esquire, Norfolk, Virginia, for the agency.

**BEFORE**
Maria M. Dominguez
Administrative Judge

## INITIAL DECISION

## INTRODUCTION

On December 28, 2020, the appellant filed an appeal with the Merit Systems Protection Board (Board), challenging the decision of the Department of the Navy, Naval Facilities Engineering Command, Mid-Atlantic (agency), to remove him from his position of Boiler Plant Operator, WG-5402-10, effective December 2, 2020. *See* Initial Appeal File (IAF), Tabs 1 and 7. For the reasons set forth below, the appeal is DISMISSED WITHOUT PREJUDICE.

## DISMISSAL WITHOUT PREJUDICE

The parties have been engaged in discovery throughout the pendency of this appeal and the appellant indicates he has had significant challenges (due to

the COVID-19 pandemic), with preparing for this matter since he does not have access to the library, which is where he ordinarily conducts his research. *See* IAF, Tab 21, Motion to Dismiss Without Prejudice; *see also id.*, Tab 26, Recorded Status Conference. Due to these challenges, the appellant previously requested (and I granted), a 30-day suspension. *Id.*, Tabs 14[1] and 24. More recently, he requested a dismissal without prejudice in order to properly prepare for this case. *See id.*, Tabs 21 and 26.

Administrative judges have discretion to dismiss an appeal without prejudice to refiling in the interests of fairness, due process, and administrative efficiency. *See* 5 C.F.R. § 1201.29(b); *Gidwani v. Department of Veterans Affairs*, 74 M.S.P.R. 509, 511 (1997). A dismissal without prejudice may be appropriate at the request of a party or to avoid a lengthy or indefinite continuance. *Milner v. Department of Justice*, 87 M.S.P.R. 660, ¶ 13 (2001).

Under the circumstances present here, I find it appropriate to dismiss this appeal without prejudice to facilitate efficient litigation of the appeal, conserve resources, and to avoid a lengthy continuance. I have addressed this course of action with the parties and they agreed to it. *See* IAF, Tab 26, Recorded Status Conference.

Accordingly, I dismiss the appeal without prejudice subject to the appellant's refiling. The appeal must be refiled **by no later than August 30, 2021, but no sooner than May 4, 2021 – which is the date after which this decision becomes final**. To refile, the appellant need only submit a one-line letter to the Board indicating his desire to do so. Upon the refiling of this appeal, all documents previously submitted into the record will be made a part of the refiled appeal. I intend to set a prehearing conference and hearing date immediately after the appeal is refiled.

---

[1] Although a hardcopy of an Order Suspending Case Processing was issued to the appellant on January 29, 2021, the electronic filing system saved a blank document, which resulted in my having to request a copy of the appellant's hardcopy, which he provided on March 3, 2021. *See* IAF, Tab 24.

**DECISION**

The appeal is DISMISSED WITHOUT PREJUDICE to refiling as noted above.[2]

FOR THE BOARD: ______________/S/______________________
Maria M. Dominguez
Administrative Judge

**NOTICE TO APPELLANT**

This initial decision will become final on **May 3, 2021**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

**BOARD REVIEW**

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must

[2] All outstanding conference calls, as well as the hearing, are hereby canceled. *See* IAF, Tab 24, Order Suspending Case Processing.

state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

**NOTICE OF LACK OF QUORUM**

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

**Criteria for Granting a Petition or Cross Petition for Review**

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be

received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S.

Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

# U.S. MERIT SYSTEMS PROTECTION BOARD

**Office of the Clerk of the Board**
**1615 M Street, N.W.**
**Washington, D.C. 20419-0002**
Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

2024-1781

## ATTESTATION

I HEREBY ATTEST that the attached index represents a list of the documents comprising the regional office portion of the administrative record of the Merit Systems Protection Board in the appeal of *Kevin P. Mertens v. Department of the Navy*, MSPB Docket No. PH-0752-21-0092-I-1, as of today, June 5, 2024, and that the administrative record is under my official custody and control on this date

on file in this Board

June 5, 2024
Date

Kara Svendsen
Kara Svendsen
Acting Chief Administrative Judge

# INDEX

Kevin Mertens

V.

