UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN P. MERTENS,  )<br>    *Plaintiff*,  )<br>                        )<br>v.                       )<br>                        )<br>MERIT SYSTEMS PROTECTION  )<br>BOARD,  )<br>    *Defendant*. | CASE NO. 3:24-cv-01979 (KAD)<br><br><br><br><br>April 3, 2025 |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO TRANSFER OR REMAND AND DEFENDANT'S CROSS-MOTION TO DISMISS FOR LACK OF JURISDICTION**
**(RE: ECF NOS. 15, 16)**

Kari A. Dooley, United States District Judge:

Plaintiff Kevin P. Mertens has filed a motion to transfer and/or remand this case back to the Merit System Protection Board ("MSPB" or the "Board") for final adjudication of his claim on the merits, under the MSPB Docket No. PH-0752-21-0092-I-3.[1] *See* ECF No. 15. The Board has also filed a cross-motion to dismiss for lack of jurisdiction and seeks essentially the same relief: for the case to be adjudicated by the Board and not by this Court. *See* ECF No. 16. The Court has conducted an exhaustive review of the tortured procedural history and posture of this case and concludes that both parties are correct: the MSPB never actually reached a final decision as to the merits of Plaintiff's original termination, and thus, remand for that purpose is appropriate.

**Procedural History**

The Court recounts the history of this case to include how it found its way to the District of Connecticut. Plaintiff worked as a boiler plant operator for the U.S. Navy. On December 2, 2020, Plaintiff was terminated from his position, and on December 28, 2020, he filed an appeal

---

[1] The MSPB case has apparently been re-docketed several times and given several variations of this docket number. However, according to the Board's most recent submission, the current docket number is PH-0752-21-0092-I-3. Def.'s Mot. to Dismiss, ECF No. 16, at 3.

with the MSPB challenging the Navy's decision to remove him.  Per its statutory authority, the Board referred the case to an administrative judge ("AJ") for an initial decision.  *See Haebe v. Dep't of Just.*, 288 F.3d 1288, 1298–99 (Fed. Cir. 2002).  Over the next several months, Plaintiff indicated that he was struggling to research and adequately prosecute his case because of the COVID-19 pandemic, and thus, he asked the AJ for multiple extensions of deadlines.  On March 29, 2021, following a telephonic conference with the parties, and with Plaintiff's consent, rather than continuing to issue short-term extensions, the AJ dismissed Plaintiff's appeal without prejudice to refiling by August 30, 2021, in order to conserve judicial resources and avoid a lengthy continuance.  Def.'s Ex. 1, ECF No. 16-1.  By its own terms, the dismissal without prejudice was not a decision on the merits of his appeal.

However, somewhat inexplicably, only a few months later, in May 2021, Plaintiff filed a petition for review with the Board,[2] challenging the AJ's decision to dismiss his appeal without prejudice.  Apparently, Plaintiff misunderstood, and perhaps still misunderstands, that a "dismissal without prejudice" does *not* constitute a determination on the merits, but instead, leaves open Plaintiff's ability to revive his claims at a later date to seek such a determination.  *See Desmond v. Dep't of Veteran Affs.*, 90 M.S.P.R. 301, 302 (2001) ("An administrative judge has wide discretion to control the proceedings before him.  Dismissal without prejudice to refiling is a procedural option left to his sound discretion."); *Oram v. Merit Sys. Protection Bd.*, No. 2022-1251, 2022 WL 2035611, at *1 (Fed. Cir. June 7, 2022) ("Here, the dismissal without prejudice was not a final, appealable decision because it provided [plaintiff] the option to refile his claim." (citing *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009))).

---

[2] The procedural framework for a petition for review to the MSPB is laid out in 5 C.F.R. § 1201.115 ("Criteria for granting petition for review").  *See also Haebe*, 288 F.3d at 1299 & n.25.

In May 2021, when Plaintiff petitioned the Board to review the dismissal, the Board lacked a quorum and therefore could not vote on any petitions or issue any decisions. *See FAQ About the Lack of Quorum Period and Restoration of the Full Board*, Merit Sys. Protection Bd., https://www.mspb.gov/New_FAQ_Lack_of_Quorum_Period_and_Restoration_of_the_full_board.pdf (updated Feb. 27, 2023). After the Board's quorum was restored on March 4, 2022, *see id.*, the Board issued a decision denying Plaintiff's petition for review on March 6, 2024, and finding that the AJ acted within her discretion to dismiss the case without prejudice. Def.'s Ex. 2, ECF No. 16-2. Thus, Plaintiff's petition (and, by extension, his underlying appeal of his termination) saw no progress for almost *three years*. However, the Board, in its discretion, also remanded the case back to the Northeastern Regional Office (and the original AJ) for adjudication of the merits of Plaintiff's termination claim. *Id.* at 4.