Department of the Navy

MSPB Docket No. PH-0752-21-0092-I-1

I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | IA | Appellant - initial appeal | 01/04/2021 |
| 2 | IA | MSPB - Acknowledgment Order | 01/05/2021 |
| 3 | IA | MSPB - Affirmative Defenses Order | 01/07/2021 |
| 4 | IA | MSPB - Hearing Order | 01/14/2021 |
| 5 | IA | Agency - Agency Representative Addition | 01/22/2021 |
| 6 | IA | Appellant - RESPONSE TO AFFIRMATIVE | 01/25/2021 |
| 7 | IA | Agency - Agency File | 01/25/2021 |
| 8 | IA | Agency - Agency File Part 3 - Agency File Tab 4c | 01/25/2021 |
| 9 | IA | Agency - Agency File Part 4 - Agency File Tab | 01/25/2021 |
| 10 | IA | Agency - Agency File Part 2 - Agency File Tab 4c | 01/25/2021 |
| 11 | IA | Appellant - Change of e-Filing Status | 01/25/2021 |
| 12 | IA | Appellant - Termination of E-Filer Status with | 01/25/2021 |
| 13 | IA | MSPB - Summary of Status Conference | 01/29/2021 |
| 14 | IA | MSPB - Suspension Order | 01/29/2021 |
| 15 | IA | Appellant - Change of e-Filing Status | 01/30/2021 |
| 16 | IA | Appellant - Response to summary of status | 01/30/2021 |
| 17 | IA | Agency - Response to Agency Response to | 02/01/2021 |
| 18 | IA | MSPB - Order to Appellant | 02/04/2021 |
| 19 | IA | Appellant - Appellants additions to filings dated | 02/07/2021 |
| 20 | IA | Appellant - Correspondence from Appellant | 02/17/2021 |
| 21 | IA | Agency - Appellant's Motion to Dismiss Without | 02/18/2021 |
| 22 | IA | Appellant - Response to Agency | 02/26/2021 |
| 23 | IA | Agency - Response to Appellant's Motion to | 03/03/2021 |
| 24 | IA | Appellant - Appellant's Proof of Service/Case | 03/03/2021 |
| 25 | IA | MSPB - Order Scheduling Conference Call | 03/17/2021 |
| 26 | IA | MSPB - Recorded Conference Call 03.29.2021 | 03/29/2021 |
| 27 | IA | MSPB - Summary of Conference Call | 03/29/2021 |

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
| --- | --- | --- | --- |
| 28 | IA | MSPB - Initial Decision | 03/29/2021 |
| 29 | IA | MSPB - Certificate of Service | 03/29/2021 |
| 30 | IA | MSPB - Document Reject Order | 09/14/2021 |

# INDEX

Kevin Mertens

V.

Department of the Navy

MSPB Docket No. PH-0752-21-0092-I-1

I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | PFR | Appellant - Petition for Review | 05/07/2021 |
| 2 | PFR | MSPB - Petition For Review Acknowledgment | 05/10/2021 |
| 3 | PFR | Agency - Response to Appellant's Petition for | 05/20/2021 |
| 4 | PFR | Appellant - Reply to Agency Response to | 06/04/2021 |
| 5 | PFR | Appellant - Change of Contact Information | 07/28/2022 |
| 6 | PFR | Appellant - Change of Contact Information | 11/17/2023 |
| 7 | PFR | MSPB - Final Order | 03/06/2024 |

# INDEX

Kevin Mertens

V.

Department of the Navy

MSPB Docket No. PH-0752-21-0092-I-2

I - Initial Appeal



| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | IA | MSPB - Final Order | 03/06/2024 |
| 2 | IA | MSPB - Conference Call 05.16.2024 | 05/16/2024 |
| 3 | IA | MSPB - Appellant Submission | 05/29/2024 |

Case: 24-1791 Document: 26-3 Page: 426 Filed: 08/21/2024 (426 of 456)

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**NORTHEASTERN REGIONAL OFFICE**

| | |
|---|---|
| KEVIN P MERTENS,<br>Appellant, | DOCKET NUMBER<br>PH-0752-21-0092-I-2 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: June 12, 2024 |

Kevin P Mertens, Roseburg, Oregon, pro se.