Unfortunately, the confusion persisted. Plaintiff thereafter (again, somewhat inexplicably) filed an appeal of the Board's March 6, 2024 decision—a decision which was largely in his favor—to the Federal Circuit. *See* No. 2024-1781, ECF No. 1 (Fed. Cir.). The appeal was docketed on May 6, 2024 as *Mertens v. Department of the Navy*, but the Merit Systems Protection Board was substituted as the proper defendant on July 2, 2024. It is worth observing that by this point in the history of this case, the only issue presented for appellate review, either before the Board or the Federal Circuit, was the question of whether the AJ improperly dismissed Plaintiff's case *without prejudice*.

Meanwhile, following the Board's remand to the Northeastern Regional Office, Plaintiff's challenge to his termination was finally progressing toward an adjudication on the merits. Alas, not so fast. On May 16, 2024, the AJ held a telephonic status conference with all parties, during which the parties informed her of the then-pending appeal at the Federal Circuit. The AJ indicated

3

that she "hesitated to proceed" on the case while the appeal was ongoing. Accordingly, in a written decision dated June 12, 2024, she dismissed the refiled case again *without prejudice* to refiling. *See* Def.'s Ex. 3, ECF No. 16-3. Again, this was done with Plaintiff's consent. The AJ did not set a firm deadline to reopen the case, but instead, indicated that the case "will be automatically refiled by no later than 30 days from the date either the Federal Circuit or the appellant advises the Board of the Federal Circuit's ruling in case number 2024-1781, whichever occurs sooner." *Id.* at 3 (emphases omitted).

Plaintiff and the MSPB began briefing the appeal at the Federal Circuit, including the issue of whether the Circuit had jurisdiction over the appeal. No. 24-1781, ECF No. 15 (Fed. Cir.). The MSPB argued in part that the Federal Circuit did not have jurisdiction to hear Plaintiff's appeal because the appeal was premature and because it was a "mixed case." A "mixed case" is an appeal of an adverse action in the federal civil service that invokes both violations of the Civil Service Reform Act (CSRA) and substantive violations of federal anti-discrimination laws. *Perry v. Merit Sys. Protection Bd.*, 582 U.S. 420, 422 (2017).[3] The proper forum to adjudicate mixed cases at the appeal stage is the appropriate federal district court, not the Federal Circuit. *See id.* at 422–23. Because of this jurisdictional divide, the Federal Circuit's local rules require that MSPB appellants file a "Rule 15(c) Statement Concerning Discrimination" to determine where proper venue for the appeal lies. *See* Fed. Cir. R. 15(c).

---

[3] Under 5 U.S.C. § 7702(a)(1), Plaintiff may pursue (and, indeed, must pursue in the first instance) any mixed discrimination and CSRA claims before the Board. It is only once he reaches the appellate level—after a proper final decision on the merits—that he must choose between the Federal Circuit and the federal district courts: "In other words, once the Board reject[s] the mixed case, [plaintiff] face[s] 'a second crossroads,' where he may (1) decide to drop his 'mixed case and pursue[] only the CSRA claim before the Federal Circuit (Option 1.A); (2) pursue his 'mixed case in federal district court (Option 1.B.i)'; or pursue his 'mixed case in the EEOC (Option 1.B.ii).'" *Ludwick v. Merit Sys. Protection Bd.*, No. SA-21-CV-786 (JKP), 2023 WL 1087889, at *4 (W.D. Tex. Jan. 27, 2023) (fourth alteration in original) (quoting *Punch v. Bridenstine*, 945 F.3d 322, 329 (5th Cir. 2019)). Thus, without an adjudication on the merits, and an appeal from that adjudication, it appears to the Court to be an exercise in speculation as to whether the appeal will, in fact, present a "mixed case." And in this vein, it appears that the Board might have unwittingly misled the Federal Circuit as to the nature of the appeal then pending before it.