Colleen McFeely Shook, Esquire, Norfolk, Virginia, for the agency.

**BEFORE**
Maria Dominguez
Administrative Judge

## INITIAL DECISION

## INTRODUCTION

On March 6, 2024, following the full Merit Systems Protection Board's (full Board's) Final Order wherein it denied the appellant's Petition for Review (PFR) wherein he challenged "the administrative judge's rulings on discovery matters and his affirmative defenses, question[ed] the accuracy of conference summary orders, accuse[d] the administrative judge of bias, and request[ed] that his appeal be transferred to another administrative judge," *see* Refiled Appeal File (RAF), Tab 1, the Northeastern Regional Office docketed this matter as MSPB Dkt. No. PH-0752-21-0092-B-1. RAF, Tabs 1 and 2.[1]

[1] Since the full Board's Final Order indicated that the matter should be forwarded for adjudication, the docket number was corrected to reflect this, and was re-docketed as MSPB Dkt. No. PH-0752-21-0092-I-2. *See* RAF, Tab 6.

Case: 24-1781 Document: 23 Page: 357 Filed: 09/20/2024 (431 of 460)



For the reasons set forth below, the refiled matter is DISMISSED WITHOUT PREJUDICE.

**DISMISSAL WITHOUT PREJUDICE**

On May 16, 2024, during a recorded conference call with the parties to discuss the full Board's Final Order, including a discussion of what the outstanding issues before me were, the appellant advised me that he had filed a PFR to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), to challenge the full Board's March 6, 2024 Final Order. *See* RAF, Tab 3, Recording.

The appellant advised me that the Federal Circuit had docketed that matter on May 6, 2024, with a Case Number of 2024-1781. *See id.* Among the matters being challenged by way of his Federal Circuit PFR are the questions of whether I be should be disqualified from adjudicating this appeal and whether the case ought to be reassigned to the Western Regional Office, at the appellant's request. *See id.*; *see also id.*, Tab 1.

In light of the fact the Federal Circuit's decision may impact my prior rulings, I advised the parties that I hesitated to proceed until such a decision was rendered. *See id.*, Tab 3. Additionally, I asked the appellant whether he objected to a dismissal without prejudice, to which he consented, indicating that "we shouldn't proceed because it could cause harm to the case, but the method of stopping the case is … I'm gonna leave that up to you." *Id.* The agency did not object to a dismissal without prejudice. *See id.*

"An administrative judge has broad discretion to control the proceedings before h[er], and dismissal without prejudice is a procedural option that is committed to h[er] sound discretion." *Desmond v. Department of Veterans Affairs*, 90 M.S.P.R. 301, ¶ 4 (2001). The Board has held that an administrative judge may order a dismissal without prejudice at the request of a party to avoid a lengthy or indefinite continuance. *See Black v. U.S. Postal Service*, 89 M.S.P.R. 204, ¶ 7 (2001).

Here, I find dismissal without prejudice is the appropriate course of action, given the appellant's desire to pursue his Federal Circuit PFR, which potentially involves overlapping facts and issues as those presented here. Accordingly, I find it in the interests of fairness, due process, and adjudicatory efficiency to dismiss this appeal without prejudice to the Board's automatic re-filing **by no later than 30 days from the date either the Federal Circuit or the appellant advises the Board of the Federal Circuit's ruling in case number 2024-1781, whichever occurs sooner**. *See Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009) (dismissing an appeal without prejudice is appropriate to promote administrative efficiency where a lengthy continuance is anticipated).

## DECISION

The appeal is DISMISSED without prejudice; it will be automatically refiled **by no later than 30 days from the date either the Federal Circuit or the appellant advises the Board of the Federal Circuit's ruling in case number 2024-1781, whichever occurs sooner**.

FOR THE BOARD:

Maria Dominguez
________________________________
Maria Dominguez
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **July 17, 2024**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your

representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

**BOARD REVIEW**

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov/).

**Criteria for Granting a Petition or Cross Petition for Review**

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be

received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general.** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S.

Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

U.S. Mail — Kevin Mertens
[redacted]

<u>Agency Representative</u>

Electronic Service — Colleen Shook
Served on email address registered with MSPB

06/12/2024
(Date)

Kaitlin Reilly
Kaitlin Reilly
Paralegal Specialist

Standard Form 50
Rev. 7/91
U.S. Offfice of Personnel Management
FPM Supp. 296-33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| MERTENS KEVIN P | ***-**-**** | | 04-30-2017 |

## FIRST ACTION

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 101 | Career-Cond Appointment |
| **5-C. Code** | **5-D. Legal Authority** |
| BWA | OPM DE Agr DoD-1(DD-NV-137). |
| **5-E. Code** | **5-F. Legal Authority** |
| | |

## SECOND ACTION

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| | |
| **6-C. Code** | **6-D. Legal Authority** |
| | |
| **6-E. Code** | **6-F. Legal Authority** |
| | |

**7. FROM: Position Title and Number**

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis |
|---|---|---|---|---|---|
| | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay |
|---|---|---|---|
| | | | |

14. Name and Location of Position's Organization

**15. TO: Position Title and Number**
BOILER PLANT OPERATOR
2109A-1629482

| 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|
| WG | 5402 | 10 | 01 | $21.79 | PH |

| 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|
| $21.79 | $0.00 | $21.79 | |

22. Name and Location of Position's Organization
OPERATIONS OFFICER
PWO/DEPUTY PW OFFICER NEW LONDON
PRODUCTION DIVISION
UEM BRANCH
NAVFAC MIDLANT, NORFOLK, VA

## EMPLOYEE DATA

23. Veterans Preference: 2
1 - None; 2 - 5-Point; 3 - 10-Point/Disability; 4 - 10-Point/Compensable; 5 - 10-Point/Other; 6 - 10-Point/Compensable/30%

24. Tenure: 2
0 - None; 1 - Permanent; 2 - Conditional; 3 - Indefinite

25. Agency Use:

26. Veterans Pref for RIF: X YES ☐ NO

27. FEGLI: W0 Basic + Option B (5x)

28. Annuitant Indicator: 9 Not Applicable

29. Pay Rate Determinant: 0

30. Retirement Plan: K FERS and FICA

31. Service Comp. Date (Leave): 05-19-1997

32. Work Schedule: F Full Time

33. Part-Time Hours Per Biweekly Pay Period:

## POSITION DATA

34. Position Occupied: 1
1 - Competitive Service; 2 - Excepted Service; 3 - SES General; 4 - SES Career

35. FLSA Category: N
E - Exempt; N - Nonexempt

36. Appropriation Code: NAVY

37. Bargaining Unit Status: NV3271

38. Duty Station Code: 090717011

39. Duty Station (City - County - State or Overseas Location): SUBMARINE BASE, GROTON / NEW LONDON / CONNECTICUT

| 40. AGENCY DATA | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | UIC: 40085 | ORG: PRC32 | CC: WACP61 | PAY OFF: CH/LOC ID: |

45. Remarks
Appointment affidavit executed 30-APR-2017. Creditable Military Service: 0600 Previous retirement coverage: Previously covered. Position is at the full performance level or band Service counting toward career tenure from 26-JUL-2015. Frozen Service: None Employee is automatically covered under FERS, FERS-RAE or FERS-FRAE OPF maintained by OCHR STENNIS OPERATIONS CENTER, 9110 LEONARD KIMBLE ROAD, STENNIS SPACE CENTER, MS 39522. Appointment is subject to completion of two year initial probationary period beginning 30-APR-2017. Selected from Cert RE-16-Ala-31850S0 under Delegated Examining: OCHR STENNIS OPERATIONS CENTER. [REMARKS CONTINUE ON THE NEXT PAGE

46. Employing Department or Agency: Naval Facilities Engineering C ommand (NV25)

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date |
|---|---|---|
| NV25 | 2417 | 05-01-2017 |

50. Signature/Authentication and Title of Approving Official
Michele V. Pittman
HR ASSISTANT

**TURN OVER FOR IMPORTANT INFORMATION**
5-Part

**1 - Employee Copy - Keep for Future Reference**

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6236

MSPB
NYC
RECEIVED
US MSPB NERO
2021 JAN 25 AM 8:10

Mertens
appellant
v.
Dept of Navy
agency

Docket #
PH-0752-0092-I-1

Date: Jan 14, 2021

Appellants Response to MSPB order on affirmative Defenses. dated Jan 7, 2021

Violations of Law: Violations ~~of~~ CBA or agency regulations:

1. Employer Violated FMLA of 1993
   A. Employer failed to follow requirements of the Act. and its obligations under the act.
   B. Employer created an atmosphere of fear for the appellant
   C. Appellant established serious health conditions ~~[illegible]~~ during employment and Prior to removal
   d. Employer failed to allow FML Leave by employee as required under the FMLA.

2. Employer violated ADA of 1990/2008 Title 1 + IV
   A. Appellant had Serious Mental and Physical disabilities that required him to be on leave of absence
   B. Employer made no attempt to acommodate Appellant with the serious issues
   C. Employer retaliated against Appellant for using FMLA and for filing greivance on A LOR that is the basis for Removal.

Appellant respone to Jan 7, 2021 order cont.

3. Employer violated ADA when it discriminated against Appellant for a work place injury that was the result in part of a well established and disabling injury.

4. Employer failed to provide Appellant a representative during the ~~removal~~ time of Administative leave thru removal

~~A. Employer disguised removal process as being a single issue.~~

A. Employer did not disclose that removal was being processed on employee. Appellant was not granted a representative for any of the 3 issue's raised for removal

5. Agency failed to properly administer Douglas factors.

Note: A. Appellant will provide MSPB with the 208 page response to proposed removal that will clarify ~~much of the details~~. the vilations (see #7 below)

6. ~~Agency~~ Agencies deciding official issued the order for the admisitrative invetigation that was conducted in violation of investigative process.

Appellant response to ... cont.

6. . . "

A. The official that conducted the Administrative investigation acted in a prejudicial manner in violation of the appointing officials order. Problem is the appointing official that was the deciding ~~other~~ official for removal, is the same official. How could he fairly decide that a violation of his own order was improper and removal not harmful or predjudicial to his own original order.

7. This Agency (MSPB) threw out an appeal by the appellant for this case for being untimely in order to protect the agency (USPS) from a wistle blower/discrimination case. Judge Kang has written an opinion that is in the appellants e-OPF file. ~~This~~ The Current Agency had access to that decision and formed an erronious opinion that encouraged the decision for removal here.

See: Douglas factors and Proposed removal.

Note: Is Judge Dominguez aware of this former appeal?

Page 3 of 4

Appellants response To Jan 7, 2021 order Cont.

8. I feel that MSPB is attempting to cause harm to my appeal by engaging in time constraints that are difficult ~~to~~ for the appellant to comply with.

The agency has a team of attorney's that have worked on my removal. I have requested a list of their names and contact info. They know ~~but~~ exactly what violations of Law and Procedure have taken place here. I am willing to listen!

I am attempting to find representation and that representative may find additional violations that the agency committed. It is not fair to the appellant that he be forced to detail all of those here in this response. Please be aware if there are additional issues to add I will be asking MSPB to accept those.

9. Appellant will attempt to e-file the 208 page response the agency has ASAP.

Signed Kevin Mertens 1-14-21
Kevin Mertens

MSPB
NYC

Kevin Mertens
Appellant
v.
Dept. of Navy
Agency

Docket #
PH-0752-21-0092-I-1

Date Jan 19, 2021

Motion To Compell Discovery

1. Appellant requests agency to furnish the below requested Materials and Information.

A. All E-mails within the Appellants Outlook account for kevin.mertens@navy.mil Dating from Day/time of employment to removal on Dec 2, 2020. This includes Sent, Received, Drafts and Desk top folders. The access to this discovery was requested prior to removal and access to my desk TOP computer was never obtained. E-mails provide proof that Stacey Sangillo and Mike Gurchick were aware of serious illness, retaliated for the filing of greivences, retaliated for use of SL and FMLA, Failed to communicate about/with Appellant concerns of the work place environment and other evidence directly related to the removal and this appeal.

B. Name and contact information for:

1. All personnel furnished a copy of the appellants "response to proposed removal" that is 208 pages in length. (including MTC)

2. All personnel who worked on the Agencies "proposed removal" and "Decision on Notice to proposed removal"

Motion To Compell Discovery Cont.

3. All personel on the panel gathered for the purpose of deciding that work place violence took place and Administrative Leave was warrented.

C. All information requested by Appellants FOIA to NavFac MIDLANT that has not been delivered as of today.

~~B.~~ 1. Appellants personnel file kept at Sub base New London

2. redacted info contained in FOIA request of 2018

D. All ~~comm~~ written communications ~~between~~ e-mails and any other between Lynne Richesin - Stacey Sangillo and Michael Gurchik during the period of Appellants employment, that the appellant is the subject of.

E. Further Discovery requests may be necessary based on the Agencies filings with MSPB and/or evidence obtained from this request.

Signed Kevin Mertens
Kevin Mertens

Jan 19, 2021

Page 2 of 2

MSPB
NYC

KP mertens
Appellant
v
Dept of Navy
Agency

Docket #
PH-0752-0092-I-1

Date Jan 14, 2021

Motion for Extensions of Time

1. Appellant request that the MSPB allow 25 days extension of time for any filing or submission due date for good cause below:

A. The appellant works Full time and as of this date is representing pro se.

B. Appellant does not have access to a computer and will not be able to e-file

C. All computer related searches by appellant will be by his cell phone. All research will take tme.

d. Appellant does not have access to a permenant work area.

e. USPS Mail is slower than usual

2. The appellant appreciates Judge Dominguez expressing the desire to have me focus, however allowing me more time to provide a thorough brief will not harm the agency or the Board it will only help me.

The appellant may or may not have a hearing. I ~~may~~ am seeking affordable counsel and if I can not obtain such, I will more than likely not be able to come to NYC for a hearing.

Therefore the extensions of tme should be granted.

Signed [signature] Kevin Mertens 1-14-21


Page 1 of 1

# Certificate of Service

MSPB
N.E. Regional office
1601 Market ST, Suite 1700
Philadelphia PA 19103

office of Counsel
Dept. of Navy
NAVFAC MIDLANT
9324 Virginia Ave
Bldg Z-140, Rm 303
Norfolk, VA 23511
att. Debra M. Evans, ESQ

I swear under the penalty of Purjery
I placed The Following In the US mail

1. Appellants Response To MSPB order Jan 7, 2021
2. Motion to Compell Discovery
3. Motion for extensions of time

Signed this the 19th day of January 2021

Signed
Kevin Mertens
Kevin mertens

CERTIFICATE OF SERVICE

I hereby certify that on this date, service of the RESPONDENT'S RESPONSE TO JULY 2, 2024 ORDER AND APPENDIX was made upon the following individual by mailing a true and correct copy thereof by first class mail, postage prepaid:

Kevin Mertens
806 Woodwillow Drive
Roseburg, OR 97471

DATE: July 31, 2024

/s/ Naomi Williams
Naomi Williams
Paralegal

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(g)(1) of the Federal Rules of Appellate Procedure, I hereby certify that the text of the electronic version of the foregoing has been scanned by Microsoft Intune and found to be virus-free, and that the textual portion of this response, exclusive of any supporting affidavits and the certificates of service and compliance, but including headings, footnotes, and quotations, contains 1,279 words as determined by the word counting feature of Microsoft Word, and therefore complies with Rule 27(d)(2)(A).

_/s/ Constance Travanty
CONSTANCE TRAVANTY

# U.S. MERIT SYSTEMS PROTECTION BOARD

**Office of the Clerk of the Board**
1615 M Street, N.W.
Washington, D.C. 20419-0002
Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

**Clerk of the Board**

July 29, 2024

Jarrett B. Perlow
Clerk of Court
U.S. Court of Appeals For The
Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

Re: Kevin P. Mertens v. Department of the Navy
MSPB Docket No. PH-0752-21-0092-I-1
CAFC Appeal No. 2024-1781

Dear Mr. Perlow:

The Board is submitting an amended certified index in the above-referenced case to replace the certified index submitted on June 5, 2024. The index in MSPB Docket No. PH-0752-21-0092-I-1 has been amended to include Tab 30, Notice to Appellant, dated August 30, 2021, in the initial appeal record, which was inadvertently missing from the certified index submitted on June 5, 2024. The subsequent tab has also been renumbered accordingly. Additionally, the index in MSPB Docket No. PH-0752-21-0092-I-2, which was pending before an administrative judge at the time the original certified index was submitted, has been amended to include new Tabs 5, 6, and 7 in the initial appeal record and new Tab 1 in the petition for review record.[1] This amended certified index supersedes the one sent to you on June 5, 2024.

If you have any questions regarding the processing of this matter, please contact my Legal Counsel, Molly Leckey, at 202.653.7200.

---

[1] The administrative judge issued an initial decision in MSPB Docket No. PH-0752-21-0092-I-2 on June 12, 2024, which appears at Tab 7 in the initial appeal record, dismissing the appeal without prejudice and providing for automatic refiling after U.S. Court of Appeals for the Federal Circuit issues a decision in No. 2024-1781. On July 29, 2024, the Office of the Clerk of the Board issued a Letter Returning Submission, which appears as Tab 1 in the petition for review record, returning the appellant's July 8, 2024 submission as it did not constitute a petition for review.

Sincerely,

/s/ for

Gina K. Grippando
Clerk of the Board

Enclosures:

cc: Kevin P. Mertens
806 Woodwillow Drive
Roseburg, OR 97471

Patricia M. McCarthy, Director
Commercial Litigation Branch
Civil Division Classification Unit
U.S. Department of Justice
(via mspb@mspb.gov)
c/o Thee Matthews
thee.matthews@usdoj.gov

# U.S. MERIT SYSTEMS PROTECTION BOARD

**Office of the Clerk of the Board**
**1615 M Street, N.W.**
**Washington, D.C. 20419-0002**
Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

2024-1781

## ATTESTATION

I HEREBY ATTEST that the attached index represents a list of the documents comprising the administrative record of the Merit Systems Protection Board in the appeal of *Kevin Mertens v. Department of the Navy*, MSPB Docket No. PH-0752-21-0092-I-1, and that the administrative record is under my official custody and control on this date

on file in this Board

July 29, 2024
Date

/s/
Gina K. Grippando
Clerk of the Board

CERTIFICATE OF SERVICE

I hereby certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | |
|---|---|
| | Petitioner |
| U.S. Mail | Kevin P. Mertens<br>806 Woodwillow Drive<br>Roseburg, OR 97471 |
| Electronic Mail<br>(via mspb@mspb.gov) | Patricia M. McCarthy, Director<br>Commercial Litigation Branch<br>Civil Division Classification Unit<br>U.S. Department of Justice<br>c/o Thee Matthews<br>thee.matthews@usdoj.gov |

July 29, 2024
(Date)

/s/
Dinh Chung
Case Management Specialist

INDEX

Kevin Mertens

V.

Department of the Navy

MSPB Docket No. PH-0752-21-0092-I-1

I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | IA | Appellant - initial appeal | 01/04/2021 |
| 2 | IA | MSPB - Acknowledgment Order | 01/05/2021 |
| 3 | IA | MSPB - Affirmative Defenses Order | 01/07/2021 |
| 4 | IA | MSPB - Hearing Order | 01/14/2021 |
| 5 | IA | Agency - Agency Representative Addition | 01/22/2021 |
| 6 | IA | Appellant - RESPONSE TO AFFIRMATIVE | 01/25/2021 |
| 7 | IA | Agency - Agency File | 01/25/2021 |
| 8 | IA | Agency - Agency File Part 3 - Agency File Tab | 01/25/2021 |
| 9 | IA | Agency - Agency File Part 4 - Agency File Tab | 01/25/2021 |
| 10 | IA | Agency - Agency File Part 2 - Agency File Tab | 01/25/2021 |
| 11 | IA | Appellant - Change of e-Filing Status | 01/25/2021 |
| 12 | IA | Appellant - Termination of E-Filer Status with | 01/25/2021 |
| 13 | IA | MSPB - Summary of Status Conference | 01/29/2021 |
| 14 | IA | MSPB - Suspension Order | 01/29/2021 |
| 15 | IA | Appellant - Change of e-Filing Status | 01/30/2021 |
| 16 | IA | Appellant - Response to summary of status | 01/30/2021 |
| 17 | IA | Agency - Response to Agency Response to | 02/01/2021 |
| 18 | IA | MSPB - Order to Appellant | 02/04/2021 |
| 19 | IA | Appellant - Appellants additions to filings dated | 02/07/2021 |
| 20 | IA | Appellant - Correspondence from Appellant | 02/17/2021 |
| 21 | IA | Agency - Appellant's Motion to Dismiss Without | 02/18/2021 |
| 22 | IA | Appellant - Response to Agency | 02/26/2021 |
| 23 | IA | Agency - Response to Appellant's Motion to | 03/03/2021 |
| 24 | IA | Appellant - Appellant's Proof of Service/Case | 03/03/2021 |
| 25 | IA | MSPB - Order Scheduling Conference Call | 03/17/2021 |
| 26 | IA | MSPB - Recorded Conference Call 03.29.2021 | 03/29/2021 |
| 27 | IA | MSPB - Summary of Conference Call | 03/29/2021 |

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 28 | IA | MSPB - Initial Decision | 03/29/2021 |
| 29 | IA | MSPB - Certificate of Service | 03/29/2021 |
| 30 | IA | MSPB - Notice to Appellant | 08/20/2021 |
| 31 | IA | MSPB - Document Reject Order | 09/14/2021 |

# INDEX

Kevin Mertens

V.

Department of the Navy

MSPB Docket No. PH-0752-21-0092-I-1

I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | PFR | Appellant - Petition for Review | 05/07/2021 |
| 2 | PFR | MSPB - Petition For Review Acknowledgment | 05/10/2021 |
| 3 | PFR | Agency - Response to Appellant's Petition for | 05/20/2021 |
| 4 | PFR | Appellant - Reply to Agency Response to | 06/04/2021 |
| 5 | PFR | Appellant - Change of Contact Information | 07/28/2022 |
| 6 | PFR | Appellant - Change of Contact Information | 11/17/2023 |
| 7 | PFR | MSPB - Final Order | 03/06/2024 |

INDEX

Kevin Mertens

V.

Department of the Navy

MSPB Docket No. PH-0752-21-0092-I-2

I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | IA | MSPB - Final Order | 03/06/2024 |
| 2 | IA | MSPB - Acknowledgment Order | 05/07/2024 |
| 3 | IA | MSPB - Conference Call 05.16.2024 | 05/16/2024 |
| 4 | IA | MSPB - Appellant Submission | 05/29/2024 |
| 5 | IA | Appellant - Appellant Submission | 06/10/2024 |
| 6 | IA | MSPB - Notice | 06/12/2024 |
| 7 | IA | MSPB - Initial Decision | 06/12/2024 |

INDEX

Kevin Mertens

V.

Department of the Navy

MSPB Docket No. PH-0752-21-0092-I-2

I - Initial Appeal


| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | PFR | MSPB - Letter Returning Submission | 07/29/2024 |