On August 21, 2024, the Federal Circuit issued a per curiam decision holding that Plaintiff's claims constituted a mixed case, and thus, the Circuit did not have jurisdiction. No. 2024-1781, ECF No. 25 (Fed. Cir.).[4] The Federal Circuit further determined that venue for the appeal was in this district and transferred the appeal accordingly. *See supra* at n.3.

**Discussion**

Whether this appeal constitutes a mixed case or whether Plaintiff intends to abandon his discrimination claims in the first instance is, for the Court's present purposes, largely irrelevant. Various dismissals *without prejudice* have occurred at the administrative level, and those dismissals have been affirmed on appeal. However, the initial underlying challenge to Plaintiff's termination from the Navy—and the claims raised therein—have never been finally adjudicated on the merits. And this Court does not have jurisdiction to adjudicate the merits of Plaintiff's termination claim in the first instance. *See Kinlocke v. McDonough*, No. 1:22-CV-1490 (WMR) (RGV), 2023 WL 6614444, at *1 (N.D. Ga. May 17, 2023).

Plaintiff instituted this appeal and now, by motion, seeks to terminate the appeal by requesting his case be remanded for further proceedings. *See Thomas v. Sec'y of U.S. Dep't of Veterans Affs.*, No. 2:23-CV-10204 (MEMF) (BFM), 2024 BL 338050, at *1–2 (C.D. Cal. Sept.

---

[4] In so holding, the Federal Circuit relied upon one of Plaintiff's submissions in the original MSPB case dated January 14, 2021 (which was attached to the MSPB's briefing, *see* No. 2024-1781, ECF No. 23, app. 37–44), and Plaintiff's opposition brief in the Federal Circuit dated July 22, 2024, *see* No. 2024-1781, ECF No. 22, at 17–18. While it is accurate that Plaintiff's original MSPB challenge to his termination included allegations that the Navy violated the ADA and FMLA, and that the July 22, 2024 opposition brief mentions alleged violations of the FMLA, Plaintiff has also indicated repeatedly that he does not intend to pursue any discrimination claims, at least at this stage in the proceedings. For example, in Plaintiff's Rule 15(c) statement at the Circuit, he indicated that he did not argue that his adverse action was attributable to discrimination based on a protected characteristic, and that he had not filed a discrimination case with the EEOC. No. 24-1781, ECF No. 11, pp. 1–2 (Fed. Cir.). In addition, in a motion for rehearing dated September 26, 2024, after the Federal Circuit had transferred the case to this Court, Plaintiff emphasized that "'discrimination' is not one of [his] affirmative defenses" to his termination; that he "was not discriminated against during the hiring process"; that he "did not require accommodation for disabilities"; and that he "could not make a case for racial or age discrimination." No. 2024-1781, ECF No. 28, p. 2 (Fed. Cir.). Finally, in Plaintiff's filing in this Court dated January 13, 2025, he reiterated that he is not pursuing discrimination claims: "The MSPB motioned the [Federal Circuit] to transfer this case under the false notion that I was pursuing a claim of discrimination." Pl.'s Response, ECF No. 13, at 2.

25, 2024) (noting that a plaintiff may voluntarily dismiss their MSPB appeal in a district court under Fed. R. Civ. P. 41(a)).  The MSPB, on the other hand, did not appear in this case following the transfer from the Federal Circuit for over *seven months*, even though the MSPB was the party that requested the transfer.  They did not file a response to Plaintiff's motion to transfer or remand, but instead, simply filed a motion to dismiss, challenging this Court's jurisdiction for largely the reasons discussed above.  As a result, the Board ultimately seeks the same relief as Plaintiff—a remand of the case to the AJ for further adjudication.  *See* Def.'s Mot. to Dismiss, ECF No. 16, at 3–4 & n.1.  Indeed, according to the Board's motion, it seems like Plaintiff's case has recently been re-docketed at the Northeastern Regional Office, and the merits of Plaintiff's termination claim are "now ripe for adjudication," *id.* at 3 (emphasis omitted)—an encouraging sign indeed.

The Court concludes for all of the reasons discussed above that this case should be remanded to the Northeastern Regional Office of the MSPB for an adjudication of Plaintiff's challenge to his termination on the merits.  Plaintiff's motion to transfer or remand is GRANTED.  The Court hereby remands this case to the Merit Systems Protection Board for adjudication consistent with this Order.  In light of this Order, Defendant's motion to dismiss is DENIED as moot.  The Clerk of Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of April, 2025.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE